EXHIBITS

1 - 21

MOODY EX. 1

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | EEOC | **520-2022-01233** |
| | FEPA | |

**New York State Division Of Human Rights** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| Ms. Aura A. Moody | (718) 465-3725 | |

Street Address

112-26 197 Street

SAINT ALBANS, NY 11412

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| New York City DEPARTMENT OF EDUCATION | Unknown Number Of Employees | (718) 935-4000 |

Street Address

65 Court Street

BROOKLYN, NY 11201

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| United Federation of Teachers | 501+ Employees | |

Street Address — City, State and ZIP Code

52 Broadway

New York, NY 10004

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| | Earliest | Latest |
| Disability, Retaliation, Religion | 08/01/2021 | 02/24/2022 |
| | Continuing Action | |

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Ms. Aura A. Moody**<br>**03/03/2022**<br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br>FEPA | **520-2022-01233** |

**New York State Division Of Human Rights** and EEOC

*State or local Agency, if any*

My name is Aura A. Moody, I am Catholic, and I have an ADA-qualifying disability and/or I was regarded as disabled by my employer. I began employment at the New York City Department of Education in or around 1999 as a Bilingual School Social Worker. On or about July 20, 2021, despite the absence of any new emergency, the New York City Health Commissioner, without administrative or statutory authority, issued an Order requiring staff in public healthcare and clinical settings to demonstrate proof of COVID-19 vaccination or undergo weekly testing. On or about July 26, 2021, the former New York City Mayor announced his plan to implement a vax-or-test mandate pursuant to which all City workers were going to be required to complete their vaccine series by September 13, 2021 or undergo a weekly virus test. Until then, unvaccinated workers would be required to wear masks at work. The vax-or-test element of this planned policy was superseded, with respect to most City employees, by later announcements, and never came fully into effect. In or about August 2021, I was notified by my employer that it would be requiring all employees to be fully vaccinated by the beginning of the school year. During my employment, I notified my employer and union (United Federation of Teachers) that I have a disability that protects me from COVID-19 exposure. I informed them that my disability produces an immunity that is more effective than a vaccine, according to the results of relevant scientific research and available data. In or about August 2021, I notified my employer and union that my natural immunity prevents me from effectively utilizing the vaccine. Considering that I sincerely hold a religious belief that conflicts with my employers vaccination requirement, I notified my employer and union of my medical condition and religious belief and requested a disability accommodation and a religious accommodation to Respondents COVID-19 vaccination mandate. I initially requested a medical accommodation to be exempt from the vaccine but was denied and/or ignored, my appeal was also denied, and I was denied the opportunity for a hearing despite my request. After my application for a medical exemption was denied without due process, I submitted my religious accommodation request, but I never received a response. Shortly before I and others began submitting these requests for accommodations and notifying our employer of our interest in submitting religious and disability related accommodation requests, my employer and union created an agreement via an Arbitrator that stated that testing would no longer be allowed instead of vaccination. It appears to be in retaliation for our interest in submitting accommodation requests. The Arbitration Agreement between the DOE and UFT (Impasse Bargaining or UFT Award) was reached on September 10, 2021, but it was not made in accordance of requirements of union representation and was not supported by the union members who were not consulted for feedback. It is important to highlight that the UFT Award only has the signature of the Arbitrator, but it lacks the signatures of the DOE and UFT representatives, which makes me question its legality and enforcement. It should be noted that employees were given short notice to apply for medical and religious exemptions/accommodations. There is no indication in the DOE-UFT Contract for School Psychologists and Social Workers that COVID-19 vaccination is a requirement or condition of employment. However, on October 1, 2021, I was placed on involuntary unpaid leave, which I challenged immediately. The agreement reached between my employer and union indicates the employees would be compensated while their requests for exemptions/accommodations were pending, but I was not provided with these benefits. My benefits were discontinued, and I was not provided any compensation. I requested that my employer make accommodations for me to work remotely (since remote work is an option) while a decision on my requests for medical and religious exemptions/accommodations were pending, but I never received a response. Upon information and belief, other state-city agencies were provided these benefits while their applications were pending. Furthermore, I have been blocked from accessing my DOE email account while on leave without pay, and my employer has failed to restore it despite timely notification. Based on information that I have received from my union, my employer is seeking unilateral employment termination although I have not been served with any charge against me, nor have I been granted a due process hearing, as required by Educational Law, Section 3020-a. Tenured employees are entitled to due process prior to termination. It is of paramount importance to highlight that any change in the condition of employment requires good-faith bargaining, as per the contracts between the City of New York and Unions. As it pertains to the UFT, I have a good faith belief that the union failed to fairly represent its members during the arbitration process. I have challenged the UFT Award because I believe it is procedurally defective and should be vacated. There are allegations of conflict of interest among my employer, my union and the Arbitrator, which raises the issue of impartiality. Provisions such as the arbitrary placement of employees on leave without pay, the prohibition of gainful work while on unpaid leave, the denial of unemployment insurance benefits while on unpaid leave, the waiving of the right to sue in order to maintain health insurance, the unilateral employment termination and the denial of due process before my employer's adverse actions took place are unreasonable and morally repulsive. Upon information and belief, my employer and union have engaged in discriminatory and differential treatment acts that cannot be tolerated and are punishable by law. Unvaccinated employees have been ostracized, deprived of their livelihoods and jeopardized their professional careers as a result of the draconian decisions made by politicians, legislators and health bureaucrats (whose salaries are paid by the taxpayers), causing irreparable harm. They have used unconstitutional coercive tactics to force employees to choose between their sincerely held religious beliefs and their jobs. It should be noted that scientific research and data from various studies conducted in more than 145 countries have shown that naturally acquired immunity is more effective than vaccination. Some members, including myself, brought the issue of natural immunity to the union's attention before

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Ms. Aura A. Moody**<br><br>**03/03/2022**<br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | EEOC | **520-2022-01233** |
| | FEPA | |
| **New York State Division Of Human Rights**<br>*State or local Agency, if any* | | and EEOC |

the UFT Award was issued and the vaccine mandate was implemented, but it appears that our concerns were ignored and never brought to the negotiation table for discussion and decision-making. In my numerous correspondence addressed to my employer and union, I have alluded possible collusion and the use of coercive tactics to force employees to get vaccinated against their sincerely held religious beliefs and medical conditions, and they have not refuted my claims, which may constitute an admission of the material facts alleged in my charge. I believe I have been retaliated and discriminated against because of my religion (Catholic) and disability, in violation of Title VII of the Civil Rights Act of 1964, as amended and the Americans with Disabilities Act of 1990, as amended. I believe other unvaccinated employees have been subject to arbitrary and capricious employment termination as well. Hence, they have been discriminated against because of their religion and disability, in violation of Title VII of the Civil Rights Act of 1964, as amended and the Americans with Disabilities Act of 1990, as amended.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Ms. Aura A. Moody**<br>**03/03/2022**<br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

**NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW**

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

**NOTICE OF NON-RETALIATION REQUIREMENTS**

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

MOODY EX. 2

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

Ms. Aura A. Moody

Re: Ms. Aura A. Moody v. New York City DEPARTMENT OF EDUCATION
EEOC Charge Number: 520-2022-01233

**NOTICE OF TRANSFER OF Charge of Discrimination**

This is to notify you that the above-referenced Charge of Discrimination has been transferred to the Miami District Office for Workload Redistribution. Please make all future contact regarding this charge to:

Miami District Office
100 SE 2nd St Suite 1500
Miami, FL 33131
Phone: (800) 669-4000
Email: MiamiDigital@eeoc.gov

On Behalf of the Commission:

Digitally Signed By:Timothy Riera
02/10/2023

Timothy Riera
Acting District Director

MOODY EX. 3

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Miami District Office**
100 SE 2nd St, Suite 1500
Miami, FL 33131
(800) 669-4000
Website: www.eeoc.gov

Ms. Aura A. Moody

Re: Ms. Aura A. Moody v. New York City DEPARTMENT OF EDUCATION
EEOC Charge Number: 520-2022-01233

**NOTICE OF TRANSFER OF Charge of Discrimination**

This is to notify you that the above-referenced Charge of Discrimination has been transferred to the San Juan Local Office for Processing. Please make all future contact regarding this charge to:

San Juan Local Office
525 F.D. Roosevelt Ave Plaza Las Americas Suite 1202
San Juan, PR 00918
Phone: (800) 669-4000
Email: SAN.JUAN@EEOC.GOV

On Behalf of the Commission:

Digitally Signed By:Evangeline Hawthorne
02/13/2023

Evangeline Hawthorne
Director

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Juan Local Office**

525 F. D. Roosevelt Avenue
Plaza Las Americas, Suite 1202
San Juan, PR 00918-8001
TTY (787) 771-1484
FAX (787) 771-1485

September 7, 2023

AURA A. MOODY
112-26 197 STREET
SAINT ALBANS, NY 11412

RE: Charge Name: Aura A. Moody v. NYC Department of Education (DOE)
Charge Numbers: 520-2022-01233

Dear Mrs. Moody:

This letter is to explain the evidence that the U.S. Equal Employment Opportunity Commission (EEOC) has gathered in your case against NYC DOE and to inform you of the next steps you may take to pursue this matter further.

In accordance with the Commission's Priority Charge Handling Procedures, our staff is required to make careful decisions about charges to ensure that our limited available resources are focused on charges which we believe, based upon our extensive experience in interpreting the laws that we enforce, are most likely to result in findings of violation(s). While reasonable persons may differ in their views of the available evidence pertaining to individual charges, our final determinations must comport with our interpretation of the available relevant evidence and the laws we enforce.

The evidence obtained by the EEOC seems to show that you could not safely perform the essential functions of the position of teacher while unvaccinated. This would present an undue hardship and expose you and others to considerable risk. Based upon this evidence, it appears unlikely that the EEOC would be able to establish that you were discriminated against because of your disability, religion, or retaliation.

On the basis of the information obtained, it is not likely that further investigation would yield evidence sufficient to show that a violation occurred. Therefore, it has been determined that no further action is warranted and your charge will be dismissed. You will receive the dismissal notice which describes your right to pursue this matter further by filing a lawsuit in federal court within 90 days of your receipt of the dismissal notice. If you fail to file a lawsuit within the statutory 90-day period, your right to sue in federal court will expire and cannot be restored by the EEOC. We hope this information is helpful and regret there is nothing further we can do in this matter.

