UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AURA MOODY,

Plaintiff,

- v -

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, *et al.*,

Defendants.

No. 24 Civ. 3320 (RA) (KHP)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6)**

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
*Counsel for Federal Defendants*
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2689
E-mail: danielle.marryshow@usdoj.gov

DANIELLE J. MARRYSHOW
Assistant United States Attorney
– Of Counsel –

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ........................................................................................1

BACKGROUND ........................................................................................................2

LEGAL STANDARD.................................................................................................6

ARGUMENT ............................................................................................................7

I. Plaintiff's Employment Discrimination Claims Should Be Dismissed .........................7

II. Plaintiff's Section 1981 Claims Should Be Dismissed.................................................9

III. Plaintiff Fails To State a Claim Under *Bivens* ...........................................................10

IV. Plaintiff's HIPAA Claims Should Be Dismissed.......................................................12

V. Plaintiff's Contract Claims Should Be Dismissed .......................................................12

VI. Plaintiff's Claims Under State and Local Law Should Be Dismissed.........................14

CONCLUSION .......................................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abadi v. Am. Airlines, Inc.*,
No. 23 Civ. 4033 (LJL), 2024 WL 38549188 (S.D.N.Y. Aug. 16, 2024) ............................... 14

*Adams v. U.S. EEOC*,
932 F. Supp. 660 (E.D. Pa. 1996) ........................................................................................ 8

*Adeleke v. United States*,
355 F.3d 144 (2d Cir. 2004)................................................................................................ 13

*Alroy v. City of New York Law Dep't*,
69 F. Supp. 3d 393 (S.D.N.Y. 2014)..................................................................................... 7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................................................ 7, 11

*Authentic Apparel Grp., LLC v. United States*,
123 Fed. Cl. 92 (2015) ........................................................................................................ 13

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)............................................................................................................... 7

*Bell v. Jendell*,
980 F. Supp. 2d 555 (S.D.N.Y. 2013)..................................................................................... 7

*C.H. Sanders Co., v. BHAP Housing Devel. Fund Co.*,
903 F.2d 114 (2d Cir. 1990)................................................................................................ 13

*Dotson v. Griesa*,
398 F.3d 156 (2d Cir. 2005)................................................................................................... 9

*Farmer v. Shake Shack Enterprises, LLC*,
473 F. Supp. 3d 309 (S.D.N.Y. 2020)................................................................................... 14

*FDIC v. Meyer*,
510 U.S. 471 (1994).............................................................................................................. 10

*George v. EEOC*,
No. 18 Civ. 9877 (LLS), 2018 WL 6518759 (S.D.N.Y. Nov. 30, 2018) .................................. 8

*Gertskis v. U.S. E.E.O.C.*,
No. 11 Civ. 5830 (JMF), 2013 WL 1148924 (S.D.N.Y. Mar. 20, 2013) ................................ 11

*Giamatteo v. Newton*,
452 F. App'x. 24 (2d Cir. 2011) ........................................................................................ 7

*Gilani v. Hewlett-Packard Co.*,
No. 15 Civ. 5609 (NSR), 2018 WL 4374002 (S.D.N.Y. Sept. 12, 2018)................................. 8

*Goe v. Zucker*,
43 F.4th 19 (2d Cir. 2022) ................................................................................................ 9

*Gomez v. N.Y.C. Police Dep't*,
191 F. Supp. 3d 293 (S.D.N.Y. 2016)................................................................................ 9

*Guerra v. Jones*,
421 F. App'x 15 (2d Cir. 2011) ......................................................................................... 9

*Harrison v. Potter*,
323 F. Supp. 2d 593 (S.D.N.Y. 2004)........................................................................... 9, 10

*Hernandez v. United States*,
939 F.3d 191 (2d Cir. 2019)............................................................................................... 7

*Jones v. Nat'l Commc'n & Surveillance Networks*,
409 F. Supp. 2d 456 (S.D.N.Y. 2006)................................................................................ 9

*Kamen v. American Tel. & Co.*,
791 F.2d 1006 (2d Cir. 1986).............................................................................................. 6

*Kurzberg v. Ashcroft*,
619 F.3d 176 (2d Cir. 2010)................................................................................................ 1

*Little v. Municipal Corp.*,
51 F. Supp. 3d 473 (S.D.N.Y. 2014)................................................................................... 1

*Long Island Radio Co. v. NLRB*,
841 F.2d 474 (2d Cir. 1988)................................................................................................ 6

*Makarova v. United States*,
201 F.3d 110 (2d Cir. 2000)................................................................................................ 6

*Makinen v. City of New York*,
53 F. Supp. 3d 676 (S.D.N.Y. 2014)................................................................................. 17

*Marshall v. Nat'l Ass'n of Letter Carriers BR36*,
No. 03 Civ. 1631 (LTS) (AJP), 2004 WL 2202574 (S.D.N.Y. Sept. 30, 2004)....................... 11

