UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AURA MOODY,

Plaintiff,

- v -

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, *et al.*,

Defendants.

No. 24 Civ. 3320 (RA) (KHP)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6)**

EDWARD Y. KIM
Acting United States Attorney for the
Southern District of New York
*Counsel for Federal Defendants*
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2689
E-mail: danielle.marryshow@usdoj.gov

DANIELLE J. MARRYSHOW
Assistant United States Attorney
– Of Counsel –

Defendants Equal Employment Opportunity Commission, Luis Calzada, in his individual capacity, William Sanchez, in his individual capacity, Madeline McGrath, in her individual capacity, and Alexander Adeshchenko, in his individual capacity, by their attorney, Edward Y. Kim, Acting United States Attorney for the Southern District of New York, respectfully submit this reply memorandum of law in further support of their motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

## ARGUMENT

For the reasons stated in the Government's opening brief, and because Plaintiff fails to effectively counter any of the Government's arguments for dismissal, the Court should dismiss the Complaint in its entirety.

First, Plaintiff fails to meaningfully dispute that her employment discrimination and Section 1981 claims should be dismissed. Instead, Plaintiff reiterates her claim that the EEOC chose not to pursue Plaintiff's charge of discrimination despite allegedly pursuing discrimination cases in similar cases. *See* Dkt. No. 45 ("Opp.") ¶¶ 60-64. But as the Government explained in its opening brief, there is no cause of action against the EEOC or EEOC personnel under the antidiscrimination laws premised on a plaintiff's dissatisfaction with the handling of an EEOC complaint; the sole remedy is for a plaintiff to sue their employer directly. *See* Dkt. No. 41 ("Mot.") at 7-9. Nor does any such alleged differential handling of her EEOC complaint revive her Section 1981 claim, because that statute is inapplicable to the federal government and its employees. *See* Mot. at 9-10.

[1] This memorandum uses abbreviations and capitalized terms defined in the Government's opening brief.

Second, Plaintiff argues that she has sufficiently alleged the personal involvement of the Individual Defendants in the violation of her First and Fourteenth Amendment rights, citing only the Individual Defendants' alleged mishandling of her EEOC complaint. *See* Opp. ¶ 66. However, as the Government previously argued, courts have repeatedly declined to recognize a *Bivens* remedy against individual EEOC employees premised on their handling of a Charge of Discrimination. *See* Mot. at 11-12. Because Plaintiff has not articulated a constitutional violation that would give rise to a *Bivens* claim, any such claim should be dismissed.

Third, in arguing against the dismissal of her HIPAA claims and breach of contract claims, Plaintiff seeks to hold the Government vicariously liable for the conduct of her employer, NYCDOE, and her union, UFT. She argues that NYCDOE and UFT violated her "medical privacy," and the applicable collective bargaining agreement. *See* Opp. ¶¶ 67-68. But even if that is accurate, and the EEOC somehow failed to hold NYCDOE and UFT accountable for those actions, the law is clear that Plaintiff cannot state a claim against EEOC. That is because HIPAA does not create a private right of action for individuals, and Plaintiff had no contract with the *Government* and thus lacks standing to sue any Defendant for breach of contract. *See* Mot. at 12-13.

Fourth, Plaintiff argues that she has stated a claim against Defendants under the NYSHRL and NYCHRL.[2] However, Plaintiff does not meaningfully dispute that the EEOC cannot be sued under state or local antidiscrimination law because the United States has not waived sovereign immunity for such claims. *See* Mot. at 14. Instead, Plaintiff merely asserts that "[n]o Defendant

[2] Plaintiff fails to make any argument in her opposition brief that her claims under New York Education Law Section 3020, New York Civil Service Law Section 209, and the New York Public Health Law survive dismissal. For the reasons stated in the Government's opening brief, those claims should likewise be dismissed. *See* Mot. at 16-17.

is immune from civil rights violations." Opp. ¶ 70. With respect to the Individual Defendants, Plaintiff's arguments fare no better. Plaintiff argues that she has sufficiently alleged that the Individual Defendants actually participated in the conduct giving rise to discrimination in her Complaint without further elaboration. *Id.* But as the Government explained in its opening brief, Plaintiff never explains how each Individual Defendant *personally* discriminated against her in the handling of her EEOC complaint—she merely alleges that they did not pursue her Charge of Discrimination. *See* Mot. at 15-16. Because Plaintiff has failed to allege any discriminatory acts by any Individual Defendant, this Court should dismiss Plaintiff's NYSHRL and NYCHRL claims against each Individual Defendant.

**CONCLUSION**

For the foregoing reasons, and those set forth in the Government's opening memorandum of law, the Court should dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim.

Dated: December 14, 2024
New York, New York

Respectfully submitted,

EDWARD Y. KIM
Acting United States Attorney for the
Southern District of New York

By: /s/ *Danielle J. Marryshow*
DANIELLE J. MARRYSHOW
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2689
E-mail: danielle.marryshow@usdoj.gov