UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AURA MOODY,

                Plaintiff,

                v.

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, LUIS CALZADA, WILLIAM
SANCHEZ, MADELINE MCGRATH and
ALEXANDER ADESHCHENKO,

                Defendants.

No. 24-cv-3320 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiff Aura Moody, proceeding pro se, brings this action alleging that the U.S. Equal Employment Opportunity Commission ("EEOC") and several of its officials (the "Individual Defendants") mishandled a discrimination charge she filed against her former employer, the New York City Department of Education ("NYCDOE"). Her complaint alleges that Defendants violated the federal Constitution as well as a host of federal and state discrimination laws. Defendants move to dismiss for lack of subject matter jurisdiction and failure to state a claim. For the reasons that follow, the motion is granted.

## BACKGROUND

The following facts are drawn from the complaint and assumed true for the purposes of this motion. *See Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017).

In 1999, Moody was hired by the NYCDOE as a bilingual school social worker and became a member of a labor union, the Union Federation of Teachers ("UFT"). Dkt. No. 1 ("Compl.") ¶ 2. In August 2021, during the COVID-19 pandemic, NYCDOE imposed a vaccination requirement on its employees. *Id.* ¶ 96. After a dispute between the NYCDOE and UFT over

medical and religious exemptions, an arbitrator issued an award for the 2021 school year that established a process for assessing and adjudicating requests for exemptions. *Id.* ¶ 125. Moody alleges that she requested a medical exemption but was denied. *Id.* ¶¶ 167–68. She also alleges that she requested a religious exemption and an accommodation to work remotely, neither of which were processed. *Id.* ¶¶ 191–94, 203–04. She was ultimately placed on leave in October 2021 for failing to comply with the vaccine mandate. *Id.* ¶ 216. She was then terminated on February 11, 2022. *Id.* ¶ 246.

In March 2022, Moody filed a charge of discrimination against the NYCDOE and UFT with the EEOC, alleging that she was discriminated against based on her disability and religion, and also experienced retaliation. *Id.* ¶ 16. On September 7, 2023, Moody received a letter from Defendant Luiz Calzada, an EEOC investigator, *id.* ¶ 21, informing her that her charge would be dismissed, because it appeared "unlikely that the EEOC would be able to establish that [she] [was] discriminated against because of [her] disability, religion, or retaliation," *id.* Ex. 4 ("The evidence obtained by the EEOC seems to show that you could not safely perform the essential functions of the position of teacher while unvaccinated."). The EEOC issued Moody a right-to-sue letter the same day, which authorized her to file suit against the NYCDOE within ninety days. *Id.* Ex. 5.

Instead of suing the NYCDOE, Moody sent an email to Defendant William Sanchez, an EEOC regional director, requesting reconsideration, which Sanchez denied. *Id.* ¶¶ 23–24. Although he reminded Moody that she could pursue the matter by filing a lawsuit, Moody instead sent several more emails to the EEOC asking for reconsideration. *Id.* ¶¶ 25–29.

In January 2024, the EEOC notified Moody that it had opened an inquiry against UFT, which was handled by Defendant Madeline McGrath. *Id.* ¶ 31. The EEOC ultimately declined to move forward, however, and issued Moody a right-to-sue letter in March 2024. *Id.* ¶ 34; *id.* Ex.

2

11. She then emailed Defendant Alexander Adeschenko, a supervisory investigator, requesting reconsideration. *Id.* ¶ 35. Adeschenko denied that request. *Id.* ¶¶ 38–42.

Several weeks later, on April 30, 2024, Moody filed this action against the EEOC and the Individual Defendants. *See* Dkt. No. 1. She alleged that the EEOC showed "substantial bias" by failing to fully investigate her discrimination charge and by "excluding" her claim of age discrimination from her charge. *Id.* ¶ 45. She alleged that it had pursued similar charges against other employers and had "discriminated" against her by failing to take action in her case. *Id.* ¶ 58. Moody listed several causes of action in her complaint, including employment discrimination under Title VII, employment discrimination based on race under 42 U.S.C. § 1981, age discrimination under the Age Discrimination in Employment Act ("ADEA"), disability discrimination under the Rehabilitation Act, disability discrimination under the Americans with Disabilities Act ("ADA"), violations of the First and Fourteenth Amendments, violations of the Health Insurance Portability and Accountability Act ("HIPAA") and breach of contract, as well as violations of the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), New York Education Law § 3020, New York Civil Service Law § 209, the New York Public Health Law and the New York State Constitution. *Id.* § III(B). As relief, she requested both "monetary and punitive damages" and "injunctive relief," including court orders that "direct the defendant to re-employ [her]." *Id.* § VI.

## LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). One basis for a Rule 12(b)(1) dismissal is

sovereign immunity, which "is jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Courts "read the pleadings of a pro se plaintiff liberally and interpret them to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks omitted).

