**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Aura Moody On Behalf Of Herself And Similarly Situated Individuals

- against -

**Docket No. 24-cv-3320 (RA) (KHP)**

The City of New York, The New York City Department of Education, The New York City Department of Health and Mental Hygiene, School District 29, Bill de Blasio, Eric Adams, Dave Chokshi, Ashwin Vasan, Meisha Porter, David Banks, The United Federation of Teachers and Michael Mulgrew

**Jury Trial Demanded**

# AMENDED COMPLAINT

## PRELIMINARY STATEMENT

1. I, Aura Moody, am the Plaintiff in this action. I am proceeding pro se on behalf of myself and other similarly situated individuals. The statements herein are to the best of my knowledge, information and belief.

2. I am a Black Hispanic woman whose constitutional, civil and labor rights have been violated by Defendants. **In 1999**, I was hired by the New York City Department of Education (hereinafter DOE) as a Bilingual School Social Worker (Spanish) and became a member of a labor union, the United Federation of Teachers (UFT). I was objectively qualified for my position and tenured. **On December 8, 2020**, I contracted Coronavirus Disease (COVID-19), recovered and gained natural immunity. COVID-19 is a health condition as defined by the Americans with Disability Act (ADA) and the Centers for Disease Control and Prevention (CDC).

3. **On July 26, 2021**, without consulting with the unions, Mayor Bill de Blasio announced that New York City (City) will require all municipal workers get COVID-19 vaccines or face weekly COVID-19 testing (Vax-or-Test Policy) as a "job requirement" or "condition of employment." The City's unilateral imposition of the Vax-or-Test Policy violated **New York Civil Service Law § 201.4**, which establishes that to create a condition of employment the City has to negotiate with the unions, and **New York Education Law § 2590-g(14)**, which establishes that the terms and conditions of employment are subject to mandatory collective bargaining, among other statutes and regulations. Any change in the "terms and condition of employment" requires good-faith bargaining, as per the contracts between the City and the unions. Mayor Bill de Blasio's action was discriminatory, arbitrary, capricious and in bad faith, taking into consideration that the

unions were not involved. The Vax-or-Test Policy discriminated against certain people based on their religious beliefs, naturally acquired immunity, medical conditions, bodily autonomy, medical privacy, rights to informed consent and to refuse medical treatment. The City's failure to bargain in good faith with the unions before adopting the Vax-or-Test Policy forced the Municipal Labor Committee (MLC) and its constituent unions to challenge its constitutionality in court.

4. **On August 24, 2021**, New York City Commissioner of Health and Mental Hygiene Dave Chokshi issued a Health Order that changed the City's "Vax-or-Test Policy" to "Vaccine Only" for DOE employees, contractors and others (Vaccine Mandate). **On September 15, 2021**, Health Commissioner Chokshi revoked his August 24, 2021 Health Order as it did not provide for exemptions or accommodations, nor it addressed matters of due process with regard to job and benefit protections. **On September 28, 2021,** Health Commissioner Chokshi amended his September 15, 2021 Health Order to extend the deadline to require proof of vaccination.

5. **On September 10, 2021**, after a dispute between the DOE and UFT over the medical and religious exemptions, Arbitrator Martin Scheinman issued an impact bargaining award that mandated COVID-19 vaccines for DOE employees for the 2021-2022 School Year (UFT Award or Scheinman Award) that established a process for assessing and adjudicating requests for medical and religious exemptions but did not provide procedural safeguards. **The UFT Award was created under an "illegal" Health Order issued on August 24, 2021, that was revoked on September 15, 2021**, but it was not amended to reflect those changes, which deems the UFT Award unenforceable, requiring vacatur.

6. **The UFT Award was plagued with procedural errors and legal flaws.** It discriminated against freedom of religion as it limited the exemption requests for recognized and established religious organizations. It denied employees who have no religious objections to the Vaccine Mandate the opportunity to be heard. It also discriminated against per diem employees as they were denied the opportunity to apply for exemptions or accommodations. The process to request medical and religious exemptions or accommodations was a sham, and the time allotted to apply and appeal the denials was unreasonable. Pursuant to the terms of the UFT Award, any request to be considered as part of this process was to be submitted via the Self Online Leave Application System (SOLAS). An initial determination of eligibility was to be made at the DOE level by staff in the Division of Human Capital in the Office of Medical, Leaves and Benefits (HR Connect), Office of Equal Opportunity and Office of Employee Relations. An appeal of a denial needed to be made in SOLAS to the DOE within one (1) school day of the initial eligibility determination. The appeal was to be heard by a panel of arbitrators identified by Scheinman Arbitration and Mediation Services (SAMS). All appeal decisions were to be expedited without full opinion, and final and binding. The exemption or accommodation process was deemed complete and final upon the issuance of an appeal decision. The procedures provided no options for appeal beyond SAMS level, which raises conflict of interest concerns. I then challenged the UFT Award.

7. **On September 21 and October 27, 2021,** considering that the August 24, 2021 Health Order did not provide for exemptions or accommodations, and the September 10, 2021 UFT Award limited the exemptions to certain religions, approximately 15 DOE employees filed two separate lawsuits against, *inter alia*, the City and DOE in the United States District Court for the Southern District of New York (SDNY). **On November 14, 2021, the United States Court of Appeals for the Second Circuit Motions Panel (Second Circuit) determined that the UFT Award**

**issued under the August 24, 2021 Health Order was "constitutionally suspect**" as the DOE employees who unsuccessfully sought religious exemptions pursuant to the UFT Award were not given broad consideration that adhere to the standards established by Title VII of the Civil Rights Act of 1964 (Title VII), the New York State Human Rights Law (NYSHRL) and New York City Human Rights Law (NYCHRL). **The Second Circuit ordered that accommodations be considered for all sincerely held religious observances, practices and beliefs**, and the Plaintiffs were granted temporary interim relief until the matter was decided by the Merits Panel. **The DOE agreed to extend this same relief to similarly situated UFT employees who were not named Plaintiffs**. See Michael Kane, et al v. Bill De Blasio, et al; Matthew Keil, et al v. The City of New York, et al, Docket No. 21-2678-cv, 21-2711-cv., 19 F. 4th 152, at 162**.**

8. **On October 25, 2021**, MLC and some unions challenged the constitutionality of the Vaccine Mandate. In a decision rendered by the New York City Board of Collective Bargaining (BCB) **on September 28, 2022** in the matter of *MLC, et al v. City of New York and NYC Department of Health and Mental Hygiene, Docket No. BCB-4458-21***, the BCB found that the City "breached its duty to bargain in good faith with the unions before adopting the COVID-19 policy,**" in violation of **NYCCBL § 12-306(a)(4)**. The BCB noted that when an employer violates its duty to bargain in good faith, there is also a derivative violation of **NYCCBL § 12-306(a)(1)**.

9. **On September 23, 2021**, as previously approved by DOE and UFT officials, I applied for a medical exemption to the Vaccine Mandate, but my request was denied by HR Connect without full analysis and consideration. **On September 27, 2021**, I appealed the denial of my request for a medical exemption by uploading a letter under "New Application" because **there was no option to appeal under the drop-down menu in SOLAS**. The DOE failed to fix the glitch despite my timely notification to DOE and UFT officials. Contrary to the provisions of the UFT Award, **my appeal was denied by HR Connect instead of the Panel of Arbitrators**, without a hearing. **I was not engaged in cooperative dialogue**, in violation of the City's Equal Employment Opportunity Policy (EEO Policy). **I also requested a religious exemption and an accommodation to work remotely, neither of which was processed**, despite my reaching out to Chancellor Meisha Porter. **On October 4, 2021**, while I was awaiting a decision on my medical exemption appeal, the DOE administratively separated and unlawfully placed me on Leave Without Pay (LWOP) for non-compliance with the Vaccine Mandate, in violation of **Section I. of the UFT Award**: "*While an appeal is pending, the exemption shall be assumed granted and the individual shall remain on payroll*." **On October 13, 2021**, HR Connect issued a final decision on my medical exemption appeal, without granting me a hearing. **On October 15, 2021, the DOE blocked my email account** and failed to restore it despite my timely notification to DOE and UFT officials**. On November 29, 2021**, I requested that the UFT bring a claim directly to SAMS and file a Special Grievance with the Chancellor for expedited resolution since the UFT Award was not being implemented in good faith and for contract violations, but the UFT declined to pursue them, in violation of **Section L. of the UFT Award**: "*The process shall be deemed complete and final upon the issuance of an appeal decision. Should either party have reasons to believe the process set forth, herein, is not being implemented in good faith, it may bring a claim directly to SAMS for expedited resolution.*" **On November 30, 2021,** I filed a Step 1 Grievance for improper placement on LWOP, but the DOE denied it and the UFT declined to advance my Step 2 Grievance to the Chancellor or arbitration level. **In early December 2021**, I joined hundreds of unvaccinated employees who sought to file a Group Grievance for improper

implementation of the UFT Award and CBA violations, but the unions failed to process it. To add insult to injury, the UFT failed to seek relief via an Article 75 proceeding. **On February 9, 2022, I requested a 3020-a Due Process Hearing**, but it was not acknowledged and processed. **On February 11, 2022**, the DOE allegedly terminated me while I was nearing retirement eligibility, without due process and notification. The DOE and UFT did not adhere to the provisions of the UFT Award and the Contract Bargaining Agreement (CBA).

10. **On June 30, 2022**, **the UFT Award expired** as it was not mutually extended by the parties, as stipulated by Arbitrator Scheinman on **page 7 of the UFT Award**: "*This process shall be in place for the 201-2022 school year and shall only be extended by mutual agreement of the Parties.*" The fact that the UFT Award was not expected to last in perpetuity was validated by UFT President Michael Mulgrew and Director of the UFT Grievance/Arbitration Department David Campbell. **On June 30, 2022, I requested that the UFT file a reinstatement grievance** on my behalf, but the union declined. **On July 1, 2022**, **the DOE failed to reinstate me upon expiration of the UFT Award**, despite my request to DOE and UFT officials. **I consider myself an active employee since my employment was never properly terminated**. I was not served with a Final Notice of Placement on Leave Without Pay, a Charge or a Notice of Employment Termination prior to or after my forced separation, entitling me to immediate reinstatement with back pay and benefits. **On February 14, 2023,** it was reported that **the fingerprints of the unvaccinated teachers, including me, were sent to the FBI with problem code (PR Code) flags** without our knowledge and consent, which affected our reputation and job prospects. I exhausted administrative remedies.

11. **On March 3, 2022**, I filed an Employment Discrimination Charge against the DOE and UFT (Charge) with the Equal Employment Opportunity Commission (EEOC), which the EEOC declined to investigate and adjudicate.

12. **On April 30, 2024,** I filed the Original Complaint in the Southern District of New York, listing several causes of action and naming The United States Equal Employment Opportunity Commission, Luis Calzada, William Sanchez, Madeline McGrath and Alexander Adeschenko as Defendants. The Complaint alleged violations related to my employment, including but not limited to unlawful discrimination and retaliation, in violation of federal, state and city laws, as well as the CBA. As relief, I requested both monetary and punitive damages, as well as injunctive relief, including Court Orders directing Defendants to reinstate me with back pay and other benefits. [**Dkt. No. 1**].

13. **On September 3, 2025**, this Court dismissed the Original Complaint, finding that the EEOC and its four federal employees were not proper Defendants in this action due to sovereign immunity. The Court recognized that plaintiffs may file damages suits against agencies and individuals for misconduct alleged like in my case: "*... she has an alternative remedy available because she can sue her employer directly for discrimination*." [**Dkt. No. 47, page 7**].

14. **On September 23, 2025**, this Court issued an Order granting me a 30-day extension until October 31, 2025 to file a motion seeking leave to alter or amend the judgment under Rule 59(e) and amend the complaint under Rule 15(a)(2). **On October 30, 2025**, I seek to amend the Original Complaint to cure any deficiencies previously identified by the Court.

15. This Amended Complaint corrects the error of naming the EEOC and four federal employees as Defendants and adds the following proper Defendants: The City of New York, New York City Department of Education, New York City Department of Health and Mental Hygiene, School District 29, Bill de Blasio, Eric Adams, Dave Chokshi, Ashwin Vasan, Meisha Porter, David Banks, United Federation of Teachers and Michael Mulgrew, all who are directly responsible for the alleged violations giving rise to this action.

16. This Amended Complaint is timely filed in accordance with the Court's Order dated September 23, 2025, granting me a 30-day extension to file motions under Rule 59(e) and Rule 15(a)(2), with a deadline of October 31, 2025. For the reasons set forth below, I respectfully request that this Court alter or amend the judgment and grant leave to amend the Original Complaint in the interest of justice. In God I Trust!

**STATEMENT IN SUPPORT OF PLAINTIFF'S AMENDED COMPLAINT**

17. In the Original Complaint, there are sufficient material facts and evidence showing a pattern of discrimination and outright disregard of the law on the part of the newly identified Defendants. I was discriminated and retaliated against by Defendants based on disability, religion and age. I was treated differently, harassed, coerced, vilified, defamed, ridiculed and forced to disclose my private medical information due to my vaccination status, creating a hostile work environment. I have a good faith belief that the City of New York/Department of Education as a public employer, the Department of Health and Mental Hygiene (DOHMH) as the agency that issued the Health Orders mandating COVID-19 vaccines, the UFT as an employee organization and the individual Defendants violated federal, state and city laws in many terms, as well as the CBA. I was denied union representation and deprived of grievance procedures guaranteed under the CBA. The DOE failed to protect my statutory and regulatory rights as an employee, whereas the UFT failed to pursue my grievances to the Chancellor or arbitration level, thereby breaching its duty of fair representation. The actions described herein warrant a review by this Court in the interest of justice.

**THE PARTIES**

18. **Aura Moody** is the Plaintiff in this action. I am the victim of discrimination and retaliation by my employer, my union and their representatives listed as Defendants in this Amended Complaint.

19. **The City of New York** is a defendant in this action. It is the largest city in The United States. It is located at the southern tip of New York State on one of the world's largest natural harbors.

20. **The New York City Department of Education** is a Defendant in this action. It is the department of the government of New York City that manages the City's public school system in the United States of America, with over 1.1 million students taught in more than 1,800 separate schools.

21. **The New York City Department of Health and Mental Hygiene** is a Defendant in this action. It is the nation's oldest municipal public health agency, with over two centuries of leadership in the field. It protects and promotes the health of more than 8 million New Yorkers by providing essential health services, promoting public health initiatives, preventing the spread of disease and many other unseen efforts that keep the City safe and healthy.

22. **School District 29** is a Defendant in this action. It is a public school district located in the northeast corner of Queens, adjacent to Long Island's Nassau County. It contains 46 schools, including 28 elementary schools, 7 middle schools and 11 high schools.

23. **The United Federation of Teachers** is an unincorporated labor organization that operates pursuant to the General Associations Law of New York State and is affiliated with the Municipal Labor Committee. The UFT represents most teachers in New York City public schools. It has been the exclusive bargaining representative of a unit of employees of the DOE, which includes Social Workers and other personnel. As the exclusive bargaining representative of Social Workers, the UFT is and has been a party to a Collective Bargaining Agreement with the DOE.

24. **Bill de Blasio** is a Defendant in this action. He was Mayor of New York City from 2014 to 2021. Without negotiating with the Unions, he unilaterally imposed the Vaccine Mandate that ruined the livelihoods of thousands of unvaccinated workers and business owners in the City of New York.

25. **Eric Adams** is a Defendant in this action. He is the current Mayor of New York City who assumed office in January 2022. He kept the Vaccine Mandate in place for all City workers until February of 2023. He is the architect of a vaccine carve out that allowed athletes and performers to work in the City unvaccinated but not other public employees and small businesses. He unlawfully fired me and thousands of essential workers during his administration (teachers, cops, firefighters, sanitation workers, healthcare workers, therapists, secretaries, plumbers, etc.).

26. **Dave Chokshi** is a Defendant in this action. He is the New York City Commissioner of Health and Mental Hygiene who issued the Health Orders mandating COVID-19 vaccines. He also issued Health Orders exempting athletes, Broadway performers and entertainers.

27. **Ashwin Vasan** is a Defendant in this action. He is the New York City Commissioner of Health and Mental Hygiene who issued a Health Order rescinding the COVID-19 requirements for private business, students athletes and extracurricular activities but not for the City workers.

28. **Meisha Porter** is a Defendant in this action. She served as Chancellor of the New York City Department of Education from March 2021 to December 2021. The Vaccine Mandate was imposed and implemented during her administration.

29. **David Banks** is a Defendant in this action. He served as Chancellor of the New York City Department of Education from January 2022 to October 2024. He unlawfully terminated me and thousands of public servants during his administration.

30. **Michael Mulgrew** is a Defendant in this action. He has served as President of the United Federation of Teachers since July 2009 to the present time.

## CAUSE OF ACTION AND CLAIMS

31. In the Original Complaint, I pleaded facts that suggest that the pre- or post-deprivation processes afforded to me were constitutionally and contractually deficient. A review of the record reveals that I was unlawfully separated from my employment, and that I have a plausible cause of action upon which relief should be granted in the interest of justice.

**Employment Discrimination and Retaliation Claims**

32. In the Original Complaint, I raised numerous claims and issues related to violations of my constitutional, civil and labor rights. I showed that Defendants trampled upon my due process and equal protection rights, discriminated and retaliated against me by: denying my applications for a medical exemption without justification; failing to grant a hearing on my appeals to the denials of my applications for a medical exemption; failing to render a decision on my appeals to the denials of my applications for a medical exemption by the independent Panel of Arbitrators identified by SAMS or Citywide Appeals Panel; failing to process my application for a religious exemption; failing to process my request to work remotely; failing to comply with New York State Education Law § 3020 and the CBA when negotiating the UFT Award for the 2021-2022 School Year; failing to address my concerns about acquired natural immunity at the bargaining table before the UFT Award was issued; failing to adhere to the provisions of the UFT Award when determining requests for exemptions or accommodations; discriminating against me based on my religious beliefs as I did not meet the standards established by the UFT Award and Mayor Bill de Blasio; coercing me into COVID-19 vaccination despite my religious beliefs, acquired natural immunity, bodily autonomy, right to medical privacy, right to informed consent and right to refuse medical treatment; retaliating against me for refusing COVID-19 vaccination; failing to amend the UFT Award after Health Commissioner Chokshi's August 24, 2021 Health Order mandating COVID-19 vaccines for DOE employees was rescinded by him and later deemed "constitutionally suspect" by the Second Circuit; placing me on LWOP while I was awaiting a decision on my applications/appeals for a medical exemption; blocking my DOE email account while I was placed on LWOP; failing to serve me with a Final Notice of Placement on LWOP; denying my Step 1 Grievance on my placement on LWOP; failing to advance my Step 1 Grievance on my placement on LWOP to Step 2; failing to serve me with a Charge and/or Notice of Determination of Probable Cause pursuant to Education Law § 3020-a; failing to serve me with a Notice of Employment Termination; failing to process my request for a 3020-a Hearing; placing a Problem Code on my personnel file without my knowledge and consent; failing to bring a claim directly to SAMS for improper implementation of the UFT Award; failing to file an Individual Special Grievance with the DOE on my behalf for improper placement on LWOP and contract violations; failing to file a Group Special Grievance on my behalf and other similarly situated DOE employees for improper placement on LWOP and other CBA violations; UFT's dereliction of duty related to the implementation of the Vaccine Mandate; City's failure to bargain in good faith with the unions before the implementation of the Vax-or-Text Policy for All City employees; DOE's failure to reinstate me after the expiration of the UFT Award on June 30, 2022; UFT's failure to file a Step 1 or Special Grievance against the DOE upon expiration of the UFT Award; UFT's failure to file a lawsuit for an injunction to stop the termination of honestly unvaccinated employees following the scandal related to the use of fake vaccine cards by DOE employees; UFT's failure to file legal action against the City on behalf of unvaccinated employees following Mayor Eric Adams' Executive Order 62 exempting athletes and performers from the Vaccine Mandate; City's failure to schedule a 50-H Examination of Claims Hearing pursuant to New York General Municipal Law § 50-H upon service of Notices of Claim; Defendants' failure to release official records stemming from the Vaccine Mandate pursuant to Freedom of Information Law-Freedom of Information Act (FOIL-FOIA) Requests dated February 20, 2022, May 14, 2022, September 25, 2022, September 26, 2022 and October 3, 2022; DOE's failure to update SOLAS to include the appeal option under the drop-down menu, UFT's engagement in non-related union causes but failing to help the unvaccinated members,

NYSUT-UFT's political involvement and discrimination against conservative members who do not align with the political views of the leadership, among other claims. [**Dkt. No. 1**].

**Statutes, Legislations and Regulations Invoked By Plaintiff**

33. In addition to the United States Constitution and New York Constitution, I believe Defendants violated many federal, state and city statutes and regulations. I respectfully request that the Court take jurisdiction over the state and city claims. The legal references have to be looked at with caution because I am not an attorney.

34. **Constitution of the United States** - Preamble: "We the People of the United States, in Order to form a more perfect Union, establish Justice, insure domestic Tranquility, provide for the common defense, promote the general Welfare, and secure the Blessings of Liberty to ourselves and our Posterity, do ordain and establish this Constitution for the United States of America."

35. **Constitution of New York** - Establishes the structure of the government of the State of New York and enumerates the basic rights of the citizens of New York.

36. **First Amendment to the United States Constitution -** Prevents the government from making laws that regulate an establishment of religion, or that prohibit the free exercise of religion, or abridge the freedom of speech, the freedom of the press, the freedom of assembly, or the right to petition the government for redress of grievances.

37. **Fourteenth Amendment to the United States Constitution -** Promises that all persons in the United States shall enjoy the equal protection of the laws. That means that they cannot be discriminated against without good reason. Pursuant to **Section 1 of the XIV Amendment**: "*All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws*."

38. **Due Process Clause in the Fourteenth Amendment** - Provides that no person should be deprived of "life, liberty or property without due process of law."

39. **Equal Protection Clause in the Fourteenth Amendment -** Requires States to practice equal protection and forces them to govern impartially. It prohibits any State from denying to any person within its jurisdiction the "equal protection of the laws."

40. **Title VII of the Civil Rights Act of 1964 -** Protects employees and job applicants from employment discrimination based on race, color, religion, sex and national origin. Title VII protection covers the full spectrum of employment decisions, including recruitment, selections, terminations, and other decisions concerning terms and conditions of employment.

41. **Americans with Disabilities Act of 1990, As Amended -** Prohibits discrimination against individuals with disabilities in all areas of public life, including jobs, schools, transportation, and all public and private places that are open to the general public. The purpose of the law is to make sure that people with disabilities have the same rights and opportunities as everyone else. The ADA gives civil rights protections to individuals with disabilities on the basis of race, color,

sex, national origin, age, and religion. It guarantees equal opportunity for individuals with disabilities in public accommodations, employment, transportation, state and local government services, and telecommunications.

42. **Age in Employment Discrimination Act of 1967 (AEDA) -** Forbids employment discrimination against anyone, at least 40 years of age, in the United States of America.

43. **Health Insurance Portability and Accountability Act of 1996 (HIPAA)** - Establishes national standards to protect individuals' medical records and other individually identifiable health information (collectively defined as "protected health information").

44. **42 U.S.C. § 1983** - Allows a person to sue state and local government officials who have violated their civil rights.

45. **New York State Law, Rules and Regulations -** Provide the legal framework for educational institutions in New York.

46. **New York State Human Rights Law -** Protects individuals from discrimination based on disability, gender (including sexual harassment), gender identity, marital status and partnership status. Hostile working environment, unfair treatment at the workplace and retaliation are unacceptable and punishable under the law.

47. **New York Education Law § 2590-g(14)** - Establishes that the terms and conditions of employment are subject to mandatory collective bargaining.

48. **New York Civil Service Law § 209** (aka **Taylor Law) -** Governs the methods by which public employers and unions may resolve impasses in negotiations when the parties fail to achieve an agreement at least 120 days prior to the end of the fiscal year of the public employers.

49. **New York Civil Service Law § 209-a.1.(d)** - Establishes that it shall be an improper practice for a public employer or its agents to deliberately refuse to negotiate in good faith with the duly recognized or certified representatives of its public employees.

50. **New York Civil Service Law § 209-a.2(a) -** Establishes that it is an improper practice for an employee organization to interfere with, restrain or coerce public employees in the exercise of rights granted in section two hundred two, or to cause, or attempt to cause, a public employer to do so. Under the Equal Protection Clause of the Fourteenth Amendment, differential treatment between the vaccinated and unvaccinated is wrong and illegal.

51. **New York Civil Service Law § 209.3.(f)** - Empowers public employers to enter into written agreements with recognized or certified employee organizations setting forth procedures to be invoked in the event of disputes which reach an impasse in the course of collective negotiations. It bars school districts from binding impasse remedies.

52. **New York Civil Service Law § 201.4**. - Establishes that to create a condition of employment, the City has to negotiate with the unions.

53. **New York Civil Service Law § 3020-a -** Establishes disciplinary procedures for tenured educators. Tenured educators have the right to retain their positions and may only be terminated

if there is "just cause" pursuant to Education Law §3020.

54. **New York Labor Law § 195(6)** - Requires employers to provide written notice within five working days, specifying the termination date and end of benefits, regardless of the reason for termination.

55. **New York State Medical Confidentiality Law -** Protects patient privacy by restricting how healthcare providers handle personal health information (PHI) and requiring entities to obtain authorization to collect, use or sell individuals' PHI.

56. **New York Public Health Law § 2442** - States important rights around patients' informed consent, including requirements, potential consequences and options for resolving disputes.

57. **New York City Human Rights Law -** Protects individuals from discrimination because of their actual or perceived differences, including those based on race, color, creed, age, national origin, immigration or citizenship status, gender, sexual orientation, disability, marital status, partnership status, caregiver status, sexual and reproductive health decisions, uniformed service, any lawful source of income, status as a victim of domestic violence or status as a victim of sex offenses or stalking.

58. **Freedom of Information Law -** Reaffirms citizens' right to know how the government operates. It provides rights of access to records reflective of governmental decisions and policies that affect the lives of every New Yorker.

59. **New York General Municipal Law § 50-H** - Mandates 50-H Examination of Claims hearings for claims against public entities.

60. **Collective Bargaining Agreement between the DOE and UFT -** Agreement made and entered into by and between the DOE and the School Social Workers and School Psychologists Chapter of the UFT.
**Collective Bargaining Agreement for Social Workers and School Psychologists 2009-2018**-
https://www.uft.org/files/attachments/social_worker_school_psychologist_2009-2018.pdf
***UF*T Memorandum of Agreement 2018 - Successor Agreement to the 2009-2018 CBA** -
https://www.uft.org/files/attachments/secure/moa-2018.pdf

## STATEMENT OF THE CASE, MATERIAL FACTS, UNDERLYING EVENTS AND ARGUMENTS

### Plaintiff Was Coerced To Get Vaccinated

61. **Pursuant to New York Civil Service Law § 209-a.2(a)**, it is an improper practice for an employee organization to interfere with, restrain or coerce public employees in the exercise of rights granted in section two hundred two, or to cause, or attempt to cause, a public employer to do so. https://www.nysenate.gov/legislation/laws/CVS/209-A

62. There is ample evidence in the form of emails and letters showing that Defendants coerced me to get inoculated with COVID-19 vaccines in disregard of my religious beliefs, natural immunity, bodily autonomy, rights to medical privacy, informed consent and to decline medical treatment.

63. **On September 27, 2021**, Mr. Mulgrew sent me an email asking that I be vaccinated. **On September 28, 2021**, Ms. Engler sent me the following email: "... *I wanted to make sure you understand the consequences for not getting the vaccine. While I understand you believe that you have natural immunity to Covid, you MUST GET THE VACCINE by Friday. Otherwise you will not be allowed to go into work on Monday."* **On October 13, 2021**, Ms. Engler sent me the following email: "*I have been responding to you since Sept. 16, when you first wrote to President Mulgrew. We have had dozens of emails back and forth. THE CITY mandated that all DOE must have the vaccine. You requested an exemption, you were denied and you appealed. Your appeal was denied.*" **On November 30, 2021**, I sent a letter to Chancellor Porter expressing my concerns about the use of coercive tactics to force vaccination, among other issues, but no corrective action was taken. [**Moody Ex. 7**].

64. **At a news conference held on December 16, 2021**, Mayor Bill de Blasio said that the best way to coerce City employees to cooperate with the COVID-19 vaccination for employment purposes was to make them choose between their livelihoods and their beliefs.
https://www.youtube.com/watch?v=8tQgtXctNto

65. **Defendants' coercive tactics**, authoritarian approach and discriminatory treatment towards me and similarly situated unvaccinated individuals are reprehensible and criminal. Mayor Bill de Blasio's derogatory statements and actions discouraged employees from applying by the initial deadline as they felt they could not meet the established criteria, particularly the ones who were seeking a religious exemption. Asking employees to compromise their personal beliefs for something that affects job security shows how unethical and out of touch the City and union leadership are, including but not limited to political leaders, health bureaucrats and union leaders. The underhanded methods used by the City, DOHMH, DOE, UFT and their representatives to restrict future employment opportunities for members who did not want to compromise their beliefs or have medical conditions clearly shows how important bodily autonomy, medical privacy, informed consent and right to refuse medical treatment are for the people.

**THE CITY OF NEW YORK'S COVID-19 POLICY FOR ALL PUBLIC EMPLOYEES**

66. **On June 24, 2021,** Governor Andrew Cuomo announced the ending of the state disaster emergency declared on March 7, 2020 to fight COVID-19.
https://www.governor.ny.gov/news/governor-cuomo-announces-new-york-ending-covid-19-state-disaster-emergency-june-24#:~:text=GOVERNOR,%D8%A7%D8%B1%D8%AF%D9%88**.**

**The City Of New York Disregarded Governor Andrew Cuomo's Order Ending The COVID-19 Emergency**

67. **On July 26, 2021**, Mayor Bill de Blasio held a press conference to announce that New York City will require all of its municipal workers to get coronavirus vaccines by mid-September or face weekly COVID-19 testing to avoid suspension without pay.
https://www.kktv.com/2021/07/26/nyc-require-vaccines-or-weekly-testing-city-workers/

**The City Of New York Violated Its Duty To Bargain In Good Faith With The Unions Before Adopting the COVID-19 Policy For All Public Employees**

68. City's failure to bargain the Vax-or-Test Policy led to MLC and its constituent unions' action.

69. **On August 3, 2021,** UFT President Michael Mulgrew held a Town Hall with the members regarding the City's announced Vax-or-Test Policy. [**Moody Ex. 8 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. He stated that nobody had demanded mandating teacher vaccinations and that the union would defend the people's rights if they chose not to get the vaccine. He asserted that the union was not supporting vaccines but understands that the best way out of the pandemic was for more people to be vaccinated. "*You can't, however, say people who aren't vaccinated shouldn't be able to work*," he said. For people who are not vaccinated, testing is mandated. Mr. Mulgrew added that American Federation of Teachers President Randi Weingarten (former UFT President) said there should be no mandates and that vaccinations are subject to bargaining. It seems that Mr. Mulgrew was pushing union members to get the vaccine, but he did not give evidence how he would be representing members who did not want to be vaccinated. He did not consult or survey the membership to gather their viewpoints, see what they thought or obtain feedback. The recording of the actual Town Hall is no longer available on the UFT website. [**Moody Ex. 110 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. **On August 3, 2021**, the NYC Educators posted the transcript of the "UFT Town Hall August 3, 2021" on its website. [**Moody Ex. 8 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**].

70. **On August 12, 2021**, MLC Chair Harry Nespoli addressed a letter to City officials expressing severe concerns and great disappointment of the MLC union leaders on the lack of progress in arriving at a negotiated program to implement the City's Vax-or-Test Policy without prior consultation or bargaining with the unions. [**Moody Ex. 3**].

71. **On August 17, 2021**, Mr. Nespoli addressed another letter to City officials raising collective bargaining concerns on the Vax-or-Test Policy for City employees, which was announced by Mayor Bill de Blasio without meeting with the unions**.** [**Moody Ex. 4**].

**New York City Was The Only Region In New York State That Imposed A COVID-19 Vaccine Mandate**

72. New York City was the only region in New York State that unilaterally imposed a Vaccine Mandate. MTA workers were not required to be vaccinated although they work in the City. [**Moody Ex. 38 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. It happened despite the City recognizing that a testing regiment was a reasonable accommodation, causing no hardship or health risk. Applying for a Reasonable Accommodation from the COVID-19 Vaccine Mandate (Revised 10/28/2021) Per DOHMH Commissioner.

**The New York City Department of Education Was The First City Agency To Impose A COVID-19 Vaccine Mandate**

73. The DOE was the only agency in New York City that initially imposed a COVID-19 vaccine mandate. Other City agencies required weekly testing in lieu of vaccines, allowing the employees who chose not to get vaccinated remain on payroll and earn a living. https://commercialobserver.com/2021/08/new-york-city-vaccine-mandate-all-department-of-education-staff/.

74. According to the daily trends in the number of COVID-19 cases in the United States reported to the CDC, there was no emergency at the time Health Commissioner Chokshi issued a Health Order mandating COVID-19 vaccines for DOE employees. [**Moody Ex. 7 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. An analysis of the data shows that there was a significant drop in cases and deaths associated with COVID-19 from January 2020 through December 2021. https://www1.nyc.gov/site/doh/covid/covid-19-data-totals.page https://rumble.com/v49siq3-using-their-data-to-prove-it-was-all-a-lie.html

**New York City Was The Only School District In New York State That Required A Vaccine Mandate**

75. New York City was the only school district in New York State that imposed a COVID-19 Vaccine Mandate. Other school districts only required weekly testing if the workers chose not to get vaccinated. https://www.axios.com/2021/10/04/nyc-vaccine-mandate-school-employees

**THE VACCINE MANDATE FOR DOE EMPLOYEES, CONTRACTORS AND OTHERS**

76. The Orders mandating COVID-19 vaccines for public employees were issued by Health Commissioner Chokshi.

**The Health Commissioner's Order Mandating COVID-19 Vaccines For DOE Employees Was Deemed "Constitutionally Suspect"**

77. **On August 24, 2021**, Health Commissioner Chokshi issued a Health Order that changed the City's "Vax-or-Test Policy" for All public employees to "Vaccine Only" for DOE personnel. https://www.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-vaccination-requirement-doe.pdf. This Health Order was revoked and deemed "constitutionally suspect" by the Second Circuit. [**Moody Ex. 6**].

78. **On September 15, 2021,** Health Commissioner Chokshi rescinded and amended his August 24, 2021 Health Order as it did not provide for accommodations nor it addressed matters of due process safeguards, clarifying that "6. *Nothing in this Order shall be construed to prohibit any reasonable accommodations otherwise required by law.*" https://www.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-vaccination-requirement-doe-2.pdf.

79. Considering that the religious exemptions process established by the UFT Award, which was created pursuant to the August 24, 2021 Health Order excluded some religions, several DOE employees challenged its unconstitutionality in federal court, as aforementioned. **On November 14, 2021**, the Second Circuit determined that the UFT Award was "constitutionally suspect" and ordered that accommodations be considered for all sincerely held religious observances, practices and beliefs. Pursuant to the Second Circuit's Order, a Citywide Panel consisting of representatives of the Department of Citywide Administrative Services (DCAS), the New York City Commission on Human Rights (NYCCHR) and the Office of the Corporation Counsel would make the decisions on requests for accommodations instead of relying on the previously challenged UFT Award criteria. See *Michael Kane, et al v. Bill De Blasio, et al; Matthew Keil, et al v. The City of New York, et al, Docket No. 21-2678-cv, 21-2711-cv., 19 F. 4th 152, at 162*.

