UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AURA MOODY,

                Plaintiff,

         v.

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, LUIS CALZADA, WILLIAM
SANCHEZ, MADELINE MCGRATH and
ALEXANDER ADESHCHENKO,

                Defendants.

24-CV-3320 (RA)

MEMORANDUM
OPINION AND ORDER

---

RONNIE ABRAMS, United States District Judge:

On April 30, 2024, Plaintiff Aura Moody, proceeding *pro se*, initiated this action against the U.S. Equal Employment Opportunity Commission ("EEOC") and several of its officials. *See* Dkt. 1 ("Compl."). On September 3, 2025, the Court issued a Memorandum Opinion and Order granting Defendants' motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. *See* Dkt. 47 ("Op.") at 6–9. After being granted an extension of time to do so, on October 30, 2025, Plaintiff filed a motion to alter or amend this Court's prior judgment and for leave to file an amended complaint. Dkt. 57 ("Mot."). Plaintiff filed her proposed amended complaint on October 31, 2025. Dkt. 58 (the "Amended Complaint" or "Am. Compl."). For the reasons that follow, Plaintiff's motion is denied.

## BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural history of this case and includes only those facts necessary to resolve the instant motion. In her original complaint, Plaintiff asserted constitutional and statutory claims against the U.S. Equal Employment Opportunity Commission (the "EEOC") and several EEOC officials (the "Federal Officials")

arising from the agency's handling of her discrimination charges. *See* Compl. The Court dismissed the claims against the EEOC for lack of subject matter jurisdiction because the United States has not waived sovereign immunity for such claims. Op. at 6. The Court also dismissed Moody's statutory claims against the Federal Officials because the relevant statutes do not provide for individual liability, and dismissed her constitutional claims because they did not fall within a recognized *Bivens* context. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); Op. at 6–9. Having dismissed all federal claims, the Court declined to exercise supplemental jurisdiction over Plaintiff's state-law claims. *Id.* at 11.

Plaintiff thereafter moved to alter or amend the judgment and sought leave to file an amended complaint. Dkt. 57. In her proposed Amended Complaint, she seeks to assert federal and state-law claims against a new set of defendants, including various New York City entities and employees and the United Federation of Teachers (the "UFT"). *See* Am. Compl.

## LEGAL STANDARD

Ordinarily, courts "should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). Once a judgment has been entered, however, "a party seeking to file an amended complaint post-judgment must first have the judgment vacated pursuant to Rules 59(e) or 60(b)." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 145 (2d Cir. 2020).[1] The Court should evaluate post-judgment motions for leave to amend the complaint "with due regard to both the value of finality and the policies embodied in Rule 15." *Williams v. Citigroup Inc.*, 659 F.3d 208, 213 (2d Cir. 2011). "Proposed amendments are futile," however, and thus must be denied, "if they would fail to cure prior deficiencies or to state a claim under

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, omissions, and alterations.

Rule 12(b)(6)." *Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 252 (2d Cir. 2017).

## DISCUSSION

The Court reads Moody's motion liberally, as she is proceeding *pro se*. *See S.E.C. v. Mattera*, 2013 WL 6485949, at *6 (S.D.N.Y. Dec. 9, 2013). Moody does not contest the dismissal of her claims against the EEOC and the Federal Officials, now agreeing that these parties are not proper defendants in this action. Mot. ¶ 31. Instead, in her proposed Amended Complaint, she alleges additional facts and raises a host of new claims, "on behalf of herself and similarly situated individuals," against a set of new defendants: the City of New York, the New York City Department of Education (the "DOE"), the New York City Department of Health and Mental Hygiene (the "DOHMH"), School District 29 (the "School", and collectively with the foregoing entities, the "City Defendants"), Bill de Blasio, Eric Adams, Dave Chokshi, Ashwin Vasan, Meisha Porter, David Banks, Michael Mulgrew (collectively, the "Individual Defendants"), and the UFT. The Court denies Moody's motion for leave to amend the complaint because it finds that her proposed amendment would be futile.

## I.     Title VII, the ADA, the ADEA, and the Rehabilitation Act

The Court understands Moody's proposed Amended Complaint to be raising discrimination claims under Title VII, the Americans with Disabilities Act (the "ADA"), the Age Discrimination in Employment Act (the "ADEA"), and the Rehabilitation Act against her employer, the DOE, and her union, the UFT. These claims would now be time-barred. Under all four statutes, Moody had 90 days to file a civil lawsuit after receiving a right-to-sue letter from the EEOC. *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) ("A Title VII action must be brought within 90 days of receipt of an EEOC right-to-sue letter."); *see also Tiberio v. Allergy*

*Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011) (same under ADA), *Francis v. Elmsford Sch. Dist.*, 442 F.3d 123, 126 (2d Cir. 2006) (same under ADEA), *Poniatowski v. Johnson*, 2014 WL 3844790, at *2 (S.D.N.Y. Aug. 5, 2014) (same under Rehabilitation Act).  On October 21, 2021, Moody filed a charge of discrimination against the DOE and the UFT with the EEOC.  *See* Dkt. 1 ("Compl.") ¶ 15.  On September 7, 2023, the EEOC sent Moody a right-to-sue letter as to Moody's charge against the DOE.  *Id.* ¶ 22, Ex. 5.  Moody received the letter on September 15, at the latest.  Compl. ¶¶ 23–25, Exs. 6–8.  On March 15, 2024, the EEOC sent Moody another right-to-sue letter with regard to Moody's charge against the UFT.  Compl. ¶ 34, Ex. 11.  Moody received the letter by April 4, 2024, at the latest.  Compl. ¶ 35.