Sincerely,

LUIS A. CALZADA
Investigator

MOODY EX. 5

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**San Juan Local Office**
525 F.D. Roosevelt Ave
Plaza Las Americas, Suite 1202
San Juan, PR 00918
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/07/2023

**To:** Ms. Aura A. Moody
112-26 197 Street
SAINT ALBANS, NY 11412

Charge No: 520-2022-01233

EEOC Representative and email: LUIS CALZADA
Investigator
luis.calzada@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally signed by William R. Sanchez
Date: 2023.09.07 10:02:20 -04'00'

William R. Sanchez
Director

**Cc:**

Please retain this notice for your records.

MOODY EX. 6

# RE: Document Added to EEOC Charge 520-2022-01233 / Documento Agregado a la Queja/Querella 520-2022-01233

From: WILLIAM SANCHEZ (william.sanchez@eeoc.gov)

To: quinonesmoody@aol.com

Cc: LUIS.CALZADA@EEOC.GOV

Date: Friday, September 15, 2023 at 09:25 AM EDT

Mrs. Moody:

Please see attach letter.

William R. Sanchez
Director
San Juan Local Office
525 FD Roosevelt Ave.
Ste. 1202
San Juan, PR 00918
Tel. 787-520-5629
william.sanchez@eeoc.gov
www.eeoc.gov

**From:** quinonesmoody@aol.com <quinonesmoody@aol.com>
**Sent:** Thursday, September 14, 2023 5:57 PM
**To:** WILLIAM SANCHEZ <WILLIAM.SANCHEZ@EEOC.GOV>
**Cc:** LUIS CALZADA <LUIS.CALZADA@EEOC.GOV>; INFO <info@eeoc.gov>; gwendolyn.hoy@eeoc.com; ASHRAF AHMED <ASHRAF.AHMED@EEOC.GOV>
**Subject:** Re: Document Added to EEOC Charge 520-2022-01233 / Documento Agregado a la Queja/Querella 520-2022-01233

You don't often get email from quinonesmoody@aol.com. Learn why this is important

**CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.

**SENT VIA EMAIL AND FAX No. (787) 771-1485**

September 14, 2023

Mr. William Sanchez

Regional Director

San Juan Local Office

Equal Employment Opportunity Commission

**Re:** EEOC Charge No. 520-2022-01233

Dear Mr. Sanchez:

Considering that I had not received a response to my emails below, on September 14, 2023, I called the office in Puerto Rico at (787) 520-5614/(787) 520-5627 and left three (3) messages on the voice mail, but nobody got back to me. At this point, I called the national office at (800) 669-4000 and spoke with Donna from the New Jersey office. She told me that my case had been closed on September 7, 2023 by Investigator Luis Calzada. As per my emails below, I have not seen the documents that were reportedly sent to me on September 7, 2023 because I could not access my account on the EEOC Public Portal.

In light of the above, I am reaching out to you to express my discontent with the way how my case was handled, as well as to request the reopening of my charge to reexamine the evidence that I believe was incorrectly analyzed by the Investigator, a person who never contacted me to discuss the allegations in my charge and failed to objectively review the monumental evidence that I had submitted to EEOC in order to substantiate my claims against the New York City Department of Education and United Federation of Teachers. This is a travesty of justice!

Please be advised that I have requested that this matter be escalated for an investigation by the pertinent authorities due to the procedural errors and legal flaws in handling my case. It is unconceivable and suspicious that my case was closed without contacting me and giving weight to the preponderance of evidence. Donna provided me with the Reference No. 230914-000645. Justice has not been served. In God I Trust!

Thank you in advance for your prompt attention and consideration to this important matter. I am including Mr. Luis Calzada and other EEOC officials as recipients of this email, which I will sign and subsequently send to your office via facsimile for formally processing of my request to reopen the charge.

Sincerely

Aura Moody

Charging Party

On Thursday, September 14, 2023 at 03:47:25 PM EDT, quinonesmoody@aol.com <quinonesmoody@aol.com> wrote:

I am trying to get in contact with the EEOC. Please get back to me at (347) 248-5208. Thanks!

Aura Moody

On Thursday, September 14, 2023 at 08:40:31 AM EDT, quinonesmoody@aol.com <quinonesmoody@aol.com> wrote:

Hi Gwendolyn:

Can you please provide an answer to my emails below? Thanks!

Aura Moody

----- Forwarded Message -----

**From:** quinonesmoody@aol.com <quinonesmoody@aol.com>

**To:** ashraf.ahmed@eeoc.gov <ashraf.ahmed@eeoc.gov>

**Sent:** Thursday, September 14, 2023 at 08:29:15 AM EDT

**Subject:** Fw: Document Added to EEOC Charge 520-2022-01233 / Documento Agregado a la Queja/Querella 520-2022-01233

Hi Mr. Ashraf Ahmed:

I retrieved the email below on September 14, 2023, but I was not able to retrieve it. Can you please provide me with the name and phone number of the person handling my charge? Thanks!

Aura Moody

----- Forwarded Message -----

**From:** quinonesmoody@aol.com <quinonesmoody@aol.com>

**To:** EEOC <no-reply@service.eeoc.gov>

**Sent:** Thursday, September 14, 2023 at 12:32:52 AM EDT

**Subject:** Re: Document Added to EEOC Charge 520-2022-01233 / Documento Agregado a la Queja/Querella 520-2022-01233

I was not able to retrieve this document. Please assist!

Aura Moody

On Thursday, September 14, 2023 at 12:18:12 AM EDT, quinonesmoody@aol.com <quinonesmoody@aol.com> wrote:

I just saw this email. I will check and get back to you.

Aura Moody

On Thursday, September 7, 2023 at 10:07:44 AM EDT, EEOC <no-reply@service.eeoc.gov> wrote:

**U.S. Equal Employment Opportunity Commission**

A new document was added to EEOC Charge No. 520-2022-01233, Ms. Aura A. Moody v. New York City DEPARTMENT OF EDUCATION. To view it, sign-in to the EEOC Public Portal.

*Notice of Confidentiality: This email may contain privileged and confidential information, including information protected by federal and state privacy laws. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this communication is strictly prohibited and may be unlawful. If you are not the intended recipient, please contact info@eeoc.gov and destroy all copies of the original message and attachments.*

Se ha agregado un nuevo documento a la queja/querella de la EEOC, número 520-2022-01233, Ms. Aura A. Moody v. New York City DEPARTMENT OF EDUCATION. Para verlo, inicie sesión en el Portal Público de la EEOC.

Este correo electrónico es una notificación oficial de la Comisión para la Igualdad de Oportunidades en el Empleo (EEOC, por sus siglas en inglés) con respecto a la queja/querella 520-2022-01233. Por favor, no responda a este correo electrónico.

*Aviso de confidencialidad: La información contenida en este correo electrónico puede contener información privilegiada y confidencial, incluida información protegida por las leyes de privacidad federales y estatales. Está destinada únicamente al uso de la(s) persona(s) nombrada(s) anteriormente. Si usted no es el(la) destinatario(a) previsto(a), se le notifica que cualquier revisión, difusión, distribución o duplicación de esta comunicación está estrictamente prohibida y puede ser ilegal. Si usted no es el(la) destinatario(a) previsto(a), póngase en contacto con nosotros en info@eeoc.gov y destruya todas las copias del mensaje original y los archivos adjuntos.*

2023-0915 CP Reco Ltr 520-2022-01233.pdf
225kB

MOODY EX. 7

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Juan Local Office**

525 F. D. Roosevelt Avenue
Plaza Las Americas, Suite 1202
San Juan, PR 00918-8001
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
San Juan Direct Dial: (787) 520-5614
FAX (787) 771-1485
Website: www.eeoc.gov

September 15, 2023

***Via email only: quinonesmoody@aol.com***

Mrs. Aura A. Moody
112-26 197 Street
Saint Albans, NY 11412

RE: Aura Moody v. NYC Department of Education (DOE)
EEOC Charge No.: 520-2022-01233

Dear Mrs. Moody:

This is in response to your inquiry dated September 14, 2023, concerning your charge of employment discrimination filed with the Equal Employment Opportunity Commission (EEOC) against NYC Department of Education (EEOC Charge No. 520-2022-01233).

On your charge you claimed you were discriminated against because of your religion, disability, and in retaliation, as you were denied a reasonable accommodation of a religious exemption of a compulsory COVID-19 vaccination mandate. You were offered and submitted to unpaid leave, and an appeal process, which was also denied.

The evidence obtained by the EEOC in your case showed that you could not safely perform the essential functions of the position of teacher while unvaccinated. This would present an undue hardship and expose you and others to considerable risk. Based upon this evidence, it appears unlikely that the EEOC would be able to establish that you were discriminated against because of your disability, religion, or retaliation. Based on the above, the evidence obtained could not support your allegation of discrimination.

Be advised that all the information you offered during the processing of the charge was carefully considered before a final determination was made in the matter. While you indicate that you were not given an opportunity to provide additional information or to rebut the evidence offered by the employer, there are no indications from your submission of any new evidence which would warrant a different determination on the charge.

We regret any inconvenience you may have experienced in your attempts to contact Investigator Calzada. Regular communications with the parties we serve is an integral part of our case processing procedures. The EEOC expects its employees to be responsive to all inquiries from the public we serve. We also strive to focus our resources on investigating and processing the many charges filed with us. Due to our heavy workload and very limited staffing resources, our staff may not always be immediately available to receive or respond to calls or other communications. Still to that effect, the Investigator provided a letter explaining the rationale for the determination.

The final dismissal notice you received described your right to pursue the matter in court by filing a lawsuit within 90 days of your receipt of the dismissal notice. This 90-day period for filing a private lawsuit cannot be waived, extended, or restored by the EEOC.

We hope this information is helpful to you.

Sincerely,

Digitally signed by William R. Sanchez
Date: 2023.09.15 09:11:13 -04'00'

William R. Sanchez
Director

MOODY EX. 8

Re: Incident: 230928-000254 , EEOC Charge No. 520-2022-01233

From: quinonesmoody@aol.com (quinonesmoody@aol.com)

To: ofpfmp@eeoc.gov; info@eeoc.gov

Date: Wednesday, November 29, 2023 at 03:11 PM EST

To Whom It May Concern:

This is a follow up to my voice mail message left on your voice mail - (202) 921-3210 - a few minutes ago. I am reaching out to inquire about the status of my request.

Respectfully,

Aura Moody

On Tuesday, November 21, 2023 at 10:57:05 AM EST, quinonesmoody@aol.com <quinonesmoody@aol.com> wrote:

Dear Ms. Mercedes Casasola:

I would like to know whether you received my email. I hope it was sent to the correct address.

Attached please find the letter that I addressed to Mr. William Sanchez on September 15, 2023 (without Exhibits) regarding my request to reopen my charge.