*McKoy v. Potter*,
No. 08 Civ. 9428 (PKC), 2009 WL 1110692 (S.D.N.Y. Apr. 21, 2009) .................................. 7

*Meadows v. United Servs., Inc.*,
963 F.3d 240 (2d Cir. 2020)........................................................................................... 12

*Mitra v. State Bank of India*,
No. 03 Civ. 6331 (DAB), 2005 WL 2143144 (S.D.N.Y. Sept. 6, 2005)................................. 15

*Morales v. New York & Presbyterian Hosp.*,
No. 18 Civ. 9711 (GBD) (KHP), 2019 WL 8989858 (S.D.N.Y. Nov. 20, 2019) ...................... 8

*Nghiem v. U.S. Dep't of Veterans Affairs*,
323 F. App'x 16 (2d Cir. 2009) ...................................................................................... 10

*O'Donoghue v. U.S. Soc. Sec. Admin.*,
828 F. App'x 784 (2d Cir. 2020) .................................................................................... 10

*Pac. Gas & Elec. Co. v. United States*,
838 F.3d 1341 (Fed. Cir. 2016)....................................................................................... 13

*Saccardo v. USPS*,
No. 87 Civ. 2298, 1989 WL 119174 (D. Mass Sept. 1, 1989).................................................. 8

*Spinale v. USDA*,
No. 05 Civ. 9294 (KMW), 2007 WL 747803 (S.D.N.Y. Mar. 8, 2007)................................. 13

*Stone v. NYC Transit*,
No. 04 Civ. 4141, 2005 WL 1593524 (E.D.N.Y. July 7, 2005) ................................................ 8

*Tangreti v. Bachmann*,
983 F.3d 609 (2d Cir. 2020)........................................................................................... 11

*Tillman v. USPS*,
No. 24 Civ. 2092 (LTS), 2024 WL 1765697 (S.D.N.Y. Apr. 22, 2024) ................................. 12

*United States v. Sherwood*,
312 U.S. 584 (1941)........................................................................................................ 6

*Weathers v. Millbrook Cent. Sch. Dist.*,
486 F. Supp. 2d 273 (S.D.N.Y. 2007)............................................................................. 14

*Ziglar v. Abbasi*,
582 U.S. 120 (2017)........................................................................................................ 11

**Rules**

Fed. R. Civ. P. 4(i)(3) ...................................................................................................... 1

Federal Rule of Civil Procedure 12(b)(1) ...................................................................... 1, 6

Federal Rule of Civil Procedure 12(b)(6) ...................................................................... 1, 7

**Statutes**

28 U.S.C. § 1346(a)(2)........................................................................................................ 13

28 U.S.C. § 1491 ................................................................................................................ 13

N.Y. Civ. Serv. Law § 209................................................................................................. 16

N.Y. Educ. Law § 3020 ..................................................................................................... 16

N.Y. Pub. Health Law § 18 ................................................................................................ 17

Defendants Equal Employment Opportunity Commission ("EEOC"), Luis Calzada, in his individual capacity, William Sanchez, in his individual capacity, Madeline McGrath, in her individual capacity, and Alexander Adeshchenko, in his individual capacity (together, excluding the EEOC, the "Individual Defendants"), by their attorney, Damian Williams, United States Attorney for the Southern District of New York, respectfully submit this memorandum of law in support of their motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court should dismiss the Complaint for the reasons below.[1]

## PRELIMINARY STATEMENT

Plaintiff Aura Moody, proceeding *pro se*, brings this action against the EEOC and four individual EEOC employees, alleging bias in the handling of her Charge of Discrimination against her employer, the New York City Department of Education ("NYCDOE"), and her union, the United Federation of Teachers ("UFT"). During the COVID-19 pandemic, NYCDOE mandated that all NYCDOE employees be vaccinated against COVID-19. While Plaintiff requested medical and religious exemptions and accommodations, those requests were either denied or not processed. She was ultimately placed on leave without pay and then terminated for failure to comply with the vaccine mandate.

---

[1] Employees of the United States sued in their individual capacities must be personally served. *See, e.g.*, *Kurzberg v. Ashcroft*, 619 F.3d 176, 178 (2d Cir. 2010); *see also* Fed. R. Civ. P. 4(i)(3) (when suing an employee of the United States in an individual capacity, a plaintiff must serve the employee under Rule 4(e), (f), or (g)). Accordingly, Plaintiff's individual capacity claims against Luis Calzada, Madeline McGrath, and Alexander Adeshchenko should be dismissed due to Plaintiff's failure to serve them. *See, e.g.*, *Little v. Municipal Corp.*, 51 F. Supp. 3d 473, 485 (S.D.N.Y. 2014) ("Without service of the New Defendants, either by Plaintiffs themselves or through the assistance of the U.S. Marshals, the Court cannot consider them to be parties to this Case.").