## DISCUSSION

Moody's complaint asserts a host of claims under federal and state law: employment discrimination under Title VII, employment discrimination based on race under 42 U.S.C. § 1981, age discrimination under the ADEA, disability discrimination under the Rehabilitation Act, disability discrimination under the ADA, violations of the First and Fourteenth Amendments, violations of HIPAA and breach of contract, as well as violations of the NYSHRL, the NYCHRL, New York Education Law § 3020, New York Civil Service Law § 209, the New York Public Health Law and the New York State Constitution. *See* Compl. ¶¶ 60–78. She seeks both damages and injunctive relief as a remedy. *Id.* § VI. Defendants move to dismiss all of Moody's claims, for lack of subject matter jurisdiction and failure to state a claim.

### I.   Injunctive Relief

The Court begins with Moody's demand for injunctive relief. According to her complaint, Moody requests "injunctive relief" that would "direct the defendant to re-employ [her]" and

provide accommodations for her religion and disability. *Id.*; *see also id.* ¶ 264 ("I should be immediately reinstated with back pay and other benefits. Therefore, I am respectfully requesting that this Court grant me injunctive relief pending the adjudication of this action, to avert further harm."). In other words, Moody appears to seek an order from this Court directing the EEOC to reinstate her employment with the NYCDOE.

The Court lacks the power to grant such a request. The EEOC was never Moody's employer; NYCDOE was. The EEOC thus cannot "reinstate[]" Moody or provide her with "back pay." *Id.* Nor can the Court order the NYCDOE to provide that relief to Moody, since the NYCDOE is not a party to this lawsuit and the Court thus has no power to compel it to take any action. *See United States v. Paccione*, 964 F.2d 1269, 1275 (2d Cir. 1992) ("[A] court generally may not issue an order against a nonparty."); *see also* Fed. R. Civ. P. 65(d)(2) ("The [injunctive] order binds only . . . (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)."). Accordingly, to the extent any of Moody's claims seek injunctive relief against the EEOC or the Individual Defendants, they are dismissed.

### II.     Title VII, ADA, ADEA, and the Rehabilitation Act

Defendants also move to dismiss Moody's employment-discrimination claims under Title VII, the ADA, the ADEA and the Rehabilitation Act. She alleges that the EEOC and Individual Defendants demonstrated "substantial bias" by failing to "completely process[]" her charge of discrimination. Compl. ¶ 45. Defendants did so, Moody says, by failing to "investigate [her] charge exhaustively," *id.* ¶ 50, and by treating her case differently from others that alleged similar discrimination by employers, *id.* ¶ 52.

The EEOC and Individual Defendants raise separate arguments in favor of dismissal. Starting with the EEOC, it argues that the Court lacks jurisdiction over Moody's claims because the United States has not waived sovereign immunity for suits against the EEOC based on alleged mishandling of discrimination charges. *See* Dkt. No. 41 ("Defs. Br.") at 7.

The Court agrees. "Sovereign immunity shields the Federal Government and its agencies from suit" for money damages, unless Congress expresses a "clear" intent to waive that immunity. *Meyer*, 510 U.S. at 475, 481; *see also Dep't of Agric. Rural Dev. Hous. Serv. v. Kirtz*, 601 U.S. 42, 48 (2024) ("[W]e will permit a suit against the government only when a statute unmistakably allows it." (alterations and internal quotation marks omitted)). Congress has never granted such a waiver here. As the Second Circuit has explained, "the United States has not waived sovereign immunity for claims against the EEOC" that allege that it "failed properly to investigate or process an employment discrimination charge." *Haynes v. Quality Markets*, 307 F. App'x 473, 475 (2d Cir. 2008) (quoting *Baba v. Japan Travel Bureau Int'l*, 111 F.3d 2, 6 (2d Cir. 1997)); *see also McPherson v. Plaza Athenee, NYC*, No. 12-cv-785 (AJN), 2012 WL 3865154, at *6 (S.D.N.Y. Sept. 4, 2012), *aff'd sub nom. McPherson v. Hotel Plaza Athenee, NYC*, 538 F. App'x 109 (2d Cir. 2013) ("Courts have repeatedly held that the United States has not waived sovereign immunity for suits against the EEOC based on the EEOC's handling of an employment discrimination charge." (quoting *McKoy v. Potter*, No. 08-cv-9428 (PKC), 2009 WL 1110692, at *5 (S.D.N.Y. Apr. 21, 2009))). In other words, the Court has no power to hear claims for money damages against the EEOC over its alleged mishandling of discrimination charges like Moody's.