80. Following the Second Circuit's Order, the City undertook compliance actions**. On November 15, 2021**, the NYCCHR issued COVID-19 accommodations Guidelines: "*Employees who are*

*seeking reasonable accommodations because of their religious beliefs should not be required to submit supporting documentation unless their employer has an objective basis to question the sincerity of the religious basis for the employee's inability to show proof of vaccination. However, employees may be asked to explain the religious nature of their belief. Note that the NYCHRL protects not only employees who belong to organized religions, such as Buddhism, Christianity, Hinduism, Islam, and Judaism, but also employees who have religious, ethical, or moral beliefs that are sincerely held with the strength of religious views*."
https://www.pbwt.com/ryan-j-kurtz/publications/eeoc-updates-workplace-guidance-on-covid-19-testing

81. **On December 13, 2021**, Health Commissioner Chokshi issued an Order whereby victims of domestic violence, sex offenses or stalking qualify for accommodations but not public staff. https://www.jacksonlewis.com/sites/default/files/docs/NYC-Guidance-vaccination-workplace-accommodations.pdf. Once again, essential City employees were discriminated against by Defendants.

82. **On December 15, 2021,** the NYCCHR issued regulations referenced as Guidance for Employers on Equitable Implementation of COVID-19 Vaccine Requirements prohibiting discrimination, granting reasonable accommodations and prohibiting retaliation on the grounds of disability, pregnancy, childbirth, lactation, religious beliefs or observances, or status as a victim of domestic violence, stalking, or sex offenses.
https://www.nyc.gov/assets/cchr/downloads/pdf/publications/Vax-Employment-Guidance.pdf

83. **On December 20, 2021,** the NYCCHR issued regulations referenced as "Guidance on Accommodations for Workers." [**Moody Ex. 47 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**].

**The Health Order Mandating COVID-19 Vaccines For DOE Employees Was Discriminatory Compared To The Order For Employees From Other City Agencies**

84. When implementing the Vaccine Mandate for the public sector, the City of New York engaged in disparate treatment practices among its workforce as it pertains to the process and deadlines to seek reasonable accommodations.

85. **October 20, 2021**, Health Commissioner Chokshi issued a Health Order mandating COVID-19 vaccination for non-DOE employees and other City contractors, clarifying that "*9. This Order shall not apply to individuals who already are subject to another Order of the Commissioner of Health and Mental Hygiene, Board of Health, the Mayor, or a State or federal entity that requires them to provide proof of full vaccination and have been granted a reasonable accommodation to such requirement*."
https://www1.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-vaccination-requirement-city-employees.pdf.

86. **Health Commissioner Chokshi's August 24, 2021 Order mandating vaccines for DOE employees was issued sixty five (65) days prior to issuing his October 20, 2021 Order mandating vaccines for other City employees**. According to Health Commissioner Chokshi's October 20, 2021 Health Order, the deadline for other City employees to apply for a reasonable accommodation was October 29, 2021, thirty two (32) days after DOE employees were mandated to take the COVID-19 vaccines, to wit, September 27, 2021. While DOE employees were already taking the jab, other City employees were given the Vax-or-Test option announced by Mayor Bill de Blasio on June 26, 2021. Furthermore, Health Commissioner Chokshi's August 24, 2021 Order mandating COVID-19 vaccines for the DOE employees did not provide

for reasonable accommodations and due process, whereas his October 20, 2021 Order mandating COVID-19 vaccines for other City employees provided for reasonable accommodations. As a DOE employee, it is obvious that I was discriminated against by Health Commissioner Chokshi's actions, requiring remedy.

**COLLECTIVE BARGAINING AGREEMENT VIOLATIONS WHILE ENGAGING IN NEGOTIATION OVER THE VACCINE MANDATE FOR DOE EMPLOYEES**

87. The unions have an obligation to protect the interests of all members equally when negotiating the Vaccine Mandate for public employees, but the UFT in particular fell short and caused disappointment for not protecting the constitutional and labor rights of its members, as provided by the applicable federal, state and laws, as well as the CBA. The UFT failed to sufficiently represent me and similarly situated employees who declined to receive the COVID-19 vaccines, in violation of the terms and conditions of employment.

**The DOE And UFT Overstepped MLC When Engaging In Negotiations Over The Implementation Of The COVID-19 Vaccine Mandate For DOE Employees**

88. **In late August 2021**, the UFT undermined MLC and its constituent unions by unilaterally entering into negotiations with the DOE over the implementation of the Vaccine Mandate. This happened while MLC leaders and City officials were arriving at a collaboratively negotiated program to implement the Vax-or-Test Policy for All City employees, a vote from the full MLC membership was scheduled for the following week, and a Court hearing was set for September 22, 2021. [**Moody Ex. 3, 4**].

89. Considering that the DOE and UFT did not reach an agreement to address the impact of the August 24, 2021 Health Order mandating vaccines for DOE employees, the parties sought intervention from the State of New York Public Employment Relations Board (PERB) to resolve the dispute. [**Moody Ex. 1**].

90. **On September 1, 2021**, the UFT filed a Declaration of Impasse with PERB pursuant to **New York Civil Service Law § 209,** arguing that the Vaccine Mandate failed to provide for medical or religious exemptions or accommodations. PERB appointed SAMS to mediate the impact of the Vaccine Mandate. Arbitrator Scheinman was appointed to serve as the "mediator." [**Moody Ex. 1, 9 and 10 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**].

91. During a **Town Hall held on September 2, 2021**, Mr. Mulgrew condemned Mayor Bill de Blasio's decision by stating "*What city did was unacceptable and quite disgusting… This is an uphill battle as the established law is settled on this but mayor has overstepped what he can do… We will challenge with the MLC but impact bargaining will probably go faster.*" [**Moody Ex. 11 and 110 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]**.**

92. **On September 2nd, 3rd, 4th and 5th of 2021**, mediation sessions between the parties and the arbitrator took place, but they failed to resolve the dispute. [**Moody Ex. 1**]. **On September 6, 2021**, the parties agreed to move from mediation to arbitration instead of **referring the case to the Fact-Finding Board for resolution of the dispute**, as required by **New York Civil Service Law § 209.3**. https://codes.findlaw.com/ny/civil-service-law/cvs-sect-209/.

93. **On September 10, 2021, the date the UFT Award was issued,** Mr. Mulgrew sent an email to the members outlining the terms and process to request medical and religious exemptions or accommodations, which reads in part: "*The New York City Department of Health ordered that all Department of Education staff must be vaccinated. After a Municipal Labor Committee lawsuit joined by the UFT failed to stop the mandate, the UFT filed for impact bargaining. The resulting arbitration decision modifies the CBA… "Appeals of religious exemption denials will be heard by the same independent arbitrators ruling on medical exemption appeals. During the appeal process, the member will be temporarily granted the exemption and kept on payroll*." [**Moody Ex. 12 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. Mr. Mulgrew's assertion that "***the resulting arbitration decision modifies the CBA***" confirms my claim that the UFT Award is illegal and unforceable because **Arbitrator Scheinman had no statutory or contractual power to change the CBA** without ratification by the union membership. **On page 6 of the UFT Award, under Opinion**, Arbitrator Scheinman concurred: "*I have requested to permit me to make a final determination, I make the ruling set forth below. While some of the language has been drafted, initially, by the parties in response to my ruling, in the end the language set forth, herein, is mine alone. I hereby issue the following Award*." [**Moody Ex. 1**]. To create a condition of employment, the City has to negotiate with the unions pursuant to **New York Civil Service Law § 201.4**, which requires membership approval and ratification. Pursuant to **New York Education Law §2590-g(14)**, the terms and conditions of employment are subject to mandatory collective bargaining.

94. **The UFT was derelict in its duty of fair representation by not engaging and having the employees participate** directly in the mediation and arbitration processes nor personally serving them with a notice of intention to arbitrate. In addition, the results of the arbitration were not presented to the union members for approval and ratification, which raises concerns about its legality and enforceability. Furthermore, the UFT derelicted its duty of fair representation by agreeing to the provisions of the UFT Award that was created under a "constitutionally suspect" August 24, 2021 Health Order that violated the employees' constitutional and labor rights.

95. The record is replete with concrete evidence showing that UFT representatives participated during the mediation and arbitration process and failed to represent us fairly. Pursuant to **New York Civil Service Law § 209-a.1.(d)**, it shall be an improper practice for a public employer or its agents to deliberately refuse to negotiate in good faith with the duly recognized or certified representatives of its public employees. https://www.nysenate.gov/legislation/laws/CVS/209-A

96. The UFT was an integral part in creating the UFT Award. **The union's allegation on page 4 of its Position Statement to EEOC** that the UFT did not negotiate the Arbitration Award that mandated COVID-19 vaccines for DOE employees is not credible: "*2 The UFT did not negotiate the terms of the Impact Bargaining Decision with the DOE. Rather, the terms of the Impact Bargaining Decision were set by Arbitrator Scheinman. See Exhibit "M" at p. 6 (noting that "it falls to me, as Arbitrator, to arrive at a fair resolution of the matters at hand" and "[w]hile some of the language has been drafted, initially, by the parties in response to [Arbitrator Martin F. Scheinman's] rulings, in the end the language set forth, herein, is [Arbitrator Martin F. Scheinman's] alone.*" Such a claim is contradictory to Mr. Mulgrew's statements and messages he shared with the union members during Town Halls, public appearances and other types of correspondence. [**Moody Ex. 1, 8, 9, 10, 11, 13 and 14 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**].

97. I have no doubt that the UFT derelicted its duty of fair representation by agreeing with the development and implementation of an UFT Award that was not rationally based and infringed upon public policy and the law. Pretending that the UFT had no responsibility over the UFT Award is disingenuous and outrageous. The parties had representatives at the meetings during the mediation and arbitration processes. The union cannot now claim that it was not part of the negotiation. How many times is the UFT going to rewrite what it did? The union appears to evade responsibility and shift its decision-making authority to Arbitrator Scheinman, the arbitrator who was appointed by PERB upon agreement of the parties to mediate the impasse on the implementation of the Vaccine Mandate. Further, by its own cognizance, the UFT admitted that the UFT Award is illegal and unenforceable.

98. Just to quote some examples, the union agreed to grant Arbitrator Scheinman the authority to render a final and binding determination on impact issues arising from a unilaterally imposed Vaccine Mandate via the UFT Award. The UFT agreed with the DOE on various terms and conditions contained in the UFT Award that violate the employees' constitutional and labor rights. The UFT failed to provide its members with ongoing and specific details of the mediation and arbitration processes prior to the issuance of the UFT Award. The union failed to provide its members an opportunity to give feedback on the terms and conditions contained in the UFT Award prior and after its issuance. The UFT failed to offer its members an explanation of the terms and conditions contained in the UFT Award after it was issued and before employees were placed on LWOP. The union pressured unvaccinated employees to get inoculated. The UFT failed to challenge the UFT Award after its issuance pursuant to expedited arbitration by bringing a claim directly to SAMS or court action via Article 75. The UFT refused to initiate grievances on my behalf and those similarly situated employees who challenged DOE's act of placing them on LWOP and subsequently terminating them. The UFT failed to timely protect and enforce the employees' due process claims arising under **New York Education Law § 3020-a**. I respectfully ask the Court that the UFT Defendants be held accountable.

99. **On page 12 of its Position Statement to EEOC,** the UFT contends that "*Charging Party has not alleged or shown that the UFT deviated from its policies and procedures in handling her claims and has failed to allege or show that she was treated differently because of any alleged disability. Finally, Charging Party has presented no evidence to suggest that the UFT's actions were motivated by discriminatory animus based on any alleged disability or religious belief.*" The UFT's statement is frivolous. There is evidence on record that shows that the UFT pressured me and similarly situated employees to get vaccinated regardless of acquired natural immunity, religious beliefs, bodily autonomy, medical privacy, rights to informed consent and to refuse medical treatment**. [Moody Ex. 12 and 55 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. https://youtu.be/egdTHnfgNoc?si=r-W0chF5Xe5Ucwmq

100. As an employee organization, it is expected that the UFT treat and represent all members fairly and equally, but it has not happened in my case. I believe the UFT and its representatives failed to sufficiently represent its members who refused to receive the COVID-19 vaccines. The UFT showed disregard towards the unvaccinated members. It is unfortunate that the union did not take a stand and rallied in favor of the unvaccinated employees who were unlawfully placed on unpaid leave and terminated compared to the ones who got vaccinated. The union never objected to the DOE's undue pressure on its members to get vaccinated, but rather embraced and endorsed a model that treated unvaccinated members differently and worse than the vaccinated

ones. The union encouraged unvaccinated employees to get inoculated while advocating for the vaccinated ones. To my knowledge, the UFT did not even make any statement expressing heartbroken and sympathetic feelings for the unvaccinated workers whose livelihoods were destroyed; however, it expressed outrage and fervently advocated for the approximately 82 educators who allegedly used fraudulent vaccine cards in order to keep their jobs. [**Moody Ex. 72, 87, 93 and 112 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. The UFT failed to take legal action when Mayor Eric Adams lifted the Vaccine Mandate for elite athletes and performers, the private sector and after school activities. [**Moody Ex. 68, 83, 109 and 115 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. The UFT failed to take legal action when the Vaccine Mandate was declared unconstitutional by New York State Supreme Courts. The UFT failed to take legal action when the UFT Award expired on June 30, 2022. [**Moody Ex. 85 of Charging Party's Rebuttal to UFT's Position Statement to EEOC].** To add insult to injury, the UFT and its representatives are known for taking stances in favor of causes that are non-union related. For instance, the UFT launched fundraising campaigns to help the survivors of the Bronx fire and the Ukrainian teachers on January 12, 2022 and April 8, 2022, respectively. [**Moody Ex. 57 and 69 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. **On May 25, 2022** the UFT Delegate Assembly overwhelmingly approved resolutions on issues that are not important to all members but failed to discuss the injustices that were perpetrated against the unvaccinated members. [**Moody Ex. 90 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. The UFT expressed outrage when the Supreme Court rendered a decision on *Roe v. Wade*, but failed to embrace the unvaccinated's right to bodily autonomy. [**Moody Ex. 84 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. The UFT endorsed political candidates who were in support of the Vaccine Mandate, mostly Democrats, thereby discriminating against Conservative members like me who do not align with radical policies and agendas. [**Moody Ex. 82 and 100 of Charging Party's Rebuttal to UFT's Position Statement to EEOC].** In addition, there was a heavy display of banners endorsing and pressing school staff to get vaccinated all over 1,800+ schools citywide, but the UFT did not object to the DOE's coercive tactics to get vaccinated. [**Moody Ex. 106 and 109 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. UFT members were exposed for months to this messaging that implicitly communicated that vaccinated employees were superior to the unvaccinated ones. The UFT was aware of this discriminatory messaging towards the unvaccinated members that made them feel targeted, humiliated, defamed, ostracized and judged, and yet it was in tacit agreement with the DOE and did nothing to stop it, causing us emotional distress and family discord. Such differential treatment practices are despicable, unacceptable and punishable under the law.

**The DOE And UFT Failed To Address Natural Immunity At The Bargaining Table**

101. **COVID-19 is a health condition as defined by the ADA and CDC.** There is available data and scientific research that support natural immunity. In 2004, Dr. Anthony Fauci (Director of the National Institute of Allergies and Infectious Diseases and Chief Medical Advisor to the President) was videotaped talking about the strength of natural immunity to flu. [**Moody Ex. 96 of Charging Party's Rebuttal to UFT's Position Statement**]. https://youtu.be/h6O1TLf5JlQ https://www.deseret.com/coronavirus/2021/9/17/22673381/dr-fauci-natural-immunity-covid-19-vaccine

102. The UFT failed to represent the employees equally by not pushing hard and bringing the issue of natural immunity to the bargaining table for consideration and decision-making. **Before**

**the UFT Award was issued**, there were employees who expressed concerns about acquired natural immunity and asked the UFT for intervention. As it pertains to my case, **on August 28, 2021 and September 15, 2021**, I sent emails to Mr. Mulgrew, asking for the union's position on natural immunity. [**Moody Ex. 5**]. **On September 2, 2021**, during a Town Hall, a member asked Mr. Mulgrew the following question: "*As someone who has had COVID and natural immunity has shown to be a better protector than the vaccine, why should I be forced to get a vaccine?*" [**Moody Ex. 11 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**].

103. **After the UFT Award was issued**, various unvaccinated employees like me attempted to seek exemptions or accommodations under the grounds of natural immunity, but they were not allowed to apply, their requests were denied, approved for a few weeks or not addressed at all. [**Moody Ex. 71, 80, 102 and 107 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. Given these circumstances, it is fair to conclude that similarly situated employees were discriminated against because of our perceived disability, to wit, COVID-19.

**THE UFT AWARD MANDATING COVID-19 VACCINES FOR DOE EMPLOYEES**

104. The Vaccine Mandate for DOE employees was implemented as a result of the UFT Award. https://www.uft.org/sites/default/files/attachments/DOC091021_%28003%29.pdf

105. **On September 10, 2021, Arbitrator Martin Scheinman issued the UFT Award for the 2021-2022 school year that set forth a two-stage process** for reviewing and making determinations on the employees' requests for medical and religious exemptions or accommodations. It also set four (4) major mileposts for employees who did not comply with the Vaccine Mandate or receive an exemption. **At the first stage,** a determination would be made by the DOE as an employer. **At the second level of review**, employees denied at the first stage could appeal to an independent arbitrator appointed by SAMS. **The procedures provided no options for appeal beyond SAMS level**. **On page 13 of the UFT Award,** Arbitrator Scheinman wrote: "*The process shall be deemed complete and final upon the issuance of an appeal decision. Should either party have reasons to believe the process set forth, herein, is not being implemented in good faith, it may bring a claim directly to SAMS for expedited resolution.*" [**Moody Ex. 1**].

106. It is inconceivable and unacceptable that **the UFT allowed the DOE to violate basic principles of law**, as provided in the UFT Award. For instance, Arbitrator Scheinman stipulated that a panel of arbitrators identified by his company SAMS had the final say on the employees' appeals for medical and religious exemptions or accommodations; that factual hearings shall take place, but that neither party shall be required to be represented by an attorney at the hearing; that cross-examination shall not be allowed; that appeal decisions shall be expedited without full opinion, and final and binding; and that the DOE shall cover all arbitration costs from SAMS under this process. This is a mockery and conflict of interest!

**The UFT Award Is Plagued With Procedural Errors and Legal Flaws**

107. **The UFT Award was issued on September 10, 2021 under a "constitutionally and contractually suspect" Health Order dated August 24, 2021** that was rescinded and amended on September 15 and 28 of 2021, but the UFT Award was not amended to reflect the changes stipulated in the ensuing Amended Health Orders, requiring vacatur.

https://www.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-vaccination-requirement-doe-2.pdf.
https://www.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-vaccination-requirement-doe-3.pdf

108. I believe the UFT Award was developed and implemented arbitrarily, capriciously and in bad faith, in contravention of **New York Civil Service Law § 209.3(f)** because it was a binding arbitration award not sanctioned by the statutes in school district impasse negotiations. Just to quote some irregularities: **The UFT Award was not signed by the parties**. It only has the signature of the arbitrator. **The UFT Award discriminates and retaliates against certain employees**. **The UFT Award excludes per diem employees** who work less than twenty (20) hours per week from applying for medical and religious exemptions or accommodations although they pay their union dues. **The UFT Award excludes employees who have no objections** as it only provides exemptions for those employees with medical and religious exceptions, and it places everyone else in unpaid status, without an opportunity to challenge the decision or be heard at all. **The UFT Award violates** the Due Process and Equal Protection Clauses of the Fourteenth Amendment, Title VII , New York State Constitution, New York State Human Rights Law, New York State Education Law, New York State Public Health Law, New York State Civil Service Law, New York City Human Rights Law and the DOE-UFT Contract, among others. **The UFT Award tramples upon the Constitutional freedom of religion** granted by the First Amendment as it requires that religious exemptions be documented in writing by a religious official, that requests shall be denied where the leader of the religious organization has spoken publicly in favor of the vaccines, and that requests shall be only considered for recognized and established religious organizations such as Christian Scientists. **The First Amendment** says that "*everyone in the United States has the right to practice his or her own religion, or no religion at all*."

**The Arbitrator Did Not Have Statutory And Contractual Authority To Issue An UFT Award That Violates Employees' Constitutional And Labor Rights**

109. Upon information and belief, Arbitrator Schienman did not have the power to issue an UFT Award that violates the constitutional and labor rights of the DOE employees, contractors and others.

**The Arbitrator Exceeded His Authority By Not Providing Exemptions And Due Process For Employees**

110. The due process procedures guaranteed by **New York Education Law §§ 3020 & 3020-a are curtailed by the UFT Award**. **Article 22 of the CBA (c)** states: "*[An] arbitrator shall limit his decision strictly to the application and interpretation to the provisions of this Agreement and he shall be without power or authority to make any decision: 1. Contrary to, or inconsistent with, or modifying or varying in any way, the terms of this Agreement or of applicable law or rules or regulations having the force and effect of law.*." State education laws demonstrate a desire to protect tenured teachers from being dismissed without a hearing once their competency has been demonstrated. See *Abramovich v Board of Education, 1978, 62 AD2d 252 [1978]*.

111. Arbitrator Scheinman made an error of law and acted against public policy by failing to guarantee the employees' due process rights. **The UFT Award mandating COVID-19 vaccines is irrational, arbitrary and capriciou**s because it did not provide due process for the employees before separation. It also allowed the employees to file a form created by the DOE which

includes a waiver of their rights to challenge their alleged "voluntary resignation." [**Moody Ex. 1**]. State education laws and the CBA prevent such an order that affects teachers' rights and prevents the UFT from bargaining away employees' rights without due process hearings to defend themselves pursuant to **New York Education Law § 3020**. The UFT was complicit.

112. In addition to state and city law violations, Arbitrator Scheinman trampled upon federal laws by excluding per diem educators and members who have no objections from applying for exemptions or accommodations. Specifically, he violated the Due Process and Equal Protection Clauses of the **14th Amendment to the United States Constitution, Section 1,** which states: "*No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws*." Moreover, **the UFT Award was issued pursuant to a "constitutionally suspect" Health Order** that was later repealed, but Defendants and Arbitrator Scheinman made no effort to amend the UFT Award, making it illegal and unenforceable.

113. Arbitrator Scheiman also exceeded his authority by not permitting employees to enter the school buildings, preventing them from performing their job, withholding their pay and allowing the DOE to unilaterally fire them without following the necessary procedure. **New York Education Law § 3020** provides in relevant part as follows: "*No person enjoying the benefits of tenure shall be disciplined or removed during a term of employment except for just cause and in accordance with the procedures specified in section three thousand twenty-a of this article or in accordance with alternate disciplinary procedures contained in a collective bargaining agreement covering his or her terms and conditions of employment…*"

**The Arbitrator Had No Power To Create A Condition Or Qualification Of Employment**

114. Arbitrator Scheinman made an error of law when he issued the UFT Award, as aforementioned. He exceeded his power by making an award that is "explicitly forbade" by state laws and the CBA because it apparently created an employment qualification that changed the terms of the CBA by imposing COVID-19 vaccines, a condition of employment that was not a permissible modification of the CBA since it was not agreed upon and ratified by the union membership. The term "qualification of employment" cannot be found in the UFT Award, Notice of Leave Without Pay or CBA. COVID-19 vaccine was not required when I was hired.

115. In their submissions to different proceedings, the DOE and UFT alleged that **Education Law § 3020-a** does not apply to unvaccinated employees because the Health Order mandating COVID-19 vaccines and subsequent UFT Award created an employment qualification to protect the public, not a disciplinary action. I strongly disagree. The public policy argument is incorrect. **Regarding Article 22 of the CBA**, the United State District Court for the Southern District of New York has held that "§ 3020(4)(a) authorizes the DOE and the UFT to enter into a collective bargaining agreement modifying the procedures set forth in § 3020-a" See *Adams v. N.Y State Educ. Dept, No. 08 Civ. 5996 [VM] [AJP], 2010 U.S. Dist. LEXIS 15635 [SDNY 2008]; Educ. Law § 3020 [4][a])*. **An arbitrator alone cannot change or modify the CBA**. Arbitrator Scheinman lacked authority to change the terms and conditions of employment for DOE employees and other City workers and businesses subject to contract bargaining

**The UFT Award Was Not Approved And Ratified By The Union Membership**

116. In my pleadings, I asserted claims against the UFT for breach of the duty of fair representation as its actions were arbitrary, capricious, discriminatory and undertaken in bad faith. Although **New York Education Law § 3020(4)(a)** authorizes the DOE and UFT to enter into a collective bargaining agreement, the result of collective bargaining and impasse arbitration (UFT Award) was not presented to the union membership for approval and ratification, as required by the CBA. **The UFT offered misleading guidance and failed to conduct meetings immediately following the issuance of the UFT Award** for purposes of explaining to me and other similarly affected employees the terms contained in the UFT Award. **Sending an email to the union members attaching the UFT Award was not sufficient**, especially taking into consideration that sometimes emails go straight to the spam rather than to the recipient's inbox.

117. **My claims about the legality and enforceability of the UFT Award, as well as for breach of duty of fair representation were validated by UFT Respondents** as they attempted to mislead and persuaded the Queens Supreme Court to dismiss my Order to Show Cause with a Temporary Restraining Order in Special Proceeding dated October 26, 2022 (Order to Show Cause). **On pages 10 of their Affirmation In Support of Cross-Motion to Dismiss dated November 13, 2022**, **UFT Respondents asked that,** according with the Martin rule, this action is deficient as a matter of law and should be dismissed against them because pursuant to longstanding law in New York State, **the Petition fails to allege that all members of this union approved and ratified the complained of actions**: "***50**. The New York Court of Appeals has made clear that an unincorporated organization cannot be sued unless it is alleged and proven that each member of the organization ratified the specific acts in question. See Martin v. Curran, 303 N.Y. 276 (1952). The Court of Appeals re-affirmed this well settled interpretation of the New York General Associations Law and common law in a breach of the duty of fair representation case in Palladino v. CNY Centro, Inc., 23 N.Y.3d 140 (2014). In Palladino, the Court affirmed the decision of the Appellate Division of the Supreme Court in the Fourth Judicial Department to dismiss the union member's claim against his union on the grounds that he had failed to prove that each of the union's members had "authorized or ratified the alleged wrongful conduct", as required by Martin, supra. Palladino, 23 N.Y.3d at 147.,, **51.** Plaintiff has failed to allege and cannot allege that each and every one of the UFT's approximately 183,000 members authorized or approved of the conduct she is challenging…. **53***. Further, a cause of action for breach of the duty of fair representation must be predicated upon actions which are arbitrary, discriminatory, or undertaken in bad faith. See *Ahrens v. New York State Pub. Employees Fed'n., 203 A.D.2d 796 (3d Dep't 1994)*." **A copy of the UFT's Cross-Motion to Dismiss with Exhibits is collectively annexed as Exhibit "D" to the UFT's Position Statement dated February 9, 2024.** Accordingly, the UFT Award is illegal and unenforceable.

**The Arbitrator Was Not A Neutral Party**

118. The UFT Award raises concerns of conflict of interest, ethics, impartiality and transparency between the arbitrator and City officials. Arbitrator Scheinman has fundraised for Mayor Bill de Blasio, as per an invite dated **October 3, 2013**.

119. Arbitrator Scheinman's independence is belied by a 2013 campaign fundraiser invitation which states: "*Laurie & Marty Scheinman…cordially invite you to an event in support of Bill de Blasio Democratic Candidate for Mayor of NYC Thursday, October 3, 2013 6:30pm-8:30pm*

*Scheinman Residence 225 Fifth Avenue, Apt 2J, New York, NY.*" [**Moody Ex. 2 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. This invitation was sent to big donors in support of then Mayoral candidate Bill de Blasio, who later created an agreement that enforced the Vaccine Mandate on me and tens of thousands of other employees.

120. There are allegations of ethics and conspiracy between Health Commissioner Chokshi and Arbitrator Scheinman regarding COVID-19 vaccines, fetal cells and religious exemptions. **On September 21, 2021**, Health Commissioner Chokshi addressed a letter to Arbitrator Scheinman about the use of fetal cells in the production of the COVID-19 vaccine. He wrote: "*Some people have expressed concerns about the use of fetal cells in the development and production of the COVID-19 vaccines*." [**Moody Ex. 98 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. Despite Health Commissioner Chokshi and Arbitrator Scheinman being aware that pro-life employees were hesitant toward COVID-19 vaccines, they colluded to violate their religious beliefs and practices.

121. An inference of conflict of interest and uncommon ties can be drawn among the government, big pharma and labor unions' investments in pharmaceutical companies that have developed and distributed the COVID-19 vaccines such as Merck, Johnson & Johnson, Moderna and Pfizer. There are reports alleging that the Teachers' unions may be profiting from big pharma at the expense of their members. [**Moody Ex. 95 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. Furthermore, it is documented through multiple media outlets that the Teachers' union has influenced the CDC and pushed vaccination for DOE staff.
https://artvoice.com/2019/06/10/nys-teachers-pension-fund-tied-to-vaccine-manufacturers/
https://twitter.com/FoxNews/status/1509133335901007876?ref_src=twsrc%5Etfw
https://www.edweek.org/policy-politics/lawmakers-press-cdc-about-teachers-union-influence-on-school-reopening-guidance/2021/05
https://www.youtube.com/watch?v=hDLZ9YDjCS

**The UFT Award Became The Basis For Similar Awards And Agreements For Unions**

122. T**he DOE and UFT violated New York Civil Service Law § 209.3.(f)** by agreeing to convert the mediation into an illegal binding arbitration instead of referring the case to the Fact-Finding Board for resolution of the dispute over the implementation of the vaccine mandate. By this action, the UFT enabled the imposition of COVID-19 vaccines upon All City employees, contractors and others since **the UFT Award became the basis for similar awards and agreements with other unions** such as the Council of School Supervisors and Administrators (CSA Award) and District Council 37 (DC 37 Agreement). **A declaration vacating the UFT Award is necessary** to correct the adverse employment actions against public employees, contractors and other affected parties.

**The UFT Failed To Challenge The UFT Award**

123. There is undisputed evidence demonstrating the UFT failed to fully inform employees about the terms and conditions related to the UFT Award, as well as to how to challenge its "constitutional imperfections" despite the outcry for help on the part of DOE employees like me.

124. **The constitutional imperfections contained in the UFT Award were not corrected after the Second Circuit's November 14, 2021 Order** concerning the unconstitutional nature of the Accommodation Standards contained in the UFT Award, and it was made clear that, in addition

to Plaintiffs, the DOE was committed to allowing all other affected employees the opportunity to submit new religious exemption applications to the Central Citywide Panel for a fresh review. **The UFT failed to demand that the UFT Award be amended** to reflect those changes on at least religious grounds, or to **file an Article 75 proceeding**. In addition, the UFT failed to advise the employees to apply or reapply for a religious exemption or accommodation. **The UFT also failed to bring a claim directly to SAMS** for expedited review upon the employees denouncing the irregularities of the Accommodation Standards to request exemptions or accommodations, as provided **on page 13 of the UFT Award**: "*The process shall be deemed complete and final upon the issuance of an appeal decision. Should either party have reasons to believe the process set forth, herein, is not being implemented in good faith, it may bring a claim directly to SAMS for expedited resolution.*" [**Moody Ex. 1**]. Moreover, **the UFT failed to file legal action upon the expiration of the UFT Award on June 30, 2022,** as provided **on page 7 of the UFT Award**: *"This process shall be in place for the 2021-2022 school year and shall only be extended by mutual agreement of the parties*." **On September 12, 2021**, the duration of the UFT Award was validated by Mr. Mulgrew's email to the UFT members that in part reads: "*This agreement is in effect for this school year only. Any disputes will be resolved through the union's operational issues process except for those involving money, which will be handled through the regular grievance process*." [**Moody Ex. 8**]. **On June 30, 2022**, I sent an email to Mr. Mulgrew asking him to file a grievance on the expired UFT Award**.** [**Moody Ex. 27**]. **On July 11, 2022,** Mr. Campbell sent me an email admitting that the UFT expired on June 30, 2022: "*The Scheinman arbitration award applies to the 2021-22 school year. As we have stated, the process determined by the arbitrator in that decision cannot be grieved. That is still true today. The DoE has yet to issue it's policy regarding the vaccine mandate or possible accommodations for the 2022-23 school year. The UFT is continuing to challenge the DoE's decision to remove employees from payroll without due process through the courts.*" [**Moody Ex. 27**]. **On July 13, 2022**, I responded to Mr. Campbell's email expressing my disagreement with the UFT's decision not to file a grievance, as per my request on June 30, 2022. [**Moody Ex. 27**]. Although my request involves money, which is "*handled through the regular grievance process*," the UFT declined to advance my grievance to the Chancellor, arbitration or SAMS levels, in violation of the provisions of the Taylor Law, CBA and UFT Award. Once again, Defendants failed to act. The actions of my employer, my union and their representatives were irrational, capricious, arbitrary and in bad faith, which constitute a flagrant dereliction of duty of fair representation and to bargain in good faith.

**Plaintiff Challenged The UFT Award**

125. I challenged the UFT Award soon after it was issued. I questioned the procedure for medical and religious exemptions or accommodations. I alerted the UFT and DOE about the irregularities of the process established by the UFT Award to apply and appeal the denials. I also requested that corrective actions be taken. **On October 12, 2021**, I sent the following email to Ellie Engler (Executive Assistant to the UFT President) and other UFT officials: "*Based on the medical information and arguments I have submitted in support of my application for a Medical Exemption, I insist in challenging the legality of the DOE-UFT Agreement reportedly reached on September 10, 2021 via an Arbitrator. I believe the Arbitration proceeding is faulty, requiring vacatur. It is my impression that the DOE and UFT did not act in good faith by excluding Natural Immunity as a ground for exemption, in disregard of the available data and scientific studies showing that Natural Immunity is fundamental in achieving herd immunity for*

*COVID-19. With all due respect, I feel that the UFT failed to fairly represent the members, specifically the ones who have Natural Immunity, like in my case. Please be reminded that I brought this issue to the attention of the UFT on August 28, 2021 via email, before the DOE-UFT Agreement was reached and the COVID-19 Vaccine Mandate took effect. Thus, I am seeking remedy*." [**Moody Ex. 7**]**. On October 29, 2021,** I sent an email to DOE Chancellor Porter that in part reads: "*Based on the medical information and arguments I have submitted to the DOE and UFT in support of my application for a Medical Exemption, I would like to challenge the legality of the DOE-UFT Agreement reportedly reached on September 10, 2021 via an Arbitrator. I believe the Arbitration proceeding is faulty, and it needs to be vacated.*" [**Moody Ex. 7**].

**The UFT Award Was Not Extended By The Parties After Its Expiration**

126. **The Scheinman Award expired on June 30, 2022. On page 7 of the UFT Award**, Arbitrator Scheinman wrote: "*This process shall be in place for the 2021-2022 school year and shall only be extended by mutual agreement of the parties*." [**Moody Ex. 1**]**. Considering that the UFT Award was not extended by the parties, all public employees should have been reinstated effective July 1, 2022**.

**PROCEDURES FOR APPLYING FOR EXEMPTIONS/ACCOMMODATIONS TO THE VACCINE MANDATE AND APPEALING THE DENIALS**

127. The procedures for applying for exemptions or accommodations and appealing the denials are outlined on **pages 6-13 of the UFT Award**. Sections A, B, C, D and E address medical and religious requests. Sections F, G, H, I, J, K and L deal with appeals.