Moody commenced this action on April 30, 2024, *see* Dkt. 1.  Her claims against the DOE were not timely even at the commencement of this action, as this action was brought approximately eight months after the date of the EEOC's right-to-sue letter regarding those claims.  Furthermore, although Moody's original complaint was filed within 90 days of the date of the EEOC's right-to-sue letter regarding her claims against the UFT, she cannot relate her claims back to the filing date of the original complaint.  Under Rule 15(c)(1)(C), when an amendment adds a party to a case, that amendment relates back to the date of the original filing only when, "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment . . . knew or should have known that the action would have been brought against it, *but for a mistake concerning the proper party's identity*."  Fed. R. Civ. P. 15(c)(1)(C) (emphasis added).  There is no mistake concerning the UFT's identity here.  Moody clearly knew the UFT's identity—she named the UFT in her EEOC charge and obtained a right-to-sue letter notifying her that she had 90 days to sue the UFT in a federal court.  Moody "was not required to sue [the UFT], and her failure to do so in the original complaint, in light of her obvious knowledge and the detailed

4

nature of [her pleading], must be considered a matter of choice, not mistake." *Cornwell v. Robinson*, 23 F.3d 694, 705 (2d Cir. 1994). Her proposed claims against the UFT, filed on October 31, 2025, *see* Am. Compl., are thus futile because they too are untimely.

Moody's proposed claims against the Individual Defendants fail for the same reasons stated in the Court's previous Opinion and Order: "None of these statutes provide for individual liability." Op. at 6–7. Accordingly, this proposed amendment is also futile because these claims would not "withstand a motion to dismiss." *Carroll v. Trump*, 590 F. Supp. 3d 575, 579 (S.D.N.Y. 2022).

## II.     The First and Fourteenth Amendments

Moody also alleges that Defendants violated the First and Fourteenth Amendments of the Constitution. *See* Am. Compl. ¶¶ 36–39. The Court reads these proposed claims as ones arising under 42 U.S.C. § 1983 against the City of New York and its employees pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). These claims are also time-barred. Moody knew or should have known that the alleged adverse action taken by the City "resulted from the City's policy or custom" by February 11, 2022 at the latest, when she was terminated from her employment for non-compliance with the vaccine mandate. *Birch v. City of New York*, 675 F. App'x 43, 45 (2d Cir. 2017) (summary order); Am. Compl. ¶¶ 222–25. Moody's proposed amendment, filed on October 31, 2025, to add claims under Section 1983 is therefore futile because those claims would be "outside the three-year statute of limitations." *Birch*, 675 F. App'x at 46.

## III.    HIPAA

Moody also proposes claims under the Health Insurance Portability and Accountability Act (the "HIPAA"), which broadly "prohibits the disclosure of medical records without a patient's consent." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020). These claims would not withstand a motion to dismiss for the same reasons stated in the Court's previous Opinion and

Order, Op. at 9–10.   First, "HIPAA confers no private cause of action," which means that individuals may not bring civil lawsuits for alleged violations of the statute.  *Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020).  And even if they could, Moody's claim would fail on the merits, since she does not allege that Defendants disclosed her health information or otherwise ran afoul of HIPAA's provisions.  *See* Am. Compl.  Her proposed HIPAA claims are thus futile.

### IV.     The Freedom of Information Act ("FOIA")

In the proposed Amended Complaint, Moody also alleges that the City Defendants and UFT failed to comply with her FOIA requests.  Am. Compl. ¶¶ 304–05.  But FOIA only applies to federal agencies.  *See Grand Cent. Partnership, Inc. v. Cuomo*, 166 F.3d 473, 484 (2d Cir. 1999).   None of the Defendants in the proposed Amended Complaint is a federal agency.  Therefore, Moody's proposed FOIA claim would also fail.

### V.     State Law Claims

Finally, Moody proposes various state-law claims, including for breach of contract and violations of the New York State Human Rights Law, the New York City Human Rights Law, the New York Education Law § 2590, the New York Civil Service Law §§ 201.4, 209, 3020-a, the New York Labor Law § 195(6), the New York State Medical Confidentiality Law, the New York Public Health Law § 2442, the Freedom of Information Law, the New York General Municipal Law § 50-H, and the New York State Constitution.  But because the Court finds that all her proposed federal claims would fail in this action, it declines to exercise supplemental jurisdiction over any state law claims.  *See* Op. at 11, *B'hood of Locomotive Eng'rs Div. 269 v. Long Island R.R. Co.*, 85 F.3d 35, 39 (2d Cir. 1996) ("When all bases for federal jurisdiction have been

eliminated, the federal court should ordinarily dismiss the state claims."). Moody's state-law claims would therefore be dismissed without prejudice.

## CONCLUSION

Plaintiff's motion to alter or amend the judgment and for leave to file an amended complaint is denied. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 57 and to close this case.

SO ORDERED.

Dated:   June 25, 2026
         New York, New York

Ronnie Abrams
United States District Judge