Below is a link about the COVID-19 vaccine requirement for military personnel. The unlawfully fired employees are being reinstated.

https://youtu.be/i5VxuhGEbig?si=uxdQ9_vACNSwko4c

I also need to be reinstated as I was discriminated against and unlawfully terminated. I am struggling financially and emotionally.

I am not sure if the email that I sent to you on November 20, 2023 was received by your office. Therefore, I am including the main email for EEOC as a recipient of this instant email in the event you did not receive it. Please acknowledge receipt of my correspondence.

Thank you for you attention and consideration in this matter!

Sincerely,

Aura Moody

**Attachment:** Statement of Facts and Arguments on COVID-19 Vaccine Mandate Dated 9-15-2023 for EEOC Charge

On Mon, Nov 20, 2023 at 12:45 PM, quinonesmoody@aol.com <quinonesmoody@aol.com> wrote:

Dear Ms. Mercedes Casasola:

As per our telephone conversation held on November 20, 2023, I am forwarding to you some of the emails that I have sent to the EEOC requesting that my charge be reopened.

To recap, on October 2, 2021, I was unlawfully placed on leave without pay while my application for a medical exception to the COVID-19 vaccine requirement was pending a decision, in contravention of the law. On November 21, 2021, I applied for a religious exemption, but I have not received a response from the DOE. I was allegedly terminated from my employment on February 11, 2022, but I have not been served with a final notice of placement on leave without pay nor with a termination notice since my DOE email account was blocked on October 15, 2021, and it was never restored despite my timely notification to the DOE and UFT. As a tenured pedagogue, on February 9, 2022, I requested a 3020-a hearing, which was expected to be processed within 60 days, but I have not even received an acknowledgement. I asked to work remotely while a decision on my applications for medical and religious exemptions were pending, but my request was not considered. I will provide more details about my case if deemed appropriate. Please let me know if you need additional information.

I would also like to bring to the attention of the EEOC that I initially filed charges against the DOE and UFT. However, my charge against the UFT has not been processed. I have already submitted documents regarding this matter. A claim about age discrimination also needs to be addressed.

As per our telephone conversation held this morning, I will not attach my evidence since it is already in the record. However, I am including the case of the United Healthcare Services dated September 20, 2023, which refers to a case similar to my situation. As a Bilingual School Social Worker, I was not required to have face-to-face contact with the students and parents/guardians I worked with. Furthermore, I worked remotely before I was unlawfully placed on unpaid leave. I voluntarily submitted weekly COVID-19 tests to the DOE and UFT since the time I was unlawfully placed on unpaid leave until January 2022 proving that I was not contagious. **Equal application of the law has not taken place in my case. Justice has not been served!**

I am seeking justice. Thank you in advance for reopening my case. In God I Trust!

Respectfully,

Aura Moody

----- Forwarded Message -----
**From:** quinonesmoody@aol.com <quinonesmoody@aol.com>
**To:** EEOC - I I G <info@eeoc.gov>; GWENDOLYN HOY <gwendolyn.hoy@eeoc.gov>; WILLIAM SANCHEZ <william.sanchez@eeoc.gov>; LUIS CALZADA <luis.calzada@eeoc.gov>
**Cc:** ashraf.ahmed@eeoc.gov <ashraf.ahmed@eeoc.gov>; madeline.mcgrath@eeoc.gov <madeline.mcgrath@eeoc.gov>; EEOC Digital Support <digitalsupport@eeoc.gov>; eeoc@updates.eeoc.gov <eeoc@updates.eeoc.gov>; fedenews@eeoc.gov <fedenews@eeoc.gov>
**Sent:** Friday, November 17, 2023 at 11:32:17 AM EST
**Subject:** Re: Incident: 230928-000254 , EEOC Charge No. 520-2022-01233

To Whom It May Concern:

Please be advised that, this morning (November 17, 2023), I called the EEOC at (800) 669-4000 to inquire about the status of my charge, my request for reconsideration and my

request for an investigation on the handling of my charge. I spoke with a gentleman who identified himself as Willie. Upon listening to my concerns/grievances, he instructed me to call the Office of Field Programs/Field Management Program at (202) 921-3210 for further assistance. I immediately called that number, but nobody answered the phone so I left a message on the voice mail. He issued the Incident No. 231117-000150.

I am looking forward to hearing from the EEOC as soon as possible. I am seeking justice and equal treatment under the law!

Sincerely,

Aura Moody

On Friday, November 17, 2023 at 09:47:12 AM EST, quinonesmoody@aol.com <quinonesmoody@aol.com> wrote:

To Whom It May Concern:

I am reaching out to the EEOC to inquire about the status of my case. As part of my due and equal process rights, I am entitled to a response and action.

Sincerely,

Aura Moody

On Thursday, September 28, 2023 at 11:13:40 AM EDT, EEOC - I I G <info@eeoc.gov> wrote:

**Response**

Thank you for contacting the United States Equal Employment Opportunity Commission. This automated response confirms receipt of your inquiry and is not intended to address your specific questions. For those of you wishing to file a charge of employment discrimination, please note that there is a time limit of either 180 or 300 days to file a charge, depending on a number of factors. If you want to begin the process, you can use our online assessment tool at US EEOC . You can not file a charge via email. We will respond to your specific questions as quickly as possible.

**Subject**

**Document Added to EEOC Charge 520-2022-01233 / Documento Agregado a la Queja/Querella 520-2022-01233**

Auto-Response By (Administrator) (09/28/2023 10:13 AM)

Thank you for contacting the United States Equal Employment Opportunity Commission. This automated response confirms receipt of your inquiry and is not intended to address your specific questions. For those of you wishing to file a charge of employment discrimination, please note that there is a time limit of either 180 or 300 days to file a charge, depending on a number of factors. If you want to begin the process, you can use our online assessment tool at US EEOC . You can not file a charge via email. We will respond to your specific questions as quickly as possible.

Customer By CSS Email (Aura Moody) (09/28/2023 10:13 AM)

Please be advised that when I called earlier this morning, Crystal provided me with the Incident No. 230928000118.
Aura Moody
On Thursday, September 28, 2023 at 11:03:40 AM EDT, quinonesmoody@aol.com <quinonesmoody@aol.com> wrote:

To Whom It May Concern:
I am calling to follow up on my request to reopen my charge, as well as for an investigation as to they way how my case was handled by the Puerto Rico Regional Office.
On September 28, 2023, I called the EEOC at (800) 669-4000 and spoke with Crystal about my requests. In addition, I would like to know why the UFT has not submitted a Position Statement from the UFT since I included both the DOE and UFT as respondents when I filed my charge on March 3, 2022. Please refer to the attached emails that I exchanged with Ms. Madeline McGrath on March 3, 2022 for additional information and action.
I strongly believe that justice has not been served. Therefore, I am again requesting that my charge against the DOE and UFT be reopened, that an investigation on the handling of my charge be conducted, and that I be provided with the UFT's Position Statement. I also want to see the evidence that the DOE and UFT have submitted to the EEOC for my perusal and dispute as deemed necessary.
Thank you in advance for your prompt response!
Sincerely,
Aura Moody
Attachment
On Wednesday, September 27, 2023 at 12:12:43 AM EDT, quinonesmoody@aol.com <quinonesmoody@aol.com> wrote:

Dear Mr. William Sanchez:
Please be advised that I have not received a response to the email that I sent you on September 20, 2023.
Sincerely,
Aura Moody
On Wednesday, September 20, 2023 at 11:05:40 AM EDT, quinonesmoody@aol.com <quinonesmoody@aol.com> wrote:

Dear Mr. William Sanchez:
Attached please find the email that I received from the EEOC on September 20, 2023 regarding the case filed by the United States Equal Employment Opportunity Commission against United Healthcare Services for religious exemption discrimination due to the COVID-19 vaccine mandate. See Moody Ex. 20.
I would like the United Healthcare Services case to be considered when processing my request to reopen my charge for reconsideration, as per my email to you dated September 14, 2023. Upon reviewing the grounds for the EEOC to sue United Healthcare Services, I find that my case is similar to the Telecommuter since my job duties do not require face-to-face contact with the parents/guardians and students I work with. Furthermore, I worked during the 2020-2021 school year virtually. After I was denied due process and unlawfully placed on Leave Without Pay on October 4, 2021, I submitted to the DOE and UFT the results of my negative COVID-19 test results up to January 4, 2022 on a weekly basis showing that I was not a health threat to others, but I was completely ignored. My requests to work remotely pending a decision on my applications for medical and religious exemptions were neither considered nor acknowledged..
I strongly believe that I would be a subject of discrimination and differential treatment by the EEOC if my charge is not reopened given the similarities of these cases. In addition, the merits of my charge are irrefutable given the particularities of my case and the fact that the Respondents did not submit any evidence demonstrating undue hardship. Please refer to my statements of facts, arguments and evidence that I have previously submitted to the EEOC to substantiate my request to reopen my charge for reconsideration.

Thank you in advance for incorporating this document into the record of my charge.
Please confirm receipt of this email and its attachment.
Sincerely,
Aura Moody

Attachment: Moody Ex. 20
On Friday, September 15, 2023 at 10:56:40 PM EDT, quinonesmoody@aol.com <quinonesmoody@aol.com> wrote:

Here are the remaining Exhibits.
Aura Moody
On Friday, September 15, 2023 at 10:53:19 PM EDT, quinonesmoody@aol.com <quinonesmoody@aol.com> wrote:

Dear Mr. Sanchez:
Thank you for sending me your letter dated September 15, 2023. With all due respect, I disagree with some of your statements. I have not been provided with any evidence from the NYC Department of Education and United Federation of Teacher to substantiate their claims. The DOE's Position Statement consisted of inaccurate allegations and was not supported by any evidence whereas my rebuttal was supported by tangible evidence. As part of my due process, I am entitled to review the evidence that they have against me, and it did not happen. The evidence that I submitted was not properly reviewed in order to make a sound and fair decision, based on the preponderance of evidence. Therefore, I am respectfully requesting that my charge be reopen for reconsideration, as per my email below.
Attached please find my Statement of Facts and Arguments on COVID-19 Vaccine Mandate dated September 15, 2023 along with 19 Exhibits for your perusal and action. Due to the size of the documents, I will send them in two separate emails.
I an looking forward to the reopening of my charge, as a matter of law, I disagree with the issuance of a right to sue letter. I would also like a change of jurisdiction.
Thank you in advance for your attention and consideration in this matter,
Sincerely,
Aura Moody
Attachments
On Friday, September 15, 2023 at 09:25:30 AM EDT, WILLIAM SANCHEZ <william.sanchez@eeoc.gov> wrote:

Mrs. Moody:

Please see attach letter.