Plaintiff filed a Charge of Discrimination following her termination against both NYCDOE and UFT. Following an investigation, the EEOC declined to pursue a charge against either NYCDOE or UFT and issued her Right to Sue letters. Instead of filing a lawsuit in federal court regarding the discrimination that she alleges she experienced at the hands of NYCDOE and UFT, Plaintiff has opted to bring this action in federal court against the EEOC and EEOC personnel regarding the manner in which her Charge of Discrimination was handled. In doing so, Plaintiff asserts a constellation of claims against Defendants, including alleged violations of federal employment discrimination law, Section 1981, and the Health Insurance Portability and Accountability Act ("HIPAA"). Plaintiff also alleges a breach of contract related to the collective bargaining agreement between NYCDOE and UFT, and violations of the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"), New York Education Law Section 3020, New York Civil Service Law Section 209, and the New York Public Health Law.

## BACKGROUND[2]

Plaintiff Aura Moody was employed by the New York City Department of Education ("NYCDOE") as a Bilingual School Social Worker, and is a member of a labor union, the United Federation of Teachers ("UFT"). *See* Dkt. No. 1 ("Compl.") ¶ 2. On August 24, 2021, during the COVID-19 pandemic, NYCDOE required that NYCDOE employees be vaccinated. *See* Compl. ¶ 96. Following a disagreement between NYCDOE and UFT regarding the provision of medical or religious exemptions or accommodations to the vaccine mandate and an unsuccessful mediation, the parties agreed to arbitrate the dispute. *See* Compl. ¶ 115. On September 10, 2021, the arbitrator

[2] Plaintiff's factual allegations are assumed to be true for the purposes of this motion to dismiss only.

issued an award for the 2021-2022 school year to resolve the dispute (the "UFT Award"). *See* Compl. ¶ 125. The UFT award "set forth a two-stage process for reviewing and making determinations on the employees' requests for medical and religious exemptions or accommodations. It also set four . . . major mileposts for employees who did not comply with the vaccination mandate or receive an exemption." *Id.* Plaintiff alleges that she requested a medical exemption, but her request was denied, and she was ultimately placed on leave without pay on October 2, 2021. *See* Compl. ¶¶ 167-76, 216. Plaintiff also alleges that she requested a religious exemption and a request for an accommodation to work remotely, both of which were not processed. *See* Compl. ¶¶ 191-94, 203-04. Plaintiff was terminated from NYCDOE due to noncompliance with the vaccine mandate on February 11, 2022. *See* Compl. ¶ 246.

On March 3, 2022, Plaintiff filed a Charge of Discrimination with the EEOC against the DOE and UFT, alleging she was discriminated against on the basis of her disability[3] and religion, and that she experienced retaliation. *See* Compl. ¶ 16; Ex. 1. Plaintiff's charge against NYCDOE was subsequently transferred from the New York District Office to the Miami District Office, and was then transferred to the San Juan Local Office. *See* Compl. ¶¶ 19-20; Ex. 2 & 3.

On September 7, 2023, Plaintiff received a letter from Defendant Luis Calzada, an EEOC investigator, informing her that her charge against NYCDOE would be dismissed. *See* Compl. Ex. 4. That letter explained that EEOC "staff is required to make careful decisions about charges to ensure that [their] limited available resources are focused on charges which [they] believe, based on [their] extensive experience in interpreting the laws that [they] enforce, are most likely to result in findings of violation(s)." *Id.* Calzada explained that "[t]he evidence obtained by the EEOC

[3] Plaintiff does not specify the nature of her disability. Instead, she alleged only that she had "a disability that protects [her] from COVID-19 exposure." Compl. Ex. 1 at 2.

seems to show that you could not safely perform the essential functions of the position of teacher while unvaccinated . . . . Based upon this evidence, it appears unlikely that the EEOC would be able to establish that you were discriminated against because of your disability, religion, or retaliation." *Id.* On the same day, Plaintiff received a Right to Sue letter from the EEOC informing her that the dismissal of her Charge of Discrimination did "not mean the claims have no merit," that "the EEOC ma[de] no finding as to the merits" of her claims, and that she had the right to pursue the matter further by filing a lawsuit in federal court against NYCDOE within 90 days of the receipt of the notice. Compl. Ex. 5.

Rather than suing NYCDOE, Plaintiff sent an email to Defendant William Sanchez, Regional Director, requesting reconsideration of her charge. *See* Compl. ¶ 23; Ex. 6. Sanchez responded, informing her that "[w]hile you indicate that you were not given an opportunity to provide additional information or to rebut the evidence offered by the employer, there are no indications from your submission of any new evidence which would warrant a different determination on the charge." *See* Compl. Ex. 7. Sanchez reminded Plaintiff that the dismissal notice she received from the EEOC described her right to pursue the matter in court by filing a lawsuit. *Id.* Again, rather than sue NYCDOE, Plaintiff sent several follow up emails to the EEOC, asking for her charge to be reconsidered. *See* Compl. ¶¶ 25-29.