The Court likewise rejects Moody's arguments that she may bring claims against the Individual Defendants—all EEOC personnel—under Title VII, the ADA, the ADEA and the Rehabilitation Act. These claims require little discussion, as they fail for a basic reason: None of

6

these statutes provide for individual liability. *See Guerra v. Jones*, 421 F. App'x 15, 17 (2d Cir. 2011) ("[D]ismissal of the Title VII and ADEA claims against the individual Defendants was appropriate as neither statute subjects individuals, even those with supervisory liability over the plaintiff, to personal liability."); *Gomez v. N.Y.C. Police Dep't*, 191 F. Supp. 3d 293, 302–03 (S.D.N.Y. 2016) ("[T]here is no individual liability under the ADA."); *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001) ("[N]either Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials."). Put simply, Moody cannot sue the Individual Defendants for damages under these statutes, and these claims are thus dismissed for failure to state a claim.

### III.     Section 1981

Moody's claims under 42 U.S.C. § 1981 must be dismissed for similar reasons. First, the Court lacks jurisdiction over her claims against the EEOC because the United States "has not waived its sovereign immunity for claims under Sections 1981 to 1986 of Title 42." *Jones v. Nat'l Commc'n & Surveillance Networks*, 409 F. Supp. 2d 456, 466 (S.D.N.Y. 2006); *Harrison v. Potter*, 323 F. Supp. 2d 593, 604 (S.D.N.Y. 2004) ("Because the United States has not waived its sovereign immunity for constitutional tort claims under the Civil Rights Act, this Court dismisses Harrison's §§ 1981, 1983, and 1985 claims for lack of subject matter jurisdiction."). Second, her claims against the Individual Defendants must be dismissed for failure to state a claim, because Section 1981 applies "only to state actors, and not federal officials." *Nghiem v. U.S. Dep't of Veterans Affs.*, 323 F. App'x 16, 18 (2d Cir. 2009); *see also Dotson v. Griesa*, 398 F.3d 156, 162 (2d Cir. 2005) (dismissing Section 1981 claim because "all complained-of actions by the named defendants were conducted pursuant to their authority under federal, not state, law"). Given that

all of the Individual Defendants were federal officials, Moody cannot sue them under Section 1981, and those claims are thus dismissed.

## IV. First and Fourteenth Amendments

Moody also alleges that Defendants violated the First and Fourteenth Amendments of the Constitution, including her rights to free exercise, due process and equal protection. *See* Compl. ¶¶ 64–68. Defendants move to dismiss these claims for lack of jurisdiction and failure to state a claim.

The Court agrees that Moody's claims against the EEOC must be dismissed for lack of jurisdiction. It is true that plaintiffs may file damages suits against federal officials for violating the federal constitution, as recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). But the EEOC is a federal agency, not a federal official, and the United States has never waived the EEOC's sovereign immunity against damages actions like those brought under *Bivens*. *See Haynes*, 307 F. App'x at 475; *see also O'Donoghue v. U.S. Soc. Sec. Admin.*, 828 F. App'x 784, 787 (2d Cir. 2020) ("[F]ederal entities . . . cannot be held liable under *Bivens*.").[1] Because the EEOC has sovereign immunity against *Bivens* actions, the Court lacks jurisdiction to hear Moody's constitutional claim against it.

The Court likewise dismisses Moody's constitutional claims against the Individual Defendants. While *Bivens* permits certain damages claims against federal officials, that doctrine does not permit Moody's claims here. As the Supreme Court has held, courts generally should not recognize *Bivens* claims in a "new context," *Egbert v. Boule*, 596 U.S. 482, 492 (2022), and

---

[1] In *Meyer*, the Supreme Court held that sovereign immunity had been waived, by virtue of the FDIC's sue-and-be-sued clause, and then proceeded to address (and reject) the merits of a *Bivens* claim against it. *See* 510 U.S. at 483; *see also id.* at 484 (ultimately rejecting *Bivens* claim because implied cause of action did not extend to suits against agencies). The EEOC has no sue-and-be-sued clause, nor any other waiver of sovereign immunity, so Moody's *Bivens* claim against it fails at the threshold for lack of jurisdiction.

8

especially not when Congress has provided "an alternative remedial structure" for the plaintiff's alleged injury, *id* at 493; *see also O'Donoghue*, 828 F. App'x at 787 ("The Supreme Court has recognized a *Bivens* remedy in limited circumstances, none of which applies here, and has deemed the expansion of the *Bivens* remedy to new contexts a 'disfavored judicial activity.'" (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017))). Here, Moody's claim is not at all like any of the three contexts in which the Supreme Court has recognized a *Bivens* action, and she has an alternative remedy available because she can sue her employer directly for discrimination. *See Ballard v. Dutton*, No. 23-6416, 2024 WL 4039606, at *1 (2d Cir. Sept. 4, 2024) (summarizing the "three contexts" as "unreasonable search and seizure by federal officials in violation of the Fourth Amendment; gender-based employment discrimination by a United States Congressman in violation of the Fifth Amendment; and federal prison officials' deliberate indifference to an inmate's serious medical needs in violation of the Eighth Amendment" (internal citations omitted)). *Bivens* therefore does not apply here, and Moody's claims against the Individual Defendants are dismissed for failure to state a claim.