128. Pursuant to the terms of the UFT Award, an initial determination of eligibility for a medical or religious exemption or accommodation was to be made in writing, and in the event of a denial, the denial was to include a reason for the denial. [**Moody Ex. 1, page 10**]. An appeal of a denial of eligibility for a medical or religious exemption or accommodation under the criteria of the UFT Award needed to be made in SOLAS to the DOE within one (1) school day of the initial eligibility determination. [**Moody Ex. 1, page 10**]. The appeal was to be heard by a Panel of Arbitrators identified by SAMS, who were to issue a decision on the appeal based on the documents submitted or hold an expedited (virtual) factual hearing. [**Moody Ex. 1, page 11**]. If the Panel Arbitrator requested a factual hearing, at the hearing the DOE employee requesting the exemption or accommodation could elect to be represented by a union representative. [**Moody Ex. 1, page 11**]. Appeal decisions were to be issued by the Panel Arbitrator. All appeal decisions were to be expedited without full opinion, and final and binding. [**Moody Ex. 1, page 11**]. The exemption or accommodation process was deemed complete and final upon the issuance of an appeal decision. [**Moody Ex. 1, page 13**].

**The Established Standards To Apply For Religious Exemptions Or Accommodations Pursuant To The UFT Award Were Discriminatory, Promoted Differential Treatment And Violated Due Process**

129. According to the United States Constitution, the government has an obligation to treat all citizens equally, as well as to guarantee due process when someone is denied "life, liberty, or

property." On the other hand, the employers and unions have an obligation to protect the rights of the employees.

130. Without support for their positions at all, the City and DOE argued that employees were granted due process, relying heavily on the argument that there was a procedure to seek exemptions or accommodations to the Vaccine Mandate. However, the established two-stage process for employees who applied for medical and religious exemptions or accommodations, as well as for those who did not apply for various reasons, failed to meet the minimum standards of law. The process to request exemptions or accommodations was a sham and a travesty of justice, as it will be further explained below.

131. **On page 9 of the UFT Award**, Arbitrator Scheinman stipulated that "*Religious exemptions for an employee to not adhere to the mandatory vaccination policy must be documented in writing by a religious official (e.g., clergy). Requests shall be denied where the leader of the religious organization has spoken publicly in favor of the vaccine, where the documentation is readily available (e.g., from an online source) or where the objection is personal, political, or philosophical in nature. Exemptions requests shall be considered for recognized and established religious organizations (e.g., Christian Scientists).*"
https://www.uft.org/sites/default/files/attachments/DOC091021_%28003%29.pdf.

132. **On September 24, 2021**, Mayor Bill de Blasio "*imposed a strict policy on DOE employees who must show proof of at least one dose of a COVID19 vaccine by the end of Monday, September 27th. After legal challenges by unions representing DOE workers, the city was forced to carve out exemptions for medical or religious reasons. De Blasio has said the religious exemptions would also be limited to "two well-established religions, Christian Science and Jehovah's Witnesses, that have a history on this, of a religious opposition.*" [**Moody Ex. 10**].
https://gothamist.com/news/city-grants-vaccine-mandate-exemptions-hundreds-public-school-employees.

133. As a **Catholic,** I was not eligible to apply for a religious exemption before the deadline as I did not meet the criteria established by Arbitrator Scheinman and Mayor Bill de Blasio. Following the Second Circuit's November 14, 2021 decision in the *Michael Kane, et al v. Bill De Blasio, et al; Matthew Keil, et al v. The City of New York, et al* that successfully challenged the UFT Award on constitutional grounds, employees like me felt encouraged to apply for a religious exemption.

134. **The UFT permitted the DOE to implement a tainted process for the requests of exemptions or accommodations** that allowed my placement on unpaid leave and subsequent termination while a decision on my requests/appeals for a medical exemption was pending. The UFT did not demand that the DOE process my requests for a religious exemption and to work remotely. When I asked for a 3020-a Hearing, the UFT failed to demand that the DOE process my request.

135. Upon information and belief, **per diem, untenured and employees with no objections** were also subject to disparate treatment by not allowing them to apply for medical and religious exemptions or accommodations despite being unionized, being one of those pedagogues is Mrs. Maria Abicca. [**Moody Ex. 80 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. Another group subjected to differential treatment is the one of the untenured educators as they were not entitled to a 3020-a hearing. Employees with no objections to the vaccine

mandate were denied their right to be heard because the UFT Award and Mayor Bill de Blasio established a process that failed to provide them with options to present their reasoning. **Those employees were also denied due process pre- and post-termination,** in contravention of the law, which entitles them to reinstatement and compensation, including back pay.

**The Process To Appeal The Denials Of Religious And Medical Exemptions Or Accommodations Was Unreasonable**

136. A robust process for appeals was not made available to me and similarly situated employees. **I was not provided with specific instructions on how to appeal the denials and SOLAS was defective**. My requests were denied without a hearing conducted by an independent arbitrator identified by SAMS or the Central Citywide Panel established following the Second Circuit's November 14, 2021 Order in the *Kane* case. **The decisions denying requests were general statements such as "Your application has failed to meet the criteria for a religious based accommodation,**" without taking into consideration the particularities of each case, as per the determinations shared with me by other employees. [**Moody Ex. 67 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**].

137. I would like to highlight the case of **Home Instruction Teacher Elizabeth Loiacono**. The Supreme Court of the State of New York ruled in her favor as she sought to annul DOE's determination denying her religious exemption. [**Moody Ex. 88 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. The Court found that Ms. Loiacono was entitled to a religious exemption from the COVID-19 vaccine mandate based on the particularities of her case. She was reinstated with backpay and other benefits. See *Elizabeth Loiacono v. The Board of Education of the City of New York, et al, Index No. 722995/2022, NYSCEF Doc. # 2, Ex. 55, 1*.

138. **On August 6, 2025**, the Second Department Appellate Division ruled in favor of Teacher Jennifer LaBarbera after being denied a religious exemption from being vaccinated against COVID-19. The Second Department gave little support to the lawless waiver provided by the DOE in 2021. She was reinstated with backpay and other benefits.
https://advocatz.com/2025/08/09/teacher-wins-her-backpay-and-religious-exemption-in-the-second-department-appellate-division/

**The Allotted Time To Apply For Medical And Religious Exemptions Or Accommodations And To Appeal The Denials Was Unreasonable**

139. No ample notice and time were provided to notify DOE employees about the Vaccine Mandate, as well as to process applications and appeals on their requests for exemptions or accommodations. According to the UFT Award, exemptions or accommodation requests were due on September 20, 2021. The DOE was required to make a decision on all of the requests on September 23, 2021 and any appeals of those denials were to be decided by September 25, 2021. [**Moody Ex. 1**]. **Fifteen (15) days from the issuance of the UFT Award,** notification of the Vaccine Mandate to the employees, filing of their requests and issuance of appeal determinations was insufficient to meet the constitutional minimum of due process of law. Given this strict timeline, unvaccinated employees were not given enough time to gather the required documentation and were not afforded the opportunity to be heard at a meaningful time and in a meaningful manner by qualified personnel. Pursuant to federal, state and city laws, it is common practice to require that a demand or service of a written notice be given at least seven (7) days

before any proceeding is initiated against any individual, unless there is a waiver, consent or written agreement which indicates otherwise.

The UFT abdicated its duty to its members, including me, by not assisting us in the filing of exemptions, pursuing a claim before SAMS for improper implementation or filing an Article 75.

140. **The UFT abdicated its duty to its members, including me, by not assisting in filing exemptions, pursuing a claim before SAMS or court of law on the grounds of the strict timelines,** an indicator that the Scheinman Award was not being implemented in good faith. The UFT allowed the DOE to unlawfully place me on LWOP and subsequently terminated me without due process; declined to advance my Step 1 Grievance on LWOP to the Chancellor level; failed to file an Article 75 proceeding in state court to compel compliance with the UFT Award; and failed to file a grievance on the expired UFT Award, among other neglectful actions.

**Plaintiff's Application For A Medical Exemption**

141. After legal challenges by MLC and its constituent unions, the City was forced to carve out exemptions for medical and religious reasons. Thus, I applied for medical and religious exemptions.

142. **The application process to apply for exemptions or accommodations is described on pages 7-10 of the UFT Award**. As per instructions **on page 7 of the UFT Award**, "*Any requests to be considered as part of this process must be submitted via the SOLAS system*" in order to be processed by the DOE. https://www.uft.org/sites/default/files/attachments/DOC091021_%28003%29.pdf.

143. According to the UFT Award, DOE employees were given ten (10) days to gather and submit the required documentation in support of their requests for medical and religious exemptions or accommodations, to wit, September 20, 2021. It was insufficient time. **Obtaining documents to apply for medical and religious exemptions or accommodations during the peak of the COVID-19 pandemic was extremely hectic**. As per existing COVID-19 rules, people seeking for reasonable accommodations were subjected to restricted schedules and wait times, based on availability. Walk-ins were not allowed.

144. In their submissions, **the DOE and UFT claim that my application for a medical exemption was late**. Such an allegation is meritless. The record shows that **I properly notified DOE and UFT officials that I needed an extension of time, and it was granted. I was instructed to apply and even re-apply.** [**Moody Ex. 7, pages 17/27, 24/17**]. My claims and arguments are supported by the evidence in the record. DOE and UFT officials should use their common sense and be agreeable to the claims in my Amended Complaint rather than colluding themselves and misleading the Court to rule against me in their attempts to obstruct justice.

145. Following the issuance of the UFT Award, I informed the Ms. Kim Hill (PS 95Q Principal) and Ms. Sheryl Dixon (UFT Representative) that I was in the process of getting the documentation to apply for a medical exemption under the grounds of natural immunity, and that I needed an extension of time for that purpose. I was required by my Primary Care Physician to make an appointment prior to completing my paperwork. I had to wait until an appointment was available to see my doctor, take my antibody test and get the results. I also notified Ms. Engler and other DOE-UFT officials while I was awaiting the results of my antibody test, and they instructed me to do so.

146. **On September 23, 2021,** I sent the following email to Ms. Engler and other UFT officials (including Mr. Mulgrew): "*On September 21, 2021, I underwent a SARS-COV-2 ANTIBODY TEST. I received the result of the test on September 22, 2021, which shows positive antibody. On September 23, 2021, I spoke with my Primary Care Physician regarding my immunity status, and she confirmed the test result. In addition, I underwent a COVID 19 TEST (POCT SARS-COV-2 REALTIME) on September 10, 2021. I received the result of the test on the same date, which reveals a negative status for COVID-19. I am attaching the results of both tests for your perusal and verification. Please take notice that the medical information contained in the attachment is CONFIDENTIAL. In light of the above, I am going to apply for a Medical Exemption for Vaccination. Please be advised that I have already notified the Principal at PS 95Q about my intention*." **On September 23, 2021 at 1:45 PM**, Ms. Engler sent me the following email: "*Ok, apply for an exemption.*" [**Moody Ex. 7, page 24/27**].

147. **On September 23, 2021**, I applied for a medical exemption under the grounds of natural immunity via SOLAS, as previously agreed and instructed by DOE and UFT officials. [**Moody Ex. 7, page 24/27**]. With my request, I filed laboratory tests showing that I had natural immunity in the form of antibodies and that I regularly tested negative for the virus**.** [**Moody Ex. 18 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. HR Connect officially **accepted and acknowledged receipt of my application**. [**Moody Ex. 17 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**].

148. **On September 23, 2021**, HR Connect sent me a confirmation email that in part reads: "*Dear AURA MOODY, Thank you for submitting your application online! Type of Application: COVID-19 Vaccine Related Exemption or Accommodation Application Communications: During your application process, all communications will be sent to your DOE e-mail account. You must continue to check your DOE e-mail, even if you listed a different preferred email address.*" [**Moody Ex. 17 of Charging Party's Rebuttal to UFT's Position Statement**].

149. **According to the provisions in Section E of the UFT Award**, "*The initial determination of eligibility shall be made by the staff of HR Connect, the Office of Equal Opportunity, and the Office of Employee Relations*." [**Moody Ex. 1, pages 9-10].**

150. **On September 24, 2021,** HR Connect officially **rendered a decision on my application for a medical exemption.** It was denied for the following reason: "*Antibodies alone are not a reason not to get the vaccine*." [**Moody Ex. 11**]. If the DOE and UFT had deemed my application to be out of time, the reason for the denial would be "*lateness or applied after the deadline*." Defendants' claims that my application for a medical exemption was late, are unreasonable and cannot stand. HR Connect issued a decision with a reason other than lateness.

**Plaintiff's Determination Notice of Medical Exemption Application Was Legally Deficient**

151. HR Connect's September 24, 2021 Determination denying my application for a medical exemption was deficient as to notification and authentication. **The determination did not have the names/signatures and credentials of the person(s) who made the decision, and it did not provide information about appeal as a matter of right**. It was not supported by scientific data and conclusions of law. It only said "*Your application was reviewed in accordance with applicable City, State, and Federal laws*." [**Moody Ex. 11**].

**SOLAS Was Defective As It Did Not Have An Option To Appeal Under The Drop-Down Menu**

152. According to the instructions **on page 10 of the UFT Award**, "*If the employee wishes to appeal a determination under the identified criteria, such appeal shall be made in SOLAS to the DOE within one (1) school day of the DOE's issuance of the initial eligibility determination.*" https://www.uft.org/sites/default/files/attachments/DOC091021_%28003%29.pdf. Notwithstanding, SOLAS was defective as it did not have an option to appeal under the drop-down menu. [**Moody Ex. 1**].

**Plaintiff Brought The Issue Of SOLAS Glitch To The UFT And DOE In A Timely Manner**

153. The UFT abdicated its duties to its members after receiving numerous complaints, including from me, that the system to submit requests for exemptions or accommodations, SOLAS, contained glitches, and ignored to take corrective actions.

154. **On October 3, 2021**, I sent an email to Ms. Engler and others: "*Please be advised that on October 1, 2021, in the morning, I submitted a statement requesting an appeal via SOLAS. I had to do that because the Website does not have an option to file an appeal but to submit a new application. I checked my emails before I left the school building on that date, but I did not see a response. It appears that on October 2, 2021, the DOE issued a determination on my request for an appeal by denying my COVID-19 Vaccine Medical Exemption Application for the following reason*." **On October 6, 2021**, I sent another email to UFT officials, which in part reads: "*... Attached please find a copy of the letter that I addressed to HR Connect on October 6, 2021. I am not including the Notice of Leave Without Pay issued on October 2, 2021 and the result of the COVID-19 test dated October 5, 2021 because I had already submitted those documents to you on October 3rd and October 5th. I submitted my letter and attachments via SOLAS. There was no option for appeal so I uploaded the documents under the category of New Application*." [**Moody Ex. 11**]. **On October 29, 2021**, I sent an email to Chancellor Porter, which in part reads: "*Please be advised that I have no access to my DOE email account. Therefore, I am sending this correspondence via my personal email. I am looking forward to an expeditious resolution to this matter*." [**Moody Ex. 16**].

155. Upon information and belief, **the DOE failed to update the SOLAS system** to include the appeal option and/or provide the employees with guidance on how to proceed in lieu of the deficiencies in the drop-down menu despite timely notification. Other employees were unable to appeal the denials of their requests for exemptions or accommodations because of the SOLAS glitch. [**Moody Ex. 80 and 102 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. None of the affected employees should be penalized for Defendants' failures to act.

**Plaintiff's Appeal Of The Denial Of Application For A Medical Exemption**

156. **The appeal process is described on pages 10-13 of the UFT Award.** [**Moody Ex. 1**]. According to **page 11, Section I of the UFT Award**: "*While an appeal is pending, the exemption shall be assumed granted and the individual shall remain on payroll consistent with Section K below*." https://www.uft.org/sites/default/files/attachments/DOC091021_%28003%29.pdf.

157. Following the denial of my initial application for a medical exemption, I submitted other requests that were meant to be appeals, but they were processed as "New Applications."

158. **On September 26, 2021**, I sent the following email to Ms. Engler and other UFT officials: "*Good morning All: On September 24, 2021, the Principal at IS 238Q told me that he had been informed by the DOE that I had not submitted my vaccine passport. I advised him that I had already filed for a medical exemption under the grounds of Natural Immunity, and I showed him the email acknowledging receipt of my application*." [**Moody Ex. 7, pages 22/27**].

159. **On September 27, 2021, October 1, 2021 and October 6, 2021, I appealed the denials** of my applications for a medical exemption by uploading letters under "New Application" because there was no option to appeal under the drop-down menu in SOLAS. [**Moody Ex. 23 and 29 of Charging Party's Rebuttal to UFT's Position Statement to EEOC; Moody Ex. 12, 14**].

160. **On September 27, 2021,** I sent an email to Ms. Engler: "*I am kindly requesting that you forward my letter to HR Connect and/or the DOE on my behalf since I have not been provided with the contact information to file my appeal. A copy of this letter is to be given to Mr. Michael Mulgrew.*" **On September 28, 2021**, I sent the following email to Ms. Engler and other UFT officials: "*Can you please provide with eye contact information or link so I can file my appeal, as stressed in my letter addressed to HR Connect on September 27, 2021?*" [**Moody Ex. 7**].

161. **On September 28, 2021**, Ms. Engler sent me the following email: "*Hi there. This is next steps for you… "She applied after the deadline and therefore is not eligible for an appeal. If she would like to reapply with any new documentation she has she may do so.*" [**Moody Ex. 7, pages 17/27**]. **I never received any correspondence from DOE officials stating that I applied late**. Ms. Ellie was the person who informed me that the DOE had deemed my application for a medical exemption as untimely. Ms. Engler's email debunks Defendants' claim that my application was late, taking into consideration that **I was instructed to reapply, and I complied**.

162. **On September 30, 2021,** HR Connect denied my appeal/application alleging that "*Post-COVID condition is not sufficient (e.g. outside isolation period)*." [**Moody Ex. 25 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. **On October 1, 2021**, I appealed/applied for a medical exemption again. **On October 3, 2021**, HR Connect denied my appeal/application for the following reason: "*Defer to ODA*." [**Moody Ex. 28 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. **On October 6, 2021**, I addressed a letter to HR Connect about my placement on LWOP and applications/appeals for a medical exemption. I asked that the DOE make accommodations for me to work remotely pending a decision on appeals. [**Moody Ex. 14**]. **On October 13, 2021**, HR Connect denied my application/appeal for a medical exemption alleging that "*Insufficient medical documentation to determine if there is valid reason to defer or delay vaccination.*" [**Moody Ex. 15**].

163**. The denial of my requests for a medical exemption was arbitrary, capricious and an abuse of discretion**. The DOE did not follow their own internal procedures for the processing of my requests, whereas the UFT failed to demand compliance. **All requests were denied without a hearing, and I was not engaged in cooperative dialogue,** in violation of the City's EEO Policy. The DOE's claim that my application for a medical exemption was late is irrational. **All my applications/appeals were processed and denied for reasons other than lateness**, as aforesaid. Moreover, the DOE and UFT ignored the fact that the deadline to was extended by Health Commissioner Chokshi: "*require that any proof of vaccination previously required to be provided by September 27, 2021, now be provided no later than October 1, 2021,*" as per his **Amended Health Order issued on September 28, 2021.**

**Plaintiff Did Not Receive An Appeal Determination Issued By The Panel Of Arbitrators Or Central Citywide Appeals Panel**

164. According to **page 13 of the UFT Award**, the process for review and determination of requests for medical and religious exemptions to the Vaccine Mandate shall be deemed complete and final upon the issuance of an appeal decision by the Panel of Independent Arbitrators identified by SAMS. https://www.uft.org/sites/default/files/attachments/DOC091021_%28003%29.pdf.

165. **On October 13, 2021, HR Connect issued a final decision** on my medical exemption appeal. [**Moody Ex. 15**]. **The decision was not rendered by the Panel of Independent Arbitrators or Central Citywide Appeals Panel** that was established following the decision of the Second Circuit issued on November 14, 2021. **The final determination was issued by HR Connect at the DOE level.** My requests for the DOE to allow me to examine the documentation that was used as part of the application/appeal process and for a factual hearing fell on deaf ears. **I was not contacted by any member of HR Connect, the Panel of Independent Arbitrators or Central Citywide Appeals Panel** assigned to hear my appeals to request that I submit additional documentation. It appears that they did not request information from the City or DOE Doctors either. The provisions **on page 11 of the UFT Award** that "*While an appeal is pending, the exemption shall be assumed granted and the individual shall remain on payroll*" were disregarded. **I was to remain on payroll pending a final decision on my applications/appeals instead of being improperly placed on LWOP**.

166. I question the UFT Award provision that while an application/appeal is pending "**in no event the individual shall be required/permitted to enter a school building while unvaccinated,**" **as long as the vaccine mandate is in effect**. Such employees may be assigned to work outside of a school building (e.g., at DOE administrative offices) to perform academic or administrative functions as determined by the DOE while the exemption and/or accommodation is in place. This provision makes no sense since the students were not required to be vaccinated.

**Plaintiff Was Not Engaged In Cooperative Dialogue As Required By The EEO's Policy**

167. The DOE violated the City's EEO Policy that requires that an agency engage in cooperative dialogue with the employees who request exemptions or accommodations. As per this policy, an agency's EEO Officer and/or Disability Rights Coordinator evaluates the request and engages the employee in cooperative dialogue to assess the employee's accommodation needs and explore ways to meet those needs in a way that does not cause an undue hardship for the agency. The agency's EEO Office must notify the employee within thirty (30) days of the conclusion if the request was granted or denied.
https://www.civilservicetechnicalguild.org/file/11114/download?token=ryghCCHY.

168. In his Affirmation in Opposition of Plaintiffs' Application for a Preliminary Injunction in the case _MLC, et al v. City of New York, et al_ regarding the COVID-19 Vaccine Mandate and the process for applying for medical and religious exemptions for all City agencies and employees dated **February 9, 2022**, **Eric Eichholtz** (Chief Assistant Corporation Counsel for Employment Policy) **testified that the City has an obligation to provide reasonable accommodations** to qualified employees with disabilities and those whose sincerely held religious belief, practice, or observance conflicts with a work requirement, unless to do so would cause undue hardship or

prevent a direct threat. [**Moody Ex. 62 of Charging Party's Rebuttal to UFT's Position Statement**]. **I was not engaged in cooperative dialogue,** in contravention of the EEO Policy.

**The DOE Blocked Plaintiff's Email Account While Placed On LWOP**

169. **On October 15, 2021, the DOE blocked my email account** without notification. On the same date, I sent the following email to Ms. Engler and other UFT officials: "*Please be informed that I do not have access to my DOE emails. Earlier this morning (October 15, 2021), I called the IT Department and spoke with Mr. Remy. He told me that it appears that access to my account has been blocked*." [**Moody Ex. 7, page 7/27**]. **On October 29, 2021**, I sent an email to Chancellor Porter, which in part reads: "*Please be advised that I have no access to my DOE email account. Therefore, I am sending this correspondence via my personal email. I am looking forward to an expeditious resolution to this matter. Thank you for your time and consideration*." [**Moody Ex. 16**]. **On November 19, 2021**, I addressed a letter to Chancellor Porter, which in part reads: "*Please note that I have been unable to access my DOE email account since October 15, 2021. Therefore, I am sending this correspondence via my personal email instead of SOLAS."* [**Moody Ex. 17**]. **On November 21, 2021,** I sent a letter to Chancellor Porter, which in part reads: "*Please be advised that I have been unable to access my DOE email account since October 15, 2021. Therefore, I am sending this correspondence via my personal email instead of SOLAS*." [**Moody Ex. 18**].

170. **My DOE email account was not restored despite timely notification to the UFT and DOE**. **I was not served with a Final Notice of LWOP or Notice of Employment Termination**, documents that were reportedly sent to DOE employees via email.

**Plaintiff's Request For A Religious Exemption**

171. **Arbitrator Scheinman and Mayor Bill de Blasio marginalized and discriminated against the religious beliefs** of employees who have religious objections to the vaccine mandate by establishing that requests be documented in writing by a religious official and that requests only be considered for certain religions, as aforesaid. [**Moody Ex. 1, page 9; Moody Ex. 10**].

**Plaintiff's Application For A Religious Exemption**

172. **On November 19, 2021**, I addressed a letter to Chancellor Porter informing her about my intention to apply for a religious exemption. [**Moody Ex. 17**]. **On November 21, 2021**, I applied for a religious exemption by sending a letter to Chancellor Porter and other DOE and UFT officials via my personal email. I stated that **I was unable to file my application via SOLAS because my DOE email account was blocked on October 15, 2021**. [**Moody Ex. 18**].

173. **On page 6 of its Position Statement**, **the UFT misled the EEOC by claiming that my application for a religious exemption was not properly filed since I failed to submit it on time and via the SOLAS system**, which I dispute. What the union failed to say is that I was not eligible to apply for a religious exemption before the initial deadline because I did not meet the criteria established by the UFT Award and Mayor Bill de Blasio, who excluded Catholics. Following the Second Circuit's November 14, 2021 decision, the DOE agreed to extend this same relief to similarly situated DOE employees who were not named Plaintiffs, thus affording them the ability to also make a religious exemption application request to the Central Citywide Panel for "fresh consideration." See *Kane v de Blasio, 21-cv-7863, and Keil v. de Blasio,*

*21-cv-8773, 19 F. 4th 152 at 162, 170, 172-173, (2d Cir 2021)*. I was unable to submit my application in SOLAS because the DOE blocked my email account on October 15, 2021.

**Plaintiff's Application For A Religious Exemption Was Not Processed**

174. As per the instructions **on page 10-11 of the UFT Award,** "*The determination of eligibility for an exemption or accommodation shall be expedited and in writing*." [**Moody Ex. 1**]. However, **I did not receive a decision from HR Connect, the Panel of Independent Arbitrators identified by SAMS or Central Citywide Appeals Panel** despite my inquiries.

175. **On page 8 of its Affirmation in Support of Respondent's Motion to Dismiss dated March 21, 2022, the UFT acknowledged that the DOE never responded to my application for a religious exemption** to the Vaccine Mandate. [**UFT's Position Statement, Exhibit "B"**]. I was to remain on payroll as my application for a religious exemption was assumed to be granted, as per the provisions **on page 11 of the UFT Award**: "*While an appeal is pending, the exemption shall be assumed granted and the individual shall remain on payroll*."

**Plaintiff Was Not Required To Work In-Person During The 2021-2022 School Year**

176. **As a school-based Social Worker**, I was involved in the process of evaluating and making placement recommendations for children who have special needs or disabilities and require special education services. I mostly worked with the parents/guardians of those children. Thus, my **position did not absolutely require close contact with the population I worked with.**

177. The Special Education Standard Operating Procedures Manual (SOPM) is a "living" resource that provides the schools and personnel with the procedural framework necessary to develop supportive, inclusive education programs citywide, based on each student's individual needs. It is updated on an ongoing basis to remain current and comprehensive at all times.
https://infohub.nyced.org/docs/default-source/default-document-library/specialeducationstandardoperatingproceduresmanualmarch.pdf?sfvrsn=4cdb05a0_2

178. **In mid-late September 2021**, the DOE issued a Special Education Guidance for the 2021-22 School Year outlining policies and best practices when holding **remote meetings** such as Social Histories, Social History Updates, Individualized Education Programs, Manifestation Determination Reviews, Behavior Intervention Plans, Suspension Plans, Initial Referrals, Requests for Initial Referrals, Reevaluations and Mandated Three-Year Reviews. [**Moody Ex. 16 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**].
https://www.uft.org/teaching/students-disabilities/special-education-guidance-2021-22-school-year.

179. **On September 23, 2021**, **the DOE and UFT signed a Memorandum of Agreement** (MOA) modifying the collective bargaining agreement with regard to the Teachers of the Homebound (previously referred as Home Instruction). [**Moody Ex. 15 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. This agreement was reached because as a result of the continuing impact of COVID-19, the DOHMH had determined that certain groups of students would qualify for medically necessary instruction outside of the school building. Students under suspension should also be eligible for Home Instruction.

180. I would like the Court to take judicial notice that **the MOA issued on September 23, 2021 is enforceable as it was signed by representatives of both parties whereas the UFT Award**

**issued on September 10, 2021 was only signed by Arbitrator Scheinman,** which raises concerns about its legality and enforceability.

181. **On page 8 of its Position Statement**, the UFT alluded that Arbitrator Scheinman had the authority to issue the Impact Bargaining Decision that mandated COVID-19 vaccines for DOE employees, without negotiating with the union. Here, it appears that the UFT shifted the responsibility of changing the terms and conditions of employment solely to the arbitrator by making sure that the UFT Award was not signed by the parties. Ironic!

182. **On September 24, 2021**, following the DOE's issuance of the Special Education Guidance for the 2021-22 School Year, Ms. Andrea Bishop (Administrator of Special Education, Queens South DOE Borough Citywide Offices) sent an email to the pertinent staff providing guidance on special education meetings. **Ms. Bishop confirmed that special education meetings with parents/guardians should continue to be held remotely**, by phone or using a DOE-approved virtual-conferencing platform. [**Complaint Ex. 15**].

**Plaintiff Worked In Person During The 2020-2021 School Year**

183. **During the 2020-2021 school year**, before the COVID-19 vaccines were developed and without appropriate Personal Protective Equipment (PPE), **I worked in-person although I was given the opportunity to work remotely**. I was physically in the school buildings, but I worked virtually because I was not allowed to have vis-a-vis contact with the students and their parents/guardians, as per an agreement reached between the DOE and UFT. [**Moody Ex. 9]**.

**Plaintiff Voluntarily Submitted Weekly COVID-19 Tests While Placed On LWOP**

184. **After I was placed on LWOP and up until January 4, 2022**, I voluntarily submitted the results of my negative COVID-19 tests every week, and I had no problem continuing to be tested. [**Moody Ex. 18 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**].

185. **On January 12, 2022**, I sent an email to DOE and UFT officials to inform them that I would no longer take weekly COVID-19 tests due to national shortage**.** [**Moody Exhibit 7; Moody Ex. 56 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]**.**
https://www.reuters.com/world/us/us-households-can-order-4-free-covid-19-tests-starting-jan-19-white-house-2022-01-14/.

**Plaintiff's Request For An Accommodation To Work Remotely**

186. **On October 6, 2021,** I requested via HR Connect that the DOE make accommodations for me to work remotely pending a decision on my applications/appeals for a medical exemption. [**Moody Ex. 14**]. **On December 2 and 9 of 2021**, I asked Principal Kim Hill to consider my request for remote work. [**Moody Ex. 22; Moody Ex. 42 and 44 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. I simply requested that the DOE allow me to continue working remotely or engage in weekly testing if I must enter the building, until such time that a final decision on my medical exemption appeal was rendered, but my request was not even acknowledged.

**Plaintiff's Request For An Accommodation To Work Remotely Was Not Processed**

187. **My request for virtual work was not honored**. I did not receive a response from the DOE or UFT despite following up on my request on numerous occasions. **There was no undue hardship on the part of my employer**. The DOE could have arranged for me to work remotely and/or in-person with accommodations, especially taking into consideration that my position did not absolutely require close contact with the students and their parents/guardians, and that I worked the previous year in-person without COVID-19 vaccines and PPE.

**Other City Employees Were Granted Accommodations To Work Remotely**

188. I was treated differently compared to other City employees as it pertained to my request for an accommodation to work remotely. Prior to the implementation of the Vaccine Mandate, I worked in person. Upon information and belief, some employees were granted virtual work although their positions required face-to-face contact with the people they were working with.

189. **In early April 2022**, **Mayor Eric Adams** (who is a City employee) **contracted COVID-19. He reportedly granted himself an accommodation to work remotely**, without following the protocol required for All City employees.
https://www.npr.org/2022/04/10/1091944429/nyc-mayor-eric-adams-covid-test

190. **On April 10, 2022**, Mayor Eric Adams posted the following message on his Twitter account: "*I've tested positive for #COVID19 and am following my doctors orders by isolating. Thankfully, I'm vaccinated and boosted so symptoms are minimal. I'll work remotely and I know we've got the best team in the country at work at City Hall. We'll continue to #GetStuffDone._7:34 PM · Apr 10, 2022.*"
https://www.nytimes.com/2022/04/10/nyregion/eric-adams-covid-positive.html

191. **On April 11, 2022**, I sent Mayor Eric Adams an email requesting information about the process by which he was granted elite accommodation in an expeditious manner. [**Moody Ex. 70 of Charging Party's Rebuttal to UFT's Position Statement**]. The City procrastinated with my request. I received several emails from The Mayor's Office extending the time to respond to my FOIL-2022-002-00804, to wit, I opposed. **I infer concealment of evidence to obstruct justice.**

192. There were other D**OE employees whose requests for accommodations to work virtually were granted**. I worked with some of them at the same schools. [**Moody Ex. 71 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**].

**Plaintiff Reached Out To DOE Chancellor For Assistance Regarding The Requests For Medical And Religious Exemptions, Placement On LWOP And Request To Work Remotely**

193. Following the denial of my request for a medical exemption, placement on LWOP and the non-processing of my request to work remotely, I reached out to Chancellor Porter for help.

194. **On October 29, 2021**, I sent an email to Chancellor Porter and other DOE-UFT officials, which in part reads: "*On September 23, 2021, I applied for a Medical Exemption under the grounds of Natural Immunity. My request was denied on September 24, 2021 alleging that "Antibodies alone are not a reason not to get the vaccine." On September 28, 2021, I filed an appeal. It was denied on September 30, 2021... On October 2, 2021, I was issued a Notice of*

*Leave Without Pay (LWOP). Your illegal decision is denying me the most fundamental constitutional right of all - that to life itself. I insist, I did not apply for a LWOP…. I have not quit. I will not be resigning or retiring. The DOE has constructively discharged me. I will not be signing your waiver of my right to sue to get the benefits that you have abruptly taken away from me. I am ready, willing and able to return to my position as a Bilingual School Social Worker. Without income, I cannot pay my bills and satisfy my other needs… Upon information and belief, members of Congress, United States Postal Service employees and illegal migrants coming through the Southern Border, among others, are not required to get tested or take the COVID-19 vaccine. Nevertheless, the DOE is imposing that I get inoculated although I have Natural Immunity. Considering that the individuals in question are not mandated to get vaccinated, I have a good faith belief that the DOE's decision against me is discriminatory and constitutes a blatant violation of the Due Process and Equal Protection Clauses of the XIV Amendment to the Constitution, the Civil Rights Act of 1964, the Rules of Practice and Procedure of the Equal Employment Opportunity Commission (EEOC), as well as other relevant statutes-regulations.;;; I believe that people who have contracted COVID-19 are being discriminated against whereas vaccine mandates are being politicized!* [**Moody Ex. 16**]. I did not receive a response.

195. **On November 19 and 21 of 2021**, I sent Chancellor Porter follow-up letters and emails. [**Moody Ex. 17, 18**]. I did not receive a response either.

196. **On November 30, 2021**, I addressed another letter to Chancellor Porter informing her that I was not served with a Final Notice of LWOP. [**Moody Ex. 20**]**.** I did not receive a response.

**Plaintiff Was Unlawfully Placed On LWOP**

197. The process for placement on LWOP of unvaccinated employees is described **on pages 11-17 of the UFT Award.** As per the terms of the UFT Award, effective September 28, 2021 through November 30, 2021, any DOE employee who had not requested an exemption or who had requested one and had been denied, was to be placed on leave by the DOE. Such leave could not be considered disciplinary for any purpose. [**Moody Ex. 1, pages 13-16**].