William R. Sanchez

Director

San Juan Local Office

525 FD Roosevelt Ave.

Ste. 1202

San Juan, PR 00918

Tel. 787-520-5629

william.sanchez@eeoc.gov

www.eeoc.gov

From: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Thursday, September 14, 2023 5:57 PM
To: WILLIAM SANCHEZ <WILLIAM.SANCHEZ@EEOC.GOV>
Cc: LUIS CALZADA <LUIS.CALZADA@EEOC.GOV>; INFO <info@eeoc.gov>; gwendolyn.hoy@eeoc.com; ASHRAF AHMED <ASHRAF.AHMED@EEOC.GOV>
Subject: Re: Document Added to EEOC Charge 520-2022-01233 / Documento Agregado a la Queja/Querella 520-2022-01233

| |
You don't often get email fromquinonesmoody@aol.com. Learn why this is important
| |

| |
CAUTION: The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails tophishing@eeoc.gov.
|

SENT VIA EMAIL AND FAX No. (787) 771-1485

September 14, 2023

Mr. William Sanchez

Regional Director

San Juan Local Office

Equal Employment Opportunity Commission

Re: EEOC Charge No. 520-2022-01233

Dear Mr. Sanchez:

Considering that I had not received a response to my emails below, on September 14, 2023, I called the office in Puerto Rico at (787) 520-5614/(787) 520-5627 and left three (3) messages on the voice mail,

but nobody got back to me. At this point, I called the national office at (800) 669-4000 and spoke with Donna from the New Jersey office. She told me that my case had been closed on September 7, 2023 by Investigator Luis Calzada. As per my emails below, I have not seen the documents that were reportedly sent to me on September 7, 2023 because I could not access my account on the EEOC Public Portal.

In light of the above, I am reaching out to you to express my discontent with the way how my case was handled, as well as to request the reopening of my charge to reexamine the evidence that I believe was incorrectly analyzed by the Investigator, a person who never contacted me to discuss the allegations in my charge and failed to objectively review the monumental evidence that I had submitted to EEOC in order to substantiate my claims against the New York City Department of Education and United Federation of Teachers. This is a travesty of justice!

Please be advised that I have requested that this matter be escalated for an investigation by the pertinent authorities due to the procedural errors and legal flaws in handling my case. It is unconceivable and suspicious that my case was closed without contacting me and giving weight to the preponderance of evidence. Donna provided me with the Reference No. 230914-000645. Justice has not been served. In God I Trust!

Thank you in advance for your prompt attention and consideration to this important matter. I am including Mr. Luis Calzada and other EEOC officials as recipients of this email, which I will sign and subsequently send to your office via facsimile for formally processing of my request to reopen the charge.

Sincerely

Aura Moody

Charging Party

On Thursday, September 14, 2023 at 03:47:25 PM EDT,quinonesmoody@aol.com <quinonesmoody@aol.com> wrote:

I am trying to get in contact with the EEOC. Please get back to me at (347) 248-5208. Thanks!

Aura Moody

On Thursday, September 14, 2023 at 08:40:31 AM EDT,quinonesmoody@aol.com <quinonesmoody@aol.com> wrote:

Hi Gwendolyn:

Can you please provide an answer to my emails below? Thanks!

Aura Moody

----- Forwarded Message -----

From:quinonesmoody@aol.com <quinonesmoody@aol.com>

To:ashraf.ahmed@eeoc.gov <ashraf.ahmed@eeoc.gov>

Sent: Thursday, September 14, 2023 at 08:29:15 AM EDT

Subject: Fw: Document Added to EEOC Charge 520-2022-01233 / Documento Agregado a la Queja/Querella 520-2022-01233

Hi Mr. Ashraf Ahmed:

I retrieved the email below on September 14, 2023, but I was not able to retrieve it. Can you please provide me with the name and phone number of the person handling my charge? Thanks!

Aura Moody

----- Forwarded Message -----

From:quinonesmoody@aol.com <quinonesmoody@aol.com>

To: EEOC <no-reply@service.eeoc.gov>

Sent: Thursday, September 14, 2023 at 12:32:52 AM EDT

Subject: Re: Document Added to EEOC Charge 520-2022-01233 / Documento Agregado a la Queja/Querella 520-2022-01233

I was not able to retrieve this document. Please assist!

Aura Moody

On Thursday, September 14, 2023 at 12:18:12 AM EDT,quinonesmoody@aol.com <quinonesmoody@aol.com> wrote:

I just saw this email. I will check and get back to you.

Aura Moody

On Thursday, September 7, 2023 at 10:07:44 AM EDT, EEOC <no-reply@service.eeoc.gov> wrote:

U.S. Equal Employment Opportunity Commission

A new document was added to EEOC Charge No. 520-2022-01233, Ms. Aura A. Moody v. New York City DEPARTMENT OF EDUCATION. To view it, sign-in to theEEOC Public Portal.

Notice of Confidentiality: This email may contain privileged and confidential information, including information protected by federal and state privacy laws. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this communication is strictly prohibited and may be unlawful. If you are not the intended recipient, please contact info@eeoc.gov and destroy all copies of the original message and attachments.

Se ha agregado un nuevo documento a la queja/querella de la EEOC, número 520-2022-01233, Ms. Aura A. Moody v. New York City DEPARTMENT OF EDUCATION. Para verlo, inicie sesión en el Portal Público de la EEOC.

Este correo electrónico es una notificación oficial de la Comisión para la Igualdad de Oportunidades en el Empleo (EEOC, por sus siglas en inglés) con respecto a la queja/querella 520-2022-01233. Por favor, no responda a este correo electrónico.

Aviso de confidencialidad: La información contenida en este correo electrónico puede contener información privilegiada y confidencial, incluida información protegida por las leyes de privacidad federales y estatales. Está destinada únicamente al uso de la(s) persona(s) nombrada(s) anteriormente. Si usted no es el(la) destinatario(a) previsto(a), se le notifica que cualquier revisión, difusión, distribución o duplicación de esta comunicación está estrictamente prohibida y puede ser ilegal. Si usted no es el(la) destinatario(a) previsto(a), póngase en contacto con nosotros eninfo@eeoc.gov y destruya todas las copias del mensaje original y los archivos adjuntos.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**San Juan Local Office**
525 F.D. Roosevelt Ave Plaza Las Americas, Suite 1202
San Juan, PR 00918
(800) 669-4000
Website: www.eeoc.gov

Ms. Aura A. Moody

Re: Ms. Aura A. Moody v. New York City DEPARTMENT OF EDUCATION
EEOC Charge Number: 520-2022-01233

**NOTICE OF TRANSFER OF Charge of Discrimination**

This is to notify you that the above-referenced Charge of Discrimination has been transferred to the New York District Office for Processing. Please make all future contact regarding this charge to:

New York District Office
33 Whitehall St 5th Floor
New York, NY 10004
Phone: (929) 506-5270
Email: NEWYACT@EEOC.GOV

On Behalf of the Commission:

Digitally Signed By:Evangeline Hawthorne
12/20/2023

Evangeline Hawthorne
Director

MOODY EX. 10

# Re: Notice of New Inquiry Submission 520-2024-02267 / Aviso de Envío de Nueva Solicitud 520-2024-02267

From: quinonesmoody@aol.com (quinonesmoody@aol.com)

To: no-reply@service.eeoc.gov

Date: Friday, January 12, 2024 at 06:35 PM EST

Thanks for the update!

Aura Moody

On Friday, January 12, 2024 at 05:33:28 PM EST, EEOC <no-reply@service.eeoc.gov> wrote:

**U.S. Equal Employment Opportunity Commission**

You recently submitted correspondence to the U.S. Equal Employment Opportunity Commission (EEOC) about alleged employment discrimination by UNITED FEDERATION OF TEACHERS. We have opened EEOC Inquiry 520-2024-02267 based on your submission.

Please be aware that submitting an inquiry is NOT the same as filing an official Charge of Discrimination. A Charge of Discrimination is a signed statement asserting that an organization engaged in unlawful employment discrimination. The laws enforced by the EEOC, except the Equal Pay Act (EPA), require you to file a charge before you can file a lawsuit in court for unlawful employment discrimination. There are strict time limits for filing a charge.

To complete the inquiry process, you must schedule an appointment for an interview with an EEOC staff member to discuss your claim and the implications of filing a charge with the EEOC.

Please contact the EEOC's New York District Office at (929) 506-5270 as soon as possible to schedule an intake interview. If you do not schedule an interview, we will be unable to take further action on your inquiry.

On behalf of the EEOC,
New York District Office

*Notice of Confidentiality: This email may contain privileged and confidential information, including information protected by federal and state privacy laws. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this communication is strictly prohibited and may be unlawful. If you are not the intended recipient, please contact info@eeoc.gov and destroy all copies of the original message and attachments.*

Recientemente envió correspondencia escrita a la Comisión para la Igualdad de Oportunidades en el Empleo de EE.UU. (EEOC, por sus siglas en inglés) sobre alegaciones de discriminación laboral por parte de UNITED FEDERATION OF TEACHERS. Basado en la información que envió, le hemos abierto una solicitud con el siguiente número de queja/querella 520-2024-02267.

Tenga en cuenta que enviar una solicitud NO es lo mismo que presentar una queja/querella de discriminación. Una queja/querella de discriminación es una declaración firmada en la que se alega que un empleador ha cometido discriminación en el empleo. Las leyes que la EEOC hace cumplir, excepto la Ley de Igualdad Salarial, requieren que presente una queja/querella antes de que pueda presentar una demanda en un tribunal por motivos de discriminación ilegal en el empleo. Hay límites de tiempo estrictos para presentar una queja/querella.

Para completar el proceso de solicitud, debe programar una cita para una entrevista con un miembro del personal de la EEOC para hablar sobre su solicitud y las implicaciones de presentar una queja/querella ante la EEOC.

Póngase en contacto con la oficina de la EEOC de New York District Office al (929) 506-5270 lo antes posible para programar una entrevista. Si no programa una entrevista, no podremos tomar más medidas sobre su solicitud.

En nombre de la EEOC,
New York District Office

Este correo electrónico es una notificación oficial de la Comisión para la Igualdad de Oportunidades en el Empleo (EEOC, por sus siglas en inglés) con respecto a la queja/querella 520-2024-02267. Por favor, no responda a este correo electrónico.