On January 12, 2024, the EEOC notified Plaintiff that they had opened an inquiry against UFT based on materials that Plaintiff submitted to EEOC. Compl. ¶ 31. On March 21, 2024, the EEOC notified plaintiff that they were declining to investigate her charge further and issued her another Right to Sue letter. Compl. ¶ 34; Ex. 11. Defendant Madeline McGrath was the EEOC investigator handling the case. *See* Compl. ¶ 45. Again, the Right to Sue letter explained that the dismissal of her Charge of Discrimination did "not mean the claims have no merit," that "the

EEOC ma[de] no finding as to the merits" of her claims, and that she had the right to pursue the matter further by filing a lawsuit in federal court against UFT within 90 days of the receipt of the notice. Compl. Ex. 11.

Again, rather than file a lawsuit against UFT, Plaintiff emailed Defendant Alexander Adeshchenko, Supervisory Investigator, a request for reconsideration following the dismissal of her Charge of Discrimination against UFT, asserting that she had "a good faith belief that the EEOC ha[d] been biased and discriminated against [her] when rendering its decisions." *See* Compl. ¶ 35. Defendant Adeshchenko denied the request on the ground that Plaintiff did not adduce "substantial new and relevant evidence" sufficient to warrant reconsideration of her Charge of Discrimination. *See* Compl. ¶¶ 36, 38. When Plaintiff pressed her concerns, Defendant Adeshchenko provided her with the EEOC Inspector General's contact information for grievances regarding the EEOC's handling of complaints. *See* Compl. ¶ 40. Plaintiff does not allege that she ever filed a complaint with the Inspector General's Office. Plaintiff later informed Defendant Adeshchenko that she was attempting to file an appeal and was having difficulty doing so, and Defendant Adeshchenko explained on April 19, 2024 that the EEOC has an appeal procedure only for federal employees. *See* Compl. ¶ 42. Plaintiff alleges that on the same date, she filed an appeal anyway and had not received a response. *See* Compl. ¶ 43.

Less than two weeks later, Plaintiff filed the instant lawsuit against the EEOC and the four individual EEOC investigators involved in the handling of her case. *See* Dkt. No. 1. Plaintiff alleges that the EEOC "showed substantial bias by not completely processing [her] Charge of Discrimination since its inception, as well as excluding a claim of age discrimination from [her]

Charge." Compl. ¶ 45.[4] Plaintiff further alleges that "[t]he EEOC chose not to pursue [her] valid Charge although it has pursued similar Charges of Discrimination against employers in other states in the same time period," and that she believes that "the EEOC was biased and discriminated against [her], requiring remedy." Compl. ¶¶ 52, 58. Plaintiff appears to bring claims under Title VII, the Age Discrimination in Employment Act of 1967 ("ADEA"), the Rehabilitation Act of 1973 ("RA"), the Americans with Disabilities Act of 1990 ("ADA"), Section 1981, the Health Insurance Portability and Accountability Act ("HIPAA"). Plaintiff also alleges a breach of contract, and violations of the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"), New York Education Law Section 3020, New York Civil Service Law Section 209, and the New York Public Health Law.

**LEGAL STANDARD**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "The United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). "Any waiver of the government's sovereign immunity is to be strictly construed in favor of the government." *Long Island Radio Co. v. NLRB*, 841 F.2d 474, 477 (2d Cir. 1988). On a Rule 12(b)(1) motion, a district court "may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113 (citing *Kamen v. American Tel. & Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)). The plaintiff "has the burden of proving by a preponderance of the evidence that jurisdiction exists."

---

[4] Plaintiff's Charge of Discrimination does not list age as a basis for discrimination. *See* Compl. Ex. 1 at 1.

*Giamatteo v. Newton*, 452 F. App'x. 24, 27 (2d Cir. 2011).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept as true the well-pleaded allegations in the complaint and draw all reasonable inferences in favor of the non-movant, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). Ultimately, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Although a pro se complaint must be construed liberally and with 'special solicitude,' it still has to state a plausible claim for relief." *Alroy v. City of New York Law Dep't*, 69 F. Supp. 3d 393, 401 (S.D.N.Y. 2014) (citations omitted). *Pro se* litigants are "not exempt . . . from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (internal quotation marks and citation omitted).

## ARGUMENT

### I. PLAINTIFF'S EMPLOYMENT DISCRIMINATION CLAIMS SHOULD BE DISMISSED

Plaintiff asserts claims under Title VII, ADEA, the RA, and the ADA alleging that the EEOC and the Individual Defendants showed "substantial bias" in the handling of her EEOC charge against her employer, the NYCDOE, and her union, UFT. *See* Compl. ¶ 45. However, "[c]ourts have repeatedly held that the United States has not waived sovereign immunity for suits against the EEOC based on the EEOC's handling of an employment discrimination charge." *McKoy v. Potter*, No. 08 Civ. 9428 (PKC), 2009 WL 1110692, at *5 (S.D.N.Y. Apr. 21, 2009). Accordingly, courts within this Circuit have repeatedly held that Plaintiffs who are dissatisfied