V.   **HIPAA**

Moody also brings claims against the EEOC and Individual Defendants under HIPAA, which broadly "prohibits the disclosure of medical records without a patient's consent." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020). These claims too must be dismissed. Starting with the EEOC, the United States has not waived its sovereign immunity against HIPAA claims, so Moody's claim against the EEOC must be dismissed for lack of jurisdiction. *See Johnson v. Quander*, 370 F. Supp. 2d 79, 100 (D.D.C. 2005), *aff'd*, 440 F.3d 489 (D.C. Cir. 2006). Nor can Moody's claim proceed against the Individual Defendants, because "HIPAA confers no private cause of action," which means that individuals may not bring civil lawsuits for alleged

violations of the statute. *See Meadows*, 963 F.3d at 244. And even if they could, Moody's claim would fail on the merits, since she does not allege that the EEOC disclosed her health information or otherwise ran afoul of HIPAA's provisions. *See, e.g.*, Compl. ¶ 60 (alleging instead that NYCDOE and the UFT violated her "medical privacy" by forcing her to be vaccinated). Her claims against the Individual Defendants are thus dismissed for failure to state a claim.

## VI. Breach of Contract

Defendants further urge the Court to dismiss Plaintiff's breach-of-contract claims, which appear to allege a breach of the collective bargaining agreement between NYCDOE and the UFT. *See* Compl. § III(B) (listing "contract bargaining agreement DOE-UFT" under "Other Claims"). The Court agrees that these claims also fail. Contract claims against the federal government are governed by federal common law. *See Hillside Metro Assocs. LLC v. JP Morgan Chase Bank, Nat'l Ass'n*, 747 F.3d 44, 49 (2d Cir. 2014). And in order to bring a contract claim, "a plaintiff must be in privity of contract with the United States." *Pac. Gas & Elec. Co. v. United States*, 838 F.3d 1341, 1350 (Fed. Cir. 2016) (internal quotation marks omitted); *see also Hillside Metro Assocs. LLC*, 747 F.3d at 49 (plaintiff may sue on "federal government contract" only when "the plaintiff is in privity of contract with the defendant or is a third-party beneficiary of the contract"). Here, neither the EEOC nor the Individual Defendants were a party to the collective bargaining agreement that Moody asserts here. Her contract claims again them must therefore be dismissed for failure to state a claim.[2]

---

[2] To the extent Moody seeks more than $10,000 in damages, her claims are also dismissed for lack of jurisdiction, because federal district courts lack jurisdiction over non-tort claims against the United States that exceed $10,000. *See Adeleke v. United States*, 355 F.3d 144, 151–52 (2d Cir. 2004) (explaining that the United States has waived sovereign immunity only for such suits brought in the Court of Claims or in federal district courts for amounts of $10,000 or less).

**VII.   State Law**

Finally, Moody brings various state-law claims, including for violations of the NYSHRL, NYCHRL, New York Education Law § 3020, New York Civil Service Law § 209, the New York Public Health Law and the New York State Constitution.  But because the Court has already dismissed all of the federal claims from this action, it could entertain these state-law claims only if it exercised supplemental jurisdiction over them.  *See Ward v. Bank of N.Y.*, 455 F. Supp. 2d 262, 270 (S.D.N.Y. 2006).  The Court declines to do so here.  *See B'hood of Locomotive Eng'rs Div. 269 v. Long Island R.R. Co.*, 85 F.3d 35, 39 (2d Cir. 1996) ("When all bases for federal jurisdiction have been eliminated, the federal court should ordinarily dismiss the state claims." (alterations and internal quotation marks omitted)).  Moody's state-law claims are therefore dismissed without prejudice.

## CONCLUSION

For these reasons, the motion to dismiss is granted.  Moody's claims against the EEOC brought under Title VII, the ADA, the ADEA, the Rehabilitation Act, Section 1981, the First and Fourteenth Amendments, HIPAA and state law are dismissed without prejudice, and her breach-of-contract claim against the EEOC is dismissed with prejudice.  Her claims against the Individual Defendants brought under Title VII, the ADA, the ADEA, the Rehabilitation Act, Section 1981, the First and Fourteenth Amendments, HIPAA and breach of contract are dismissed with prejudice, and her state-law claims against the Individual Defendants are dismissed without prejudice.  The

Clerk of Court is respectfully directed to terminate the motion pending at docket number 40 and close this case.

SO ORDERED.

Dated:   September 3, 2025
         New York, New York

_____
Ronnie Abrams
United States District Judge