**Plaintiff Was Placed On LOWP While Awaiting A Final Decision On A Request For A Medical Exemption**

198. **The DOE did not adhere to the provisions of the UFT Award** when processing my requests for medical and religious exemptions but rather placed me on LWOP while I was awaiting a decision on my medical exemption appeal. As per the standards provided **on page 11 of the UFT Award,** "*While an appeal is pending, the exemption shall be assumed granted and the individual shall remain on payroll.*." The DOE and UFT disregarded this provision.
https://www.uft.org/sites/default/files/attachments/DOC091021_%28003%29.pdf.

199. **On page 13 of the UFT Award,** Arbitrator Sheinman states that employees who have been denied a request for an exemption or upon denial of an appeal may be unilaterally placed on LWOP by the DOE, and that "*such leave shall not be considered a disciplinary action for any purpose*," thereby obviating the need for the DOE to follow the procedures set forth in **New**

**York Education Law § 3020-a**, which are reserved for issues involving employee job performance, misconduct or competency, to wit, I disagree. [**Moody Ex. 1**].

200. **On October 2, 2021, the DOE issued me a Notice of Placement on LWOP** for non-compliance with the Vaccine Mandate. I was prohibited from gainful employment while on unpaid leave. In order to extend this leave and continue to receive the commensurate benefits, I was required to file a form created by the DOE, which included a waiver of my rights to challenge the involuntary resignation through a contractual or statutory disciplinary process. I shall not be eligible for unemployment insurance benefits. [**Moody Ex. 13**]. I was denied the ability to apply for per session activities. [**Moody Ex. 117 and 118 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**].

201. **On October 13, 2021,** HR Connect issued its final determination on my request for a medical exemption. [**Moody Ex. 15** ]. I was to remain on payroll at least until a final decision on my request for a medical exemption was made by the Panel of Independent Arbitrators or Central Citywide Appeals Panel. Upon information and belief, hundreds of similarly situated employees did not receive a final decision before they were placed on LWOP or terminated. [**Moody Ex. 67 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**].

**Plaintiff Challenged The Placement On LWOP**

202. **On October 6, 2021,** I began challenging my placement on LWOP by writing a letter to HR Connect. [**Moody Ex. 14**]. Thereafter, I reached out to UFT President Michael Mulgrew, Principal Kim Hill, Principal of IS 238Q Peter Leddy, District 29 Superintendent Beverly Mitchell, Chancellor Meisha Porter, Mayor Eric Adams and City Council, to no success.

**Plaintiff Was Not Served With A Final Notice Of Placement On LWOP**

203. **On November 30, 2021**, upon learning through colleagues that the DOE had emailed a Final Notice of Placement on Leave Without Pay to the unvaccinated employees, I sent a letter to Chancellor Porter to inform her that I had not been served with such a document. I forwarded my letter via my personal email because the DOE blocked my account on October 15, 2021. [**Moody Ex. 20**]. I did not receive a response.

**Plaintiff Filed A Step 1 Grievance Against The DOE For Improper Placement On LWOP**

204. Pursuant to the CBA, every UFT represented employee has the right to file a step 1 grievance. However, the union, not the employee, files the step 2 grievance with the Chancellor and the union, not the employee, files salary and leave grievances with the Executive Director of Human Resources. https://www.uft.org/your-rights/contracts/doe-and-city-contracts-printable-versions

205. **Article Ten of the CBA for School Social Workers and School Psychologists** deals with Leaves of Absence Without Pay. Pursuant to Section E of Article Ten, LWOP should be granted upon application. https://www.uft.org/doe-and-city-contracts-printable-versions.

206. As a tenured educator, I am entitled to statutory and contractual protections of due process prior to constructive firing. **New York Education Law § 3020(1) provides**: "*No person enjoying the benefits of tenure shall be disciplined or removed during a term of employment except for just cause and in accordance with the procedures specified in section [3020]-a of this article or in*

*accordance with alternate disciplinary procedures contained in a collective bargaining agreement*."

207. Considering that the UFT declined to file a Special Grievance with the DOE or a Claim before SAMS for expedited resolution**, on November 30, 2021, I filed a Step 1 Grievance** with Principal Kim Hill to challenge my placement on LWOP**.** [**Moody Ex. 21**]. **On December 9, 2021**, Ms. Hill denied my Step 1 Grievance. [**Moody Ex. 22**].

**Plaintiff Requested That The UFT File A Step 2 Grievance For Improper Placement On LWOP**

208. **On December 9, 2021**, I attempted to pursue Step 2 of the Grievance process by appealing the denial of my Step 1 Grievance to the UFT Grievance Committee**. [Moody Ex. 44 and 45 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. **On December 22, 2021**, my appeal was denied by the Grievance Committee. [**Moody Ex. 48 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. **On December 24, 2021**, I appealed the denial by the Grievance Committee not to take my case forward to Step 2 Grievance, but it was again denied by the Grievance Department. [**Moody Ex. 49 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]**. On December 30, 2021**, I appealed the Grievance Department's decision not to proceed to Step 2 to the Ad Com Grievance Committee. [**Moody Ex. 50, 51, 52, 53 and 54 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. **On April 4, 2022**, my appeal was heard by the ADCOM Committee. [**Moody Ex. 64 and 65 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. In a decision rendered **on April 25, 2022, the ADCOM Grievance Appeal Committee declined to pursue my Step 2 Grievance to the Chancellor's level**. It was a final decision. [**Moody Ex. 23**]. **On April 28, 2022**, I sent an email to UFT officials expressing my disagreement with the ADCOM Grievance Committee's decision and asked for reconsideration, to no success.

**Plaintiff Requested That The UFT Bring A Claim Before SAMS And File A Special Grievance With The DOE For Improper Placement On LWOP**

209. Out of frustration with the denials of my applications/appeals for a medical exemption, placement on LWOP and the non-processing of my applications for a religious exemption and remote work, I requested intervention from the UFT, as per the standards and requirements **on page 13 of the UFT Award**, which establishes that "*Should either party have reason to believe that the process set forth, herein, is not being implemented in good faith, it may bring a claim directly to SAMS for expedited resolution.*" [**Moody Ex. 1, page 13**].

210. **On November 29, 2021**, I sent an email to Mr. Mulgrew. **I asked that the UFT bring a claim directly to SAMS for expedited resolution** since the UFT Award was not being implemented in good faith. **I also requested that the UFT file a Special Grievance with the Chancellor** on the grounds of CBA violations for improper placement on LWOP. [**Moody Ex. 19**]. **On November 30, 2021**, UFT Counsel Beth Norton denied my requests alleging that the DOE was not processing applications that came in after October 4, 2021, clarifying that the UFT was not in agreement. **The UFT derelicted its duty of fair representation by not honoring and processing my grievance requests,** given the fact that the DOE did not adhere to the terms and provisions of the UFT Award and CBA.

211. To add insult to injury, **the UFT failed to seek relief via an Article 75** proceeding in state court to compel compliance. Upon information and belief, **under CPLR § 7511(b)(1)(iii), an arbitration award shall be vacated on the application of a party who participated in the arbitration** if the rights of that party were prejudiced by an arbitrator making the award. https://www.nysenate.gov/legislation/laws/CVP/A75. Filing an Article 75 would have set aside the UFT Award as it is irrational, violative of public policy and exceeds a limitation on the arbitrator's power.

**DOE Employees Placed On LWOP Requested That Their Unions File Individual And Group Grievances On Their Behalf**

212. The UFT was aware that a large number of unvaccinated employees who were placed on LWOP were concerned about the implementation of the UFT Award and contract violations. They asked for union intervention to protect their rights by pursuing Individual and Group Grievances. **Article 16B of the CBA** requires that the UFT initiate or appeal special types of grievances or complaints on behalf of its members: "*Any grievance related to salary and leave matters shall be filed by the Union directly with the Executive Director of the Division of Human Resources*."

213. In addition to my requests to file an individual Special Grievance with the DOE and/or a Claim before SAMS. **The group Educators for Freedom**, to which I belong, conducted a survey of employees who wanted to file Individual and/or Group grievances. **In early December 2021**, I joined hundreds of employees who requested that the UFT and other unions bring a Group Grievance/Claim before the DOE and SAMS to challenge the procedures used to implement the UFT Award and to address violations of the CBAs. The UFT did not honor our requests, in violation of the procedures set forth in **Article 2 of the CBA**: "*Where a substantial number of employees in more than one school have a complaint arising from the action of authority other than the principal, or CSE Chairperson, the Chapter, upon their request, may initiate a group grievance in their behalf*." To add insult to injury, the UFT failed to seek relief via an **Article 75 proceeding** in state court to compel compliance with the provisions of the UFT Award. Filing an Article 75 would have set aside the UFT Award. Under **CPLR § 7511(b)(1)(iii)**, an arbitration award shall be vacated on the application of a party who participated in the arbitration if the rights of that party were prejudiced by an arbitrator making the award. https://www.nysenate.gov/legislation/laws/CVP/A75.

214. The following are excerpts of the **Individual Grievance Template** email that was sent to the unions by the employees on or before December 12, 2021: "*I filed a grievance because I have been discriminated against by the DOE because of my religious beliefs and vaccine status. It is a violation of Article 2 in the teachers' contract. My religious exemption was denied wrongfully by the DOE and I have been placed on unpaid leave unjustly. My religious exemption was reviewed based on the criteria listed in Section I.C in the arbitration agreement…The remedy I am seeking is to be immediately removed from unpaid leave status and restored to paid status. I am to be made whole in all ways. Please kindly process my grievance in an expedited manner to avoid further harm and injuries*."

215. **Educators for Freedom** also created a **Teacher Group Grievance Email Template** and a **Participating Grievant Form** on Google. Each participant filled out the right survey according to his/her title by 12:00 PM on **December 12, 2021.** The employees also selected a **Lead**

**Grievant** per discipline to facilitate the grievance process. Employees asked their unions to initiate each group grievance. Below are links for six **Group Grievance Participant Surveys**:

1. Teachers Group Grievance Participant Survey
https://docs.google.com/forms/d/e/1FAIpQLSe707srQqnrJ6si_rjqlU-0ZxjEXnk4BKffomcsgUPAxZ5-iA/viewform?usp=sf_link
2. Secretaries Group Grievance Participant Survey
https://docs.google.com/forms/d/e/1FAIpQLSeWvVDRiKUmczL4-FBzeK3vuimHznz0p-gJ9CVt15lj90KjCw/viewform? usp=sf_link
3. Social Workers/Psychologists Group Grievance Participant Survey
https://docs.google.com/forms/d/e/1FAIpQLScDYiEY537w6ouVJUufMP_136cl9bKDblGEwBMKa0C1hItnyw/viewform? usp=sf_link
4. Nurses/Therapists (OT/PT) Group Grievance Participant Survey
https://docs.google.com/forms/d/e/1FAIpQLScxCcNc5dCG8Z5_vmjFGLbp2FE87a4mJTalCe5cbdxSFpa2IQ/viewform? usp=sf_link
5. Guidance Counselors Group Grievance Participant Survey
https://docs.google.com/forms/d/e/1FAIpQLScxW2UMZWu8D1ywTLjRj8Oh9b3vIn-Yox6LDnkyixFjEIOisA/viewform? usp=sf_link
6. Paraprofessionals Group Grievance Participant Survey
https://docs.google.com/forms/d/e/1FAIpQLSfvVzM0Ny2MYqygUMERZR9s4iTNZI23MyeBILr7a6J9igky6A/viewform? usp=sf_link

216. A review of the material facts and evidence on record shows that **the procedures used to review the requests for religious and medical exemptions or accommodations were inadequate**. The fact that the unions declined to process the Individual and Group Grievances before SAMS and/or DOE, as well as to file an Article 75 Proceeding in state court is a dereliction of duty of fair representation, requiring remedy from the Court.

**Plaintiff Filed A Per Session Grievance**

217. **On November 1, 2022**, I filed a Step 1 Grievance against the DOE for denial of per session work during the 2021-2022 School Year. **In December 2022**, it was denied by the UFT's Grievance Committee. I sought to advance to Step 2 on appeal. **On May 1, 2023**, I appealed the denial of the UFT Grievance Department's decision not to proceed to the Chancellor level. **On December 7, 2023**, the ADCOM Committee declined to advance my grievance to Step 2 alleging that it could not be successfully pursued to Step 2. [**Moody Ex. 28**]. I requested reconsideration, but I did not get a response.

**Plaintiff Was Discriminated And Retaliated Against For Non-Compliance With The Vaccine Mandate And Engaging In A "Protected Activity"**

218. **I disagree with the DOE's and UFT's contentions in their Position Statements that I was not subject to discrimination and unlawful retaliation** – rather, I was subjected to the consequences of the Impact Bargaining Decision when I refused to comply with my employer's vaccine mandate.

219. I assert that **the DOE and UFT discriminated against me on the basis of vaccination status, disability, religion, age and in retaliation** for non-compliance with the vaccine mandate. As a **Catholic**, I was excluded from applying for a religious exemption under the standards established by Arbitrator Scheinman and Mayor Bill de Blasio. I was denied a medical

exemption based on my acquired natural immunity without a hearing. I was terminated while nearing retirement age and replaced by a younger person.

220. **I assert a retaliation claim as I was engaged in a "protected activity"** arising from the vaccine mandate**,** an adverse employment decision took place, and there was a link between the protected activity and the adverse employment decision**.** I was retaliated against for asserting my EEO rights to be free from employment discrimination based on my religious beliefs, acquired natural immunity, bodily autonomy, medical privacy, rights to informed consent and to refuse medical treatment. Material facts and evidence on record show that I meet the prongs for a retaliation claim, especially when I challenged the UFT Award and denounced the UFT for supporting non-union related causes and not supporting the unvaccinated. I was harassed and coerced to get inoculated with COVID-19 vaccines. I was vilified and humiliated. My personnel file was tampered with a Problem Code. I was unlawfully placed on unpaid leave and constructively terminated. I complained to UFT and DOE officials about the process to request and appeal exemptions or accommodations and filed grievances.

**The DOE Reportedly Issued A Non-Personalized Employment Termination Notice To Employees Placed On LWOP**

221. **On January 31, 2022**, **the DOE allegedly sent a Non-Personalized Employment Termination Notice to the unvaccinated employees** stating that they would be terminated on February 11, 2022. The email/notice was not addressed to any employee in particular, and it was sent via email. [**Moody Ex. 26**].

222. **On February 4, 2022,** I learned about the alleged Employment Termination Notice as the UFT sent me an email informing me that the unvaccinated employees were to be terminated on February 11, 2022. [**Moody Ex. 24**]. The UFT recommended that I file a 3020-a Hearing if I believe I had received that email in error. The UFT attached a form for me to fill out explaining why I believe I should not be fired. https://uft.wufoo.com/forms/rtxxas91boahsz.

223. **On February 9, 2022**, I sent an email to General Counsel B. Norton, which in part reads: "*Thank you for responding to the email I sent to Mr. Michael Mulgrew on February 8, 2022 ….I will be allegedly terminated on February 11, 2022 without cause and due process. What am I being charged with? I have not received a termination letter and/or a charge packet. I will complete the paperwork appropriate for my title and tenure status to challenge the termination, as recommended by the UFT. I strongly object to any waiver of my rights under federal, state and city laws. I reserve my right to grieve, appeal and be served with 3030-a charges that will allow me to know what I am being charged with. I am entitled to a probable cause hearing.... I am requesting that I be put back on payroll pending a decision on my grievances-hearings…!*" [**Moody Ex. 24**].

224. Upon information and belief, **emailing a non-personalized Employment Termination Notice to an employee is not proper service**. A Notice of Termination, which includes a Final Notice of LWOP shall be made in person. The DOE did not serve me with a Notice of Termination via email or in person, a specific contractual violation that was not addressed by Defendants. Given the lack of service, I consider myself an active DOE employee who has not gotten paid since October 15, 2021. The Court should direct that I be reinstated with back pay and other benefits.

**Plaintiff Was Terminated Without Being Served With A Final Notice of Placement On LWOP, Charge, Notice Of Determination Of Probable Cause Or Termination Notice**

225. **On February 11, 2022**, the DOE unlawfully separated me from my employment without legitimate cause, notification and due process. [**Moody Ex. 24**].

226. **As a tenured pedagogue,** I enjoy the protections of **New York Education Law § 3020-a**. As such, **I must be afforded procedural due process** before I am dismissed from employment, which provides for notice of non-compliance and an opportunity to respond and refute the allegation(s). **There are several documents that need to be served upon the employee and/or designated attorney as part of this process**: Notice of Determination of Probable Cause on Education Law §3020-a or §3020-b Charges; Hearing Request/Waiver Form and Affidavit of Service of the Charges; Education Law §3020-a or §3020-b Charge Transmittal; Notice of Need For a Hearing on Education Law §3020-a or §3020-b Charge; Rights of Tenured Educators. http://www.nysed.gov/educator-integrity/teacher-tenure-hearings-3020a. Defendants violated the laws since I was not served with any of these documents.

227. When issuing the UFT Award, Arbitrator Scheinman exceeded his authority by allowing the DOE to unilaterally separate the unvaccinated employees without due process. To add insult to injury, the DOE and UFT violated the CBA, New York Labor Law § 195(6) and Labor Management Relations Act §301 by terminating me without notification. **Article X of the CBA** mandates formal written notice prior to termination. **New York Labor Law § 195(6) requires employers to provide written notice within five working days**, specifying the termination date and end of benefits: "*Regardless of the reason for termination, "employers must provide employees with a written notice of termination within five working days, detailing the date of termination and the end date of benefits…. If an employer fails to provide the notice required under New York Labor Law § 195(d), the employer can be subject to civil fines of up to $5,000 per employee. In addition, aggrieved individuals can bring civil actions against employers that fail to provide the required notice.*" June 2012 Fox Rothschild article titled "Reminder to Provide Termination Letters When New York Employees Leave Employment" by co-authors Carolyn D. Richmond and Glenn S. Grindlinger. The UFT breached its duty of fair representation by allowing the DOE to terminate me without just cause, due process and notification. This contractual violation that the UFT failed to grieve on my behalf warrants the Court's intervention.

**The UFT Colluded And Breached Its Duty Of Fair Representation By Allowing The DOE To Place Plaintiff On LWOP And Terminate Employment Without Due Process**

228. I have a good faith belief that the UFT breached its duty to represent me fairly by colluding with the DOE and Arbitrator Scheinman to violate my constitutional, civil and labor rights. The DOE and UFT breached their own rules and procedures since I was not served with a Notice of Determination of Probable Cause on New York Education Law §3020-a or §3020-b Charges before the alleged adverse employment action took place. **On March 17, 2025**, I filed a Step 1 Grievance alleging these outrageous CBA violations, but the UFT failed to advance my Grievance beyond Step 1 although the DOE defaulted to hear it. [**Moody Ex. 29, 30, 31**].

229. The UFT breached its duty of fair representation by agreeing with the DOE on various unfair terms of employment in the UFT Award, being one of them its failure to enforce certain statutory and contractual rights, including those arising under **Education Law § 3020-a and**

**New York Labor Law § 195(6).** My request for a 3020-a Hearing was not even acknowledged. [**Moody Ex. 25**].

**COVID-19 Vaccines Cannot Be A " Qualification of Employment"**

230. **I disagree with the UFT's contention on page 6 of its Position Statement** that **"***the Vaccine Mandate was a condition of employment and termination on that basis was non-disciplinary***." The UFT Award is devoid of the phrase "qualification of employment."**

231. Arbitrator Scheinman's Vaccine Mandate did not create a condition or qualification of employment as **the UFT Award was not the result of a legally binding arbitration** pursuant to state laws and the CBA, which is a contractual violation. The UFT Award was not developed with the input of the employees and ratified by the approximately 183,000 union members, **as acknowledged by UFT Respondents in their Affirmation in Support of Cross-Motion to Dismiss dated November 13, 2022**: "**51**. *Plaintiff has failed to allege and cannot allege that each and every one of the UFT's approximately 183,000 members authorized or approved of the conduct she is challenging*." [**UFT's Position Statement, Ex. "D", page 10**].

**Plaintiff Was Terminated For "Incompetence" As Per The UFT**

232. **In its Position Statement, the UFT alleges that a 3020-a Hearing was not required** because the Vaccine Mandate itself is a qualification of employment, and that qualifications of employment are not adversary or disciplinary in nature. The union's statement is misleading. **All my performance evaluations were satisfactory**.

233. Regarding the procedures set forth in **New York Education Law § 3020-a** that are reserved for **issues involving employee job performance or competency**, **in their Affirmation in Support of Cross-Motion to Dismiss dated November 13, 2022, UFT Respondents implied that that I was terminated for incompetence**: "***56…*** *Petitioner alleges that UFT Respondents encouraged Department of Education employees to get vaccinated. As this was legally required and Department of Education employees such as might be deemed unqualified and insubordinate if they did not obey, the alleged conduct by the UFT cannot even be said to be inaccurate, incorrect, or wrong.*" [**UFT's Position Statement, Ex. "D", page 11**]. Assuming that the DOE determined that I was unqualified for the job, I was entitled to a hearing because **"incompetence" is a charge that requires a 3020-a Hearing** before dismissal. https://www.nysed.gov/educator-integrity/teacher-tenure-hearings-3020a (Charge Transmittal Form).

**Plaintiff Was Terminated For "Insubordination" As Per The UFT**

234. I dispute the **UFT's contention on page 6 of its Position Statement** that I was not entitled to a 3020-a Hearing for non-compliance with the Vaccine Mandate because **New York Education Law § 3020-a** applies only to disciplinary matters.

235. An exhaustive review of the record shows that **my placement on LWOP and constructive termination were disciplinary actions** that require a 3020-a Hearing, as validated by UFT Respondents in their **Affirmation in Support of Cross-Motion to Dismiss dated November 13, 2022**: "**56.**" *Here, Petitioner alleges that UFT Respondents encouraged Department of Education employees to get vaccinated. As this was legally required and Department of Education employees such as might be deemed unqualified and insubordinate if they did not*

*obey, the alleged conduct by the UFT cannot even be said to be inaccurate, incorrect, or wrong.*" [**UFT's Position Statement, Ex. "D", page 11**]. Here, the "disciplinary action" is the DOE's illegal removal of a tenured educator from the payroll, denial of per session activities and other punitive actions inflicted upon me without following any of the procedures required under New York Civil Service Laws, New York Education Law 3020 and the CBA, among others. I have set out a proper cause of action against Defendants because **"insubordination" is a disciplinary charge that requires a 3020-a Hearing** before separation from employment pursuant to **Education Law §3020-a**. https://www.nysed.gov/educator-integrity/teacher-tenure-hearings-3020a (Charge Transmittal Form).

236. I would like the Court to take judicial notice that there were other similarly situated employees who were denied a 3020-a Hearing. Based on documentation in the record, the DOE concealed the truth and misled the New York State Department of Labor (NYSDOL) by claiming that DOE employees were separated from employment because of misconduct, resignation or quitting, and for these reasons they were denied unemployment insurance benefits. [**Moody Ex. 66 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. To add insult to injury, they were not afforded a 3020-a Hearing before they were unlawfully placed on unpaid leave or terminated, although the DOE and UFT were cognizant that they had been dismissed on misconduct grounds. They should be reinstated with back pay and other benefits.

**Plaintiff's Request For A 3020-a Due Process Hearing For Unlawful Termination**

237. There is no factual dispute that I was removed during a term of employment without due process, in contravention of federal, state and city laws, and the CBA. I was not provided with notice, a written statement specifying the charges in detail, an opportunity to be heard and the many of the other procedural requirements of **New York Education Law § 3020-a** prior- or post-termination.

238. DOE employees bound by the CBA and subject to disciplinary action are granted the procedural due process outlined in New York Education Law § 3020-a, which includes notice and an adversarial hearing. The touchstones of procedural due process are notice and an opportunity to be heard. See *Matter of Prue v. Hunt, 78 NY2d 364 [1991]; Matter of Toolasprashad v. Kelly, 80 AD3d 530 [1st Dept 2011]*.

239. **On February 9, 2022**, I formally requested a 3020-a Hearing to challenge my alleged termination, as recommended by the UFT. [**Moody Ex. 25**]. **On February 11, 2022**, I submitted an Addendum to my Request for 3020-a Hearing by sending an email to DOE and UFT officials. I also included the New York State Education Department (NYSED). [**Moody Ex. 24**]. Defendants defaulted.

240. **Article Fifteen of the CBA for Social Workers and School Psychologists** addresses Due Process and Review Procedures under Section 3020-a. It states that tenured pedagogues facing disciplinary charges are entitled to a 3020-a Hearing before being dismissed from employment, which provides for notice of non-compliance and an opportunity to respond and refute the allegation(s). https://www.uft.org/doe-and-city-contracts-printable-versions.

241. **New York State Education Law § 3020(1)** provides: "*No person enjoying the benefits of tenure shall be disciplined or removed during a term of employment except for just cause and in*

*accordance with the procedures specified in section [3020]-a of this article or in accordance with alternate disciplinary procedures contained in a collective bargaining agreement*." While "discipline" is not defined in the statute, **Section 3020–a (4)(a)**, states that placing an employee in an unpaid status can be considered a "penalty" or punitive in nature. *Hickey v. New York City Dep't of Educ., 17 N.Y.3d 729, 731–32 (2011)*. Section 3020-a(4)(a) authorizes a hearing officer to impose as a penalty "a written reprimand, a fine, suspension ... without pay, or dismissal. The CBA supports this suggestion, noting that even disciplinary actions such as suspension are to be "with pay" until a hearing is conducted, as per **Section 3020-(a)(2)(b)**. The UFT Award made no mention of suspension with pay. Employees were not offered this option by Defendants either. https://casetext.com/statute/consolidated-laws-of-new-york/chapter-education/title-4-teachers-and-pupils/article-61-teachers-and-supervisory-and-administrative-staff/section-3020-a-disciplinary-procedures-and-penalties.

**Plaintiff's Request For A 3020-a Hearing Was Not Processed**

242. I was denied a 3020-a Hearing prior to and after constructive firing. A 3020-a Hearing was not scheduled by the DOE, UFT or NYSED, in violation of **New York Education Law § 3020-a.** The DOE breached its own rules and procedures since my February 9, 2022 request for a 3020-a Hearing was not acknowledged and processed within the required sixty (60) days of the pre-hearing conference and a decision was not rendered within thirty (30) days of the final hearing date. https://www.nysed.gov/educator-integrity/teacher-tenure-hearings-3020a. This violation of both the CBA and Education Law §3020-a is a grievable issue that the UFT failed to address.

243. I am aware that other employees affiliated with the DOE, CSA and DC 37 submitted their requests for a 3020-a Hearing, but they were not processed either, requiring relief as well.

**Plaintiff Requested That The UFT File A Grievance Upon The Expiration Of The UFT Award**

244. The UFT breached its duty of fair representation by allowing the DOE to unilaterally place me on LWOP and terminate me without notification and due process.

245. **On June 30, 2022, the UFT Award expired as it was not extended by the parties**. On the same date, I sent an email to Mr. Mulgrew and other DOE-UFT officials asking that the union file a grievance demanding reinstatement to my position. **On July 11, 2022,** David Campbell responded to my June 30th email. He acknowledged that the UFT had expired, but the union declined to pursue my grievance. He wrote: "*The Scheinman arbitration award applies to the 2021-22 school year. As we have stated, the process determined by the arbitrator in that decision cannot be grieved. That is still true today. The DoE has yet to issue it's policy regarding the vaccine mandate or possible accommodations for the 2022-23 school year. The UFT is continuing to challenge the DoE's decision to remove employees from payroll without due process through the courts.*" **On July 13, 2022**, I responded to Mr. Campbell's email expressing my disagreement with the UFT's decision not to file a grievance. Once again, the union failed to act. [**Moody Ex. 27**].

246. I have set forth facts and submitted evidence which would establish that the UFT's declination to process grievances through the ladder to arbitration on my behalf was arbitrary, discriminatory and in bad faith.

**Plaintiff's Request That The UFT Investigate The Placement Of A "Problem Code" In Personnel File**

247. There are transparency concerns on the part of the DOE regarding the maintenance of personnel files. **On February 14, 2023, it was reported that the DOE had been secretly targeting and criminally punishing the employees** who did not comply with the Vaccine Mandate **by sending their fingerprints to the FBI with Problem Code flags**, which devastated their job prospects. An unlawful flag on an employee's fingerprints denotes misconduct and criminal behaviors such as rape, robbery, verbal abuse, corporal punishment, using illegal firearms and substance abuse. Obviously, a Problem Code on an employee's file is a black mark, resulting in ineligibility for future employment. https://www.foxnews.com/media/fingerprints-unvaccinated-nyc-teachers-reportedly-sent-fbi-problem-codes-invasion-privacy.

248. When I learned about the Problem Code in February 2023, I realized that my own personnel file had been flagged as early as of **October 14, 2021.** I remember that during a per session grievance conference that date, I was informed by DOE officials that I had an open case with the Office of Personnel Investigation (OPI), but I was not provided with details despite my request. Upon conclusion of the conference, I sent an email to Mr. Gene Mann (UFT Representative), asking to look into the matter, but the union did not follow through. [**Moody Ex. 31 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. **On May 23, 2022,** I sent a follow up email to Mr. Mann to inquire about the status of my request. I included Ms. Amy Arundell, Mr. Mulgrew, Ms. Norton and Mr. Campbell as recipients. The UFT derelicted its duty of fair representation by failing to investigate the alleged tampering of my record with a Problem Code. It is alarming that this secret flag had been on my personnel file for almost 2 years without my knowledge, requiring remedy.

249. Other employees shared and authorized me to use the documents they exchanged with me regarding the PR Code on their personnel files. [**Moody Ex. 78, 79, 108 and 119 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. Many of them had their new job applications rejected because of the PR Code. The DOE declined to pursue grievances.

250. **The UFT Breached Its Duty Of Fair Representation By Failing To Pursue Plaintiff's Grievance Requests And Other Remedies**

251. Upon information and belief, an employee organization is not obligated generally under Education Law § 3020-a to pursue remedies at law on behalf of a unit member, regardless of the merit of the underlying claim, unless it has successfully pursued similar claims on behalf of other unit members, and it can be shown that the employee organization is discriminating against the charging party in not providing the requested representation. As a member, I asked UFT Defendants for intervention to correct the wrong, but they were derelict in their duty of fair representation as they somehow prevented me from utilizing the CBA grievance procedure to seek appropriate remedy prior to filing this lawsuit.

**Plaintiff Requested That The UFT File An Emergency Motion With The Court For An Injunction To Stop The Wrongful Termination Of Unvaccinated Employees**

252. **On February 8, 2022**, upon learning that the unvaccinated employees had been threatened with termination, I sent an email to Mr. Mulgrew and other UFT officials, asking that the union file an Emergency Motion with the Court for an Injunction to stop the firing. On the same date, Ms. Norton responded to my email: "*The UFT is taking legal action. In the interim you should complete the paperwork appropriate for your title and tenure status to challenge the termination. If you are a tenured pedagogue, that means requesting a 3020-a hearing. For other titles it may mean filing a discontinuance appeal with your borough office or a termination grievance with the grievance department. Please let me know if you have any questions.*" [**Moody Ex. 60 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**].

253. **Pursuant to Civil Service Law § 209-a.2(c)**, it is an improper practice for an employee organization to breach its duty of fair representation. PERB has held that an employee organization has no duty to process every grievance or to take every grievance to arbitration. However, a union refusing to process a grievance must communicate its decision to the grievant and provide an explanation for its decision, in response to a unit member's request. **The UFT's decision not to file a grievance on my behalf was arbitrary, discriminatory and in bad faith**.

**Plaintiff Requested That The UFT Take Legal Action On Behalf Of The Fired Employees Amid Mayor Eric Adams' Executive Order Lifting The Vaccine Mandate For Athletes And Performers**

254. **On March 24, 2022,** Mayor Eric Adams issued Executive Order 62 lifting the vaccine mandates and granting exemptions for influential people such as athletes and performers.
https://www1.nyc.gov/office-of-the-mayor/news/062-003/emergency-executive-order-62#:~:text=a.,has%received%20a%reasonable%accommodation.

255**. On March 25, 2022**, I sent an email to Mr. Mulgrew and other UFT officials regarding Executive Order 62 issued by Mayor Adams on March 24, 2022. I denounced the City's double standard employment practices in favor of the elites. I requested that the UFT take action and demanded equal treatment for the public employees to get their jobs back. [**Moody Ex. 69 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. The UFT did not act.

256. **Pursuant to Civil Service Law § 209-a.2(c)**, it is an improper practice for an employee organization to breach its duty of fair representation. An employee organization has an obligation to respond to reasonable inquiries from its members, and an employee organization satisfies that aspect of its duty of fair representation when it responds in a prompt and reasonable manner to such inquiries.

257. **The UFT's declination to process grievances through the ladder to arbitration or take legal action** on my behalf and similarly situated individuals following Major Eric Adams' Executive Order 62 was arbitrary, discriminatory and in bad faith.

**Plaintiff Requested That The UFT Take Legal Action Demanding Due Process For The Fired Employees Amid The UFT Filing A Lawsuit On Behalf Of Employees Who Allegedly Used Fraudulent Vax Cards**

258. There is evidence that a union treated similarly situated members differently and in bad faith. In light of the factual and legal landscape, one of the UFT's actions that was arbitrary, unreasonable, irrational, dishonest, discriminatory and improperly motivated has to do with DOE employees who allegedly used fraudulent COVID-19 vaccine cards to keep their jobs.

259. **In late April 2022**, it was reported that dozens of DOE employees were being investigated for using fraudulent COVID-19 vaccine cards to continue working. https://www.ny1.com/nyc/all-boroughs/news/2022/04/22/doe-employees-fake-covid-vaccine-cards.

260. The UFT vigorously advocated and took legal action on their behalf so they would not be placed on unpaid leave effective April 25, 2022 or terminated for failing to comply with the Vaccine Mandate, alleging that they are entitled to due process. https://nypost.com/2022/04/22/united-federation-of-teachers-intends-to-sue-nyc-doe/ .

261. **On April 24, 2022**, I sent an email to high-ranking UFT officials requesting that the union guarantee equal treatment to all employees regardless of their vaccination status. On the same date, Michael Sill (Assistant Secretary to Director of Personnel, Payroll and Special Project) responded to my email. He stated that the union had filed an action in court to preserve due process rights for all of those who were terminated. [**Moody Ex. 72 and 86 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**].

262. **In a June 27, 2022 decision**, Arbitrator Scheinman (the same arbitrator who issued the UFT Award that placed me on LWOP and denied me due process) determined that the DOE did not have the right to place educators accused of submitting fake COVID-19 vaccination cards on unpaid leave without affording them due process, a finding the City then unsuccessfully appealed in state court. Following Arbitrator Scheinman's finding, he called the UFT and DOE to create an appeals process for the accused employees. https://www.thechiefleader.com/stories/educators-suspended-for-phony-vax-cards-entitled-to-appeals-arbitrator-rule,45482https://www.nydailynews.com/2022/07/06/nyc-education-dept-staffers-accused-of-using-fake-vaccine-cards-must-have-disciplinary-hearings/

263**.** The employees who allegedly submitted fake vaccine cards were reinstated with backpay whereas the honest ones like me who did not comply with the vaccine mandate were deprived of our salaries and benefits. **The UFT failed to deliver equal treatment under the law to all members**. The union's action demonstrates a clear dereliction of duty of fair representation.