*Aviso de confidencialidad: La información contenida en este correo electrónico puede contener información privilegiada y confidencial, incluida información protegida por las leyes de privacidad federales y estatales. Está destinada únicamente al uso de la(s) persona(s) nombrada(s) anteriormente. Si usted no es el(la) destinatario(a) previsto(a), se le notifica que cualquier revisión, difusión, distribución o duplicación de esta comunicación está estrictamente prohibida y puede ser ilegal. Si usted no es el(la) destinatario(a) previsto(a), póngase en contacto con nosotros en info@eeoc.gov y destruya todas las copias del mensaje original y los archivos adjuntos.*

MOODY EX. 11

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 03/21/2024

**To:** Ms. Aura A. Moody
112-26 197 Street
SAINT ALBANS, NY 11412

Charge No: 520-2024-02267

EEOC Representative and email: MADELINE MCGRATH
Investigator
madeline.mcgrath@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Yaw Gyebi, Jr.
03/21/2024

Yaw Gyebi, Jr.
District Director

**Cc:**
Ximena Castro
120 BROADWAY STE 1360
New York, NY 10271

Please retain this notice for your records.

MOODY EX. 12

---------------------------------- X

In the Matter of the Arbitration X

between X

BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK X

"Department" X

-and- X

UNITED FEDERATION OF TEACHERS, LOCAL 2, AFT, AFL-CIO X

"Union" X

---------------------------------- X

Re: Impact Bargaining

**APPEARANCES**

**For the Department**
Renee Campion, Commissioner of Labor Relations
Steven H. Banks, Esq., First Deputy Commissioner and General Counsel of Labor Relations

**For the Union**
STROOCK & STROOCK & LAVAN, L.L.P.
Alan M. Klinger, Esq.

Beth Norton, Esq., UFT General Counsel
Michael Mulgrew, UFT President

**BEFORE:** Martin F. Scheinman, Esq., Arbitrator

**BACKGROUND**

The Union ("Union" or "UFT") protests the Department of Education's ("Department" or "DOE") failure to reach agreement on the impact of its decision mandating all employees working in Department buildings show proof they started the Covid-19 vaccination protocols by September 27, 2021. The Union contends the Department failed to adequately provide, among other things, for those instances where employees have proof of a serious medical condition making the vaccine a danger to their health, as well as for employees who have a legitimate religious objection to vaccines.

Most of the basic facts are not in dispute.

For those in the New York City ("NYC" or "City") metropolitan area, we are now in the 18th month of the Covid-19 pandemic. During that time, we have seen substantial illness and loss of life. There have been periods of significant improvement and hope, but sadly, we have seen resurgence with the Delta variant. Throughout this period, NYC and its municipal unions have worked collaboratively to provide needed services for the City's 8.8 million residents in as safe an environment as possible. Yet, municipal employees have often borne great risk. The Department and the UFT are no exception. The DOE and the UFT immediately moved to remote instruction and then later a hybrid model of both in-person and remote learning for the 2020-2021 school year. Educators at all levels strove to deliver the best experience possible under strained circumstances. For this

coming school year, both the DOE and the UFT have endeavored to return, as much as possible, to in-person learning. They have developed protocols regarding masking and distancing to effectuate a safe environment for the City's students and educators.

To this end, the Delta resurgence has complicated matters. In recognition of increased risk, there have been various policies implemented at City agencies and other municipal entities. Mayor de Blasio in July 2021 announced a "Vaccine-or-Test" mandate which essentially requires the City workforce, including the UFT's educators, either to be vaccinated or undergo weekly testing for the Covid-19 virus effective September 13, 2021.

Most relevant to this matter, on August 23, 2021, the Mayor and the NYC Commissioner of Health and Mental Hygiene, David A. Chokshi, MD, announced a new policy for those workforces in NYC DOE buildings. Those employees would be subject to a "Vaccine Only" mandate. That is, such employees would need to show by September 27, 2021, they had at least started the vaccination protocol or would not be allowed onto DOE premises, would not be paid for work and would be at risk of loss of job and benefits. This mandate was reflected in an Order of Commissioner Chokshi, dated August 24, 2021. That Order, by its terms, did not expressly provide for exceptions or accommodations for those with medical contraindications to vaccination or sincerely-held religious objections to inoculation. Nor did it address matters of due process with regard to job and benefits protection.

The UFT promptly sought to bargain the impact and implementation of the Vaccine Only mandate. A number of discussions were had by the parties but important matters remained unresolved.

On September 1, 2021, the UFT filed a Declaration of Impasse with the Public Employment Relations Board ("PERB") as to material matters. The City/DOE did not challenge the statement of impasse and PERB appointed me to mediate the matters. Given the exigencies of the imminent start of the school year and the coming of the September 27, 2021, mandate, together with the importance of the issues involved to the workforce, mediations sessions were held immediately on September 2, 3, 4 and 5, 2021, with some days having multiple sessions. Progress was made, and certain tentative understandings were reached, but significant matters remained unresolved. By agreement of the parties, the process moved to arbitration. They asked I serve as arbitrator.[1]

Arbitration sessions were held on September 6 and 7, 2021. During the course of the hearings, both sides were given full opportunity to introduce evidence and argument in support of their respective positions. They did so. Both parties made strenuous and impassioned arguments reflecting their viewpoints on this entire issue.

During the course of these hearings, I made various interim rulings concerning the impact of the "Vaccine Only" mandate. I then

[1] My jurisdiction is limited to the issues raised during impact bargaining and not with regard to the decision to issue the underlying "Vaccine Only" order.

directed the parties to draft language reflecting those rulings. Even though I am very familiar with the language of the current Collective Bargaining Agreement, as well as the parties' relationship since I am a member of their permanent arbitration panel and have served as a fact-finder and mediator during several rounds of bargaining, I concluded the parties are more familiar with Department policy and how leave and entitlements have been administered in accordance with prior agreements. As such, my rulings reflect both the understandings reached during the negotiations prior to mediation, those reached in the mediation process and the parties' agreed upon language in response to my rulings. All are included, herein.

I commend the parties for their seriousness of purpose and diligence in addressing these complicated matters. The UFT made clear it supports vaccination efforts and has encouraged its members to be vaccinated. Nonetheless, as a Union, it owes a duty to its members to ensure their rights are protected. The City/DOE demonstrated recognition of the importance of these issues, particularly with regard to employees' legitimate medical or religious claims. I appreciate both parties' efforts in meeting the tight timeline we have faced and the professionalism they demonstrated serving the citizens of the City and what the million plus students deserved. They have invested immense effort to insure such a serious issue was litigated in such a thoughtful way.

Yet, in the end, it falls to me, as Arbitrator, to arrive at a fair resolution of the matters at hand.

This matter is one of the most urgent events I have been involved with in my forty (40) plus years as a neutral. The parties recognized the complexity of the issues before me, as well as the magnitude of the work that lies ahead to bring this conflict to completion in a timely manner. For this reason, they understood and accepted the scope and complexity of this dispute could not be handled by me alone. They agreed my colleagues at Scheinman Arbitration and Mediation Services ("SAMS") would also be involved.

I want to thank my colleagues at SAMS, especially Barry J. Peek, for their efforts and commitment to implementing the processes to resolve this matter. This undertaking could not be accomplished by any single arbitrator.

**Opinion**

After having carefully considered the record evidence, and after having the parties respond to countless inquiries. I have requested to permit me to make a final determination, I make the rulings set forth below. While some of the language has been drafted, initially, by the parties in response to my rulings, in the end the language set forth, herein, is mine alone. I hereby issue the following Award:

**I. Exemption and Accommodation Requests & Appeal Process**

As an alternative to any statutory reasonable accommodation

process, the City, the Board of Education of the City School District for the City of New York (the "DOE"), and the United Federation of Teachers, Local 2, AFT, AFL-CIO (the "UFT), (collectively the "Parties") shall be subject to the following Expedited Review Process to be implemented immediately for full-time staff, H Bank and non-pedagogical employees who work a regular schedule of twenty (20) hours per week or more inclusive of lunch, including but not limited to Occupational Therapists and Physical Therapists, and Adult Education teachers who work a regular schedule of twenty (20) or more hours per week. This process shall only apply to (a) religious and medical exemption requests to the mandatory vaccination policy, and (b) medical accommodation requests where an employee is unable to mount an immune response to COVID-19 due to preexisting immune conditions and the requested accommodation is that the employee not appear at school. This process shall be in place for the 2021-2022 school year and shall only be extended by mutual agreement of the Parties.

Any requests to be considered as part of this process must be submitted via the SOLAS system no later than Monday, September 20, 2021, by 5:00 p.m.

A. Full Medical Exemptions to the vaccine mandate shall only be considered where an employee has a documented contraindication such that an employee cannot receive any of the three (3) authorized vaccines (Pfizer, Moderna, J&J)—with contraindications delineated in CDC clinical

considerations for COVID-19 vaccination. Note that a prior immediate allergic reaction to one (1) type of vaccine will be a precaution for the other types of vaccines, and may require consultation with an allergist.

B. Temporary Medical Exemptions to the vaccine mandate shall only be based on the following valid reasons to defer or delay COVID-19 vaccination for some period:

- o Within the isolation period after a COVID-19 infection;
- o Within ninety (90) days of monoclonal antibody treatment of COVID-19;
- o Treatments for conditions as delineated in CDC clinical considerations, with understanding CDC guidance can be updated to include new considerations over time, and/or determined by a treating physician with a valid medical license responsible for the immunosuppressive therapy, including full and appropriate documentation that may warrant temporary medical exemption for some period of time because of active therapy or treatment (e.g., stem cell transplant, CAR T-cell therapy) that would temporarily interfere with the patient's ability to respond adequately to vaccination;
- o Pericarditis or myocarditis not associated with COVID-19 vaccination or pericarditis or myocarditis associated with COVID-19 vaccination.

Length of delay for these conditions may vary, and the employee must get vaccinated after that period unless satisfying the criteria for a Full Medical Exemption described, above.

C. Religious exemptions for an employee to not adhere to the mandatory vaccination policy must be documented in writing by a religious official (e.g., clergy). Requests shall be denied where the leader of the religious organization has spoken publicly in favor of the vaccine, where the documentation is readily available (e.g., from an online source), or where the objection is personal, political, or philosophical in nature. Exemption requests shall be considered for recognized and established religious organizations (e.g., Christian Scientists).

D. There are cases in which, despite an individual having sought and received the full course of the vaccination, he or she is unable to mount an immune response to COVID-19 due to preexisting immune conditions. In these circumstances, each individual case shall be reviewed for potential accommodation. Medical accommodation requests must be documented in writing by a medical doctor.

E. The initial determination of eligibility for an exemption or accommodation shall be made by staff in the Division of Human Capital in the Office of Medical, Leaves and Benefits; the Office of Equal Opportunity; and Office of Employee

Relations. These determinations shall be made in writing no later than Thursday, September 23, 2021, and, if denied, shall include a reason for the denial.