with the handling of their EEOC claims do not have a cause of action against the EEOC or EEOC investigators under the antidiscrimination laws. *See, e.g.*, *George v. EEOC*, No. 18 Civ. 9877 (LLS), 2018 WL 6518759, at *2 (S.D.N.Y. Nov. 30, 2018) (dismissing Title VII and ADEA claims against EEOC and investigators on this ground); *Stone v. NYC Transit*, No. 04 Civ. 4141, 2005 WL 1593524, at *1 (E.D.N.Y. July 7, 2005) (dismissing ADA claims against EEOC on this ground); *see also Adams v. U.S. EEOC*, 932 F. Supp. 660, 664 n.2 (E.D. Pa. 1996) (noting that "the ADEA and the Rehabilitation Act, like Title VII, do not provide Plaintiffs with a cause of action against the EEOC"); *Saccardo v. USPS*, No. 87 Civ. 2298, 1989 WL 119174, at *2 (D. Mass. Sept. 1, 1989) (granting motion to dismiss on the ground that "nothing in the [RA] explicitly permits the employee to file suit against the EEOC based on its resolution of the employee's complaint . . . . [T]he right to sue one's former employer *de novo* is the sole remedy for the kind of EEOC misfeasance alleged by Saccardo and there is no implicit right to sue the EEOC directly.").

That is because, to state a cause of action under Title VII, ADEA, the RA or the ADA, a plaintiff must allege the existence of an employer-employee relationship. *See, e.g.*, *Gilani v. Hewlett-Packard Co.*, No. 15 Civ. 5609 (NSR), 2018 WL 4374002, at *4 (S.D.N.Y. Sept. 12, 2018) ("Liability under either Title VII or the ADEA will only lie where there was an employer-employee relationship at the time of the alleged unlawful conduct."); *Morales v. New York & Presbyterian Hosp.*, No. 18 Civ. 9711 (GBD) (KHP), 2019 WL 8989858, at *12 (S.D.N.Y. Nov. 20, 2019) (report and recommendation) ("An employment relationship is fundamental to asserting a claim of employment discrimination under Title VII, the ADA, [and] the Rehabilitation Act."), *report and recommendation adopted sub. nom. Morales v. City of New York*, 2020 WL 1150136 (S.D.N.Y. Mar. 10, 2020). Plaintiff explicitly alleges that the NYCDOE, rather than any of the

Defendants, was her employer. *See* Compl. ¶ 2. Accordingly, this Court should dismiss Plaintiff's claims against Defendants on that ground.

Moreover, Plaintiff's antidiscrimination claims against the Individual Defendants fail for a separate reason—Title VII, ADEA, the RA, nor the ADA provide for individual liability. *See, e.g.*, *Guerra v. Jones*, 421 F. App'x 15, 17 (2d Cir. 2011) (holding that neither Title VII nor ADEA subject individuals to personal liability); *Gomez v. N.Y.C. Police Dep't*, 191 F. Supp. 3d 293, 302 (S.D.N.Y. 2016) ("[T]here is no individual liability under the ADA."); *Goe v. Zucker*, 43 F.4th 19, 35 (2d Cir. 2022) (holding that the RA does not provide for individual liability). Accordingly, this Court should dismiss Plaintiff's employment discrimination claims against the Individual Defendants for this additional reason.

## II. PLAINTIFF'S SECTION 1981 CLAIMS SHOULD BE DISMISSED

Plaintiff's claim under Section 1981 of the Civil Rights Act should also be dismissed because any such claims against the EEOC are barred by sovereign immunity, and because she fails to state a Section 1981 claim. As an initial matter, the United States "has not waived its sovereign immunity for claims under Sections 1981 to 1986 of Title 42." *Jones v. Nat'l Commc'n & Surveillance Networks*, 409 F. Supp. 2d 456, 466 (S.D.N.Y. 2006). Accordingly, courts have routinely dismissed claims against the federal government for violations of Sections 1981 for lack of subject matter jurisdiction. *See, e.g.*, *Harrison v. Potter*, 323 F. Supp. 2d 593, 604 (S.D.N.Y. 2004).

Moreover, Section 1981 does not apply to the federal government or its officers, and deals only with deprivations of rights under color of state law. *Dotson v. Griesa*, 398 F.3d 156, 162 (2d Cir. 2005). Where the "complained-of actions by the named defendants were conducted pursuant to their authority under federal, not state, law . . . [a plaintiff] . . . cannot satisfy the 'under color

of state law' requirement of a § 1981 claim." *Id.*; *see also Nghiem v. U.S. Dep't of Veterans Affairs*, 323 F. App'x 16 (2d Cir. 2009) (explaining that Section 1981 applies "only to state actors, and not federal officials"); *Harrison*, 323 F. Supp. 2d at 604 (indicating Section 1981 does "not apply to the federal government"). Accordingly, Plaintiff's Section 1981 claim should be dismissed.