**Plaintiff Requested That The UFT File An Emergency Motion With The Court For An Injunction To Stop The Unlawful Termination Of Unvaccinated Employees**

264. **On February 8, 2022**, upon learning that the unvaccinated employees were threatened with termination, I sent an email to Mr. Mulgrew and other UFT officials, asking that the union file an Emergency Motion with the Court for an Injunction to stop the firing. On the same date, Ms. Beth Norton (General Counsel) responded: "*The UFT is taking legal action. In the interim you should complete the paperwork appropriate for your title and tenure status to challenge the termination. If you are a tenured pedagogue, that means requesting a 3020-a hearing. For other*

*titles it may mean filing a discontinuance appeal with your borough office or a termination grievance with the grievance department. Please let me know if you have any questions.*" [**Moody Ex. 59 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. I followed the UFT's advice. However, the union failed to demand that the DOE process my 3020-a Hearing.

**The City Of New York Lifted The Vaccine Mandate For The Private Sector And Extracurricular Activities But Not For City Workers**

265. **On September 20, 2022**, Mayor Adams exercised disparate treatment practices towards the public sector employees by announcing that he would be lifting the vaccine mandate for private businesses and student athletes but not for the City workers on November 1, 2022. On the same date, Health Commissioner Ashwin Vasan issued an Order rescinding the COVID-19 vaccine requirements for extracurricular activities but not for the unvaccinated public employees. https://r.search.yahoo.com/_ylt=AwrFDNCtf_ZokT4OfkpXNyoA;_ylu=Y29sbwNiZjEEcG9zAzEEdnRpZAMEc2VjA3Ny/RV=2/RE=1762194606/RO=10/RU=https%3a%2f%2fnypost.com%2f2022%2f09%2f20%2fadams-ends-vaccine-mandates-for-private-biz-student-athletes%2f/RK=2/RS=PYNvK4wkZ.uxAYzlKk5QY5JMlrE-

**Plaintiff Requested That The UFT Take A Stance On Behalf Of The Fired Employees Following The NYS Supreme Court's Decision On Unconstitutional Vaccine Mandate**

266. **On October 24**, **2022,** in the case ***George Garvey, et al v. City of New York, et al, Index No. 85163/2022,*** New York State Judge Ralph Porzio ordered the reinstatement with back pay of 16 fired Sanitation workers who did not comply with Vaccine Mandate. Judge Porzio found that the Health Commissioner's Order requiring vaccination of City workers violated the New York Constitution's separation of powers doctrine, was arbitrary and capricious and violated the fired workers' equal protection and due process rights. To add insult to injury, the City appealed the Court's decision and has refused to reinstate the fired employees.

267. **October 25, 2022**, I sent the following email to Mr. Mulgrew and other UFT-DOE officials: "*As you may know, on October 24, 2022, the New York State Supreme Court in Richmond County issued a decision in favor of unvaccinated Sanitation workers who sued the City of New York, the NYC Department of Health and Mental Hygiene, the NYC Sanitation Department, Eric Adams and David Chokshi. He ruled that the vaccine mandate is unconstitutional, capricious and arbitrary. (See attached Court's Decision and Order). At this point, I would like to know what is the UFT's stance regarding this ruling and what steps we must follow. I am looking forward to hearing from you at your earliest convenience. I would greatly appreciate acknowledgement that you have received this email and its attachment.*" On the same date, Ms. Norton responded to my email: "*The city has noticed its intent to appeal that decision and invoked the automatic stay, meaning the decision does not get implemented pending the appeal. No city employees are being returned to service at this moment. In addition, last week the MLC, including the UFT, filed a similar lawsuit. We are awaiting the assignment of a judge on that matter. Finally, last spring the MLC, including the UFT, filed a lawsuit challenging the terminations for failure to comply with the health order, asserting that employees are entitled to due process. The City moved to dismiss that lawsuit and we are awaiting the judge's decision on that motion. As we have more information on any of these lawsuits we will share that information with members.*" Mayor Eric Adams should be held accountable for capriciously defying the Court Orders.

**Court's Decisions Declaring the Vaccine Mandate Unlawful And Ruling In Favor Of Unvaccinated Workers Nationwide**

268. I would like the EEOC to take judicial notice that the Vaccine Mandates have been deemed unconstitutional in some jurisdictions in the United States of America.

269. **July 27, 2022,** an Ohio federal judge blocked the Biden administration from enforcing the COVID-19 requirement nationwide. Judge Maurice Rose issued a National Preliminary Injunction prohibiting the air force, space force and air national guard from penalizing service members that refused COVID-19 vaccines for religious reasons. [**Moody Ex. 91 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. https://www.fox19.com/2022/07/28/cincinnati-federal-judge-stops-air-force-air-national-guard-globally-discharging-religious-vaccine-refusers/

270. **On August 25, 2022,** a Washington DC Superior Court Judge ruled that Vaccine Mandate for government workers is unlawful. [**Moody Ex. 99 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. He ruled that the vaccination mandate Mayor Muriel Bowser imposed on City government workers was unlawful in response to opposition from the D.C. Police Union. The order from Judge Maurice Ross came in response to a lawsuit filed by the D.C. Police Union and other police groups that opposed the mandate. https://www.washingtonpost.com/dc-md-va/2022/08/25/dc-coronavirus-vaccine-mandate-workers/

271. **On October 24**, **2022,** New York State Judge Ralph Porzio ordered the reinstatement with backpay of 16 fired Sanitation workers who did not comply with the Vaccine Mandate, as aforementioned. https://law.justia.com/cases/new-york/other-courts/2022/2022-ny-slip-op-22335.html

272. **On January 13, 2023,** New York State Supreme Court Judge Gerard Neri invalidated the New York State COVID-19 Vaccine Mandate continuously requiring health care workers to be fully vaccinated against COVID-19. Healthcare Law Alert: New York State Supreme Court Judge Invalidates COVID-19 Vaccine Mandate.

273. **On March 11, 2024**, a Los Angeles County Superior Court Judge ruled in favor of former LAPD officers and firefighters who challenged their terminations for infringing upon their due process rights related to City's COVID-19 vaccine requirement. They are entitled to reinstatement with back pay. https://apbweb.com/2024/03/court-rules-in-favor-of-l-a-s-covid-19-vaccination-mandate-ex-lapd-officers-entitled-to-back-pay/

**Court Decisions Rendered In Favor Of Unvaccinated Workers In New York City**

274. There are **cases similar to mine that have been decided in favor of unvaccinated City employees** after the denial of their religious exemptions to the Vaccine Mandate. The Courts reversed the denials of their religious exemptions and granted them reinstatement with back pay, costs and disbursements. [**Moody Ex. 35, 88, 99 and 113 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**].

275. Some of the cases are: **Loiacono v. The Board of Education of the City of New York, et al**, Index No. 154875/2022, NYSCEF Doc. # 46; **Matthew Maxwell v. New York City Police Department, et al**, Index No. 719355/2022, NYSCEF Doc. # 36; **Andrew Schiefer v. The**

**Board of Education of the City of New York, et al**, Index No. 155983/2022, NYSCEF Doc. # 51; **Frank Schimenti v. City of New York, et al,** Index No. 85075/2022, Doc. # 80; **Carlos Cano v. The City of New York, et al**, Index No. 156355/2022, NYSCEF Doc. # 39; **George Garvey, et al v. The City of New York, et al,** Index No. 85163/2022, NYSCEF Doc. # 38**;** **Morgan Sprague v. New York City Police Department, et al**, Index No. 718618/2022, NYSCEF Doc. # 17; **Andre Perez v. New York City Police Department, et al**, Index No. 718825/2022, NYSCEF Doc. # 18; **Gregg Roberts v. New York City Police Department, et al**, Index No. 157372/2022, NYSCEF Doc. # 30; **Brian Finely v. The City of New York, et al,** Index No. 717617/2022, NYSCEF Doc. # 20; **Alexander DeLetto v. Eric Adams, et al,** Index No. 156459/2022, NYSCEF Doc. # 10; **John Verrilli v. City of New York, et. al**, Index No. 157088/2022, NYSCEF Doc. # 17; **Christopher Anderson v. Eric Adams, et al**, Index No. 156824/2022, NYSCEF Doc. # 15; **Kyle Sutliff v. Eric Adams, et a**l, Index No. 156891/2022, NYSCEF Doc. # 12; **Police Benevolent Association of The City of New York, Inc, et al v. City of New York, et al,** Index No. 151531/2022, NYSCEF Doc. # 88**; Jennifer LaBarbera v. New York City Department of Education**, Index No. 85001/23-(Second Department Appellate Division, 2023-05072).

**Plaintiff Requested That The UFT Stand Up On Behalf Of The Fired Employees On The First Anniversary Of The Vaccine Mandate**

276. **On August 24, 2022**, I sent the following email to Mr. Mulgrew and other UFT officials asking for help for the unvaccinated on the first anniversary. [**Moody Ex. 101 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. It reads: "*Today (August 24, 2022) marks a year that former Health Commissioner Dave Chokshi, under the directives of former Mayor Bill de Blasio, issued the Order mandating COVID-19 vaccines for DOE employees. On October 4, 2021, the date that educators were put on involuntary leave without pay for non-compliance with the unconstitutional vaccine mandate, the UFT and its representatives did not put up a fight for the unvaccinated workers but rather voiced their unconditional support for the vaccines and achieving a 100% compliance. As you may recall, at a press conference held on October 4, 2021 you stated that you were happy about 97% of the staff being vaccinated, but that you wish it was 100%. You went on to say: "I HAVE TO FOCUS MORE ON THE PEOPLE WHO ARE VACCINATED."* https://www.youtube.com/watch?v=MRMqVrmnnUE

277. *Unvaccinated individuals in New York City continue to be harmed by the unconstitutional COVID-19 Vaccine Mandate, which is not being enforced in the private sector and some City agencies. They have been vilified, punished and marginalized from society. Claims that "unvaccinated people are virus super-spreaders" are pretextual and have been debunked. Recent information from the CDC shows that there are no differentiations between a person's vaccination status since breakthrough infections can occur even in the vaccinated. The reality is that a person's vaccination status does not stop the spread of COVID-19; while it may lower the effects of the virus, it does not significantly stop the spread of the illness. An analysis of the current data shows that there is a significant drop in cases and deaths associated with COVID-19 since January 2020 through August 11, 2022; the highest spike being in January of 2022. The need for emergency status has passed and there is no urgent need for greater vaccination coverage. (See link about vaccinated getting reinfected)*
https://www.youtube.com/watch?v=M7ka2eUwwWc

278. *I believe the UFT has shown disregard towards the unvaccinated members by not advocating on their behalf. Instead, it has encouraged that they get vaccinated regardless of their sincerely held religious beliefs, medical conditions, bodily autonomy, natural immunity, medical privacy and informed consent rights. To my knowledge, the UFT has not made any statement expressing heartbroken and sympathetic feelings for the unvaccinated, but it has expressed outrage and fervently advocated for the approximately 82 educators who have allegedly used fraudulent vaccine cards in order to keep their jobs. Such differential treatment practices are despicable and unacceptable! The UFT and its representatives are known for taking stances in favor of causes that are non-union related. For instance, the UFT launched fundraising campaigns to help the victims of the Bronx fire and the Ukrainian teachers on January 12, 2022 and April 8, 2022 respectively. On May 25, 2022 the Delegate Assembly overwhelmingly approved resolutions on issues that are not important to all members but failed to discuss the injustices that have been perpetrated against the unvaccinated members. On June 2, 2022, the UFT joined the End Gun Violence campaign and was out in force at the June 11 March for Our Lives rally to make the educators' voices heard following the mass shootings in Buffalo and Uvalde. On June 25, 2022, the UFT issued a statement on Roe v. Wade expressing outrage and condemning the United States Supreme Court's decision on abortion. When is the UFT going to take a stand and rally in favor of the unvaccinated members who have been unlawfully placed on unpaid leave and/or terminated from their employment? As an employee organization, it is expected that the UFT treats and represents all members fairly and equally. On several occasions, I have asked the UFT to help the unvaccinated, but my requests have fallen on deaf ears. Therefore, I am reaching out to you again requesting that the UFT take action to correct the wrongdoings so the unvaccinated employees can be reinstated and compensated. It would be a great endeavor for the UFT to accomplish in honor of the unvaccinated on their first anniversary standing up against tyranny and in pursuit of freedom. In God I trust! Your prompt response will be greatly appreciated*." [**Moody Ex. 101 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**].

**Plaintiff Requested That The UFT Advocate For The Reinstatement Of The Employees Amid CDC's New Guidelines Lifting The COVID-19 Restrictions**

279. **On August 17, 2022**, I sent an email to Mr. Mulgrew and other DOE-UFT officials regarding the new CDC guidelines and other states lifting the COVID-19 restrictions. I asked what steps and actions the UFT had undertaken and/or was pursuing to demand that the DOE reinstate and compensate all honest unvaccinated employees who had been placed on involuntary unpaid leave and terminated. The email reads in part: "*As you may know, the Center for Disease Control (CDC) relaxed its guidelines for COVID-19 on August 11, 2022. Please see link below: https://www.cdc.gov/media/releases/2022/p0811-covid-guidance.html. Following recent updates to COVID-19 guidelines from the CDC, on August 15, 2022, New Jersey Governor Phil Murphy signed an Executive Order lifting COVID-19 restrictions for school districts, child care settings…Based on what has transpired, it is obvious that the narrative of the political leaders and health bureaucrats about "COVID-19 being the pandemic of the unvaccinated" and "the unvaccinated being the super spreaders" continues to be debunked. The COVID-19 vaccine mandates are no longer sustainable! I am looking forward to hearing from you at your earliest convenience.*"

280. **On August 27, 2022**, Ms. Norton sent me the following email in response: "*The vaccine mandate will remain in effect for the 2022-23 school year. With regard to those teachers who were terminated for not complying with the health order, as you are aware, we have filed a lawsuit to protect their due process rights. The city has moved to dismiss the lawsuit. We are awaiting the judge's determination. When we have a decision we will share it with membership.*"

281. **On August 28, 2022**, I responded to Ms. Norton's email: "*With all due respect, your response to my email below is misleading and deceiving…Given the above circumstances, I have a good faith belief that the Union has acted capriciously, discriminatorily and in bad faith. The UFT has colluded with the DOE and derelicted its duty of fair representation by agreeing to the conditions of the UFT Award that violate constitutional and labor laws such as allowing the DOE to unilaterally separate employees without due process, as well as coercing the unvaccinated employees to get the jab regardless of their sincerely held religious beliefs, medical conditions, natural immunity, bodily autonomy and privacy rights. Justice for the unvaccinated has not been served and relief is warranted. In God I trust*!"

**Plaintiff's Outreach To The UFT Seeking Support For The Unvaccinated Employees As Opposed To Advocating For Non-Union Related Causes**

282. Unions are known for engaging and supporting causes that do not benefit the members directly. The UFT continues to take positions and endorse contentious causes that affect the community but are not necessarily union issues. It failed to take a strong stance or release a statement in support of the unvaccinated employees. **Under the Equal Protection Clause of the Fourteenth Amendment, differential treatment between the vaccinated and unvaccinated members is wrong and illegal**. I asked the UFT to advocate on behalf of the unvaccinated employees who have been placed on LWOP or terminated, but my requests fell on deaf ears.

283. **On January 12, 2022**, Mr. Mulgrew sent me a letter via email referenced "Post-Event Thank you – UFT's telephone town hall on Wednesday, Jan, 12, 2022" thanking me for participating in the UFT's telephone Town Hall held on that date. In his letter, vaccination was encouraged but the issue of the unvaccinated members was not discussed although the UFT was aware of our personal struggles and constitutional and labor rights violations by the DOE. An announcement titled "**Help survivors of the Bronx fire**" with instructions to donate to the UFT Disaster Relief Fund was included in the email. [**Moody Ex. 57 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**].

284. **On February 5, 2022,** I sent an email to Mr. Mulgrew regarding the UFT's telephone Town Hall held on January 12, 2022. I denounced the UFT's failure to address the issue of the unvaccinated employees who were placed on LWOP. I also asked for UFT intervention and advocacy on behalf of the unvaccinated members.

285. **On April 8, 2022**, the UFT sent me an email referenced "UFT Update: News and Information for NYC Educators" providing updated COVID-19 information and asking for aid to Educators from Ukraine. I was asked to send aid to fellow educators in Ukraine during that humanitarian crisis by giving to Education International through the UFT Disaster Relief Fund. [**Moody Ex. 69 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**].

286. **On April 9, 2022**, I responded to Mr. Mulgrew's email. I asked that the UFT help the unvaccinated DOE employees whose livelihoods and professional careers were destroyed by the DOE's adverse employment actions. [**Moody Ex. 69 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**].

287. **On June 2, 2022**, Mr. Mulgrew sent me an email regarding the UFT launching an End Gun Violence campaign. The email reads in part: "*We will be out in force at the June 11 March for Our Lives rally to make our voices heard. The recent mass shootings in Buffalo and Uvalde have left us heartbroken and angry all over again. As educators, we've been here too many times before: mourning for the victims, grappling with what to say to our students in the wake of a terrible tragedy and facing our own fears about safety in our schools and our streets*." **On June 3, 2022**, I sent the following email to UFT officials in response to the End Gun Violence posting: **"***Dear Mr. Mulgrew: When is the UFT going to take a stand in favor of the unvaccinated employees who have been unlawfully placed on unpaid leave and terminated from their employment? Is the UFT planning to rally on their behalf so their voices can be heard?*" [**Moody Ex. 81 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**].

288. **On June 19, 2022,** after the UFT released a list of political endorsements, I sent the following email to Mr. Mulgrew and other UFT officials: "*According to a recent email sent to UFT members, the NYSUT has endorsed Democrat candidates who are running for office in New York State in the 2022 elections without polling the membership beforehand. Please see link:* *https://www.uft.org/get-involved/uft-political-action/political-endorsements*. [**Moody Ex. 82 and 100 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**].

289. *It is unfortunate that the UFT is backing political candidates who have shown support for the unconstitutional COVID-19 vaccine mandates that have destroyed the livelihoods and professional careers of the honest unvaccinated employees…As a matter of fairness and respect, the UFT should stop the practice of engaging in political campaigns and must focus instead on causes that benefit all members, whether vaccinated or unvaccinated. They should not endorse candidate Upon information and belief, this is not the first time that UFT members express concerns about the political endorsement of candidates without consulting with the membership. Please see link below:*
*http://iceuftblog.blogspot.com/2008/06/uft-political-endorsements-becoming.html?m=1*

290. *After discussing this important issue with fellow union members, I am suggesting that the UFT convene a meeting with the participation of the entire membership to address the political endorsement of candidates from now on*."

291. **On June 24, 2022**, the UFT posted a statement on its Facebook and Instagram pages after the United States Supreme Court released its final decision in Dobbs v. Jackson Women's Health Organization. [**Moody Ex. 84 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. It reads: "*Our history as union members reminds us that we must continually fight to protect the rights we deserve. We are outraged at the U.S. Supreme Court's decision to overturn Roe v. Wade. We as Americans should have the freedom and power to make our own decisions about our bodies and our lives. We must fight for legislation to protect safe and legal access to abortion in all 50 states.*"
https://www.facebook.com/uftny/posts/pfbid0FY5J5wVTQd9pUTqHVgkbZctGX9AN9c8tKw66r9ruKkfdjhzZqr7VXCHtU5czZXMHl?comment_id=729136288171413&notif_id=1656711790279657&notif_t=feed_comment_reply&ref=noti**.**

292. **On June 25, 2022**, I sent an email to Mr. Mulgrew and other UFT officials regarding the UFT's statement posted on its social media. [**Moody Ex. 84 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. I wrote: "*I believe the Court's ruling has been misconstrued by many people and misinformation has been spread through different media outlets. It is my understanding that the Court's decision makes the case for the lives of the unborn babies by returning this issue to the individual states. Those who want abortion still have a choice and will be able to get them, legally and safely. Thus, all 50 states are now free to make their own abortion laws so untold numbers of vulnerable lives will be saved, all of them who would have a place in this world and contribute to society."... I would like to reflect on President Ronald Reagan's quote: "I've noticed that everyone who is for abortion has already been born." I hope the pro-abortion advocates reflect on President Reagan's quote as well. Would they be alive had their mothers aborted them*?" **The UFT was "OUTRAGED**" that Roe v. Wade was overturned on June 14, 2022, but there was no such outrage on August 24, 2021 when Health Commissioner Chokshi and Mayor Bill de Blasio mandated the vaccines for DOE personnel.

293. **On July 21, 2022,** I sent an email to Mr. Mulgrew and other UFT officials denouncing the May 25, 2022 Delegate Assembly's overwhelmingly approval of resolutions in support of issues that are not important to all members but failing to address the concerns of the unvaccinated employees. I requested fair union representation regardless of vaccination status. [**Moody Ex. 90 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**].

294. **On August 21, 2022**, in response to an email the UFT sent me inviting me to join the union at the Labor Day Parade to be held on September 10, 2022 in Manhattan, I sent an email to Mr. Mulgrew asking that the UFT stand in solidarity with the unvaccinated workers so they could be reinstated, which in part reads: "*In compliance with its duty of fair representation, inclusivity, diversity and equity, I suggest that the UFT marches hand-in hand with all members on that special day, regardless of vaccination status. Kindly provide me with the details if the UFT intends to honor and support the unvaccinated at this upcoming labor movement event so we can celebrate with fellow members of the other city unions. I am looking forward to a response at your earliest convenience so the unvaccinated employees can equally participate in this union-sponsored event and proudly chant in unison "United We Stand, Divided We Fall*."[**Moody Ex. 94 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. I did not receive a response.

295. **On August 23, 2022**, I sent an email to Mr. Andrew Pallotta regarding the NYSUT's political endorsements. [**Moody Ex. 100 of Charging Party's Rebuttal to UFT's Position Statement**]. It reads: *"According to the email you sent me on August 23, 2022 at 7:16 AM, the NYSUT has endorsed Democrat candidates who are running for office in New York State in the 2022 elections without polling the membership beforehand. (Please see your email below)*

296. *Upon information and belief, the main role of the unions is to negotiate with companies, corporations and other organizations contracts on behalf of their members to improve their working conditions, wages and benefits. It is unfortunate that the NYSUT is backing political candidates who have shown support for the unconstitutional COVID-19 vaccine mandates that have destroyed the livelihoods and professional careers of the unvaccinated employees who have been discriminated against because of their sincerely held religious beliefs, medical conditions, natural immunity, bodily autonomy and privacy rights.*

297. *The NYSUT should not pressure or coerce the members to vote for one particular party. As you know, the NYSUT is comprised of members who identify themselves with different political parties. It is unfair that the Teachers' Unions continue to discriminate against the members who do not sympathize or support your selected Democrat party candidates and their liberal/radical left agendas. As a matter of fairness and respect, the NYSUT should stop the practice of engaging in political campaigns and must focus instead on causes that benefit all members, whether vaccinated or unvaccinated.*

298. *Upon information and belief, this is not the first time that NYSUT members express concerns about the political endorsement of candidates without consulting with the membership. Please see link below:* *http://iceuftblog.blogspot.com/2008/06/uft-political-endorsements-becoming.html?m=1*

299. *After discussing this important issue with fellow union members, I am suggesting that the NYSUT convene a meeting with the participation of the entire membership to address the political endorsement of candidates from now on. I am looking forward to your response at your earliest convenience*." UFT officials were included as recipients of this email.

**The Politicization Of The COVID-19 Pandemic And Marginalization Of The Unvaccinated**

300. There is evidence showing that we have been misled by health authorities, the mainstream media and politicians worldwide when it comes to the handling of the COVID-19 pandemic. Claims that "unvaccinated people are virus super-spreaders" are pretextual and have been debunked. Scientific research and existing data from the CDC show that there are no differentiations between a person's vaccination status since breakthrough infections can occur even in the vaccinated. The reality is that a person's vaccination status does not stop the spread of COVID-19; while it may lower the effects of the virus, it does not significantly stop the spread of the illness. https://www.youtube.com/watch?v=M7ka2eUwwWc. Studies have revealed adverse events following COVID-19 vaccination as fully vaccinated and boosted people have contracted COVID-19, many have died and others have suffered side effects or permanent injuries. [**Moody Ex. 97 and 109 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**].

301. **On August 11, 2021**, the CDC provided new guidance to help the public better protect themselves and understand their risk. However, the UFT showed no support for the unvaccinated members but fervently advocated for the educators who allegedly used fake vax cards.

302. **On August 17, 2022**, CDC Director Rochelle Walensky made a remarkable acknowledgment of her agency's failures during the COVID-19 pandemic as she delivered a message. She addressed staff about the plan to overhaul the agency, following an internal review which found that the CDC's handling of the COVID-19 pandemic fell short of the crisis.
https://digital.abcaudio.com/news/cdc-director-acknowledges-mistakes-staff-internal-message

**The City Of New York Refused To Enforce The Vaccine Mandate For Private Businesses**

303. **On June 22, 2022,** Mayor Eric Adams refused to enforce the Vaccine Mandate for private business or carry out further inspections, but he kept it for the City employees, according to **New York (1010 WINS)**. The mandate was supposed to require private employers to seek proof of vaccination for all employees and to keep staff out of the workplace if they failed to get the shot. Businesses were supposed to receive $1,000 fines, ramping up to $2,000 and then $5,000 for each subsequent violation within a year. "*Despite broad non-compliance, the Adams*

*administration said Wednesday it doesn't intend to ever enforce the mandate and won't carry out further inspections. Instead, the administration wants the mandate to serve as an "education" tool. "We have been focused on prioritizing education instead of enforcement when it comes to the private sector mandate, which is how we've been able to get more than 87% of all New Yorkers with their first dose to date," wrote the Mayor's Office in an email to Newsday. The lax approach to the private sector mandate is in contrast to Adams' handling of the city's vaccine rules for municipal workers. Adams fired hundreds of city employees for refusing to get vaccinated and launched an investigation into fake vaccination cards proliferating among teachers, sanitation workers and cops. Though a departure from similar COVID-19 policy, the decision to defang the mandate is in line with his ongoing project to reduce fines for businesses*."

**The City, DOE, DOHMH, OLR And UFT Failed To Comply With Plaintiff's FOIL-FOIA Requests**

304. In an attempt to obtain tangible evidence, I sought the production of official records from the City of New York, DOE, DOHMH, Office of Labor Relations (OLR) and UFT. I asked for the production of discovery materials stemming from the COVID-19 vaccine mandate. I filed **FOIL-FOIA Requests on February 20, 2022, May 14, 2022, September 25, 2022, September 26, 2022 and October 3, 2022**. [**Moody Ex. 63, 74, 76, 77, 89, 103, 105, 113 and 114 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**].

305. I was denied full access to the requested records. The DOE and OLR are the only agencies that partially responded to my requests. The other agencies were non-compliant. Defendants deliberately withholding information might be incriminatory.

**The City Failed To Process Plaintiff's Notices Of Claim**

306. **On May 5, 2022,** I filed Notices of Claim and Demand against the City of New York, DOE, DOHMH, School District 29, Eric Adams, Bill de Blasio, David Banks, Meisha Porter, Ashwin Vasan, Dave Chokshi and Beverly Mitchell with the Comptroller of the City of New York, as required by **New York Consolidated Laws/General Municipal Law § 50-H** for their willful actions. https://codes.findlaw.com/ny/general-municipal-law/gmu-sect-50-h/.

307. The Notices of Claim were served via certified mail**.** [**Moody Ex. 75 of Charging Party's Rebuttal to UFT's Position Statement to EEOC**]. The City had 90 days from receiving the Notice of Claim to hold a 50-H Examination of Claims hearing. Defendants defaulted. Three (3) years have passed without scheduling a hearing, requiring sanctions.

**Plaintiff's Age Discrimination Claim**

308. Plaintiff asserts that the City used the Vaccine Mandate as a means to remove tenured, pensioned and well-paid employees. **In 2023**, it was revealed that over 90 educators of a sample of 100, who were fired by Chancellors Porter and Banks for non-compliance with the Vaccine Mandate, are over 45 years old. An inference of age discrimination is appropriate, considering that the new employees hired by the City are significantly younger and earn less money. The documentation of this age discrimination was assembled by Diane Pagen, a Social Worker who was unlawfully terminated by the DOE and replaced by a person who is believed to be 25 years younger. Age is a protected status that needs to be examined by the Court as applied to my case.

In September 2024, Chancellor Banks resigned under the cloud of the FBI investigation of Mayor Eric Adams.

**The City of New York's Refusal To Reinstate And Compensate The Fired Public Employees Following The Lifting Of The COVID-19 Vaccine Mandate**

309. **On February 6, 2023**, Mayor Eric Adams announced the lifting of the Vaccine Mandate for City employees effective February 10, 2023, without automatic reinstatement and compensation. He said that fired workers will have to reapply for positions with their former agencies; if rehired, they will not be compensated for the time on the bench and have to waive their right to sue.

https://r.search.yahoo.com/_ylt=Awrjiw0ifvZoZU8ObE5XNyoA;_ylu=Y29sbwNiZjEEcG9zAzcEdnRpZAMEc2VjA3Ny/RV=2/RE=1762194211/RO=10/RU=https%3a%2f%2fwww.thecity.nyc%2f2023%2f02%2f06%2fnyc-ends-covid-vaccine-mandate%2f/RK=2/RS=Sr0ovR7xKbkqrB_bgytayg4GJaw- Mayor Adams' refusal to rehire the employees that he unlawfully fired without compensation and waiving their right to sue is a travesty of justice that needs to be corrected by the Court in the interest of justice. His actions bring shame on the City and the workforce.

**Plaintiff's Request That The UFT File A Grievance Against The DOE For Failure To Serve A Final Notice Of LWOP, Process Request For A 3020-a Hearing And Reinstate Upon Expiration Of The UFT Award**

310. **On March 17, 2025**, I filed a Step 1 Grievance against the DOE citing three (3) claims related to my unlawful separation and that are subject to the UFT's grievance process pursuant to the CBA: DOE's failure to provide me with proper notice, to reinstate me upon expiration of the UFT Award, and to process my 3020-a Hearing request. [**Moody Ex. 29**]. Pursuant to the procedures set forth in **Article 16B of the CBA**: "*The employee and the principal shall confer on the grievance with a view to arriving at a mutually satisfactory resolution of the complaint*." [**CBA, page 76**]. "*The Principal or ISC Executive Director (for grievances arising at a CSE) shall communicate his/her decision to the aggrieved employee and to his/her representative or to any Union representative who participated in this step within five days after receiving the complaint.*" [**CBA, page 77**]. "*Failure to communicate a decision within specified time limits shall permit the aggrieved employee to proceed to the next step*." [**CBA, page 79**]. The DOE violated the CBA as Principal Kim Hill failed to arrange a conference with me to discuss my grievance and render a decision within the required five (5) school days.

311. In accordance with **Article Fifteen of the CBA**: "*If the grievance is not resolved at Step 1, the Union may appeal from the decision at Step 1 to the Chancellor addressed to the attention of the Deputy Executive Director, Office of Labor Relations and Collective Bargaining within fifteen (15) school days after the Step 1 decision has been received by the employee.*" [**CBA, page 77**]. "*The Chancellor shall communicate his/her decision in writing, together with the supporting reasons, to the aggrieved employee and to the Union Representative who participated in this step, within twenty (20) school days after receiving the appeal*." [**CBA page 77**]. "*Failure at any step of this procedure to communicate the decision on a grievance within the specified time limits shall permit the aggrieved employee to proceed to the next step. Failure at any step of this procedure to appeal a grievance to a next step within the specified time limits shall be deemed to be acceptance of the decision rendered at that step*." [**CBA, page 79**]. "*A grievance dispute which was not resolved at the level of the Chancellor under the grievance procedure, may be submitted by the Chapter to an arbitrator for decision if it involves the*

*application or interpretation of this agreement. Grievances involving the exercise of board discretion under any term of this agreement may be submitted to arbitration to determine whether the provisions under this agreement was violated or applied in a discriminatory or arbitrary or capricious manner so as to constitute an abuse of discretion, namely: whether the challenged judgment was based upon facts which justifiable could lead to the conclusion as opposed to merely capricious or whimsical preferences, or the absence of supportive factual reasons*." [**CBA, page 79**].

312. **On March 26, 2025**, I asked that the UFT pursue a Step 2 Grievance on my behalf because the DOE did not convene a conference to address my Step 1 Grievance. **On July 15, 2025**, the UFT declined to advance my grievance to Step 2, in violation of **Article Fifteen of the CBA**. [**Moody Ex. 30**]. The ADCOM Committee's decision overlooked critical CBA provisions, New York Labor law violations and procedural failures regarding the implementation of the UFT Award. **On July 18 and 29, 2025**, I asked for reconsideration of the ADCOM Committee's decision, but I did not receive a response. [**Moody Ex. 31**]. The UFT's refusal to advance my Step 1 Grievance to the Chancellor or arbitration level, despite these procedural violations, constitutes a breach of contract pursuant to the **Taylor Law**. The UFT breached its duty of fair representation to the employees under **Article 209-a.2(a)(c)**, whereas the DOE failed to enforce and protect the employees' statutory and regulatory rights under **Article 209-a.(a)(c)(g)**. The actions described herein warrant a review by the Court and remedy, in the interest of justice.

**Plaintiff Has Not Been Officially Terminated**

313. **On July 2, 2025**, I learned through the UFT that my employment status with the DOE as of July 1, 2025 is LWOP, as per HR last update. Under these circumstances, I am an active employee without remuneration since October 15, 2021. I am seeking monetary and punitive damages,including Court Orders directing Defendants to reinstate me with back pay and other benefits. **I respectfully ask this Honorable Court for injunctive relief pending the adjudication of this case**.

## ADDITIONAL POINTS

314. The Vaccine Mandates have destroyed the livelihood and professional careers of unvaccinated workers and business owners statewide. The Amended Complaint presents new facts and evidence of corruption and procedural failures. It also shows the efforts we have undertaken in pursuit of justice.

**Injustices Perpetrated Against The Unvaccinated New York Workers**

315. **New York City COVID "Czar"/Senior Advisor Jay Varma** under Mayor de Blasio and architect of the mandate, admitted harassing employees into compliance while flouting every COVID-19 rule at his illicit parties where he participated in illegal drug use (NY Post 9/23/24; The Hill 9/20/24). Dr. Jay Varma is presently under investigation for securities fraud related to his last private sector job at pharmaceutical Sigatech. Dr. Varma also stated that natural immunity and vaccine immunity are no different from one another while falsely telling the public that only vaccinated people had immunity. His public statements about the superiority of vaccine

immunity vs. natural immunity and the need to "social distance" and his use and distribution of illegal street drugs to his guests during a time when he was making health policy constitute a FRAUD on the public. His actions poison the mandate's legitimacy.