F. If the employee wishes to appeal a determination under the identified criteria, such appeal shall be made in SOLAS to the DOE within one (1) school day of the DOE's issuance of the initial eligibility determination. The request for appeal shall include the reason for the appeal and any additional documentation. Following the filing of the appeal, any supplemental documentation may be submitted by the employee to the Scheinman Arbitration and Mediation Services ("SAMS") within forty eight (48) hours after the filing of the appeal. If the stated reason for denial of a medical exemption or accommodation request is insufficient documentation, the employee may request from the arbitrator and, upon good cause shown, the arbitrator may grant an extension beyond forty eight (48) hours and permit the use of CAR days after September 27, 2021, for the employee to gather the appropriate medical documentation before the appeal is deemed submitted for determination.

G. A panel of arbitrators identified by SAMS shall hear these appeals, and may request the employee or the DOE submit additional documentation. The assigned arbitrator may also request information from City and/or DOE Doctors as part of the review of the appeal documentation. The assigned

arbitrator, at his or her discretion, shall either issue a decision on the appeal based on the documents submitted or hold an expedited (virtual) factual hearing. If the arbitrator requests a factual hearing, the employee may elect to have a union representative present but neither party shall be required to be represented by an attorney at the hearing. The expedited hearing shall be held via Zoom telecommunication and shall consist of brief opening statements, questions from the arbitrator, and brief closing statements. Cross examination shall not be permitted. Any documentation submitted at the arbitrator's request shall be provided to the DOE at least one (1) business day before the hearing or the issuance of the written decision without hearing.

H. Appeal decisions shall be issued to the employee and the DOE no later than Saturday September 25, 2021. Appeal decisions shall be expedited without full Opinion, and final and binding.

I. While an appeal is pending, the exemption shall be assumed granted and the individual shall remain on payroll consistent with Section K below. However, if a larger number of employees than anticipated have a pending appeal as of September 27, 2021, as determined by SAMS, SAMS may award different interim relief consistent with the parties' intent. Those employees who are vaccinated and have applied for an

accommodation shall have the ability to use CAR days while their application and appeal are pending. Should the appeal be granted, these employees shall be reimbursed any CAR days used retroactive to the date of their initial application.

J. The DOE shall cover all arbitration costs from SAMS under this process. To the extent the arbitrator requests additional medical documentation or information from the DOE, or consultation with City and/or DOE Doctors, arranging and paying for such documentation and/or consultation shall be the responsibility of the DOE.

K. An employee who is granted a medical or religious exemption or a medical accommodation under this process and within the specific criteria identified above shall be permitted the opportunity to remain on payroll, but in no event required/permitted to enter a school building while unvaccinated, as long as the vaccine mandate is in effect. Such employees may be assigned to work outside of a school building (e.g., at DOE administrative offices) to perform academic or administrative functions as determined by the DOE while the exemption and/or accommodation is in place. For those with underlying medical issues granted an accommodation under Section I(D), the DOE will make best efforts to ensure the alternate work setting is appropriate for the employee's medical needs. The DOE shall make best efforts to make these assignments within the same borough as

the employee's current school, to the extent a sufficient number of assignments exist in the borough. Employees so assigned shall be required to submit to COVID testing twice per week for the duration of the assignment.

L. The process set forth, herein, shall constitute the exclusive and complete administrative process for the review and determination of requests for religious and medical exemptions to the mandatory vaccination policy and accommodation requests where the requested accommodation is the employee not appear at school. The process shall be deemed complete and final upon the issuance of an appeal decision. Should either party have reason to believe the process set forth, herein, is not being implemented in good faith, it may bring a claim directly to SAMS for expedited resolution.

## II. Leave

A. Any unvaccinated employee who has not requested an exemption pursuant to Section 1, or who has requested an exemption which has been denied, may be placed by the DOE on leave without pay effective September 28, 2021, or upon denial of appeal, whichever is later, through November 30, 2021. Such leave may be unilaterally imposed by the DOE and may be extended at the request of the employee consistent with Section III(B), below. Placement on leave without pay for these reasons shall not be considered a disciplinary action for any purpose.

B. Except as otherwise noted, herein, this leave shall be treated consistent with other unpaid leaves at the DOE for all purposes.

C. During such leave without pay, employees shall continue to be eligible for health insurance. As with other DOE leaves without pay, employees are prohibited from engaging in gainful employment during the leave period.

D. Employees who become vaccinated while on such leave without pay and provide appropriate documentation to the DOE prior to November 30, 2021, shall have a right of return to the same school as soon as is practicable but in no case more than one (1) week following notice and submission of documentation to the DOE.

E. Pregnancy/Parental Leave

i. Any soon-to-be birth mother who starts the third trimester of pregnancy on or before September 27, 2021, (e.g. has a due date no later than December 27, 2021), may commence UFT Parental Leave prior to the child's birth date, but not before September 27, 2021.

ii. No documentation shall be necessary for the early use of Parental Leave, other than a doctor's written assertion the employee is in her third trimester as of September 27, 2021.

iii. Eligible employees who choose to start Parental Leave prior to the child's birth date, shall be required to first use CAR days until either: 1) they exhaust CAR/sick days,

at which point the Parental Leave shall begin, or 2) they give birth, at which point they shall be treated as an approved Parental Leave applicant for all purposes, including their prerogative to use additional CAR days prior to the commencement of Parental Leave.

iv. Eligible employees who have a pregnancy disability or maternity disability outside of the regular maternity period may, in accordance with existing rules, borrow CAR/sick days and use a Grace Period. This eligibility to borrow CAR/sick days does not apply to employees during the regular maternity recovery period if they have opted to use Parental Leave.

v. In the event an eligible employee exhausts CAR/sick days and parental leave prior to giving birth, the employee shall be placed on a leave without pay, but with medical benefits at least until the birth of the child. As applicable, unvaccinated employees may be placed in the leave as delineated in Section II(A).

vi. If not otherwise covered by existing Family Medical Leave Act ("FMLA") or leave eligibility, an employee who takes Parental Leave before the birth of the child shall be eligible to be on an unpaid leave with medical benefits for the duration of the maternity recovery period (i.e., six weeks after birth or eight weeks after a birth via C-Section)

vii. All other eligibility and use rules regarding UFT Parental Leave as well as FMLA remain in place.

III. **Separation**

A. During the period of September, 28, 2021, through October 29, 2021, any employee who is on leave without pay due to vaccination status may opt to separate from the DOE. In order to separate under this Section and receive the commensurate benefits, an employee must file a form created by the DOE which includes a waiver of the employee's rights to challenge the employee's involuntary resignation, including, but not limited to, through a contractual or statutory disciplinary process. If an employee opts to separate consistent with this Section, the employee shall be eligible to be reimbursed for unused CAR days on a one (1) for one (1) basis at the rate of 1/200th of the employee's salary at departure per day, up to 100 days, to be paid following the employee's separation with documentation including the general waiver and release. Employees who elect this option shall be deemed to have resigned involuntarily effective on the date contained in the general waiver as determined by the DOE, for non-disciplinary reasons. An employee who separates under this Section shall continue to be eligible for health insurance through September 5, 2022, unless they are eligible for health insurance from another source (e.g., a spouse's coverage or another job).

B. During the period of November 1, 2021 through November 30, 2021, any employee who is on leave without pay due to vaccination status may alternately opt to extend the leave through September 5, 2022. In order to extend this leave pursuant to this Section, and continue to receive the commensurate benefits, an employee must file a form created by the DOE which includes a waiver of the employee's rights to challenge the employee's voluntary resignation, including, but not limited to, through a contractual or statutory disciplinary process. Employees who select this option shall continue to be eligible for health insurance through September 5, 2022. Employees who comply with the health order and who seek to return from this leave, and so inform the DOE before September 5, 2022, shall have a right to return to the same school as soon as is practicable but in no case more than two (2) weeks following notice to the DOE. Existing rules regarding notice of leave intention and rights to apply for other leaves still apply. Employees who have not returned by September 5, 2022, shall be deemed to have voluntarily resigned.

C. Beginning December 1, 2021, the DOE shall seek to unilaterally separate employees who have not opted into separation under Sections III(A) and III(B). Except for the express provisions

contained, herein, all parties retain all legal rights at all times relevant, herein.

September 10 , 2021.

Martin F. Scheinman, Esq.
Arbitrator

STATE OF NEW YORK )
) ss.:
COUNTY OF NASSAU )

I, MARTIN F. SCHEINMAN, ESQ., do hereby affirm upon my oath as Arbitrator that I am the individual described herein and who executed this instrument, which is my Award.

September 10 , 2021.

Martin F. Scheinman, Esq.
Arbitrator

DOE.UFT.Impact Bargaining.awd

MOODY EX. 13

**From:** quinonesmoody@aol.com,
**To:** eengler@uft.org,
**Cc:** MMulgrew@uft.org, RGarcia@uft.org, queensclinicians@gmail.com, RQuamina@uft.org, MSill@uft.org,
**Subject:** Re: Natural Immunity
**Date:** Sun, Oct 3, 2021 9:59 pm
**Attachments:** Aura Moody - Determination on COVID-19 Vaccine Mandate dated 10-3-2021.pdf (374K), Aura Moody - Notice of Leave Without Pay dated 10-2-2021.pdf (1492K)

---

Hi Ms. Engler:

Please be advised that on October 1, 2021, in the morning, I submitted a statement requesting an appeal via SOLAS. I had to do that because the Website does not have an option to file an appeal but to submit a new application. I checked my emails before I left the school building on that date, but I did not see a response. It appears that on October 2, 2021, the DOE issued a determination on my request for an appeal by denying my COVID-19 Vaccine Medical Exemption Application for the following reason(s):
"a. Denial Reason: Other
b. Determination Comments: defer to ODA."

Attached please find the Notice of Leave Without Pay dated October 2, 2021, as well as the COVID-19 Vaccine Medical Exemption Application-Determination issued on October 3, 2021 for your perusal and action.

Sincerely,

Aura Moody

-----Original Message-----
From: quinonesmoody@aol.com
To: eengler@uft.org
Cc: MMulgrew@uft.org; RGarcia@uft.org; queensclinicians@gmail.com; RQuamina@uft.org; MSill@uft.org
Sent: Fri, Oct 1, 2021 12:27 pm
Subject: Re: Natural Immunity

I disagree that I am not entitled to a hearing. No citizen can be deprived of the right to be heard. The Constitution does not support your statement. If the UFT has probably agreed to violate the membership's rights without due process of law is different.
Aura Moody

On Friday, October 1, 2021 Ellie Engler <eengler@uft.org> wrote:
There are no other steps for you to take. Vaccinations are mandated for all NYC school staff. The mandate was ordered by the city for the safety of staff and students. This was challenged in court and each time it was overturned. The city mandate stands. You went through all of the steps and you are not entitled to a hearing.