## III. PLAINTIFF FAILS TO STATE A CLAIM UNDER *BIVENS*

Plaintiff appears to bring *Bivens* claims against the individual EEOC investigators for the violation of her First and Fourteenth Amendment rights.[5] *See* Compl. ¶¶ 64-68. The Court should dismiss this claim because Plaintiff has not sufficiently alleged the personal involvement of any of the individual EEOC investigators in the alleged constitutional violation. And to the extent that Plaintiff attempts to bring *Bivens* claims against the individual EEOC investigators based on their handling of her charge of discrimination, any such claims should be dismissed because a *Bivens* claim cannot lie based on such conduct.

Plaintiff alleges violations of the First and Fourteenth Amendments, on the ground that the UFT Award which set up "a two-stage process for reviewing and making determinations on the [NYCDOE] employees' requests for medical and religious exemptions or accommodations," Compl. ¶ 125, does not comport with due process in violation of the Fourteenth Amendment, and violates her free exercise of religion in violation of the First Amendment, *see* Compl. ¶ 127. Plaintiff nowhere alleges how any actions by any of the EEOC investigators contributed to this constitutional violation.

---

[5] To the extent Plaintiff seeks to assert *Bivens* claims against the EEOC itself, such claims should be dismissed for lack of jurisdiction. The Supreme Court has expressly declined to expand *Bivens* liability from individual federal officials to federal agencies or other entities. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994). Accordingly, "federal entities" cannot be "held liable under *Bivens*." *O'Donoghue v. U.S. Soc. Sec. Admin.*, 828 F. App'x 784, 787 (2d Cir. 2020).

But it is well established that "vicarious liability is inapplicable to *Bivens* . . . suits." *Iqbal*, 556 U.S. at 676; *see also Ziglar v. Abbasi*, 582 U.S. 120, 140-41 (2017) ("[A] *Bivens* claim is brought against the individual official for his or her own acts, not the acts of others. . . . *Bivens* is not designed to hold officers responsible for acts of their subordinates."). Accordingly, a plaintiff must "plead . . . that 'each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 612 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676). Plaintiff does not plead any fact in the Complaint suggesting that any of the individual EEOC investigators had any *personal* involvement in this alleged constitutional violation. To the extent Plaintiff attempts to hold the individual EEOC investigators responsible for the alleged constitutional violations of other actors, the Court should reject it.

To the extent that Plaintiff attempts to bring a *Bivens* claim against the Individual Defendants based on their handling of her EEOC complaint, that too fails as a matter of law. "[A]lthough federal officers may be sued for certain constitutional violations in their individual capacities" under *Bivens*, "an EEOC employee's alleged mishandling of an employment discrimination charge does not give rise to such a claim." *Gertskis v. U.S. E.E.O.C.*, No. 11 Civ. 5830 (JMF), 2013 WL 1148924, at *12 (S.D.N.Y. Mar. 20, 2013). "[E]ven an arbitrary and capricious denial of the investigative and conciliatory benefits the EEOC can provide to a charging party does not transgress the Due Process Clause in a way that would support the implication of a *Bivens*-type damage remedy." *Id.* (citation omitted). Indeed, "where, as here, a Right to Sue letter has been issued and Plaintiff had the opportunity to pursue [her] underlying discrimination claim in federal court, there cannot be a colorable claim for denial of due process in connection with the agency proceedings." *Marshall v. Nat'l Ass'n of Letter Carriers BR36*, No. 03 Civ. 1631 (LTS) (AJP), 2004 WL 2202574, at *2 (S.D.N.Y. Sept. 30, 2004). Because courts have repeatedly

declined to recognize a *Bivens* remedy against individual EEOC investigators premised on their handling of an EEOC complaint, this Court should do the same and dismiss any *Bivens* claims against the individual EEOC investigators.

## IV. PLAINTIFF'S HIPAA CLAIMS SHOULD BE DISMISSED

Next, Plaintiff brings a claim under HIPAA. Broadly speaking, "HIPAA prohibits the disclosure of medical records without a patient's consent." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020). However, Plaintiff does not allege that any medical records or health information were improperly handled by the EEOC, individual EEOC investigators, or anyone else. Instead, she alleges only that NYCDOE and UFT "coerc[ed]" her into COVID-19 vaccination in violation of her "medical privacy." *See* Compl. ¶ 60.

But whatever the theory, Plaintiff's HIPAA claims should be dismissed because HIPAA does not create a private right of action for individuals. *See Meadows*, 963 F.3d at 244. Instead, "HIPAA provides for penalties to be imposed by the Secretary of the Department of Health and Human Services." *Id.* Accordingly, courts within this district have dismissed HIPAA claims brought by individuals. *See, e.g.*, *Tillman v. USPS*, No. 24 Civ. 2092 (LTS), 2024 WL 1765697, at *1-2 (S.D.N.Y. Apr. 22, 2024).