316. **Former Health Commissioner Ashwin Vasan** also made statements and took actions that appeared to violate his ethical commitment to be "the City's Doctor." New Yorkers had been suffering under the Vaccine Mandate and other COVID-19 restrictions for a year and a half when, **on August 11, 2022**, he did a recorded interview with The Washington Post. https://www.dianepagen.com/2025/04/nyc-health-commissioner-ashwin-vasan-md-on-the-covid-vaccine-mandate-2022/). In the interview, he stated that the mandates were no longer needed because we were no longer in a public health emergency. Yet he did not end the Vaccine Mandate that day. In fact, it would take him another six months to end it. During this same period, other factors were in play that might have influenced Dr. Vasan's extending the mandate until February 2023: 1. **In July 2022**, Pfizer made a donation to New York City Schools; 2. The DOE and UFT's "Arbitration Agreement" deadline for unvaccinated educators to return to the classroom, to wit, September 5, 2022, was approaching – that deadline said that if there were no longer a mandate on or before September 5, 2022, that workers would be able to return to their jobs. If Dr. Vasan had ended the mandate on August 11, 2022, employees would have been able to return to the classrooms on September 5th; his keeping the mandate in place made it that on September 5th, the DOE terminated those remaining on LWOP instead. Dr. Vasan knew or should have known that his decision to NOT act on his own medical expertise and end the mandate on August 11th would result in hundreds more educators being fired and all the collateral damage to the students that would come with it. Dr. Vasan resigned prematurely from his post in September 2024, without ever explaining why a public health expert chose to extend a restrictive mandate knowing the consequences it would have on students, people's employment, mental and physical health. https://nypost.com/2024/09/23/us-news/another-commissioner-leaves-adams-admin-amid-turmoil-federal-investigations/

317. **Former Chancellor David Banks** used the COVID-19 emergency to help his acknowledged best friend, Mayor Eric Adams, to do a mass layoff of City workers by coercing them to take a medical intervention that was not a condition of employment in the contract that the DOE had negotiated with the UFT. Chancellor Banks allowed principals and others across the City to deny unvaccinated educators grievance procedures. He put a secret PROBLEM CODE on the unvaccinated employees' files as soon as they were forced onto unpaid leave. Chancellor Banks allowed schools to fire unvaccinated educators while on LWOP, without proper service and notification. He acquiesced to Mayor Eric Adams allowing "vax carveouts" for celebrities and athletes while forcing educators to vaccinate or get fired. In 2024, Chancellor Banks did a "hiring push" to recruit brand new educators to the DOE while knowing that thousands of unvaccinated essential workers were still being shut out of returning to City service.

318. **Mayor ERIC ADAMS INDICTED BUT HIS VACCINE MANDATE CRIMES STILL UNACCOUNTED FOR** is the title of an article in Teachers for Choice substack by fired Teacher Michael Kane **dated October 1, 2024**, enumerating injustices that have been perpetrated against the unvaccinated workers, briefly the most egregious being: 1. **VACCINE MANDATE CARVE OUT**: After receiving at least $1.5 million from Mets owner Steve Cohen, Eric Adams held a press conference on March 24, 2022, to announce that only athletes and performers would be allowed to earn a living in NYC without getting the COVID shot. Teachers, firefighters, cops

and all working class people would still have to be vaccinated. This vaccine mandate "carve out" was blatant pay-to-play corruption and discrimination that had nothing to do with public health. 2. **MONEY FROM PFIZER**: On July 11, 2022, while the vaccine mandate was in effect for working class New Yorkers but gone for rich athletes, Mayor Adams announced that Pfizer had provided $1.5 million to the Mayor's Fund for City schools, but he has never stated what this money was used for. Was that money donated in good faith or was Pfizer paying Adams to "encourage" him keeping the vaccine mandate in place longer than necessary? Important questions about why Mayor Adams would maintain a useless Vaccine Mandate for only some workers deserve to be probed. 3. **PROBLEM CODES**: Unvaccinated DOE employees were given a "scarlet letter" known as a "Problem Code" on their files. This code unjustly prevented educators from finding employment even outside of New York City by suggesting that the educator was a criminal and could not work with children.. Congressman Nick Langworthy sent a letter to now resigned Schools Chancellor David Banks and other City officials asking for explanations as to why these employees were unjustly punished with a PROBLEM CODE. Many fired employees have testified in front of City Hall, asking why these Problem Codes were put on our files. No one from the City has ever responded. 4. **FRAUDULENT MANDATE**: Undercover video revealed one year ago that COVID Czar Jay Varma, who was a "Special Advisor" to Mayor De Blasio on Covid, "*boasted about harassing people into submission over the vaccine mandate.*" He was 100% aware that Vaccine Mandates were completely unnecessary due to natural immunity but pushed Covid mandates and supported mass firings of unvaccinated workers. City Council's Common Sense Caucus has called for all fired unvaccinated workers to be reinstated to their original position, but Mayor Eric Adams has publicly refused to do so.
https://r.search.yahoo.com/_ylt=AwrhbZ7hgwFp.QEAixdXNyoA;_ylu=Y29sbwNiZjEEcG9zAzEEdnRpZAMEc2VjA3Ny/RV=2/RE=1762916578/RO=10/RU=https%3a%2f%2fteachersforchoice.org%2f/RK=2/RS=5EzfgItUgQt14o4Hqp_Bn.JrTvE-

**New York Workers For Choice's Efforts to Seek Reinstatement and Compensation**

319. The Vaccine Mandates have destroyed the livelihood and professional career of thousands of unvaccinated workers and business owners statewide, and justice for the unvaccinated has not been served.

320. New York Workers for Choice, a group comprised of thousands of fired or displaced workers and business owners statewide, who were removed from our careers without cause and due process, having seen our individual claims repeatedly ignored and dismissed, being censored in the media during the COVID-19 pandemic, and even maligned by elected officials, have written multiple letters to officials at the local, state and federal levels seeking reinstatement and compensation. Our lives were thrown into despair and financial ruin by the unconstitutional Vaccine Mandates, but our cries for help have fallen on deaf ears. New York workers have not been silent. In the past three years we have written numerous letters signed by hundreds of workers and business owners to public figures and elected officials. Here is a convenient link to all the letters that have been written thus far. Credit for assembling the letters online to FirstHandMedia:
https://open.substack.com/pub/firsthandmedia/p/tracker-open-letter-campaign-calls?utm_source=share&utm_medium=android&r=6dw4kp

## CONCLUSION

321. The Amended Complaint asserts well-founded causes of action supported by controlling precedents. It provides more facts and details about the events, include new parties involved in the case, add legal claims and newly discovered evidence, allowing the Court to resolve the case on its merits.

322. I demonstrate procedural due process and other violations by pleading facts plausibly showing that I possess a protected liberty or property interest and that I was deprived of that interest without constitutionally sufficient process. The DOE and UFT should be held liable for the acts committed against me and similarly situated employees. Unfortunately, the EEOC failed to enforce compliance with employment discrimination laws on the part of Defendants by not pursuing my Charge of Discrimination. Through this lawsuit, upon granting my motion seeking leave to alter or amend the judgment under Rule 59(e) and amend the complaint under Rule 15(a)(2), I am seeking justice.

323. Based on the totality of the facts and evidence as presented, I have viable discrimination and retaliation claims that should proceed to adjudication on the merits. I seek orders directing the the DOE to reinstate me to my position I previously held with back pay and benefits; declaring that I am a victim of disparate treatment as I was treated differently than the vaccinated employees; declaring that I was unlawfully placed on LWOP and subsequently terminated; declaring that the DOE failed to serve me with a Final Notice of Placement on LWOP, a Charge, a Notice of Determination of Probable Cause and Notice of Employment Termination prior to my forced separation from my job; declaring that the DOE and UFT acted in derogation of Education Law §§ 3020 and 3020-a and denied me due process of law; declaring that the Health Order mandating COVID-19 vaccines for DOE employees is unconstitutional; declaring that the UFT Award was illegal and unenforceable; declaring that the DOE failed to process my requests for a religious exemption and for an accommodation to work remotely; declaring that the City derelicted its duty to negotiate with the unions in good faith; declaring that the UFT derelicted its duty of fair representation by not pursuing my Step 2 grievance on my placement on LWOP and failing to file other grievances; declaring that the DOE violated the City's EEO Policy; declaring that the Respondents failed to produce official records; declaring that Defendants violated Education Law § 3020 and others; declaring that Defendants failed to process my request for a 3020-a Hearing; annulling Defendants' determination which placed me on LWOP; declaring that the UFT Award expired on June 30, 2022, and that all affected employees shall be reinstated with back pay and benefits; declaring that Arbitrator Martin Scheinman had no statutory and contractual authority to impose COVID-vaccines as a requirement or condition of employment; declaring that Arbitrator Scheinman was not a neutral party; declaring that Defendants did not comply with the provisions in the UFT Award when processing requests for medical and religious exemptions or accommodations; declaring that Defendants failed to serve me with pre- and post-termination notices.

324. For the foregoing reasons, I pray and respectfully request that this Court intervene upon full consideration of my claims, material facts and convincing evidence (including various emails and reports) incorporated into the record so a judgment can be entered in my favor. It is necessary to take action to right the wrong that was done against me and similarly situated employees, and that I have such other and further relief as this Court deems just and proper. I am

to be made whole in all ways. I will continue to suffer irreparable harm if relief is not granted. I am seeking “equal access to justice.”

I, Aura Moody, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.

Respectfully submitted by,

Aura Moody

112-26 197 Street
Saint Albans, NY 11412
quinonesmoody@aol.com
(347) 248-5208

**Dated:** Queens County, New York
October 30, 2025

**Attachments**: **Moody Ex. 1 - 31**

----------------------------------- X
In the Matter of the Arbitration X

between X

BOARD OF EDUCATION OF THE CITY
SCHOOL DISTRICT OF THE CITY OF X
NEW YORK X

"Department" X

-and- X

UNITED FEDERATION OF TEACHERS,
LOCAL 2, AFT, AFL-CIO X

"Union" X

----------------------------------- X

Re: Impact Bargaining

**APPEARANCES**

**<u>For the Department</u>**
Renee Campion, Commissioner of Labor Relations
Steven H. Banks, Esq., First Deputy Commissioner and General Counsel of Labor Relations

**<u>For the Union</u>**
STROOCK & STROOCK & LAVAN, L.L.P.
Alan M. Klinger, Esq.

Beth Norton, Esq., UFT General Counsel
Michael Mulgrew, UFT President

**BEFORE:** Martin F. Scheinman, Esq., Arbitrator

## BACKGROUND

The Union ("Union" or "UFT") protests the Department of Education's ("Department" or "DOE") failure to reach agreement on the impact of its decision mandating all employees working in Department buildings show proof they started the Covid-19 vaccination protocols by September 27, 2021. The Union contends the Department failed to adequately provide, among other things, for those instances where employees have proof of a serious medical condition making the vaccine a danger to their health, as well as for employees who have a legitimate religious objection to vaccines.

Most of the basic facts are not in dispute.

For those in the New York City ("NYC" or "City") metropolitan area, we are now in the 18th month of the Covid-19 pandemic. During that time, we have seen substantial illness and loss of life. There have been periods of significant improvement and hope, but sadly, we have seen resurgence with the Delta variant. Throughout this period, NYC and its municipal unions have worked collaboratively to provide needed services for the City's 8.8 million residents in as safe an environment as possible. Yet, municipal employees have often borne great risk. The Department and the UFT are no exception. The DOE and the UFT immediately moved to remote instruction and then later a hybrid model of both in-person and remote learning for the 2020-2021 school year. Educators at all levels strove to deliver the best experience possible under strained circumstances. For this

coming school year, both the DOE and the UFT have endeavored to return, as much as possible, to in-person learning. They have developed protocols regarding masking and distancing to effectuate a safe environment for the City's students and educators.

To this end, the Delta resurgence has complicated matters. In recognition of increased risk, there have been various policies implemented at City agencies and other municipal entities. Mayor de Blasio in July 2021 announced a "Vaccine-or-Test" mandate which essentially requires the City workforce, including the UFT's educators, either to be vaccinated or undergo weekly testing for the Covid-19 virus effective September 13, 2021.

Most relevant to this matter, on August 23, 2021, the Mayor and the NYC Commissioner of Health and Mental Hygiene, David A. Chokshi, MD, announced a new policy for those workforces in NYC DOE buildings. Those employees would be subject to a "Vaccine Only" mandate. That is, such employees would need to show by September 27, 2021, they had at least started the vaccination protocol or would not be allowed onto DOE premises, would not be paid for work and would be at risk of loss of job and benefits. This mandate was reflected in an Order of Commissioner Chokshi, dated August 24, 2021. That Order, by its terms, did not expressly provide for exceptions or accommodations for those with medical contraindications to vaccination or sincerely-held religious objections to inoculation. Nor did it address matters of due process with regard to job and benefits protection.

The UFT promptly sought to bargain the impact and implementation of the Vaccine Only mandate. A number of discussions were had by the parties but important matters remained unresolved.

On September 1, 2021, the UFT filed a Declaration of Impasse with the Public Employment Relations Board ("PERB") as to material matters. The City/DOE did not challenge the statement of impasse and PERB appointed me to mediate the matters. Given the exigencies of the imminent start of the school year and the coming of the September 27, 2021, mandate, together with the importance of the issues involved to the workforce, mediations sessions were held immediately on September 2, 3, 4 and 5, 2021, with some days having multiple sessions. Progress was made, and certain tentative understandings were reached, but significant matters remained unresolved. By agreement of the parties, the process moved to arbitration. They asked I serve as arbitrator.[1]

Arbitration sessions were held on September 6 and 7, 2021. During the course of the hearings, both sides were given full opportunity to introduce evidence and argument in support of their respective positions. They did so. Both parties made strenuous and impassioned arguments reflecting their viewpoints on this entire issue.

During the course of these hearings, I made various interim rulings concerning the impact of the "Vaccine Only" mandate. I then

---

[1] My jurisdiction is limited to the issues raised during impact bargaining and not with regard to the decision to issue the underlying "Vaccine Only" order.

directed the parties to draft language reflecting those rulings. Even though I am very familiar with the language of the current Collective Bargaining Agreement, as well as the parties' relationship since I am a member of their permanent arbitration panel and have served as a fact-finder and mediator during several rounds of bargaining, I concluded the parties are more familiar with Department policy and how leave and entitlements have been administered in accordance with prior agreements. As such, my rulings reflect both the understandings reached during the negotiations prior to mediation, those reached in the mediation process and the parties' agreed upon language in response to my rulings. All are included, herein.

I commend the parties for their seriousness of purpose and diligence in addressing these complicated matters. The UFT made clear it supports vaccination efforts and has encouraged its members to be vaccinated. Nonetheless, as a Union, it owes a duty to its members to ensure their rights are protected. The City/DOE demonstrated recognition of the importance of these issues, particularly with regard to employees' legitimate medical or religious claims. I appreciate both parties' efforts in meeting the tight timeline we have faced and the professionalism they demonstrated serving the citizens of the City and what the million plus students deserved. They have invested immense effort to insure such a serious issue was litigated in such a thoughtful way.

Yet, in the end, it falls to me, as Arbitrator, to arrive at a fair resolution of the matters at hand.

This matter is one of the most urgent events I have been involved with in my forty (40) plus years as a neutral. The parties recognized the complexity of the issues before me, as well as the magnitude of the work that lies ahead to bring this conflict to completion in a timely manner. For this reason, they understood and accepted the scope and complexity of this dispute could not be handled by me alone. They agreed my colleagues at Scheinman Arbitration and Mediation Services ("SAMS") would also be involved.

I want to thank my colleagues at SAMS, especially Barry J. Peek, for their efforts and commitment to implementing the processes to resolve this matter. This undertaking could not be accomplished by any single arbitrator.

**<u>Opinion</u>**

After having carefully considered the record evidence, and after having the parties respond to countless inquiries. I have requested to permit me to make a final determination, I make the rulings set forth below. While some of the language has been drafted, initially, by the parties in response to my rulings, in the end the language set forth, herein, is mine alone. I hereby issue the following Award:

**I. <u>Exemption and Accommodation Requests & Appeal Process</u>**

As an alternative to any statutory reasonable accommodation

process, the City, the Board of Education of the City School District for the City of New York (the "DOE"), and the United Federation of Teachers, Local 2, AFT, AFL-CIO (the "UFT), (collectively the "Parties") shall be subject to the following Expedited Review Process to be implemented immediately for full-time staff, H Bank and non-pedagogical employees who work a regular schedule of twenty (20) hours per week or more inclusive of lunch, including but not limited to Occupational Therapists and Physical Therapists, and Adult Education teachers who work a regular schedule of twenty (20) or more hours per week. This process shall only apply to (a) religious and medical exemption requests to the mandatory vaccination policy, and (b) medical accommodation requests where an employee is unable to mount an immune response to COVID-19 due to preexisting immune conditions and the requested accommodation is that the employee not appear at school. This process shall be in place for the 2021-2022 school year and shall only be extended by mutual agreement of the Parties.

Any requests to be considered as part of this process must be submitted via the SOLAS system no later than Monday, September 20, 2021, by 5:00 p.m.

A. Full Medical Exemptions to the vaccine mandate shall only be considered where an employee has a documented contraindication such that an employee cannot receive any of the three (3) authorized vaccines (Pfizer, Moderna, J&J)— with contraindications delineated in CDC clinical

considerations for COVID-19 vaccination. Note that a prior immediate allergic reaction to one (1) type of vaccine will be a precaution for the other types of vaccines, and may require consultation with an allergist.

B. Temporary Medical Exemptions to the vaccine mandate shall only be based on the following valid reasons to defer or delay COVID-19 vaccination for some period:

- Within the isolation period after a COVID-19 infection;
- Within ninety (90) days of monoclonal antibody treatment of COVID-19;
- Treatments for conditions as delineated in CDC clinical considerations, with understanding CDC guidance can be updated to include new considerations over time, and/or determined by a treating physician with a valid medical license responsible for the immunosuppressive therapy, including full and appropriate documentation that may warrant temporary medical exemption for some period of time because of active therapy or treatment (e.g., stem cell transplant, CAR T-cell therapy) that would temporarily interfere with the patient's ability to respond adequately to vaccination;
- Pericarditis or myocarditis not associated with COVID-19 vaccination or pericarditis or myocarditis associated with COVID-19 vaccination.

Length of delay for these conditions may vary, and the employee must get vaccinated after that period unless satisfying the criteria for a Full Medical Exemption described, above.

C. Religious exemptions for an employee to not adhere to the mandatory vaccination policy must be documented in writing by a religious official (e.g., clergy). Requests shall be denied where the leader of the religious organization has spoken publicly in favor of the vaccine, where the documentation is readily available (e.g., from an online source), or where the objection is personal, political, or philosophical in nature. Exemption requests shall be considered for recognized and established religious organizations (e.g., Christian Scientists).

D. There are cases in which, despite an individual having sought and received the full course of the vaccination, he or she is unable to mount an immune response to COVID-19 due to preexisting immune conditions. In these circumstances, each individual case shall be reviewed for potential accommodation. Medical accommodation requests must be documented in writing by a medical doctor.

E. The initial determination of eligibility for an exemption or accommodation shall be made by staff in the Division of Human Capital in the Office of Medical, Leaves and Benefits; the Office of Equal Opportunity; and Office of Employee

Relations. These determinations shall be made in writing no later than Thursday, September 23, 2021, and, if denied, shall include a reason for the denial.

F. If the employee wishes to appeal a determination under the identified criteria, such appeal shall be made in SOLAS to the DOE within one (1) school day of the DOE's issuance of the initial eligibility determination. The request for appeal shall include the reason for the appeal and any additional documentation. Following the filing of the appeal, any supplemental documentation may be submitted by the employee to the Scheinman Arbitration and Mediation Services ("SAMS") within forty eight (48) hours after the filing of the appeal. If the stated reason for denial of a medical exemption or accommodation request is insufficient documentation, the employee may request from the arbitrator and, upon good cause shown, the arbitrator may grant an extension beyond forty eight (48) hours and permit the use of CAR days after September 27, 2021, for the employee to gather the appropriate medical documentation before the appeal is deemed submitted for determination.

G. A panel of arbitrators identified by SAMS shall hear these appeals, and may request the employee or the DOE submit additional documentation. The assigned arbitrator may also request information from City and/or DOE Doctors as part of the review of the appeal documentation. The assigned

arbitrator, at his or her discretion, shall either issue a decision on the appeal based on the documents submitted or hold an expedited (virtual) factual hearing. If the arbitrator requests a factual hearing, the employee may elect to have a union representative present but neither party shall be required to be represented by an attorney at the hearing. The expedited hearing shall be held via Zoom telecommunication and shall consist of brief opening statements, questions from the arbitrator, and brief closing statements. Cross examination shall not be permitted. Any documentation submitted at the arbitrator's request shall be provided to the DOE at least one (1) business day before the hearing or the issuance of the written decision without hearing.

H. Appeal decisions shall be issued to the employee and the DOE no later than Saturday September 25, 2021. Appeal decisions shall be expedited without full Opinion, and final and binding.

I. While an appeal is pending, the exemption shall be assumed granted and the individual shall remain on payroll consistent with Section K below. However, if a larger number of employees than anticipated have a pending appeal as of September 27, 2021, as determined by SAMS, SAMS may award different interim relief consistent with the parties' intent. Those employees who are vaccinated and have applied for an

accommodation shall have the ability to use CAR days while their application and appeal are pending. Should the appeal be granted, these employees shall be reimbursed any CAR days used retroactive to the date of their initial application.

J. The DOE shall cover all arbitration costs from SAMS under this process. To the extent the arbitrator requests additional medical documentation or information from the DOE, or consultation with City and/or DOE Doctors, arranging and paying for such documentation and/or consultation shall be the responsibility of the DOE.

K. An employee who is granted a medical or religious exemption or a medical accommodation under this process and within the specific criteria identified above shall be permitted the opportunity to remain on payroll, but in no event required/permitted to enter a school building while unvaccinated, as long as the vaccine mandate is in effect. Such employees may be assigned to work outside of a school building (e.g., at DOE administrative offices) to perform academic or administrative functions as determined by the DOE while the exemption and/or accommodation is in place. For those with underlying medical issues granted an accommodation under Section I(D), the DOE will make best efforts to ensure the alternate work setting is appropriate for the employee's medical needs. The DOE shall make best efforts to make these assignments within the same borough as

the employee's current school, to the extent a sufficient number of assignments exist in the borough. Employees so assigned shall be required to submit to COVID testing twice per week for the duration of the assignment.

L. The process set forth, herein, shall constitute the exclusive and complete administrative process for the review and determination of requests for religious and medical exemptions to the mandatory vaccination policy and accommodation requests where the requested accommodation is the employee not appear at school. The process shall be deemed complete and final upon the issuance of an appeal decision. Should either party have reason to believe the process set forth, herein, is not being implemented in good faith, it may bring a claim directly to SAMS for expedited resolution.

## II. Leave

A. Any unvaccinated employee who has not requested an exemption pursuant to Section 1, or who has requested an exemption which has been denied, may be placed by the DOE on leave without pay effective September 28, 2021, or upon denial of appeal, whichever is later, through November 30, 2021. Such leave may be unilaterally imposed by the DOE and may be extended at the request of the employee consistent with Section III(B), below. Placement on leave without pay for these reasons shall not be considered a disciplinary action for any purpose.

B. Except as otherwise noted, herein, this leave shall be treated consistent with other unpaid leaves at the DOE for all purposes.

C. During such leave without pay, employees shall continue to be eligible for health insurance. As with other DOE leaves without pay, employees are prohibited from engaging in gainful employment during the leave period.

D. Employees who become vaccinated while on such leave without pay and provide appropriate documentation to the DOE prior to November 30, 2021, shall have a right of return to the same school as soon as is practicable but in no case more than one (1) week following notice and submission of documentation to the DOE.

E. Pregnancy/Parental Leave

i. Any soon-to-be birth mother who starts the third trimester of pregnancy on or before September 27, 2021, (e.g. has a due date no later than December 27, 2021), may commence UFT Parental Leave prior to the child's birth date, but not before September 27, 2021.

ii. No documentation shall be necessary for the early use of Parental Leave, other than a doctor's written assertion the employee is in her third trimester as of September 27, 2021.

iii. Eligible employees who choose to start Parental Leave prior to the child's birth date, shall be required to first use CAR days until either: 1) they exhaust CAR/sick days,

at which point the Parental Leave shall begin, or 2) they give birth, at which point they shall be treated as an approved Parental Leave applicant for all purposes, including their prerogative to use additional CAR days prior to the commencement of Parental Leave.

iv. Eligible employees who have a pregnancy disability or maternity disability outside of the regular maternity period may, in accordance with existing rules, borrow CAR/sick days and use a Grace Period. This eligibility to borrow CAR/sick days does not apply to employees during the regular maternity recovery period if they have opted to use Parental Leave.

v. In the event an eligible employee exhausts CAR/sick days and parental leave prior to giving birth, the employee shall be placed on a leave without pay, but with medical benefits at least until the birth of the child. As applicable, unvaccinated employees may be placed in the leave as delineated in Section II(A).

vi. If not otherwise covered by existing Family Medical Leave Act ("FMLA") or leave eligibility, an employee who takes Parental Leave before the birth of the child shall be eligible to be on an unpaid leave with medical benefits for the duration of the maternity recovery period (i.e., six weeks after birth or eight weeks after a birth via C-Section)

vii. All other eligibility and use rules regarding UFT Parental Leave as well as FMLA remain in place.

**III. Separation**

A. During the period of September, 28, 2021, through October 29, 2021, any employee who is on leave without pay due to vaccination status may opt to separate from the DOE. In order to separate under this Section and receive the commensurate benefits, an employee must file a form created by the DOE which includes a waiver of the employee's rights to challenge the employee's involuntary resignation, including, but not limited to, through a contractual or statutory disciplinary process. If an employee opts to separate consistent with this Section, the employee shall be eligible to be reimbursed for unused CAR days on a one (1) for one (1) basis at the rate of 1/200th of the employee's salary at departure per day, up to 100 days, to be paid following the employee's separation with documentation including the general waiver and release. Employees who elect this option shall be deemed to have resigned involuntarily effective on the date contained in the general waiver as determined by the DOE, for non-disciplinary reasons. An employee who separates under this Section shall continue to be eligible for health insurance through September 5, 2022, unless they are eligible for health insurance from another source (e.g., a spouse's coverage or another job).

B. During the period of November 1, 2021 through November 30, 2021, any employee who is on leave without pay due to vaccination status may alternately opt to extend the leave through September 5, 2022. In order to extend this leave pursuant to this Section, and continue to receive the commensurate benefits, an employee must file a form created by the DOE which includes a waiver of the employee's rights to challenge the employee's voluntary resignation, including, but not limited to, through a contractual or statutory disciplinary process. Employees who select this option shall continue to be eligible for health insurance through September 5, 2022. Employees who comply with the health order and who seek to return from this leave, and so inform the DOE before September 5, 2022, shall have a right to return to the same school as soon as is practicable but in no case more than two (2) weeks following notice to the DOE. Existing rules regarding notice of leave intention and rights to apply for other leaves still apply. Employees who have not returned by September 5, 2022, shall be deemed to have voluntarily resigned.

C. Beginning December 1, 2021, the DOE shall seek to unilaterally separate employees who have not opted into separation under Sections III(A) and III(B). Except for the express provisions

contained, herein, all parties retain all legal rights at all times relevant, herein.

September 10 , 2021.

Martin F. Scheinman, Esq.
Arbitrator

STATE OF NEW YORK )
) ss.:
COUNTY OF NASSAU )

I, MARTIN F. SCHEINMAN, ESQ., do hereby affirm upon my oath as Arbitrator that I am the individual described herein and who executed this instrument, which is my Award.

September 10 , 2021.

Martin F. Scheinman, Esq.
Arbitrator

DOE.UFT.Impact Bargaining.awd

MOODY EX. 2

1/2

---

**From:** Renee Campion (OLR) <rcampion@olr.nyc.gov>
**Sent:** Tuesday, July 27, 2021 4:32 PM
**To:** Harry Nespoli - USA Local 831 (Pres831secy@usa-sbf.com) <Pres831secy@usa-sbf.com>
**Cc:** Klinger, Alan M. <aklinger@stroock.com>; Steve Banks (OLR) <sbanks@olr.nyc.gov>
**Subject:** [EXTERNAL] Letter to All Employees

Harry –
The Health Commissioner will be sending out a letter to all City employees this evening.

I have attached the letter below.

Please reach out to me if you have any questions.

-Renee

**Letter to All NYC Employees from NYC Health Commissioner**

I want to take a moment to thank all of you for your tireless dedication this past year and a half. Whether you're in the office or in our communities, New York City's employees stepped up to keep the city safe and moving forward. As a result, we made enormous strides in our fight against COVID-19, even before the vaccination stage of our response.

But as you know, nothing can provide a higher level of protection against the virus or do more to speed the city's recovery than vaccines, which are safe and lifesaving, and which we have made free and accessible all over the city.

To protect each other and those we serve, and to set an example for our fellow New Yorkers, the Mayor has announced that all City employees and contractors will soon be responsible for meeting the COVID-Safe Requirement, to be phased in from August 2nd to September 13th. This policy requires all City employees and contractors to show either one-time proof of vaccination or a negative COVID-19 test once every seven days.

Convenient and community-based vaccination sites are accessible via nyc.gov/vaccinefinder or by calling 877-VAX-4-NYC.

For those who choose instead to be tested weekly, a diagnostic PCR test -- which has the highest level of accuracy -- will be required. Most PCR tests must be sent to a lab for processing and come back within one or two days, but some are rapid and can yield a result while you wait. Either is acceptable for meeting the COVID-Safe Requirement. There are hundreds of PCR testing locations in the five boroughs; the list can be found at nyc.gov/covidtest. If you'd like to receive a test specifically at a City-sponsored site, that list can be found here: https://www.nychealthandhospitals.org/test-and-trace/testing/.

While testing is available it cannot replace the moral and health imperative to get vaccinated. I urge you in the strongest of terms: it is time to get vaccinated if you have not already. By not getting vaccinated you are putting yourself, your loved ones, and your City at risk. Vaccination is safe, effective, and free. It is the best thing we can do to keep each other, our loved ones, and all New Yorkers safe.

Thank you,
Dave A. Chokshi, MD, MSc
Commissioner
NYC Department of Health and Mental Hygiene

2/2

MOODY EX. 3

# Municipal Labor Committee

55 Water Street, 23rd Floor / New York, NY 10041 / (212) 815-1474

**CHAIRPERSON**
HARRY NESPOLI
Local 831, I.B.T. Uniformed Sanitationmen's Association, AFL-CIO

**CO-CHAIRPERSON**
HENRY A. GARRIDO
District Council 37, AFSCME, AFL-CIO

**EXECUTIVE VICE-CHAIR**
MICHAEL MULGREW
United Federation of Teachers, AFL-CIO

**SECRETARY**
GREGORY FLOYD
Local 237
City Employees Union, I.B.T., AFL-CIO

**TREASURER**
MARK CANNIZZARO
Council of School Supervisors & Administrators

**VICE CHAIRPERSONS**

ANDREW ANSBRO
Uniformed Firefighters Association

BENNY BOSCIO, JR.
Correction Officers' Benevolent Association

BARBARA BOWEN
Professional Staff Congress
City University of New York

JOSPEH COLANGELO
S.E.I.U. New York City Local 246

ROBERT CROGHAN
Organization of Staff Analysts

JUDITH A. CUTCHIN
New York State Nurses Association

PAUL DIGIACOMO
Detectives' Endowment Association

JAMES LEMONDA
Local 854, Uniformed Fire Officers Association, AFL-CIO

MARTIN A. LYDON
District Council of Carpenters, AFL-CIO

WILLIAM M. LYNN
International Union of Operating Engineers Local 30, AFL-CIO

JOSEPH MANNION
Sanitation Officers Association

GLORIA MIDDLETON
Local 1180, NYC Administrative Employees, CWA, AFL-CIO

FRANK PROSCIA, M.D.
Doctors Council

PETER STEIN
Local 508, NYC Lifeguard Supervisors, AFSCME, AFL-CIO

LOUIS TURCO
Lieutenants Benevolent Association

MAF MISBAH UDDIN
Local 1407, NYC Accountants, Statisticians & Actuaries, AFSCME, AFL-CIO

ANTHONY WELLS
Local 371, Social Service Employees, AFSCME, AFL-CIO

***Executive Secretary***
ELLEN MEDWID

August 12, 2021

Hon. Dean Fuleihan
First Deputy Mayor
City of New York
City Hall
New York, New York 10007

Hon. Emma Wolfe
Chief of Staff and
Deputy Mayor for Administration
City of New York
City Hall
New York, New York 10007

Hon. Renee Campion
Commissioner
New York City Office of Labor Relations
22 Cortlandt St.
New York, NY 10007

Dear All:

I write to express the severe concern—and great disappointment—of the MLC Union leaders on the lack of progress in arriving at a negotiated program to implement the City's vaccine/testing policy.

Several weeks ago, the City announced, without prior consultation or bargaining with the Unions, a policy that would require public employees either to be vaccinated or be tested weekly to avoid suspension without pay. Despite this unilateral action, with an eye towards the unfortunate advance of the Delta variant, the MLC's officers agreed to meet and discuss the proposed policy with you and numerous other key City officials on July 28th. The tenor of the discussion, we thought, was the City's desire to work collaboratively with the Unions to navigate a path towards achieving the objectives of the policy.

City leadership collectively asked the Union leaders to provide proposals and raise concerns, which we did. Primary among those concerns was the major logistical hurdle of providing timely and accessible testing to the likely100,000 City workers who, despite the encouragement of many (including Union leaders), would opt out of vaccination for medical, religious and other reasons. This major dilemma, the Unions warned, would exist even if the policy was successful in encouraging a significant portion of the currently unvaccinated employees to vaccinate.

The MLC officers cautioned that logistics take time to work out, would necessarily be agency specific in places and that, without proper planning, the City would be in a position of having to order so many employees home without pay that there would be insufficient staffing to carry out the duties required to appropriately provide services to the residents of the City. We also raised fundamental questions, including, with regard to testing, whether it would be performed at the work site and on work time, and if not, where testing would be available and how workers would be compensated for complying with the mandated policy.

The discussion concluded on a hopeful note with the City agreeing to take back many of the comments, concerns and suggestions for consideration and to continue the discussions with the Unions. *That was two weeks ago*. While there have been sporadic discussions with some, MLC inquiries regarding these essential matters have essentially gone unanswered. This is unacceptable.

The MLC and its leaders have been firm and consistent that while the Unions support encouraging vaccination (and have made considerable efforts on their own to encourage their members to vaccinate), they will not abdicate their legal right and responsibility to protect the rights of workers to opt for either vaccination or testing, to be held harmless for both the time and cost of testing and vaccination, and to have a fair process for any form of discipline. Make no mistake, despite calling this a vaccination policy, the City's proposal creates a new criterion and process for discipline that would allow agencies to suspend workers without pay and without the typical forms of due process provided for under collective bargaining agreements and law.

Accordingly, we seek a prompt meeting to continue this vital discussion. In the meantime, no policy should be implemented before it is negotiated.