Stay safe, ellie

Get Outlook for iOS

---

**From:** quinonesmoody@aol.com <quinonesmoody@aol.com>
**Sent:** Friday, October 1, 2021 12:07:11 PM
**To:** Ellie Engler <eengler@uft.org>
**Cc:** Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; Rana Quamina <RQuamina@uft.org>; Michael Sill <MSill@uft.org>
**Subject:** Re: Natural Immunity

Hi Ms. Engler:
It appears to me that it was an arbitrary, unilateral, capricious and unfair decision. I am respectfuly requesting to be present at a hearing to further discuss my case. As part of my due process rights, I am entitled to peruse the supportive evidence that was used to reach that determination. A subpoena may be warranted. Please proceed accordingly. Thanks!
Aura Moody

1/1

**From:** eengler@uft.org,
**To:** quinonesmoody@aol.com,
**Subject:** Re: Natural Immunity
**Date:** Fri, Oct 15, 2021 10:14 am

---

you are off payroll

Get Outlook for iOS

---

**From:** quinonesmoody@aol.com <quinonesmoody@aol.com>
**Sent:** Friday, October 15, 2021 10:13:38 AM
**To:** Ellie Engler <eengler@uft.org>
**Cc:** Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; Rana Quamina <RQuamina@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; Michael Sill <MSill@uft.org>
**Subject:** Re: Natural Immunity

Good morning All:

Please be informed that I do not have access to my DOE emails. Earlier this morning (October 15, 2021), I called the IT Department and spoke with Mr. Remy. He told me that it appears that access to my account has been blocked.

Sincerely,

Aura Moody

-----Original Message-----
From: quinonesmoody@aol.com
To: eengler@uft.org <eengler@uft.org>
Cc: mmulgrew@uft.org <mmulgrew@uft.org>; rgarcia@uft.org <rgarcia@uft.org>; rquamina@uft.org <rquamina@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; msill@uft.org <msill@uft.org>
Sent: Thu, Oct 14, 2021 10:33 am
Subject: Re: Natural Immunity

Good morning All:

Attached please find the DOE's Determination on my application for a COVID-19 Vaccine Medical Exemption rendered on October 13, 2021, which I retrieved from my DOE email on October 14, 2021. The reason for the denial is: "Insufficient medical documentation to determine if there is valid reason to defer or delay vaccination." What the decision does not state is that the DOE has ignored the fact that I have submitted medical documentation showing that I have Natural Immunity and that I have tested negative for COVID-19 since the time I contracted the virus in December 2020 until October 12, 2021, the date I had my last COVID-19 test done. In addition, the decision should indicate that I have the right to appeal, but it does not. I am looking forward to an appeal as a matter of law.

Sincerely,

Aura Moody

-----Original Message-----
From: quinonesmoody@aol.com
To: eengler@uft.org <eengler@uft.org>
Cc: mmulgrew@uft.org <mmulgrew@uft.org>; rgarcia@uft.org <rgarcia@uft.org>; rquamina@uft.org <rquamina@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; msill@uft.org <msill@uft.org>
Sent: Wed, Oct 13, 2021 10:52 am
Subject: Re: Natural Immunity

Ms. Engler:

I will not honor your request to stop emailing the UFT because, in my opinion, your organization has failed the membership, particularly when it comes to Natural Immunity. I pay my union dues, and therefore the UFT has a responsibility to advocate on my behalf. I will seek legal options, as deemed appropriate.

**From:** Bishop Andrea <ABishop3@schools.nyc.gov>
**Sent:** Friday, September 24, 2021 8:23 AM
**To:**
**Subject:** Re: Guidance on Special Education Meetings for the 2021–22 School Year (September 24, 2021)

# Guidance on Special Education Meetings for the 2021–22 School Year

During the 2021–22 school year, special education meetings with parents should continue to be held remotely, by phone or using a DOE-approved virtual-conferencing platform. The Special Education Meetings in the 2021-2022 School Year guidance outlines policies and best practices when holding remote meetings. Special education meetings include Individualized Education Program (IEP) meetings, social history meetings, manifestation determination review (MDR) meetings, conferences to develop behavioral intervention plans (BIPs), meetings to discuss initial referrals or requests for initial referrals, and meetings to develop suspension plans.

At the parent/guardian's request, special education meetings can be held in-person. If the meeting is held in-person, all 2021–22 school year policies regarding health and safety must be complied with, including the COVID-19 vaccination requirement currently in effect for visitors. Special education meetings do not constitute "emergency circumstances," under which a visitor who is unable or unwilling to show proof-of-vaccination upon sign-in may enter the building.

For questions about holding special education meetings, please contact your BCO administrator of special education (ASE).

☐Like
☐604 Views
☐Save for later

***Andrea Bishop***
New York City Department of Education
*Queens South NYCDOE Borough Citywide Offices*
Administrator of Special Education
82-01 Rockaway Blvd
Ozone Park, NY 11416
Office Tel: (718) 642-5757
Fax: (718) 642 -5705
**BB: (718) 310-8961**
QS Remote Learning Resources Webpage
Join our QS Remote Learning Support Team In Microsoft Teams!
For technical support, please fill out the Queens South Technical Assistance Support Form

MOODY EX. 16

# Re: New guidance for itinerant employees

From: quinonesmoody@aol.com

To: RGarcia@uft.org

Cc: bmintz@gmail.com

Date: Tuesday, September 15, 2020 at 12:06 PM EDT

Thanks for the clarification, Raul. Have a fantastic day!

Aura

On Tuesday, September 15, 2020 Raul Garcia <RGarcia@uft.org> wrote:

Good Morning,

The message that was sent out on Sunday was based on an agreement we had been informed was made over the weekend. For reasons beyond my knowledge, the agreement was modified. At this time, SBST is required to report to their payroll schools and service all schools in their clusters remotely. This matter continues to be discussed and a final agreement is still pending. I hope to provide a better resolution soon since we do not believe our members should be in the buildings unnecessarily. While some work can only be done in person, a large portion of our work can be done remotely. In the meantime, the UFT will continue to add pressure on the DOE to make the right decisions.

**Raul D. Garcia, PsyD**

UFT Functional Chapter Leader

Social Worker and Psychologist

52 Broadway

New York, NY 10004

E-Mail: RGarcia@uft.org

Office: 212-598-7724

**From:** "quinonesmoody@aol.com" <quinonesmoody@aol.com>
**Date:** Monday, September 14, 2020 at 3:26 PM
**To:** Raul Garcia <RGarcia@uft.org>
**Cc:** "bmintz@gmail.com" <bmintz@gmail.com>
**Subject:** RE: New guidance for itinerant employees

FYI

---

On Monday, September 14, 2020 quinonesmoody <quinonesmoody@aol.com> wrote:

Hi Raul:

I prefer to work in person. Is it possible? Thanks!

Aura Moody

---

On Sunday, September 13, 2020 Raul Garcia, Social Workers and Psychologists Chapter Leader <reply-fec815757d640474-222_HTML-32914087-100022908-2@uftmail.org> wrote:

View Online

Your Rights Your Benefits Your Union

# Social Workers & Psychologists

Dear Aura,

In such an uncertain time, the UFT is fighting for common-sense working conditions for all titles in our membership. To that end, the union has reached agreement with the Department of Education on itinerant employees during the blended learning period.

School social workers and psychologists who are itinerant employees will not have to report to multiple worksites. If you have a payroll school, but you are split among two or more schools, you will only report to your payroll school for your regularly assigned work hours. If you don't have a payroll school, you will be assigned to only one school, as designated by your supervisor, and any work that is not done at that school will be done remotely.

School-based IEP team school psychologists and social workers should continue to provide services to all schools in their cluster remotely from home for the 2020-21 school year as per the finalized Pattern of Services. School psychologists in training will continue to work remotely through Oct. 1. With reasonable advance notice, employees in these roles may be directed to report to a school in person.

I will continue to share new guidance with you as it becomes available.

Sincerely,

Raul

**Raul Garcia**

Social Workers & Psychologists Chapter Leader

RGarcia@uft.org

YOUR CHAPTER | YOUR UNION

This email was sent to: quinonesmoody@aol.com

United Federation of Teachers
*A Union of Professionals*
52 Broadway, New York, NY 10004

Unsubscribe | Preferences | Privacy Policy

PLEASE DO NOT REPLY TO THIS EMAIL. We are not able to respond to emails received as a reply to this email. Should you have questions or concerns, please Contact Us.

©2020 United Federation of Teachers All Rights Reserved

Stand with us »

The views, opinions, and judgments expressed in this message are solely those of the author. The message contents have not been reviewed or approved by the UFT.

MOODY EX. 17

# Notice of Leave Without Pay - PLEASE READ

NYCDOE <noreply@schools.nyc.gov>
Sat 10/2/2021 12:10 PM
To: Moody Aura <AMoody@schools.nyc.gov>

NYC Department of Education

Dear Aura Moody,

You are receiving this message because **you are being placed on a Leave Without Pay (LWOP) because you are not in compliance with the DOE's COVID-19 Vaccine Mandate.** If you are a substitute or in certain titles you have been placed in another inactive status, not a LWOP. **This means you must not report to your work or school site beginning Monday, October 4th.**

While you are on Leave Without Pay (LWOP), you:

- Cannot work and will not receive compensation, but you will continue your medical benefits
- Cannot use annual leave, CAR or sick time
- Cannot enter your work or school site
- Cannot reach out to students or families

In order to return from LWOP status, you must complete two steps using the **DOE Vaccination Portal**

1. Upload proof that you have received your first dose of a COVID-19 vaccine. **Proof of COVID-19 Vaccine can be an image of your vaccination card, NYS Excelsior Pass, or another government record**
2. E-sign the attestation stating that you are willing to return to your worksite within seven calendar days of submission.

Once you have completed these two steps, your HR Director and supervisor will also be notified and will work with you to plan your return date.

**If you have been vaccinated this weekend and upload this information by Monday morning, you may report to work as usual on Monday, October 4th, and you will be put back on active status.**

On Monday, October 4th, if you have an acceptable proof of vaccination (e.g., vaccination card, NY State Excelsior pass, or other government record) but have not been able to upload to the **DOE Vaccination Portal**, you may show your proof to the School Safety Agent and/or Principal (or designee) at the door. You will be allowed in the building, and you must immediately upload proof of vaccination to the Vaccination Portal and confirm that you would like to return to work in order to ensure there is no break in payroll.