## V. PLAINTIFF'S CONTRACT CLAIMS SHOULD BE DISMISSED

Plaintiff next brings a breach of contract claim. However, Plaintiff's breach of contract claim should be dismissed for failure to state a claim because she fails to allege that she is in privity of contract with any of the Defendants.

Instead, Plaintiff alleges that her union, UFT, "allowed unvaccinated employees like [her] to be placed on unpaid leave and subsequently terminated without cause and due process, in violation of the Contract Bargaining agreement between the [NY]DOE and UFT." Compl. ¶ 49.

Plaintiff further alleges that the UFT Award adopting the position that "the vaccine mandate was a condition of employment" and termination on that basis was non-disciplinary amounts to a "contractual violation," as the position was "not developed with the input of the employees and ratified by the . . . union members." Compl. ¶¶ 252-53.

"Federal law applies to questions directly involving the rights and duties of the Federal Government." *Authentic Apparel Grp., LLC v. United States*, 123 Fed. Cl. 92, 96 (2015) (alterations and citation omitted). Accordingly, "[i]n the context of contracts between the federal government and its citizens, the courts have opted for a uniform federal common law of contracts as the federal rule of decision, to avoid the uncertainty of conflicting state laws." *Id.* (citation omitted). But "[t]o have standing to sue the sovereign on a contract claim, a plaintiff must be in privity of contract with the United States." *Pac. Gas & Elec. Co. v. United States*, 838 F.3d 1341, 1350 (Fed. Cir. 2016) (citation omitted).[6] Here, Plaintiff has failed to allege that the federal government had any involvement in the contract between NYCDOE and UFT, nor has she alleged that she had any contract with the EEOC or any of the Individual Defendants. Accordingly, Plaintiff's breach of contract claims should be dismissed.[7]

---

[6] There are limited exceptions to this rule "when a party standing outside of privity by contractual obligation stands in the shoes of a party within privity," *Pac. Gas & Elec. Co.*, 838 F.3d at 1350 (internal quotation marks and citation omitted). However, Plaintiff does not allege that the government had *any* contractual obligations relevant to this case.

[7] Plaintiff seeks unspecified "monetary and punitive damages" in this action, including based on her breach of contract claim. *See* Compl. at p. 6. To the extent she seeks more than $10,000 in damages from the EEOC, the claim should be dismissed for lack of subject matter jurisdiction. Under the Tucker Act, 28 U.S.C. § 1491 and "Little Tucker Act," 28 U.S.C. § 1346(a)(2), the Court of Federal Claims has exclusive subject matter jurisdiction over non-tort claims against the United States exceeding $10,000 where there is no independent waiver of sovereign immunity other than the Tucker Act itself. *See C.H. Sanders Co. v. BHAP Housing Devel. Fund Co.*, 903 F.2d 114, 119 (2d Cir. 1990). Absent such a waiver, federal district courts lack jurisdiction over non-tort claims against the United States exceeding $10,000. *See Adeleke v. United States*, 355 F.3d 144, 151-52 (2d Cir. 2004); *see also Spinale v. USDA*, No. 05 Civ. 9294 (KMW), 2007 WL

## VI. PLAINTIFF'S CLAIMS UNDER STATE AND LOCAL LAW SHOULD BE DISMISSED

Finally, Plaintiff fails to state any plausible claims under state and local law.[8] Plaintiff brings claims under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"), New York Education Law Section 3020, New York Civil Service Law Section 209, and the New York Public Health Law.

First, Plaintiff attempts to bring antidiscrimination claims under the NYSHRL and the NYCHRL. As an initial matter, any claim under state and local antidiscrimination law cannot be brought against the EEOC because the United States has not waived sovereign immunity for such claims. *See Abadi v. Am. Airlines, Inc.*, No. 23 Civ. 4033 (LJL), 2024 WL 38549188, at *10 (S.D.N.Y. Aug. 16, 2024). And individual liability under the NYSHRL and the NYCHRL both require that the individual "actually participate[] in the conduct giving rise to a discrimination claim." *Farmer v. Shake Shack Enterprises, LLC*, 473 F. Supp. 3d 309, 337 (S.D.N.Y. 2020) (internal quotation marks and citation omitted). Plaintiff makes no such allegations. With respect to each individual EEOC investigator, Plaintiff alleges only dissatisfaction with the handling of her EEOC charge, not discrimination:

- Plaintiff alleges that EEOC Investigator Luis Calzada sent Plaintiff a letter informing her that her Charge of Discrimination against the NYCDOE would be dismissed and a

---

747803, at *2 (S.D.N.Y. Mar. 8, 2007) (dismissing breach of contract claim seeking more than $10,000 in damages for lack of subject-matter jurisdiction). Because Plaintiff has identified no waiver of sovereign immunity for her breach of contract claim, to the extent she seeks more than $10,000 in damages, it should be dismissed against the EEOC.

[8] To the extent that all federal claims in the suit are dismissed and all that remains are the state and local law claims, this Court should decline to exercise supplemental jurisdiction over the state and local law claims. *See Weathers v. Millbrook Cent. Sch. Dist.*, 486 F. Supp. 2d 273, 276 (S.D.N.Y. 2007).