Sincerely,

*Harry Nespoli*

Harry Nespoli
Chair

cc: Henry Garrido
Co-Chair
District Council 37

Michael Mulgrew
Executive Vice Chair
United Federation of Teachers

Gregory Floyd
Secretary
Local 237, City Employees Union

Mark Cannizzaro
Treasurer
Council of School Supervisors & Administrators

MOODY EX. 4

# Municipal Labor Committee

55 Water Street, 23rd Floor / New York, NY 10041 / (212) 815-1474

**CHAIRPERSON**
HARRY NESPOLI
Local 831, I.B.T. Uniformed
Sanitationmen's Association, AFL-CIO

**CO-CHAIRPERSON**
HENRY A. GARRIDO
District Council 37, AFSCME, AFL-CIO

**EXECUTIVE VICE-CHAIR**
MICHAEL MULGREW
United Federation of Teachers, AFL-CIO

**SECRETARY**
GREGORY FLOYD
Local 237
City Employees Union, I.B.T., AFL-CIO

**TREASURER**
MARK CANNIZZARO
Council of School Supervisors &
Administrators

**VICE CHAIRPERSONS**

ANDREW ANSBRO
Uniformed Firefighters Association

BENNY BOSCIO, JR.
Correction Officers' Benevolent Association

BARBARA BOWEN
Professional Staff Congress
City University of New York

JOSPEH COLANGELO
S.E.I.U. New York City Local 246

ROBERT CROGHAN
Organization of Staff Analysts

JUDITH A. CUTCHIN
New York State Nurses Association

PAUL DIGIACOMO
Detectives' Endowment Association

JAMES LEMONDA
Local 854, Uniformed Fire Officers
Association, AFL-CIO

MARTIN A. LYDON
District Council of Carpenters, AFL-CIO

WILLIAM M. LYNN
International Union of Operating Engineers
Local 30, AFL-CIO

JOSEPH MANNION
Sanitation Officers Association

GLORIA MIDDLETON
Local 1180, NYC Administrative
Employees, CWA, AFL-CIO

FRANK PROSCIA, M.D.
Doctors Council

PETER STEIN
Local 508, NYC Lifeguard Supervisors,
AFSCME, AFL-CIO

LOUIS TURCO
Lieutenants Benevolent Association

MAF MISBAH UDDIN
Local 1407, NYC Accountants, Statisticians
& Actuaries, AFSCME, AFL-CIO

ANTHONY WELLS
Local 371, Social Service Employees,
AFSCME, AFL-CIO

***Executive Secretary***
ELLEN MEDWID

August 17, 2021

Hon. Dean Fuleihan
First Deputy Mayor City of New York
City Hall
New York, New York 10007

Hon. Emma Wolfe
Chief of Staff and
Deputy Mayor for Administration
City of New York
City Hall
New York, New York 10007

Hon. Renee Campion
Commissioner
New York City Office of Labor Relations
22 Cortlandt St.
New York, NY 10007

Dear All:

As I have written before, the MLC and its constituent Unions believe strongly that it was inappropriate for the City to have announced the vaccination/testing policy without having met first with the Unions. Nonetheless, we have been working with you on the policy and have sought follow-up meetings, in particular regarding the testing component of the policy.

We are hearing now that the City is considering jettisoning the vaccination/testing program before it has even started in favor of an across the board vaccination mandate. To be clear, any such unilateral action would be improper and a violation of the City's duty to bargain pursuant to the Taylor Law, the New York City Collective Bargaining Law and various collective bargaining agreements.

Should the City move to unilaterally implement a vaccination mandate without the option for regular testing in lieu of vaccination, the MLC and likely various individual Unions would be compelled to take appropriate steps, including legal action, to protect the rights of their members.

We look forward to continuing working collaboratively on the vaccination/testing program.

Sincerely,

Harry Nespoli

Harry Nespoli
Chair

cc: Henry Garrido
Co-Chair
District Council 37

Michael Mulgrew
Executive Vice Chair
United Federation of Teachers

Gregory Floyd
Secretary
Local 237, City Employees Union

Mark Cannizzaro
Treasurer
Council of School Supervisors & Administrators

MOODY EX. 5

**From:** quinonesmoody@aol.com,
**To:** MMulgrew@uft.org,
**Cc:** rgarcia@uft.org,
**Subject:** Re: DOE vaccine mandate
**Date:** Wed, Sep 15, 2021 3:59 pm

---

Dear Mr. Mulgrew:

I am reaching out to you again because I have not received a response to my email below. I have natural immunity since I recovered from COVID-19. Thus, I do not have a vaccine passport.

Fraternally,

Aura Moody

-----Original Message-----
From: quinonesmoody@aol.com
To: MMulgrew@uft.org
Sent: Sat, Aug 28, 2021 6:16 am
Subject: Fwd: RE: DOE vaccine mandate

The email below did not reach its destination, as per a reply email I received.
Aura Moody

From: quinonesmoody <quinonesmoody@aol.com>
Date: Saturday, August 28, 2021
Subject: RE: DOE vaccine mandate
To: reply-fec2177571660274-222_HTML-32914087-100022908-12003 <reply-fec2177571660274-222_HTML-32914087-100022908-12003@uftmail.org>
Hi Mr. Mulgrew:
I would like to know about the UFT's position on natural immunity. In my opinion, people who have natural immunity after recovering from COVID-19 should not be required to take the vaccine. Upon information and belief, researchers in Israel and other countries have found that natural immunity is more effective than artificial immunity.
Sincerely,
Aura Moody

On Monday, August 23, 2021 Michael Mulgrew, UFT President <reply-fec2177571660274-222_HTML-32914087-100022908-12003@uftmail.org> wrote:

View Online

**Your Rights** **Your Benefits** **Your Union**

Dear Aura,

On Aug. 23, the mayor announced that the city is mandating the COVID-19 vaccine for all DOE employees as part of a public health intervention. Employees must have proof of the first shot of the vaccine by Sept. 27. This announcement is the first of several announcements we believe are to come about city employees being mandated for the vaccine.

With the Delta variant continuing to spread and Pfizer just announcing the full FDA approval of its vaccine, the city believes that those eligible for the vaccine must do

1/2

their part to help keep our children safe.

As a union, our first priority has been keeping our kids and members safe and the schools open. New York City public school educators have led the way on this issue, with the great majority already vaccinated. We estimate that close to 80 percent of our membership is already vaccinated, so we know that as a union we have already done our part to help the city to beat this virus and protect our schools.

This decision is not up to the union. However, while the mayor is asserting his legal authority to mandate the vaccine for city employees, by law the details of this mandate must be negotiated with the UFT and other unions, and if necessary resolved by arbitration.

Religious and medical exemptions to vaccine mandates are in place in existing laws, yet we know there are other nuances and details of this mandate that will need to be worked out. Therefore, we have informed the city that we would begin impact bargaining on the issues. We will keep you informed on the details as they become available.

Sincerely,

Michael Mulgrew
UFT President

United Federation of Teachers
*A Union of Professionals*
52 Broadway, New York, NY 10004

This email was sent to: quinonesmoody@aol.com
Preferences | Unsubscribe | Privacy Policy
©2021 United Federation of Teachers All Rights Reserved

2/2

# ORDER OF THE COMMISSIONER OF HEALTH AND MENTAL HYGIENE TO REQUIRE COVID-19 VACCINATION FOR DEPARTMENT OF EDUCATION EMPLOYEES, CONTRACTORS, AND OTHERS

**WHEREAS**, on March 12, 2020, Mayor Bill de Blasio issued Emergency Executive Order No. 98 declaring a state of emergency in the City to address the threat posed by COVID-19 to the health and welfare of City residents, and such order remains in effect; and

**WHEREAS**, on March 25, 2020, the New York City Commissioner of Health and Mental Hygiene declared the existence of a public health emergency within the City to address the continuing threat posed by COVID-19 to the health and welfare of City residents, and such declaration and public health emergency continue to be in effect; and

**WHEREAS**, pursuant to Section 3.01(d) of the New York City Health Code ("Health Code"), the existence of a public health emergency within the City as a result of COVID-19, for which certain orders and actions are necessary to protect the health and safety of the City of New York and its residents, was declared; and

**WHEREAS**, pursuant to Section 558 of the New York City Charter (the "Charter"), the Board of Health may embrace in the Health Code all matters and subjects to which the power and authority of the Department of Health and Mental Hygiene (the "Department") extends; and

**WHEREAS**, pursuant to Section 556 of the Charter and Section 3.01(c) of the Health Code, the Department is authorized to supervise the control of communicable diseases and conditions hazardous to life and health and take such actions as may be necessary to assure the maintenance of the protection of public health; and

**WHEREAS**, the U.S. Centers for Disease Control ("CDC") reports that new variants of COVID-19, identified as "variants of concern" have emerged in the United States, and some of these new variants which currently account for the majority of COVID-19 cases sequenced in New York City, are more transmissible than earlier variants; and

**WHEREAS,** the CDC has stated that vaccination is an effective tool to prevent the spread of COVID-19 and benefits both vaccine recipients and those they come into contact with, including persons who for reasons of age, health, or other conditions cannot themselves be vaccinated; and

**WHEREAS** New York State has announced that, as of September 27, 2021 all healthcare workers in New York State, including staff at hospitals and long-term care facilities, including nursing homes, adult care, and other congregate care settings, will be required to be vaccinated against COVID-19 by Monday, September 27; and

**WHEREAS**, section 17-104 of the Administrative Code of the City of New York directs the Department to adopt prompt and effective measures to prevent the communication of infection diseases such as COVID-19; and

**WHEREAS**, in accordance with section 17-109(b) of such Administrative Code, the Department may adopt vaccination measures in order to most effectively prevent the spread of communicable diseases; and

**WHEREAS**, pursuant to Section 3.07 of the Health Code, no person "shall do or assist in any act which is or may be detrimental to the public health or to the life or health of any individual" or "fail to do any reasonable act or take any necessary precaution to protect human life and health;" and

**WHEREAS**, the CDC has recommended that school teachers and staff be "vaccinated as soon as possible" because vaccination is "the most critical strategy to help schools safely resume] full operations… [and] is the leading public health prevention strategy to end the COVID-19 pandemic;" and

**WHEREAS** the New York City Department of Education ("DOE") serves approximately 1 million students across the City, including students in the communities that have been disproportionately affected by the COVID-19 pandemic and students who are too young to be eligible to be vaccinated; and

**WHEREAS**, a system of vaccination for individuals working in school settings or other DOE buildings will potentially save lives, protect public health, and promote public safety; and

**WHEREAS,** pursuant to Section 3.01(d) of the Health Code, I am authorized to issue orders and take actions that I deem necessary for the health and safety of the City and its residents when urgent public health action is necessary to protect the public health against an existing threat and a public health emergency has been declared pursuant to such section; and

**WHEREAS,** on July 21, 2021, I issued an order requiring staff in public healthcare and clinical settings to demonstrate proof of COVID-19 vaccination or undergo weekly testing; and

**WHEREAS,** on August 10, 2021, I issued an order requiring staff providing City operated or contracted services in residential and congregate settings to demonstrate proof of COVID-19 vaccination or undergo weekly testing;

**NOW THEREFORE** I, Dave A. Chokshi, MD, MSc, Commissioner of Health and Mental Hygiene, finding that a public health emergency within New York City continues, and that it is necessary for the health and safety of the City and its residents, do hereby exercise the power of the Board of Health to prevent, mitigate, control and abate the current emergency, and hereby order that:

1. No later than September 27, 2021 or prior to beginning employment, all DOE staff must provide proof to the DOE that:
    a. they have been fully vaccinated; or
    b. they have received a single dose vaccine, even if two weeks have not passed since they received the vaccine; or
    c. they have received the first dose of a two-dose vaccine, and they must additionally provide proof that they have received the second dose of that vaccine within 45 days after receipt of the first dose.

2. All City employees who work in-person in a DOE school setting or DOE building must provide proof to their employer no later than September 27, 2021 or prior to beginning such work that:
    a. they have been fully vaccinated; or
    b. they have received a single dose vaccine, even if two weeks have not passed since they received the vaccine; or

c. they have received the first dose of a two-dose vaccine, and they must additionally provide proof that they have received the second dose of that vaccine within 45 days after receipt of the first dose.

3. All staff of contractors of DOE and the City who work in-person in a DOE school setting or DOE building, including individuals who provide services to DOE students, must provide proof to their employer no later than September 27, 2021 or prior to beginning such work that:
   a. they have been fully vaccinated; or
   b. they have received a single dose vaccine, even if two weeks have not passed since they received the vaccine; or
   c. they have received the first dose of a two-dose vaccine, and they must additionally provide proof that they have received the second dose of that vaccine within 45 days after receipt of the first dose.

   Self-employed independent contractors hired for such work must provide such proof to the DOE.

4. All employees of any school serving students up to grade 12 and any UPK-3 or UPK-4 program that is located in a DOE building who work in-person, and all contractors hired by such schools or programs to work in-person in a DOE building, must provide proof to their employer, or if self-employed to the contracting school or program, no later than September 27, 2021 or prior to beginning such work that:
   a. they have been fully vaccinated; or
   b. they have received a single dose vaccine, even if two weeks have not passed since they received the vaccine; or
   c. they have received the first dose of a two-dose vaccine, and they must additionally provide proof that they have received the second dose of that vaccine within 45 days after receipt of the first dose.

5. For the purposes of this Order:

   a. “DOE staff” means (i) full or part-time employees of the DOE, and (ii) DOE interns (including student teachers) and volunteers.

   b. “Fully vaccinated" means at least two weeks have passed after a person received a single dose of a one-dose series, or the second dose of a two-dose series, of a COVID-19 vaccine approved or authorized for use by the Food and Drug Administration or World Health Organization.

   c. “DOE school setting” includes any indoor location, including but not limited to DOE buildings, where instruction is provided to DOE students in public school kindergarten through grade 12, including residences of pupils receiving home instruction and places where care for children is provided through DOE’s LYFE program.

d. "Staff of contractors of DOE and the City" means a full or part-time employee, intern or volunteer of a contractor of DOE or another City agency who works in-person in a DOE school setting or other DOE building, and includes individuals working as independent contractors.

e. "Works in-person" means an individual spends any portion of their work time physically present in a DOE school setting or other DOE building. It does not include individuals who enter a DOE school setting or other DOE location only to deliver or pickup items, unless the individual is otherwise subject to this Order. It also does not include individuals present in DOE school settings or DOE buildings to make repairs at times when students are not present in the building, unless the individual is otherwise subject to this Order.

6. This Order shall be effective immediately and remain in effect until rescinded, subject to the authority of the Board of Health to continue, rescind, alter or modify this Order pursuant to Section 3.01(d) of the Health Code.

Dated: August 24th, 2021

Dave A. Chokshi, M.D., MSc
Commissioner

MOODY EX. 7

**From:** quinonesmoody@aol.com,
**To:** eengler@uft.org,
**Cc:** mmulgrew@uft.org, rgarcia@uft.org, rquamina@uft.org, queensclinicians@gmail.com, msill@uft.org, szalkin@uft.org,
**Subject:** Re: Natural Immunity
**Date:** Wed, Jan 12, 2022 7:49 am

---

Please be advised that due to the COVID test shortage and the fact that the DOE has placed me on involuntary Leave Without Pay, I will no longer take weekly COVID-19 tests until further notice.

Sincerely,

Aura Moody

-----Original Message-----
From: quinonesmoody@aol.com
To: eengler@uft.org <eengler@uft.org>
Cc: mmulgrew@uft.org <mmulgrew@uft.org>; rgarcia@uft.org <rgarcia@uft.org>; rquamina@uft.org <rquamina@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; msill@uft.org <msill@uft.org>; szalkin@uft.org <szalkin@uft.org>
Sent: Tue, Jan 4, 2022 7:19 pm
Subject: Re: Natural Immunity

Attached please find the result of the COVID-19 Test dated January 4, 2022.

Sincerely,

Aura Moody

-----Original Message-----
From: quinoesmoody@aol.com
To: eengler@uft.org <eengler@uft.org>
Cc: mmulgrew@uft.org <mmulgrew@uft.org>; rgarcia@uft.org <rgarcia@uft.org>; rquamina@uft.org <rquamina@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; msill@uft.org <msill@uft.org>; szalkin@uft.org <szalkin@uft.org>
Sent: Wed, Dec 29, 2021 4:58 pm
Subject: Re: Natural Immunity

Attached please find the result of the COVID-19 Test dated December 29, 2021.

Sincerely,

Aura Moody

-----Original Message-----
From: quinonesmoody@aol.com
To: eengler@uft.org <eengler@uft.org>
Cc: mmulgrew@uft.org <mmulgrew@uft.org>; rgarcia@uft.org <rgarcia@uft.org>; rquamina@uft.org <rquamina@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; msill@uft.org <msill@uft.org>; szalkin@uft.org <szalkin@uft.org>
Sent: Fri, Dec 24, 2021 7:18 pm
Subject: Re: Natural Immunity

Attached please find my letter addressed to Mr. Saul Zalkin on December 24, 2021, in which I am appealing the UFT's decision on my Step 2 Grievance rendered on December 22, 2021.


1/27

Happy Holidays,

Aura Moody

-----Original Message-----
From: quinonesmoody@aol.com
To: eengler@uft.org <eengler@uft.org>
Cc: mmulgrew@uft.org <mmulgrew@uft.org>; rgarcia@uft.org <rgarcia@uft.org>; rquamina@uft.org <rquamina@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; msill@uft.org <msill@uft.org>
Sent: Wed, Dec 22, 2021 9:08 pm
Subject: Re: Natural Immunity

Attached please find the result of the COVID-19 Test dated December 22, 2021.

Sincerely,

Aura Moody

-----Original Message-----
From: quinonesmoody@aol.com
To: eengler@uft.org <eengler@uft.org>
Cc: mmulgrew@uft.org <mmulgrew@uft.org>; rgarcia@uft.org <rgarcia@uft.org>; rquamina@uft.org <rquamina@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; msill@uft.org <msill@uft.org>
Sent: Wed, Dec 15, 2021 9:39 pm
Subject: Re: Natural Immunity

Attached please find the result of the COVID-19 Test dated December 15, 2021.

Sincerely,

Aura Moody

-----Original Message-----
From: quinonesmoody@aol.com
To: eengler@uft.org <eengler@uft.org>
Cc: mmulgrew@uft.org <mmulgrew@uft.org>; rgarcia@uft.org <rgarcia@uft.org>; rquamina@uft.org <rquamina@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; msill@uft.org <msill@uft.org>
Sent: Thu, Dec 9, 2021 6:46 pm
Subject: Re: Natural Immunity

Attached please find the email that I sent to Principal Hill on December 9, 2021 regarding my Step One Grievance. I am also including the Step One Grievance Decision rendered on December 9, 2021 and the emails I exchanged with Principal Hill on December 2, 2021.
.

Please be advised that I want the UFT to file an appeal on my behalf.

Sincerely,

Aura Moody

----Original Message-----
From: quinonesmoody@aol.com

To: eengler@uft.org <eengler@uft.org>
Cc: mmulgrew@uft.org <mmulgrew@uft.org>; rgarcia@uft.org <rgarcia@uft.org>; rquamina@uft.org <rquamina@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; msill@uft.org <msill@uft.org>
Sent: Wed, Dec 8, 2021 10:30 am
Subject: Re: Natural Immunity

Attached please find the Result of the COVID-19 Test dated December 8, 2021. By the way, today marks a year since I was diagnosed with COVID-19. Thanks God I have not been re-infected since the time I acquired Natural Immunity!

Sincerely,

Aura Moody

-----Original Message-----
From: quinonesmoody@aol.com
To: eengler@uft.org <eengler@uft.org>
Cc: mmulgrew@uft.org <mmulgrew@uft.org>; rgarcia@uft.org <rgarcia@uft.org>; rquamina@uft.org <rquamina@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; msill@uft.org <msill@uft.org>
Sent: Thu, Dec 2, 2021 1:30 pm
Subject: Re: Natural Immunity

Attached please find the email that I addressed to Principal Kim Hill on December 2, 2021 regarding the Step One Grievance pertaining to my involuntary Leave Without Pay (LWOP).

Sincerely,

Aura Moody

---Original Message-----
From: quinonesmoody@aol.com
To: eengler@uft.org <eengler@uft.org>
Cc: mmulgrew@uft.org <mmulgrew@uft.org>; rgarcia@uft.org <rgarcia@uft.org>; rquamina@uft.org <rquamina@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; msill@uft.org <msill@uft.org>
Sent: Tue, Nov 30, 2021 11:42 pm
Subject: Re: Natural Immunity

Attached please find my letter addressed to Chancellor Meisha Porter regarding my applications for Medical/Religious Exemptions and Leave Without Pay dated November 30, 2021.

I am also attaching the Result of the COVID-19 Test dated November 30, 2021.

Please be advised that I do not have access to my DOE email account. Therefore, I am using my personal email to forward this correspondence.

Sincerely,

Aura Moody

-----Original Message-----
From: quinonesmoody@aol.com
To: eengler@uft.org
Cc: mmulgrew@uft.org; rgarcia@uft.org; rquamina@uft.org; queensclinicians@gmail.com; msill@uft.org
Sent: Mon, Nov 29, 2021 2:02 pm
Subject: Re: Natural Immunity

Please be advised that I am going to file a grievance with the UFT against the DOE for being placed on Leave Without Pay without due process of law.
Sincerely,
Aura Moody
On Monday, November 29, 2021 quinonesmoody <quinonesmoody@aol.com> wrote:

Attached please find the email that I addressed to Mr. Michael Mulgrew on November 29, 2021 regarding the COVID-19 Vaccine Mandate.

Sincerely,

Aura Moody

-----Original Message-----
From: quinonesmoody@aol.com
To: eengler@uft.org <eengler@uft.org>
Cc: mmulgrew@uft.org <mmulgrew@uft.org>; rgarcia@uft.org <rgarcia@uft.org>; rquamina@uft.org <rquamina@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; msill@uft.org <msill@uft.org>
Sent: Tue, Nov 23, 2021 9:44 pm
Subject: Re: Natural Immunity

The document did not attach before. Sorry!

Aura Moody

-----Original Message-----
From: quinonesmoody@aol.com
To: eengler@uft.org <eengler@uft.org>
Cc: mmulgrew@uft.org <mmulgrew@uft.org>; rgarcia@uft.org <rgarcia@uft.org>; rquamina@uft.org <rquamina@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; msill@uft.org <msill@uft.org>
Sent: Tue, Nov 23, 2021 9:41 pm
Subject: Re: Natural Immunity

Attached please find the result of the COVID-19 Test dated November 23, 2021.

Sincerely,

Aura Moody

-----Original Message-----
From: quinonesmoody@aol.com
To: eengler@uft.org <eengler@uft.org>
Cc: mmulgrew@uft.org <mmulgrew@uft.org>; rgarcia@uft.org <rgarcia@uft.org>; rquamina@uft.org <rquamina@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; msill@uft.org <msill@uft.org>


4/27

Sent: Mon, Nov 22, 2021 1:15 pm
Subject: Re: Natural Immunity

Attached please find the letter that I addressed to Chancellor Meisha Porter on November 21, 2021. I am applying for a Religious Exemption to the COVID-19 Vaccine Mandate.

Cordially,

Aura Moody

-----Original Message-----
From: quinonesmoody@aol.com
To: eengler@uft.org <eengler@uft.org>
Cc: mmulgrew@uft.org <mmulgrew@uft.org>; rgarcia@uft.org <rgarcia@uft.org>; rquamina@uft.org <rquamina@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; msill@uft.org <msill@uft.org>
Sent: Fri, Nov 19, 2021 2:47 pm
Subject: Re: Natural Immunity

Attached please find my letter addressed to Chancellor Meisha Porter on November 19, 2021 informing her that I intend to apply for a Religious Exemption to the COVID-19 Vaccine Mandate.

Sincerely,

Aura Moody
-----Original Message-----
From: quinonesmoody@aol.com
To: eengler@uft.org <eengler@uft.org>
Cc: mmulgrew@uft.org <mmulgrew@uft.org>; rgarcia@uft.org <rgarcia@uft.org>; rquamina@uft.org <rquamina@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; msill@uft.org <msill@uft.org>
Sent: Tue, Nov 16, 2021 10:02 pm
Subject: Re: Natural Immunity

Attached please find the result of the COVID-19 Test dated November 16, 2021.

Sincerely,

Aura Moody

-----Original Message-----
From: Ellie Engler <eengler@uft.org>
To: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Tue, Nov 9, 2021 3:56 pm
Subject: Re: Natural Immunity

this isn’t an antibody test it is a covid test, not that it matters
Ellie Engler
Executive Assistant to the President
United Federation of Teachers
eengler@uft.org

From: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Tuesday, November 9, 2021 2:19:50 PM

To: Ellie Engler <eengler@uft.org>
Cc: Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; Rana Quamina <RQuamina@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; Michael Sill <MSill@uft.org>
Subject: Re: Natural Immunity

Attached please find the result of the COVID-19 Test dated November 9, 2021.

Sincerely,

Aura Moody

-----Original Message-----
From: quinonesmoody@aol.com
To: eengler@uft.org <eengler@uft.org>
Cc: mmulgrew@uft.org <mmulgrew@uft.org>; rgarcia@uft.org <rgarcia@uft.org>; rquamina@uft.org <rquamina@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; msill@uft.org <msill@uft.org>
Sent: Tue, Nov 2, 2021 7:37 pm
Subject: Re: Natural Immunity

Attached please find the result of the COVID-19 Test dated November 2, 2021.

Sincerely,

Aura Moody

-----Original Message-----
From: quinonesmoody@aol.com
To: eengler@uft.org <eengler@uft.org>
Cc: mmulgrew@uft.org <mmulgrew@uft.org>; rgarcia@uft.org <rgarcia@uft.org>; rquamina@uft.org <rquamina@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; msill@uft.org <msill@uft.org>
Sent: Fri, Oct 29, 2021 9:59 pm
Subject: Re: Natural Immunity

Attached please find the email that I sent to Chancellor Meisha Porter on October 29, 2021 regarding my forced Leave Without Pay. I am not including the attachments since I have already forwarded them to you.

Sincerely,

Aura Moody

-----Original Message-----
From: quinonesmoody@aol.com
To: eengler@uft.org <eengler@uft.org>
Cc: mmulgrew@uft.org <mmulgrew@uft.org>; rgarcia@uft.org <rgarcia@uft.org>; rquamina@uft.org <rquamina@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; msill@uft.org <msill@uft.org>
Sent: Tue, Oct 26, 2021 10:09 pm
Subject: Re: Natural Immunity

Attached please find the result of the COVID-19 test dated October 26, 2021. Its negative result shows that I am not a public health threat.

Sincerely,

Aura Moody

-----Original Message-----
From: quinonesmoody@aol.com
To: eengler@uft.org <eengler@uft.org>
Cc: mmulgrew@uft.org <mmulgrew@uft.org>; rgarcia@uft.org <rgarcia@uft.org>; rquamina@uft.org <rquamina@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; msill@uft.org <msill@uft.org>
Sent: Tue, Oct 19, 2021 9:55 pm
Subject: Re: Natural Immunity

Attached please find the result of the COVID-19 test dated October 19, 2021.

Sincerely,

Aura Moody

-----Original Message-----
From: Ellie Engler <eengler@uft.org>
To: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Fri, Oct 15, 2021 10:14 am
Subject: Re: Natural Immunity

you are off payroll

Get Outlook for iOS
From: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Friday, October 15, 2021 10:13:38 AM
To: Ellie Engler <eengler@uft.org>
Cc: Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; Rana Quamina <RQuamina@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; Michael Sill <MSill@uft.org>
Subject: Re: Natural Immunity

Good morning All:

Please be informed that I do not have access to my DOE emails. Earlier this morning (October 15, 2021), I called the IT Department and spoke with Mr. Remy. He told me that it appears that access to my account has been blocked.

Sincerely,

Aura Moody

-----Original Message-----
From: quinonesmoody@aol.com
To: eengler@uft.org <eengler@uft.org>
Cc: mmulgrew@uft.org <mmulgrew@uft.org>; rgarcia@uft.org <rgarcia@uft.org>; rquamina@uft.org <rquamina@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; msill@uft.org <msill@uft.org>
Sent: Thu, Oct 14, 2021 10:33 am
Subject: Re: Natural Immunity

Good morning All:

Attached please find the DOE's Determination on my application for a COVID-19 Vaccine Medical Exemption rendered on October 13, 2021, which I retrieved from my DOE email on October 14, 2021. The reason for the denial is: "Insufficient medical documentation to determine if there is valid reason to defer or delay vaccination." What the decision does not state is that the DOE has ignored the fact that I have submitted medical documentation showing that I have Natural Immunity and that I have tested negative for COVID-19 since the time I contracted the virus in December 2020 until October 12, 2021, the date I had my last COVID-19 test done. In addition, the decision should indicate that I have the right to appeal, but it does not. I am looking forward to an appeal as a matter of law.

Sincerely,

Aura Moody

-----Original Message-----
From: quinonesmoody@aol.com
To: eengler@uft.org <eengler@uft.org>
Cc: mmulgrew@uft.org <mmulgrew@uft.org>; rgarcia@uft.org <rgarcia@uft.org>; rquamina@uft.org <rquamina@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; msill@uft.org <msill@uft.org>
Sent: Wed, Oct 13, 2021 10:52 am
Subject: Re: Natural Immunity

Ms. Engler:

I will not honor your request to stop emailing the UFT because, in my opinion, your organization has failed the membership, particularly when it comes to Natural Immunity. I pay my union dues, and therefore the UFT has a responsibility to advocate on my behalf. I will seek legal options, as deemed appropriate.

Best regards,

Aura Moody

-----Original Message-----
From: Ellie Engler <eengler@uft.org>
To: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Wed, Oct 13, 2021 10:22 am
Subject: Re: Natural Immunity

this is my last email to you on this matter. scroll through the dozens of responses, i explained it to you. stay safe.

Get Outlook for iOS
From: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Wednesday, October 13, 2021 10:15:19 AM
To: Ellie Engler <eengler@uft.org>
Cc: Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; Rana Quamina <RQuamina@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; Michael Sill <MSill@uft.org>
Subject: Re: Natural Immunity

How come my appeal was heard and denied, Ms. Engler? Pursuant to the XIV Amendment to the Constitution of the United States of America, the UFT Contract and other relevant statutes-regulations, an appeal cannot take place without the parties involved being heard. I have not been afforded a hearing. This is a travesty of justice! If that is the case, I am demanding that an appeal be pursued at the next level.

Sincerely,

Aura Moody

-----Original Message-----
From: Ellie Engler <eengler@uft.org>
To: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Wed, Oct 13, 2021 9:44 am
Subject: Re: Natural Immunity

your appeal was heard and denied. you received the notification

Get Outlook for iOS
From: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Wednesday, October 13, 2021 9:23:27 AM
To: Ellie Engler <eengler@uft.org>
Cc: Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; Rana Quamina <RQuamina@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; Michael Sill <MSill@uft.org>
Subject: Re: Natural Immunity

Good morning Ms. Engler:

With all due respect, I believe your response is deceiving. Whether the UFT apparently colluded with the DOE to violate my due process and equal protection rights, I am still entitled to a hearing, as a matter of law. As far as I understand, my appeal has not been heard.

Respectfully,

Aura Moody

-----Original Message-----
From: Ellie Engler <eengler@uft.org>
To: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Wed, Oct 13, 2021 8:26 am
Subject: Re: Natural Immunity

Good morning, I have been responding to you since Sept. 16, when you first wrote to President Mulgrew. We have had dozens of emails back and forth.

THE CITY mandated that all DOE must have the vaccine. You requested an exemption, you were denied and you appealed. Your appeal was denied.

Thank you, stay safe. Ellie

Get Outlook for iOS
From: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Tuesday, October 12, 2021 11:43:45 PM
To: Ellie Engler <eengler@uft.org>
Cc: Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; Rana Quamina <RQuamina@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; Michael Sill <MSill@uft.org>
Subject: Re: Natural Immunity

Hi Ms, Engler:

Please be advised that there was an error on the email below as it pertains to the date of the COVID-19 test. I wrote that the test was dated October 10, 2021. The correct date is October 12, 2021. Sorry for the mishap!

Cordially,

Aura Moody

-----Original Message-----
From: quinonesmoody@aol.com
To: eengler@uft.org <eengler@uft.org>
Cc: MMulgrew@uft.org <MMulgrew@uft.org>; RGarcia@uft.org <RGarcia@uft.org>; RQuamina@uft.org <RQuamina@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; MSill@uft.org <MSill@uft.org>
Sent: Tue, Oct 12, 2021 11:15 pm
Subject: Re: Natural Immunity

Hi Ms. Engler:

Attached please find the result of my COVID-19 test dated October 10, 2021. Its negative result proves once again that I am not a public health threat and that my Natural Immunity status is in good standing. I would like to highlight that I worked in-person during the 2020-2021 School Year. To my knowledge, I did not endanger the health, safety or welfare of any student and/or staff member.

Based on the medical information and arguments I have submitted in support of my application for a Medical Exemption, I insist in challenging the legality of the DOE-UFT Agreement reportedly reached on September 10, 2021 via an Arbitrator. I believe the Arbitration proceeding is faulty, requiring vacatur. It is my impression that the DOE and UFT did not act in good faith by excluding Natural Immunity as a ground for exemption, in disregard of the available data and scientific studies showing that Natural Immunity is fundamental in achieving herd immunity for COVID-19. With all due respect, I feel that the UFT failed to fairly represent the members, specifically the ones who have Natural Immunity, like in my case. Please be reminded that I brought this issue to the attention of the UFT on August 28, 2021 via email, before the DOE-UFT Agreement was reached and the COVID-19 Vaccine Mandate took effect. Thus, I am seeking remedy.

Sincerely,

Aura Moody

-----Original Message-----
From: quinonesmoody@aol.com
To: eengler@uft.org <eengler@uft.org>
Cc: MMulgrew@uft.org <MMulgrew@uft.org>; RGarcia@uft.org <RGarcia@uft.org>; RQuamina@uft.org <RQuamina@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; MSill@uft.org <MSill@uft.org>
Sent: Thu, Oct 7, 2021 10:59 am
Subject: Re: Natural Immunity

Thank you Ms. Engler for your response. What about herd immunity? This is another issue that needs to be addressed as it relates to COVID-19 Vaccine Mandate, which has apparently been ignored.

Sincerely,

Aura Moody

-----Original Message-----
From: Ellie Engler <eengler@uft.org>

To: quinonesmoody@aol.com <quinonesmoody@aol.com>
Cc: Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; Rana Quamina <RQuamina@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; Michael Sill <MSill@uft.org>
Sent: Wed, Oct 6, 2021 5:24 pm
Subject: Re: Natural Immunity

Hi there. As I stated many times before, neither your negative PCR tests nor your antibody reports will put you back on payroll. NYCDOE employees must be vaccinated. U til you are you will be off payroll. Take care. Ellie

Get Outlook for iOS
From: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Wednesday, October 6, 2021 5:10:31 PM
To: Ellie Engler <eengler@uft.org>
Cc: Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; Rana Quamina <RQuamina@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; Michael Sill <MSill@uft.org>
Subject: Re: Natural Immunity

Hi Ms. Engler:

Attached please find a copy of the letter that I addressed to HR Connect on October 6, 2021. I am not including the Notice of Leave Without Pay issued on October 2, 2021 and the result of the COVID-19 test dated October 5, 2021 because I had already submitted those documents to you on October 3rd and October 5th. I submitted my letter and attachments via SOLAS. There was no option for appeal so I uploaded the documents under the category of New Application.

Sincerely,

Aura Moody

-----Original Message-----
From: quinonesmoody@aol.com
To: eengler@uft.org <eengler@uft.org>
Cc: MMulgrew@uft.org <MMulgrew@uft.org>; RGarcia@uft.org <RGarcia@uft.org>; RQuamina@uft.org <RQuamina@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; MSill@uft.org <MSill@uft.org>
Sent: Tue, Oct 5, 2021 10:03 pm
Subject: Re: Natural Immunity

I am sorry the screenshot of the COVID-19 Test result did not attach, Ms. Engler. I am attaching the scanned COVID-19 Test result dated October 5, 2021 now.

Aura Moody

-----Original Message-----
From: Ellie Engler <eengler@uft.org>
To: quinonesmoody@aol.com <quinonesmoody@aol.com>
Cc: Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; Rana Quamina <RQuamina@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; Michael Sill <MSill@uft.org>
Sent: Tue, Oct 5, 2021 2:38 pm
Subject: Re: Natural Immunity

There is nothing attached. As I have advised you before, antibody tests do not meet the mandate for the vaccine.