If you encounter technical issues accessing the Vaccination Portal, please contact the DOE Help Desk by opening a ticket online or calling 718-935-5100. If you need support uploading your proof of vaccination, please contact your principal or HRD who can do so on your behalf.

1/2

Please be advised that if you do not intend to return to the DOE after October 1, 2021, you will need to return all DOE property, including computers, IDs, blackberries, and keys, immediately. Failure to

return any DOE property that has been assigned to you will delay the processing of your final payment and any payout of leave time.

Employees represented by UFT or CSA who have been placed on LWOP due to vaccination status may select (in SOLAS) special separation or leave options per the arbitration award:

- **Separation with benefits** (available in SOLAS as of Monday, October 4): Employees choosing to separate under this option:
  - **Must share their intention to separate via SOLAS by October 29, 2021.**
  - Will be required to waive their rights to challenge the involuntary resignation, including, but not limited to, through a contractual or statutory disciplinary process
  - Will be eligible to be reimbursed for unused CAR/sick leave on a one-for-one basis at the rate of 1/200th of the employee's salary at departure per day, up to 100 days, to be paid out following the employee's separation
  - Will be eligible to maintain health insurance through September 5, 2022, unless they have health insurance available from another source.
- **Extend the leave without pay due to vaccination status through September 5, 2022** (available in SOLAS as of Monday, November 1 through November 30, 2021):
  - Employees choosing this option will also be required to waive their rights to challenge their involuntary resignation, including, but not limited to, through a contractual or statutory discipline process
  - They will remain eligible for health insurance through September 5, 2022
  - Employees who have not returned by September 5, 2022 shall be deemed to have voluntarily resigned
- Beginning December 1, 2021, the DOE will seek to unilaterally separate employees who have not selected one of the options above or otherwise separated service.

For more information about where to get vaccinated, visit vaccinefinder.nyc.gov or call 877-VAX-4-NYC. For the latest COVID-19 staffing updates, please visit the Coronavirus Staff Update InfoHub page.

Sincerely,

NYCDOE Division of Human Capital

2/2

SENT VIA EMAIL

November 30, 2021

Ms. Meisha Porter
Chancellor
New York City Department of Education
52 Chambers Street
New York, NY 10007

Re Applications for Medical and Religious Exemptions from Mandated COVID-19 Vaccines
Maintaining Right to Sue for Wrongful Termination
File #: 0752536
EMP ID #: 866129

Dear Chancellor Porter:

I have been informed by some colleagues that they have received a Final Notice of Leave Without Pay (LWOP) status from NYCDOE Division of Human Capital on or about November 29, 2021. In this notice, it states "If you remain non-compliant and have not opted to extend you LWOP or return from LWOP status by November 30, you are subject to termination from service with the NYCDOE beginning December 1, 2021."

I am writing this letter to inform you of the following:

1. I have NOT received the Final Notice of LWOP. Therefore, I am not able to submit my decision as to whether or not to extend my LWOP status in SOLAS by 11:59 PM on November 30, 2021. **I am already losing my pay in exchange for the DOE holding my position. I am NOT waiving my right to sue for wrongful termination. Considering that I have not received the Final Notice of LWOP, I should not be held liable for the DOE's notification failures and due process rights violations. As a matter of law, I am entitled to a hearing before the DOE's alleged termination or involuntary resignation, to wit, I have not been formally informed.** I would like to stress that I have been significantly damaged by the DOE's capricious and arbitrary employment action against me, and immediate remedy is warranted to avert further injury.

2. I am NOT waiving my right to seek Medical and Religious Exemptions and Accommodations from any requirement that conflicts with my medical condition based on Natural Immunity and my sincerely held religious beliefs. Also, I am not waiving my rights to seek legal redress from any wrongful denial of such exemptions or accommodations.

3. I am NOT waiving my right to challenge the involuntary resignation, including but not limited to, through a contractual or statutory disciplinary process.

1/2

4. I am NOT waiving my right to challenge any wrongful termination by the DOE.

As you may recall based on my previous correspondence, I tested positive to COVID-19 on December 8, 2020. I recovered and gained Natural Immunity, which several medical experts say is just effective as the immunity acquired through a vaccine. Since the time I contracted the virus, I have undergone COVID-19 tests, being the most recent one on November 30, 2021. All the test results have shown a negative status for COVID-19. I still have a high level of Positive Antibodies, as per the SARS-COV-2 ANTIBODY TEST I underwent on September 21, 2021. Following the involuntary placement on LWOP by the DOE, I have been submitting the results of my COVID-19 tests to the DOE and UFT on a weekly basis. My positive antibodies and negative COVID-19 test results show that I am not a public health threat.

I would like to reiterate that I have reasons to believe that my application for a Medical Exemption under the grounds of Natural Immunity, which I submitted to the DOE in September of 2021, was wrongfully denied by the DOE. According to the UFT, I was denied an appeal, in contravention of my Fourteenth Amendment rights and the DOE--UFT Contract, among other applicable statutes-regulations at the federal, state and city levels. On November 21, 2021, I submitted an application for a Religious Exemption via email, but I have not received a response as of yet. Please refer to my emails below for further information-clarification.

As stated in my previous correspondence, I have no access my DOE email account since October 15, 2021. Therefore, I am sending this letter via my personal email instead of SOLAS. Upon learning that access to my account had been blocked, I notified the DOE and UFT about this situation, but the problem has not been resolved. Please refer to the email that I sent to UFT officials on October 15, 2021 at 10:13:38 AM for verification. Please be reminded that I included the emails that I had exchanged with the UFT since August 28, 2021 through October 13, 2021 as an attachment to the letter that I addressed to Chancellor Porter on November 21, 2021.

Thank you in advance for your attention to this matter.

Cordially,

Aura Moody
Aura Moody
Bilingual School Social Worker

**Attachment:** Result of COVID-19 Test dated 11/30/2021

Cc: Division of Human Capital, DOE HR Connect (via email)
Michael Mulgrew, UFT President (via email)
Pertinent DOE-UFT Staff Involved in this Case

MOODY EX. 19

**From:** Division of Human Resources <DHR@schools.nyc.gov>
**Sent:** Monday, January 31, 2022, 3:20 PM
**Subject:** February 11 Termination of Employment from the NYCDOE

Dear DOE Employee,

You have previously received notice regarding your failure to comply with the New York City Health Commissioner's Order requiring vaccination of all New York City Department of Education staff. Compliance with that Order is a condition of employment. Since you have not complied with the Order and have not chosen to extend your leave without pay, despite notice and an opportunity to do so, your employment with the New York City Department of Education is terminated, effective February 11, 2022. Please note that your health insurance coverage through the City will also cease upon termination.

You must return all DOE-issued equipment and materials, including your ID, to your supervisor. Information about COBRA will be mailed separately to you at the address on file in NYCAPS. Your school and/or office will be notified of your termination as well.

If you believe you are receiving this notification in error, please email LWOPquestions@schools.nyc.gov no later than February 2, 2022.

Thank you for your service to the New York City Department of Education.

Sincerely,

NYCDOE Division of Human Resources

 MOODY EX. 20

| | | |
|---|---|---|
| | **The University of the State of New York**<br>The State Education Department<br>Teacher Tenure Hearing Unit<br>EBA Room 987<br>Albany, New York 12234 | Ph: (518) 473-2829<br>Fax: (518) 402-5940<br>(09/21) |

## Hearing Request/Waiver for Education Law §3020-a or §3020-b Charges

| | |
|---|---|
| **Instructions to the Tenured Employee:** | This form is for you to request a hearing on the Education Law §3020-a or §3020-b charges brought against you, or to waive your right to a hearing on such charges. You must return this form within 10 days of receipt of the charges to the Clerk or Secretary of the Board of Education that brought charges against you. If you fail to request a hearing or waive your right to a hearing within 10 days, you will be deemed to have waived your right to a hearing on the charges and your employing board will meet to determine a penalty. |

### Tenured Employee Information

| | | | |
|---|---|---|---|
| Name | Aura Moody | Phone | (347) 248-5208 |
| Address | 112-26 197 Street | Phone | |
| Address | | Fax | (718) 465-3725 |
| City, State Zip | Saint Allbans, NY 11412 | Email | Quinonesmoody@aol.com |

### Hearing Request or Waiver

| | |
|---|---|
| ☒ | I have not been served with any charge against me or termination letter.<br>I request a hearing on the charges served against me pursuant to Education Law §3020-a or §3020-b<br>I am requesting that I be put back on payroll pending a decision on my case.<br>Please see attached emails between Aura Moody and UFT officials (2 pages). |
| ☐ | I waive the right to have a hearing pursuant to Education Law §3020-a or §3020-b. I understand the Board of Education will meet to determine the case and fix the penalty or punishment, if one is to be imposed. |

### Tenured Employee Attorney Information

| | | | |
|---|---|---|---|
| Firm Name | | | |
| Attorney Name | | Phone 1 | |
| Address | | Phone 2 | |
| Address | | Fax | |
| City, State, Zip | | Email | |

### Tenured Employee Signature

| | | | |
|---|---|---|---|
| Signature | Aura Moody | Date | February 9, 2022 |

https://gothamist.com/news/city-grants-vaccine-mandate-exemptions-hundreds-public-school-employees

# City Grants Vaccine Mandate Exemptions For Hundreds Of Public School Employees

BY SOPHIA CHANG AND JESSICA GOULD

PUBLISHED SEPTEMBER 24, 2021



Students at PS 59 in Queens in September 2021 NYC SCHOOLS CHANCELLOR TWITTER

Over 500 public school employees have officially been granted medical or religious exemptions to the city's vaccination mandate. But union leaders warned that many Department of Education staffers in non-teaching positions remain unvaccinated, which could leave schools short-staffed next week.

Mayor Bill de Blasio has imposed a strict policy on DOE employees who must show proof of at least one dose of a COVID-19 vaccine by the end of Monday, September 27th. After legal challenges by unions representing DOE workers, the city was forced to carve out exemptions for medical or religious reasons. De Blasio has said the religious exemptions would also be limited to "two well-established religions, Christian Science and Jehovah's Witnesses, that have a history on this, of a religious opposition." The mayor warned those exemptions would be rare.

"What we're seeing so far is a very small number of requests for medical or religious exemption. Only in the hundreds have been approved so far," de Blasio told WNYC's Brian Lehrer Friday. "And again, there's well over 100,000 teachers and staff, and we're going to work with anyone who needs to get vaccinated between now and the deadline."

There may still be more exemptions granted because the DOE said they're still reviewing applications.

As of Friday, "81% of all DOE employees have received at least one dose of the vaccine," said Katie O'Hanlon, a spokesperson for the DOE in a statement. She noted that 87% of teachers have received at least one dose.