Right to Sue letter would be issued, and "did not get in contact with [her] before [her] Charge was dismissed." *See* Compl. ¶¶ 21-22, 45; Ex. 4-5.

- Plaintiff alleges that Regional Director William Sanchez denied her request for reconsideration following the dismissal of her Charge of Discrimination against the NYCDOE. *See* Compl. ¶¶ 23-25, 45. Sanchez also ultimately issued her Determination of Charge and Right to Sue letter. *See* Compl. Ex. 5. Sanchez also wrote Plaintiff a letter explaining that "[t]he evidence obtained by the EEOC in your case showed that you could not perform the essential functions of the position of teacher while unvaccinated," and that it "appear[ed] unlikely that the EEOC would be able to establish that you were discriminated against because of your disability, religion, or retaliation," and reiterated that a Right to Sue letter had been issued. Compl. Ex. 7.

- Plaintiff alleges that EEOC Investigator Madeline McGrath dismissed her Charge of Discrimination against UFT and issued her a Right to Sue letter. *See* Compl. ¶ 45; Ex. 11.

- Plaintiff alleges that Supervisory Investigator Alexander Adeshchenko denied her request for reconsideration following the dismissal of her Charge of Discrimination against UFT on the ground that Plaintiff did not adduce "substantial new and relevant evidence" sufficient to warrant reconsideration of her Charge of Discrimination. *See* Compl. ¶¶ 36, 38. Adeshchenko further provided her with the contact information for process complaints, and explained that the EEOC has an appeal procedure only for federal employees. *See* Compl. ¶¶ 40, 42.

None of this comes close to alleging discriminatory conduct. While Plaintiff alleges that "the EEOC was biased and discriminated against [her]," Compl. ¶ 58, Plaintiff never explains how any of the individual defendants participated in the alleged discrimination. Where, as here, a plaintiff has failed to allege actual participation in the alleged discrimination, courts have dismissed NYSHRL and NYCHRL claims against individual defendants. *See Mitra v. State Bank of India*, No. 03 Civ. 6331 (DAB), 2005 WL 2143144, at *4 (S.D.N.Y. Sept. 6, 2005) (dismissing NYSHRL and NYCHRL claims because the complaint "does not specifically allege that either

Individual Defendant actually participated in any of the alleged discriminatory acts against the Plaintiff").

Second, Plaintiff alleges a violation of N.Y. Education Law § 3020, alleging that as a "tenured educator" she is "entitled to statutory and contractual protections of due process." *See* Compl. ¶ 74. Section 3020 establishes standards for the discipline of teachers, providing that those with the benefits of tenure shall not be removed during a term of employment, "except for just cause," and that they are entitled to either the procedures specified in § 3020(a), or "in accordance with alternate disciplinary procedures contained in a collective bargaining agreement covering such person's terms and conditions of employment." N.Y. Educ. Law § 3020(1). However, this provision plainly does not apply to the EEOC's or its investigators' conduct—none of the Defendants terminated Plaintiff from her position (nor could they).

For similar reasons, Plaintiff's claim under N.Y. Civil Service Law § 209 is inapplicable to Defendants. N.Y. Civil Service Law § 209 governs the resolution of disputes that arise in the context of public sector collective bargaining agreements. Crucially, Plaintiff alleges only that "the UFT award was developed and implemented arbitrarily, capriciously and in bad faith, in contravention of New York Civil Service Law § 209.3(f)." Compl. ¶ 127. Again, because this provision plainly does not apply to the EEOC or its investigators' handling of Plaintiff's charge of discrimination, the Court should dismiss this claim against Defendants.

Finally, Plaintiff alleges a violation of the "New York [Public] Health Law." *See* Compl. at p. 4. The complaint does not mention any specific provision of the law, nor any theory for how the EEOC or the individual EEOC investigators have violated it. Instead, Plaintiff merely alleges that "[t]he UFT Award violates . . . the New York State Public Health Law," among other provisions.

*See* Compl. ¶ 127. Because Plaintiff alleges no conduct by Defendants in violation of this law, it should be dismissed.[9]

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim.

Dated: November 20, 2024
New York, New York

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: /s/ *Danielle J. Marryshow*
DANIELLE J. MARRYSHOW
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2689
E-mail: danielle.marryshow@usdoj.gov

[9] To the extent Plaintiff attempts to bring a claim under N.Y. Pub. Health Law § 18, which governs access to patient information, as a state-law analogue to her HIPAA claim, that claim fails. Plaintiff does not allege that any health care provider made any disclosure of her health information to Defendants, placing them outside of the reach of the statute. *See Makinen v. City of New York*, 53 F. Supp. 3d 676, 703 (S.D.N.Y. 2014) (holding that the "plain language of Section 18(6) only imposes a duty of confidentiality on third parties to whom health care providers make otherwise authorized disclosures of patient information").