Get Outlook for iOS
From: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Tuesday, October 5, 2021 2:33:20 PM
To: Ellie Engler <eengler@uft.org>
Cc: Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; Rana Quamina <RQuamina@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; Michael Sill <MSill@uft.org>
Subject: Re: Natural Immunity

Hi Ms. Engler:
Attached please find the results of my COVID-19 test dated October 5, 2021. An interpretation of the results of the numerous COVID-19 tests I have undergone after I contracted COVID-19 on December 8, 2020 shows that I am not a public health threat, as alleged by the NYC Department of Education.
Sincerely,
Aura Moody
On Monday, October 4, 2021 quinonesmoody <quinonesmoody@aol.com> wrote:

Thank you Ms Engler for your response!
Cordially,
Aura Moody
On Monday, October 4, 2021 Ellie Engler <eengler@uft.org> wrote:

Hi, sorry for the late response. You have received your notice that your status is now Leave without pay. You will not be able to enter the building and you will not be paid. As we have discussed, you can get a vaccine and be reinstated. That is your last option. Stay safe. Ellie

Get Outlook for iOS
From: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Sunday, October 3, 2021 9:59:37 PM
To: Ellie Engler <eengler@uft.org>
Cc: Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; Rana Quamina <RQuamina@uft.org>; Michael Sill <MSill@uft.org>
Subject: Re: Natural Immunity

Hi Ms. Engler:

Please be advised that on October 1, 2021, in the morning, I submitted a statement requesting an appeal via SOLAS. I had to do that because the Website does not have an option to file an appeal but to submit a new application. I checked my emails before I left the school building on that date, but I did not see a response. It appears that on October 2, 2021, the DOE issued a determination on my request for an appeal by denying my COVID-19 Vaccine Medical Exemption Application for the following reason(s):

"a. Denial Reason: Other

b. Determination Comments: defer to ODA."

Attached please find the Notice of Leave Without Pay dated October 2, 2021, as well as the COVID-19 Vaccine Medical Exemption Application-Determination issued on October 3, 2021 for your perusal and action.

Sincerely,

Aura Moody

-----Original Message-----
From: quinonesmoody@aol.com
To: eengler@uft.org
Cc: MMulgrew@uft.org; RGarcia@uft.org; queensclinicians@gmail.com; RQuamina@uft.org; MSill@uft.org
Sent: Fri, Oct 1, 2021 12:27 pm
Subject: Re: Natural Immunity

I disagree that I am not entitled to a hearing. No citizen can be deprived of the right to be heard. The Constitution does not support your statement. If the UFT has probably agreed to violate the membership's rights without due process of law is different.
Aura Moody
On Friday, October 1, 2021 Ellie Engler <eengler@uft.org> wrote:

There are no other steps for you to take. Vaccinations are mandated for all NYC school staff. The mandate was ordered by the city for the safety of staff and students. This was challenged in court and each time it was overturned. The city mandate stands. You went through all of the steps and you are not entitled to a hearing.

Stay safe, ellie

Get Outlook for iOS
From: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Friday, October 1, 2021 12:07:11 PM
To: Ellie Engler <eengler@uft.org>
Cc: Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; Rana Quamina <RQuamina@uft.org>; Michael Sill <MSill@uft.org>
Subject: Re: Natural Immunity

Hi Ms. Engler:
It appears to me that it was an arbitrary, unilateral, capricious and unfair decision. I am respectfuly requesting to be present at a hearing to further discuss my case. As part of my due process rights, I am entitled to peruse the supportive evidence that was used to reach that determination. A subpoena may be warranted. Please proceed accordingly. Thanks!
Aura Moody

On Friday, October 1, 2021 Ellie Engler <eengler@uft.org> wrote:

As I explained to you before, the due process is…
Application for exemption or accommodation
If denied, you can appeal
Your appeal is to the neutral panel
The neutral panel can request additional info and you may be invited to a hearing
Your request required no additional info and you were denied.

That was the agreed upon process

Get Outlook for iOS
From: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Friday, October 1, 2021 11:51:49 AM
To: Ellie Engler <eengler@uft.org>
Cc: Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; Rana Quamina <RQuamina@uft.org>; Michael Sill <MSill@uft.org>
Subject: Re: Natural Immunity

It is inconceivable that the UFT agreed to disregard the due process rights of the membership when making dealings with the DOE. I insist that I am entitled to an appeal.
Aura Moody

On Friday, October 1, 2021 Ellie Engler <eengler@uft.org> wrote:

The arbitration that was agreed upon allows you to submit an application for an accommodation or an exemption. You did that and you were denied. The next step is to appeal. You did that too and you were denied. The arbitration panel made that decision. There are no steps left.

You can get the vaccine and return to work on Monday. Otherwise you will not be admitted to the building and you will be taken off payroll.

Stay safe
Ellie

Get Outlook for iOS
From: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Friday, October 1, 2021 11:34:05 AM
To: Ellie Engler <eengler@uft.org>
Cc: Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; Rana Quamina <RQuamina@uft.org>; Michael Sill <MSill@uft.org>
Subject: Re: Natural Immunity

Who made the decision to deny appeals? Upin information and belief, the law permits different levels of apoeal.
Aura Moody

On Friday, October 1, 2021 Ellie Engler <eengler@uft.org> wrote:

Hi there. There are no more levels of appeal. You were denied your appeal and you cannot return to your building on Monday and you will be taken off payroll. You still have the opportunity to get vaccinated.

Best
Ellie

Get Outlook for iOS
From: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Friday, October 1, 2021 10:55:41 AM
To: Ellie Engler <eengler@uft.org>
Cc: Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; Rana Quamina <RQuamina@uft.org>; Michael Sill <MSill@uft.org>
Subject: Re: Natural Immunity

Can you please provide me with the information regarding the next level of appeal? Thanks!
Aura Moody

On Friday, October 1, 2021 Ellie Engler <eengler@uft.org> wrote:

I have an email that says you appealed on the 28th. The answer to the appeal is denial.

Get Outlook for iOS
From: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Friday, October 1, 2021 10:21:12 AM
To: Ellie Engler <eengler@uft.org>
Cc: Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; Rana Quamina <RQuamina@uft.org>; Michael Sill <MSill@uft.org>
Subject: Re: Natural Immunity

I do not think so. I submitted a new request. The decision does not state that it was arbitration.
Aura Moody

On Friday, October 1, 2021 Ellie Engler <eengler@uft.org> wrote:

You submitted your appeal on Sept 28th. The notice you received is that your appeal was denied. That was the process for the arbitration.

Get Outlook for iOS
From: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Friday, October 1, 2021 10:00:56 AM
To: Ellie Engler <eengler@uft.org>
Cc: Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; Rana Quamina <RQuamina@uft.org>; Michael Sill <MSill@uft.org>
Subject: Re: Natural Immunity

When did the appeal go to the arbitrator? The email does not read that my appeal was denied. What is the next step? Thank you!
Aura Moody

On Friday, October 1, 2021 Ellie Engler <eengler@uft.org> wrote:

The appeal went to the arbitrator and was denied

Get Outlook for iOS
From: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Friday, October 1, 2021 9:56:01 AM
To: Ellie Engler <eengler@uft.org>
Cc: Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; Rana Quamina <RQuamina@uft.org>; Michael Sill <MSill@uft.org>
Subject: Re: Natural Immunity

Upon information and belief, all decisions are appeal able. Can you please proceed and file an appeal? What about arbitration?
Sincerely,
Aura Moody

On Friday, October 1, 2021 Ellie Engler <eengler@uft.org> wrote:

Hi there.
I am Sorry to hear that your appeal was denied.
This was the final step.

You have an opportunity to get the vaccine, upload your proof and you will be fine for Monday. Otherwise you will not be permitted to enter the school building on Monday and you will be taken off payroll

.Stay safe Ellie

Get Outlook for iOS
From: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Friday, October 1, 2021 8:32:13 AM
To: Ellie Engler <eengler@uft.org>
Cc: Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; Rana Quamina <RQuamina@uft.org>; Michael Sill <MSill@uft.org>
Subject: Re: Natural Immunity

Hi Ms. Engler:
I just retrieved an email dated 9/30/2021 denying my appeal via SOLAS. The DOE alleges that "Post-COVID condition is not sufficient (e.g. outside isolation period)." The decision does not mention the data and scientific research that were reviewed prior to denying my request for a Medical Exemption nor states what is the next instance of appeal as a matter of right Therefore, I am requesting that such decision be appealed on my behalf, as a matter of law.
Sincerely,
Aura Moody

On Tuesday, September 28, 2021 quinonesmoody <quinonesmoody@aol.com> wrote:

Hi Ms. Engler:

I submitted my appeal on September 28, 2021 via SOLAS.

Sincerely.

Aura Moody

-----Original Message-----
From: Ellie Engler <eengler@uft.org>
To: quinonesmoody@aol.com <quinonesmoody@aol.com>
Cc: Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; Rana Quamina <RQuamina@uft.org>; Michael Sill <MSill@uft.org>; Ellie Engler <eengler@uft.org>
Sent: Tue, Sep 28, 2021 2:49 pm
Subject: Re: Natural Immunity

Hi again, I wanted to make sure you understand the consequences for not getting the vaccine. While I understand you believe that you have natural immunity to Covid, you MUST GET THE VACCINE by Friday. Otherwise you will not be allowed to go into work on Monday. If you would like someone to call you to discuss, please provide me with a number that we can call. Be safe

Get Outlook for iOS
From: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Tuesday, September 28, 2021 2:21:17 PM
To: Ellie Engler <eengler@uft.org>
Cc: Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; Rana Quamina <RQuamina@uft.org>; Michael Sill <MSill@uft.org>

Subject: Re: Natural Immunity

Hi Ms. Engler:
I will be pursuing my appeal, as a matter of law. Attached please find the result of the COVID-19 test performed on September 28, 2021.
Sincerely,
Aura Moody

On Tuesday, September 28, 2021 Ellie Engler <eengler@uft.org> wrote:

According to the mandate you must be vaccinated by Friday.

Get Outlook for iOS
From: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Tuesday, September 28, 2021 1:54:10 PM
To: Ellie Engler <eengler@uft.org>
Cc: Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; Rana Quamina <RQuamina@uft.org>; Michael Sill <MSill@uft.org>
Subject: Re: Natural Immunity

Hi Ms. Engler:
Please be advised that I underwent a COVID- 19 test today (September 28, 2021), and its result is negative.
Sincerely,
Aura Moody

On Tuesday, September 28, 2021 Ellie Engler <eengler@uft.org> wrote:

The doe said you are not eligible for an appeal

Get Outlook for iOS
From: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Tuesday, September 28, 2021 11:13:36 AM
To: Ellie Engler <eengler@uft.org>
Cc: Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; Rana Quamina <RQuamina@uft.org>; Michael Sill <MSill@uft.org>
Subject: Re: Natural Immunity

Thank you Ms. Engler for your email. Can you please provide with eye contact information or link so I can file my appeal, as stressed in my letter addressed to HR Connect on September 27, 2021?
Soncerely,
Aura Moody

On Tuesday, September 28, 2021 Ellie Engler <eengler@uft.org> wrote:

Hi there. This is next steps for you…
"She applied after the deadline and therefore is not eligible for an appeal. If she would like to reapply with any new documentation she has she may do so. "

As I mentioned earlier, natural immunity does not replace the vaccine.

Stay safe. Ellie

Get Outlook for iOS
From: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Tuesday, September 28, 2021 7:49:44 AM
To: Ellie Engler <eengler@uft.org>
Cc: Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; Rana Quamina <RQuamina@uft.org>; Michael Sill <MSill@uft.org>
Subject: Re: Natural Immunity

That information is correct, Ms. Engler. I applied for a Medical Exemption on September 23, 2021, My request was denied on September 24, 2021, but I learned about the decision for the first time on September 26, 2021.

I am attaching the result of the COVID-19 test performed on December 8, 2020 because other recipients of the previous emails we have exchanged were mot included.

Sincerely,

Aura Moody

-----Original Message-----
From: Ellie Engler <eengler@uft.org>
To: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Tue, Sep 28, 2021 7:32 am
Subject: Re: Natural Immunity

Applied on the 23rd and denied in the 24th

Get Outlook for iOS
From: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Tuesday, September 28, 2021 1:11:26 AM
To: Ellie Engler <eengler@uft.org>
Subject: Re: Natural Immunity

Hi Ms. Engler:

Please be advised that the date that I was diagnosed with COVID-19 was December 8, 2020 not December 7, 2020. I am attaching a copy of the result of the POCT SARS-COV-2 REALTIME - Details issued on December 8, 2020 for verification. Sorry for the mishap! Please let HR Connect and/or the DOE that I made a mistake on the date I tested Positive for COVID-19. You can provide them a copy of the test result.

Monumental thanks again for following up on my concerns.

Fraternally,

Aura Moody

-----Original Message-----
From: Ellie Engler <eengler@uft.org>
To: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Tue, Sep 28, 2021 12:39 am
Subject: Re: Natural Immunity

I will take care of this in the morning

Get Outlook for iOS
From: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Monday, September 27, 2021 11:44:41 PM
To: Ellie Engler <eengler@uft.org>
Cc: Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; Rana Quamina <RQuamina@uft.org>; Michael Sill <MSill@uft.org>
Subject: Re: Natural Immunity

Dear Ms. Engler:

Attached please find the letter that I addressed to HR Connect on September 27, 2021, in which I am appealing the DOE's Denial of my Request for COVID-19 Vaccine Medical Exemption Application. I am also enclosing the HR Connect's Determination issued on September 24, 2021. I submitted my medical documentation to the UFT on September 23, 2021.

I am kindly requesting that you forward my letter to HR Connect and/or the DOE on my behalf since I have not been provided with the contact information to file my appeal. A copy of this letter is to be given to Mr. Michael Mulgrew.

Thank you for your attention and consideration.

Cordially,

Aura Moody

-----Original Message-----
From: quinonesmoody@aol.com
To: eengler@uft.org <eengler@uft.org>
Cc: MMulgrew@uft.org <MMulgrew@uft.org>; RGarcia@uft.org <RGarcia@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; RQuamina@uft.org <RQuamina@uft.org>; MSill@uft.org <MSill@uft.org>; eengler@uft.org <eengler@uft.org>
Sent: Mon, Sep 27, 2021 1:11 pm
Subject: Re: Natural Immunity

Thank you Ms. Engler for the update. I will appeal the decision although the DOE is claiming that I applied late.

Sincerely,

Aura Moody

-----Original Message-----
From: Ellie Engler <eengler@uft.org>
To: quinonesmoody@aol.com <quinonesmoody@aol.com>
Cc: Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; Rana Quamina <RQuamina@uft.org>; Michael Sill <MSill@uft.org>; Ellie Engler <eengler@uft.org>
Sent: Sun, Sep 26, 2021 6:12 pm
Subject: Re: Natural Immunity

I heard back. They said you applied too late to get an appeal. I will try to fight it in the morning.

Get Outlook for iOS
From: quinonesmoody@aol.com <quinonesmoody@aol.com>

Sent: Sunday, September 26, 2021 4:22:48 PM
To: Ellie Engler <eengler@uft.org>
Cc: Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; Rana Quamina <RQuamina@uft.org>; Michael Sill <MSill@uft.org>
Subject: Re: Natural Immunity

Monumental thanks!

Aura Moody

-----Original Message-----
From: Ellie Engler <eengler@uft.org>
To: quinonesmoody@aol.com <quinonesmoody@aol.com>
Cc: Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; Rana Quamina <RQuamina@uft.org>; Michael Sill <MSill@uft.org>
Sent: Sun, Sep 26, 2021 4:17 pm
Subject: Re: Natural Immunity

I am waiting for doe to let me know.

Get Outlook for iOS
From: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Sunday, September 26, 2021 3:38:11 PM
To: Ellie Engler <eengler@uft.org>
Cc: Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; Rana Quamina <RQuamina@uft.org>; Michael Sill <MSill@uft.org>
Subject: Re: Natural Immunity

Hi Ms. Engler:

Sorry for bothering you on a Sunday. Do you have the name of the person and contact information to file my appeal? Thanks!

Aura Moody

-----Original Message-----
From: quinonesmoody@aol.com
To: eengler@uft.org <eengler@uft.org>
Cc: MMulgrew@uft.org <MMulgrew@uft.org>; RGarcia@uft.org <RGarcia@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; RQuamina@uft.org <RQuamina@uft.org>; MSill@uft.org <MSill@uft.org>
Sent: Sun, Sep 26, 2021 3:27 pm
Subject: Re: Natural Immunity

Of course! I completely agree with your statement, Ms. Engler. In my opinion, the decision is erroneous and faulty. An immediate appeal is warranted.

Aura Moody

-----Original Message-----
From: Ellie Engler <eengler@uft.org>
To: quinonesmoody@aol.com <quinonesmoody@aol.com>
Cc: Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; Rana Quamina <RQuamina@uft.org>; Michael Sill <MSill@uft.org>

Sent: Sun, Sep 26, 2021 3:16 pm
Subject: Re: Natural Immunity

There should be clear instructions on how to file an appeal. I am looking into that now.

Get Outlook for iOS
From: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Sunday, September 26, 2021 2:50:06 PM
To: Ellie Engler <eengler@uft.org>
Cc: Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; Rana Quamina <RQuamina@uft.org>; Michael Sill <MSill@uft.org>
Subject: Re: Natural Immunity

Hi Ms. Engler:

I just read the email today, September 26, 2021. The denial does not indicate the steps to file an appeal, a process that should take place as a matter of law. It is my intention to file an appeal.

Sincerely,

Aura Moody

-----Original Message-----
From: Ellie Engler <eengler@uft.org>
To: quinonesmoody@aol.com <quinonesmoody@aol.com>
Cc: Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; Rana Quamina <RQuamina@uft.org>; Michael Sill <MSill@uft.org>
Sent: Sun, Sep 26, 2021 2:44 pm
Subject: Re: Natural Immunity

Ok , you requested an appeal?

Get Outlook for iOS
From: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Sunday, September 26, 2021 2:43:04 PM
To: Ellie Engler <eengler@uft.org>
Cc: Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; Rana Quamina <RQuamina@uft.org>; Ellie Engler <eengler@uft.org>; Michael Sill <MSill@uft.org>
Subject: Re: Natural Immunity

Hi Ms. Engler:

A few minutes ago, I retrieved the following email from SOLAS stating that my application for a Medical Exemption has been denied:

"09/24/2021

Case#: A80327
File# 0752536
EMP ID: 866129

Dear AURA MOODY,
This is to advise you that your request for a Medical Exemption to the COVID-19 Vaccine Mandate has been denied for the following reason(s):

a. Denial Reason: Other
b. Determination Comments: Antibodies alone are not a reason not to get the vaccine
Your application was reviewed in accordance with applicable City, State and Federal laws.

Sincerely,

HR Connect
Medical, Leaves, and Records Administration

Please do not reply to this message via e-mail. This email address is automated."

As part of my due process rights, I want to appeal the decision. I am also requesting that the team that made the determination provide me with the supportive data and scientific research showing that "antibodies alone are not a reason not to get the vaccine." Please advise!

Sincerely,

Aura Moody

-----Original Message-----
From: Ellie Engler <eengler@uft.org>
To: quinonesmoody@aol.com <quinonesmoody@aol.com>
Cc: Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; Rana Quamina <RQuamina@uft.org>; Ellie Engler <eengler@uft.org>; Michael Sill <MSill@uft.org>
Sent: Sun, Sep 26, 2021 7:28 am
Subject: Re: Natural Immunity

Morning. Have you received anything back from doe regarding the exemption such as a denial. Check your doe email address.

Your principal would only see if you uploaded your vaccine info, which you have not.

As I mentioned before, according to the guidelines you must take a vaccine, your immunity status will not substitute for the vaccine. However, you should get an answer to the exemption.

I will contact tweed this morning. Stay safe.

Ellie

Get Outlook for iOS
From: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Sunday, September 26, 2021 7:07:09 AM
To: Ellie Engler <eengler@uft.org>
Cc: Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>; Rana Quamina <RQuamina@uft.org>
Subject: Re: Natural Immunity

Good morning All:
On September 24, 2021, the Principal at IS 238Q told me that he had been informed by the DOE that I had not submitted my vaccine passport. I advised him that I had already filed for a medical exemption under the grounds of Natural Immunity, and I showed him the email acknowledging receipt of my application.

Sincerely,
Aura Moody

On Thursday, September 23, 2021 Ellie Engler <eengler@uft.org> wrote:

Let's see what they say

Get Outlook for iOS
From: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Thursday, September 23, 2021 5:12:22 PM
To: Ellie Engler <eengler@uft.org>
Cc: Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>
Subject: Re: Natural Immunity

Hi Ms. Engler:

Please be advised that I applied for a COVID-19 Related Exemption on September 23, 2021. Below is the email sent by HR Connect confirming receipt of my application.

Your application for a COVID-19 Vaccine Related Exemption or Accommodation has been received.
S
solas_donotreply@schools.nyc.gov
Thu 9/23/2021 1:42 PM

To: Moody Aura
09/23/2021

Case#: A80327
File# 0752536
EMP ID: 866129

Dear AURA MOODY,

Thank you for submitting your application online!

Type of Application: COVID-19 Vaccine Related Exemption or Accommodation

Application Communications:
During your application process, all communications will be sent to your DOE e-mail account. You must continue to check your DOE e-mail, even if you listed a different preferred email address.

Changes to Your Application:
Unfortunately, you cannot make changes to your submitted application. If you need to make changes, you must withdraw this application and re-submit your request. To withdraw the application please log back into SOLAS: https://dhrnycaps.nycenet.edu/SOLAS.

Questions:
For technical questions regarding the SOLAS system, please call HR Connect at 718-935-4000 and refer to the

case number at the top of this notice.For more information, you may also visit the HR Connect Employee Portal by logging in with your DOE/Outlook User ID and password at https://doehrconnect.custhelp.com.

Sincerely,

HR Connect
Medical, Leaves, and Records Administration

Please do not reply to this message via e-mail. This email address is automated.

Sincerely,

Aura Moody

-----Original Message-----
From: Ellie Engler <eengler@uft.org>
To: quinonesmoody@aol.com <quinonesmoody@aol.com>
Cc: Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>
Sent: Thu, Sep 23, 2021 1:45 pm
Subject: Re: Natural Immunity

Ok, apply for an exemption.

Get Outlook for iOS
From: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Thursday, September 23, 2021 1:09:18 PM
To: Ellie Engler <eengler@uft.org>
Cc: Michael Mulgrew <MMulgrew@uft.org>; Raul Garcia <RGarcia@uft.org>; queensclinicians@gmail.com <queensclinicians@gmail.com>
Subject: Re: Natural Immunity

Dear Ms. Engler:

On September 21, 2021, I underwent a SARS-COV-2 ANTIBODY TEST. I received the result of the test on September 22, 2021, which shows positive antibody. On September 23, 2021, I spoke with my Primary Care Physician regarding my immunity status, and she confirmed the test result. In addition, I underwent a COVID-19 TEST (POCT SARS-COV-2 REALTIME) on September 10, 2021. I received the result of the test on the same date, which reveals a negative status for COVID-19. I am attaching the results of both tests for your perusal and verification. Please take notice that the medical information contained in the attachment is CONFIDENTIAL.

In light of the above, I am going to apply for a Medical Exemption for Vaccination. Please be advised that I have already notified the Principal at PS 95Q about my intention.

Respectfully,

Aura Moody

-----Original Message-----
From: Ellie Engler <eengler@uft.org>
To: quinonesmoody@aol.com <quinonesmoody@aol.com>
Cc: Raul Garcia <RGarcia@uft.org>
Sent: Fri, Sep 17, 2021 2:53 pm
Subject: Re: Natural immunity

Please have your physician write a letter regarding your immunity status. Go to Solas and apply for an exemption.

Get Outlook for iOS
From: Ellie Engler <eengler@uft.org>
Sent: Friday, September 17, 2021 2:36:20 PM
To: quinonesmoody@aol.com <quinonesmoody@aol.com>
Cc: Raul Garcia <RGarcia@uft.org>
Subject: Re: Natural immunity

I understand you do not want to take the vaccine. You believe that your natural immunity is sufficient. The city as well as other entities disagrees. Our consulting team from Northwell met with us and believe in the vaccine. I am reporting that to you. I don't know what else you need.

Get Outlook for iOS
From: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Friday, September 17, 2021 2:31:40 PM
To: Ellie Engler <eengler@uft.org>
Cc: Raul Garcia <RGarcia@uft.org>
Subject: Re: Natural immunity

With all due respect, you are avoiding the question I asked. Your answer is not appropriate to the issue I have raised.
Sincerely,
Aura Moody

On Friday, September 17, 2021 Ellie Engler <eengler@uft.org> wrote:

Hi there ot is on all the literature. You can google it. The CDC, DOH and medical community have all adopted the importance of vaccination and the mayor adopted that.

Stay safe Ellie

Get Outlook for iOS
From: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Friday, September 17, 2021 1:17:24 PM
To: Ellie Engler <eengler@uft.org>
Cc: Raul Garcia <RGarcia@uft.org>
Subject: Re: Natural immunity

The email address for Raul Gracia was incorrect. Sorry for the mishap!
Aura Moody

On Friday, September 17, 2021 quinonesmoody <quinonesmoody@aol.com> wrote:

Dear Ms. Engler:
Can your consulting medical team provide the data showing that natural immunity is unpredictable? What is the difference between natural and artificial immunity? Where is the existing research? I strongly believe that people who have recovered from COVID-19 are entitled to know about their findings and supportive evidence.
Sincerely,
Aura Moody

On Thursday, September 16, 2021 Ellie Engler <eengler@uft.org> wrote:

Hi sorry that you did not feel that my response was adequate. The UFT's position is based on advice from consulting physicians and existing research. The Union believes the vaccine is necessary because natural immunity is unpredictable. Thank you. Please stay safe.

From: quinonesmoody <quinonesmoody@aol.com>
Date: Saturday, August 28, 2021
Subject: RE: DOE vaccine mandate
To: reply-fec2177571660274-222_HTML-32914087-100022908-12003 <reply-fec2177571660274-222_HTML-32914087-100022908-12003@uftmail.org>

Hi Mr. Mulgrew:
I would like to know about the UFT's position on natural immunity. In my opinion, people who have natural immunity after recovering from COVID-19 should not be required to take the vaccine. Upon information and belief, researchers in Israel and other countries have found that natural immunity is more effective than artificial immunity.
Sincerely,
Aura Moody

Get Outlook for iOS
From: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Thursday, September 16, 2021 9:23:40 AM
To: Ellie Engler <eengler@uft.org>
Cc: rgarciargarcia@uft.org <rgarciargarcia@uft.org>
Subject: Re: Natural immunity

Dear Ms. Engler:

With all due respect, I do not think you have responded to the question I formulated to the UFT on August 28, 2021.

Sincerely,

Aura Moody

-----Original Message-----
From: Ellie Engler <eengler@uft.org>
To: quinonesmoody@aol.com <quinonesmoody@aol.com>
Sent: Thu, Sep 16, 2021 7:57 am
Subject: Natural immunity

Good morning, I am answering your email on behalf of Michael Mulgrew.

All research indicates that the vaccine is warranted even if you have antibodies from a previous case of Covid. There is no way of telling how long you will have the antibodies and there are strong recommendations that you get vaccinated. Thank you. Stay safe.
Best, Ellie

Ellie Engler
Executive Assistant to the President

United Federation of Teachers
Eengler@uft.org

Get Outlook for iOS

MOODY EX. 8

-----Original Message-----
From: Michael Mulgrew, UFT President <noreply@uftmail.org>
Sent: Sun, Sep 12, 2021 7:36 pm
Subject: Agreement on school reopening protocols and procedures

View Online

UFT United Federation of Teachers A UNION OF PROFESSIONALS

Your Rights Your Benefits Your Union

Dear ,

Following a marathon round of bargaining, we have gotten the city and the Department of Education to agree on more school protocols and procedures that will keep our school communities safe, protect your contractual rights and ensure you are compensated for any extra work you are asked to do.

This agreement is in effect for this school year only. Any disputes will be resolved through the union's operational issues process except for those involving money, which will be handled through the regular grievance process.

Here are the highlights:

## Consequences for students who refuse to wear a mask

Last year, when a student refused to wear a mask, the school could assign that student to remote learning. This year, since there is no longer a remote option for healthy students, we needed to bargain over the consequences of noncompliance.

If a student refuses to wear a mask, here is how staff should respond:

1. The school must document the incident in OORS
2. Teacher speaks with student
3. Student is sent to school counselor
4. Student is sent to the administration
5. Parent is called to pick up the student

If the student continues to refuse to wear a mask at school, the student will receive up to a five-day principal suspension. Continued noncompliance or a second infraction will result in a 10-day superintendent suspension. During these suspensions, the student will receive remote instruction.

If a student continues to refuse to wear a mask, the superintendent suspension will be extended and a school may apply to exclude the student from school.

Students with significant documented disabilities will be given supports to help with mask wearing and may be allowed a mask break in a well-ventilated area that allows for six feet of distancing.

The refusal to wear a mask is a serious violation of the student discipline code that puts the school community at risk. If your school is not following this protocol, reach out to your school's COVID-19 building response team and your chapter leader or call the UFT safety hotline at 212-331-6317.

## Instructional lunch

Instructional lunches — a period where students are programmed to eat lunch while receiving instruction — will remain an option this year in schools where space constraints make it impossible for students to otherwise eat lunch safely. Your school's COVID-19 building response team needs to be part of the conversation with your principal if your school believes it needs to use this option.

These instructional lunches may be programmed only if other strategies — such as using the cafeteria or other common areas or eating lunch outdoors — are not able to meet the safety needs. A teacher's classroom can only be used for an instructional lunch if it can accommodate three feet of physical distance between people.

**Teachers programmed for instructional lunch will be compensated at the rate of one coverage per day.**

Instructional lunches are a scheduled teaching period and must be considered one of the teaching periods in the assigned teacher's regular program except as part of a shortage-area assignment.

Principals are strongly encouraged to seek volunteers first but have the discretion to make assignments based on availability and qualifications.

## Unvaccinated staff testing policy

Starting Sept. 13 until Sept. 27, any employees who have not provided proof that they have received at least one dose of the COVID-19 vaccine must submit a weekly negative COVID-19 PCR test (rapid or non-rapid) by the end of each week

(by Sept. 19 and by Sept. 26). When testing is happening at your school or office, unvaccinated staff will be able to get tested on site. When testing is not happening at your school or office, unvaccinated staff are eligible for up to one hour of additional pay or leave (for staff with annual leave) to get tested outside of work hours (not release time).

All staff can get tested for free at city sites. For more information, visit NYC Health and Hospitals »

Staff must upload proof of the negative test result to the DOE Vaccination Portal.

We have been bargaining around the clock because we knew these agreements needed to be in place for the first day of classes for students. I wish we could have had these protocols settled earlier, but the mayor's last-minute policy announcements tied our hands.

We will post the agreements with the full details on the UFT website once they are signed.

We are here to support you. Thank you for the work that you do.

Sincerely,

Michael Mulgrew

Michael Mulgrew
UFT President

MOODY EX. 9

# Re: New guidance for itinerant employees

From: quinonesmoody@aol.com

To: RGarcia@uft.org

Cc: bmintz@gmail.com

Date: Tuesday, September 15, 2020 at 12:06 PM EDT

Thanks for the clarification, Raul. Have a fantastic day!

Aura

On Tuesday, September 15, 2020 Raul Garcia <RGarcia@uft.org> wrote:

Good Morning,

The message that was sent out on Sunday was based on an agreement we had been informed was made over the weekend. For reasons beyond my knowledge, the agreement was modified. At this time, SBST is required to report to their payroll schools and service all schools in their clusters remotely. This matter continues to be discussed and a final agreement is still pending. I hope to provide a better resolution soon since we do not believe our members should be in the buildings unnecessarily. While some work can only be done in person, a large portion of our work can be done remotely.  In the meantime, the UFT will continue to add pressure on the DOE to make the right decisions.

**Raul D. Garcia, PsyD**

UFT Functional Chapter Leader

Social Worker and Psychologist

52 Broadway

New York, NY 10004

E-Mail: RGarcia@uft.org

Office: 212-598-7724

**From:** "quinonesmoody@aol.com" <quinonesmoody@aol.com>
**Date:** Monday, September 14, 2020 at 3:26 PM
**To:** Raul Garcia <RGarcia@uft.org>
**Cc:** "bmintz@gmail.com" <bmintz@gmail.com>
**Subject:** RE: New guidance for itinerant employees

FYI

---

On Monday, September 14, 2020 quinonesmoody <quinonesmoody@aol.com> wrote:

Hi Raul:

I prefer to work in person. Is it possible? Thanks!

Aura Moody

---

On Sunday, September 13, 2020 Raul Garcia, Social Workers and Psychologists Chapter Leader <reply-fec815757d640474-222_HTML-32914087-100022908-2@uftmail.org> wrote:

View Online

[Your Rights](#) [Your Benefits](#) [Your Union](#)

# Social Workers & Psychologists

Dear Aura,

In such an uncertain time, the UFT is fighting for common-sense working conditions for all titles in our membership. To that end, the union has reached agreement with the Department of Education on itinerant employees during the blended learning period.

School social workers and psychologists who are itinerant employees will not have to report to multiple worksites. If you have a payroll school, but you are split among two or more schools, you will only report to your payroll school for your regularly assigned work hours. If you don’t have a payroll school, you will be assigned to only one school, as designated by your supervisor, and any work that is not done at that school will be done remotely.

School-based IEP team school psychologists and social workers should continue to provide services to all schools in their cluster remotely from home for the 2020-21 school year as per the finalized Pattern of Services. School psychologists in training will continue to work remotely through Oct. 1. With reasonable advance notice, employees in these roles may be directed to report to a school in person.

I will continue to share new guidance with you as it becomes available.

Sincerely,

Raul

**Raul Garcia**

Social Workers & Psychologists Chapter Leader

RGarcia@uft.org

YOUR CHAPTER | YOUR UNION

This email was sent to: quinonesmoody@aol.com

United Federation of Teachers
*A Union of Professionals*
52 Broadway, New York, NY 10004

Unsubscribe | Preferences | Privacy Policy

PLEASE DO NOT REPLY TO THIS EMAIL. We are not able to respond to emails received as a reply to this email. Should you have questions or concerns, please Contact Us.

©2020 United Federation of Teachers All Rights Reserved

Stand with us »

The views, opinions, and judgments expressed in this message are solely those of the author. The message contents have not been reviewed or approved by the UFT.

https://gothamist.com/news/city-grants-vaccine-mandate-exemptions-hundreds-public-school-employees

# City Grants Vaccine Mandate Exemptions For Hundreds Of Public School Employees

BY SOPHIA CHANG AND JESSICA GOULD

PUBLISHED SEPTEMBER 24, 2021


Students at PS 59 in Queens in September 2021 NYC SCHOOLS CHANCELLOR TWITTER

Over 500 public school employees have officially been granted medical or religious exemptions to the city's vaccination mandate. But union leaders warned that many Department of Education staffers in non-teaching positions remain unvaccinated, which could leave schools short-staffed next week.

Mayor Bill de Blasio has imposed a strict policy on DOE employees who must show proof of at least one dose of a COVID-19 vaccine by the end of Monday, September 27th. After legal challenges by unions representing DOE workers, the city was forced to carve out exemptions for medical or religious reasons. De Blasio has said the religious exemptions would also be limited to "two well-established religions, Christian Science and Jehovah's Witnesses, that have a history on this, of a religious opposition." The mayor warned those exemptions would be rare.

"What we're seeing so far is a very small number of requests for medical or religious exemption. Only in the hundreds have been approved so far," de Blasio told WNYC's Brian Lehrer Friday. "And again, there's well over 100,000 teachers and staff, and we're going to work with anyone who needs to get vaccinated between now and the deadline."

There may still be more exemptions granted because the DOE said they're still reviewing applications.

As of Friday, "81% of all DOE employees have received at least one dose of the vaccine," said Katie O'Hanlon, a spokesperson for the DOE in a statement. She noted that 87% of teachers have received at least one dose.